# FENWICK & WEST LLP

555 CALIFORNIA STREET, 12TH FLOOR   SAN FRANCISCO, CA 94104

TEL 415.875.2300   FAX 415.281.1350   WWW.FENWICK.COM

December 6, 2007

LAURENCE F. PULGRAM

EMAIL LPULGRAM@FENWICK.COM
DIRECT DIAL (415) 875-2390

**VIA HAND DELIVERY, E-MAIL AND U.S. MAIL**

The Honorable Martin J. Jenkins
United States District Court
Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102

Re:   *Netbula v. Storage Technology Corp.*, U.S.D.C.,
      Northern District of California, No. C-06-07391-MJJ ("*Netbula*")

      *Yue v. Storage Technology Corp., et al.*, U.S.D.C.,
      Northern District of California, No. C-07-05850-SI ("*Yue*")

Dear Judge Jenkins:

I write in response to the letter of Dr. Yue of today's date that requested leave for Dr. Yue to oppose Sun Microsystems, Inc., et al.'s Administrative Motion to Relate the two above-captioned cases.

Sun Microsystems, Inc. sees no colorable basis for asserting that these two cases are not related. Judge Illston raised the issue *sua sponte* by her referral order of December 3, 2007 in *Yue* (an order of which Sun was unaware of prior to filing its own motion to relate the cases).

Nonetheless, Sun does not oppose Dr. Yue's ability to file, as the plaintiff of record in *Yue v. Storage Technology Corp.*, an opposition to the motion to relate that case to *Netbula v. Storage Technology Corp.*[1] We advised Dr. Yue as much in writing yesterday.

We never understood this Court's order, issued in open court on November 20, 2007 at a hearing in the *Netbula* case, as prohibiting Dr. Yue from filing papers in *Yue v. Storage Technology Corp.* To the contrary, the Court was not even aware that Dr. Yue had filed the *Yue* action in his personal capacity at the time of the November 20, 2007 hearing, because Dr. Yue and Netbula did not tell the Court (or Sun) that Dr. Yue had filed another lawsuit the day before that hearing. Sun understood the Court's order that Dr. Yue cease and desist from filing papers as directed to Dr. Yue's improper filing of papers in his individual capacity on issues to which Dr. Yue is not a party—specifically, Netbula's affirmative copyright claims which are the only subject of Phase I of the *Sun* case. On issues as to which Dr. Yue is actually a party appearing

---

[1] We would, of course, object to Dr. Yue purporting to file such papers, or any papers, in his individual capacity in the *Netbula v Storage Technology* case.

The Honorable Martin J. Jenkins
United States District Court
Northern District of California
December 6, 2007
Page 2

*pro se*, such as his affirmative claims brought in the *Yue* case or his status as *pro se* counter-defendant in the *Netbula* case (which counterclaims are now stayed pending determination of dispositive motions in Phase 1 in *Yue*), at the appropriate time Dr. Yue could file appropriate *pro se* pleadings. We would not oppose the Court clarifying its order to eliminate any confusion that Dr. Yue may have.

          Respectfully,

          FENWICK & WEST LLP

          Laurence F. Pulgram

          Attorneys for Defendants
          Storage Technology Corp., Sun Microsystems, Inc.,
          EMC Corporation, and Darden Restaurants, Inc.

cc:    All counsel of Record
       Dr. Dongxiao Yue

25689/00400/LIT/1277300.1

## PROOF OF SERVICE

The undersigned declares as follows:

I am a citizen of the United States and employed in San Francisco County, State of California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is Fenwick & West LLP, 555 California Street, 12th Floor, San Francisco, California 94104. On December 6, 2007, I served a copy of the foregoing:

**Letter to The Honorable Martin J. Jenkins from Laurence F. Pulgram Re:**

*Netbula v. Storage Technology Corp.*, U.S.D.C., Northern District of California, No. C-06-07391-MJJ ("*Netbula*"); and

*Yue v. Storage Technology Corp., et al.*, U.S.D.C., Northern District of California, No. C07-05850-SI ("*Yue*").

on the interested parties in the subject actions by placing a true copy thereof as indicated below, addressed as follows:

Vonnah M. Brillet
The Law Offices of Vonnah M. Brillet
2777 Alvarado Street, Suite E
San Leandro, CA 94577
brilletlaw@yahoo.com

David Eiseman, Esq.
Quinn Emanuel Urquhart Oliver & Hedges, LLP
50 California Street, 22nd Floor
San Francisco, CA 94111
davideiseman@quinnemanuel.com

Dongxiao Yue
2777 Alvarado Street, Suite C
San Leandro, CA 94577
ydx@netbula.com

[x] **BY E-MAIL:** by causing to be transmitted via e-mail the document(s) listed above to the addressee(s) at the e-mail address(es) listed above.

[x] **BY US MAIL:** by placing the document(s) listed above in a sealed envelope for collection and mailing following our ordinary business practices. I am readily familiar with our ordinary business practices for collecting and processing mail for the United States Postal Service, and mail that I place for collection and processing is regularly deposited with the United States Postal Service that same day with postage prepaid.

I declare under penalty of perjury under the laws of the State of California and the United States that the above is true and correct.

Date: December 6, 2007

*/s/ Margaret E. Vertin*
Margaret E. Vertin