1  LAURENCE F. PULGRAM (CSB NO. 115163)
   lpulgram@fenwick.com
2  JEDEDIAH WAKEFIELD (CSB NO. 178058)
   jwakefield@fenwick.com
3  ALBERT L. SIEBER (CSB NO. 233482)
   asieber@fenwick.com
4  LIWEN A. MAH (CSB NO. 239033)
   lmah@fenwick.com
5  FENWICK & WEST LLP
   555 California Street, 12th Floor
6  San Francisco, CA  94104
   Telephone:     (415) 875-2300
7  Facsimile:     (415) 281-1350

8  Attorneys for Defendant Sun Microsystems, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DONGXIAO YUE,<br><br>         Plaintiff,<br><br>v.<br><br>STORAGE TECHNOLOGY CORPORATION, a Delaware corporation; SUN MICROSYSTEMS, a Delaware corporation; MICHAEL MELNICK, an individual; JULIE DeCECCO, an individual; MICHAEL P. ABRAMOVITZ, an individual; LISA K. RADY, an individual; and JONATHAN SCHWARTZ, an individual,<br><br>         Defendants. | Case No.  C-07-05850 MJJ<br><br>**NOTICE OF MOTION AND MOTION FOR SANCTIONS**<br><br>Date:   February 12, 2008<br>Time:   9:30 A.M.<br>Dept.:  Courtroom 11<br>Judge:  The Honorable Martin J. Jenkins |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on February 12, 2008 at 9:30 a.m., or as soon as the matter may be heard, in the United States District Court for the Northern District of California located at 450 Golden Gate Avenue, San Francisco, California, in the Courtroom of The Honorable Martin J. Jenkins, Defendant Sun Microsystems, Inc. ("Sun") will and hereby does move for an order imposing sanctions against Plaintiff Dongxiao Yue, pursuant to 28 U.S.C.

NOTICE OF MOTION AND MOTION FOR SANCTIONS                                                                                     C-07-05850 MJJ

§ 1927 and the Court's inherent authority, for Dr. Yue's filing of a Motion for Entry of Default Judgment, in direct contravention of an Order from the Court that Defendants' responsive pleading was not due, and that no default was to be taken. This motion is based upon this Notice, the following Points and Authorities, the Declaration of Jedediah Wakefield in support thereof, the papers on file in this matter and the related case *Netbula v. Storage Technology Corp., et al.*, Case No. C-06-07391-MJJ (the "*Netbula* case"), and such further evidence and argument as may be presented to the Court at or before the hearing.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    FACTUAL BACKGROUND

This action involves claims against Sun and others for alleged copyright infringement arising out of use by Storage Technology Corporation ("StorageTek") of software licensed to it by Netbula LLC, a company owned by Plaintiff Dongxiao Yue. On December 4, 2007, in the *Netbula* case, Sun filed an Administrative Motion to Consider Whether Cases Should Be Related, pursuant to Civil Local Rule 3-12 (Docket No. 123). On December 14, 2007, following a hearing on Defendants' motion for summary judgment in the *Netbula* case, Judge Jenkins related the cases, stating "it strikes me they are related, and I will relate them."[1]

At the same hearing, Defendant's counsel raised the issue of the responsive pleading deadline in the Yue case, pointing out that the response will be significantly affected by the outcome of Defendants' summary judgment motion in the Netbula action. The Court agreed, stating "why should they file a responsive pleading that would then have to be redone or amended, depending upon what I do with the issue that is before me now?" The Court suggested that the parties agree to a schedule. When Plaintiff refused to stipulate to any extension, the Court ordered that no responsive pleading would be due until such time as the Court set a date at the upcoming conference. The Court stated directly and clearly to Yue that no responsive pleading was due, and that no default would be entered.

Despite the Court's unambiguous Order, on or about January 2, 2008, Plaintiff filed a

---

[1] A formal order relating to the cases has yet to be entered. As a result, this motion (as well as the opposition) has been filed electronically under the prior "C-07-05850-SI" case number.

NOTICE OF MOTION AND MOTION FOR SANCTIONS    2    C-07-05850 MJJ

Motion for Entry of Default Judgment against StorageTek and Sun. Plaintiff's motion was filed in direct and willful contravention of the Court's Order. As explained in the accompanying declaration of Jedediah Wakefield, counsel promptly contacted Plaintiff to remind him of the Court's Order and to request that Plaintiff withdraw the motion for entry of default judgment. Plaintiff offered no justification or excuse for his conduct, and simply refused to discuss withdrawal of the Motion for Default Judgment.

## II.   ARGUMENT

28 U.S.C. § 1927 provides as follows:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

Section 1927 sanctions may be imposed upon a *pro se* plaintiff. *Wages v. IRS*, 915 F.2d 1230, 1235-36 (9th Cir. 1989). Additionally, a court has the inherent power to sanction a litigant for a willful violation of a prior court order. As noted in *Fink v. Gomez*, 239 F.3d 989 (9th Cir. 2001), federal courts have the "inherent power to levy sanctions, including attorneys' fees, for 'willful disobedience of a court order . . . or when the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons . . . .'" *Id.* at 991 (quoting *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 766 (1980)).

Knowing full well that no responsive pleading was due, and having been admonished that no default would be entered, Plaintiff nevertheless filed his Motion for Entry of Default Judgment – an act plainly undertaken in bad faith, for purposes of harassment, and to force Sun to incur unnecessary expenses. Such conduct is a textbook example of unreasonable and vexatious multiplication of the proceedings. As such, the fees Sun has now been forced to incur in preparing an Opposition, and this Motion, should be borne by Plaintiff. As a *pro se* litigant in the *Yue* action, Plaintiff can prepare frivolous and harassing filings at no cost, forcing Defendants to respond at considerable expense. Absent the imposition of sanctions, Plaintiff will have no disincentive to continue disregarding the Court's Orders and abusing the litigation process.

### III. CONCLUSION

For the foregoing reasons, Defendant Sun Microsystems, Inc. respectfully requests that the Court issue an order awarding it sanctions for the expenses, including attorneys' fees, of responding to Plaintiff's Motion for Entry of Default Judgment, and of preparing the instant motion and supporting documents.

Dated: January 4, 2008

Respectfully,

FENWICK & WEST LLP

By:  /S/  JEDEDIAH WAKEFIELD
      Jedediah Wakefield

Attorneys for Defendant
SUN MICROSYSTEMS, INC.