LAURENCE F. PULGRAM (CSB NO. 115163)
lpulgram@fenwick.com
JEDEDIAH WAKEFIELD (CSB NO. 178058)
jwakefield@fenwick.com
ALBERT L. SIEBER (CSB NO. 233482)
asieber@fenwick.com
LIWEN A. MAH (CSB NO. 239033)
lmah@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA  94104
Telephone:     (415) 875-2300
Facsimile:     (415) 281-1350

Attorneys for Defendant
Sun Microsystems, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DONGXIAO YUE,<br><br>           Plaintiff,<br><br>v.<br><br>STORAGE TECHNOLOGY CORPORATION,  a Delaware corporation; SUN MICROSYSTEMS, a Delaware corporation; MICHAEL MELNICK, an individual; JULIE DeCECCO, an individual; MICHAEL P. ABRAMOVITZ, an individual; LISA K. RADY, an individual; and JONATHAN SCHWARTZ, an individual,<br><br>           Defendants. | Case No.  C-07-05850 MJJ<br><br>**DECLARATION OF JEDEDIAH WAKEFIELD IN SUPPORT OF MOTION FOR SANCTIONS**<br><br>Date:    February 12, 2008<br>Time:   9:30 A.M.<br>Dept.:   Courtroom 11<br>Judge:  The Honorable Martin J. Jenkins |

I, Jedediah Wakefield, declare as follows:

1. I am an attorney admitted to practice before this Court, and I am a partner at the law firm of Fenwick & West LLP, counsel for defendant Sun Microsystems, Inc.  I have personal knowledge of the facts set forth in this declaration, and if called to testify I could and would testify competently to the same.

DECLARATION OF JEDEDIAH
WAKEFIELD IN SUPPORT OF MOTION                                                                              C07-05850 MJJ
FOR SANCTIONS

2. On January 3, 2008, I received notice that Plaintiff Dongxiao Yue had filed a Motion for Entry of Default Judgment in this case. I promptly wrote to Dr. Yue via email, with a copy to Vonnah M. Brillet, counsel of record for Netbula LLC in the related case of Netbula v. Storage Technology, et al., Case No. C-06-07391-MJJ (the "*Netbula* case"). In my email, I reminded Dr. Yue of the Court's December 14, 2007 Order relating this action to the *Netbula* case, and the Court's ruling that no responsive pleading would be due in this action until a date to be set at the next status conference, currently scheduled for January 9, 2008. I further reminded Dr. Yue that the Court had directly admonished him that no default was to be taken. I asked Dr. Yue to confirm that he would withdraw the motion.

3. In response, Dr. Yue wrote back stating "Ms. Brillet is not the counsel in the Yue vs. StorageTek case and neither are you. Please do not send me any correspondence on the Yue vs. StorageTek matter." I replied that in fact I would be representing Sun in this matter, and requested a substantive response to my earlier email. Dr. Yue provided a further response, but again failed to address the question of whether the default motion would be withdrawn. A true and correct copy of the January 3, 2007 email communication between Dr. Yue and me is attached hereto as Exhibit A.

4. Thus far, in connection with its Opposition to the Motion for Entry of Default Judgment, Sun has incurred fees for legal work performed by Fenwick & West, LLP in excess of $3,000. This amount includes time spent drafting the Opposition to the Motion for Entry of Default judgment, the Notice of Motion and Motion for Sanctions, this Supporting Declaration, and other documents in support thereof. In particular, the work described above took 4.5 hours of my time at my current billing rate of $605 per hour, and 1 hour of my colleague Albert Sieber's time at $410 per hour.

5. Fenwick and West, LLP is a firm of over 250 attorneys which specializes in providing legal services for technology companies. The firm's Litigation Group has extensive experience and expertise in handling disputes for technology companies in the areas of copyrights, patents, trade secrets, trademarks, securities, antitrust, employment, tax, and complex commercial litigation. The hourly rates charged by Fenwick & West, LLP are set so as to be

DECLARATION OF JEDEDIAH WAKEFIELD IN SUPPORT OF MOTION FOR SANCTIONS                2                C07-05850 MJJ

1  comparable to and competitive with rates generally charged by other full service Silicon Valley
2  law firms for attorneys of similar experience.
3      I declare under penalty of perjury that the foregoing is true and correct.
4      Executed in San Francisco on January 4, 2008.

                    /s/  JEDEDIAH WAKEFIELD
                         Jedediah Wakefield

Attorneys for Defendant
SUN MICROSYSTEMS, INC

25689/00405/LIT/1278297.1

DECLARATION OF JEDEDIAH WAKEFIELD IN SUPPORT OF MOTION FOR SANCTIONS    3    C07-05850 MJJ

Fenwick & West LLP
Attorneys At Law
San Francisco

# EXHIBIT A

**Jedediah Wakefield**

| | |
|---|---|
| From: | Jedediah Wakefield |
| Sent: | Thursday, January 03, 2008 9:43 PM |
| To: | 'ydx@netbula.com' |
| Cc: | 'brilletlaw@yahoo.com'; Laurence Pulgram |
| Subject: | Re: RE: Default |

Dear Dr. Yue:

We assume from your deliberate evasion of the issue that you will not withdraw your motion for default, and we will proceed accordingly.

Sincerely,

Jed Wakefield


Jed Wakefield
Fenwick & West LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Phone: 415.875.2331
Fax: 415.281.1350
Email: jwakefield@fenwick.com

Sent from my Goodlink synchronized handheld

 -----Original Message-----
From:       ydx@netbula.com [mailto:ydx@netbula.com]
Sent: Thursday, January 03, 2008 08:39 PM Pacific Standard Time
To:    Jedediah Wakefield
Cc:    ydx@netbula.com; brilletlaw@yahoo.com; Laurence Pulgram
Subject:    Re: RE: Default

Dear Mr. Wakefield,

There is certain protocol that we must follow. The two cases are different, for one thing, the C06-07391 case only deals with code covered by the 1996 copyright, as you and Mr. Pulgram pointed out. Mr. Pulgram appeared as counsel in the C07-05850-SI case, and you did not. I believe that I noted this more than two weeks ago.

You now say you WILL be representing Sun in C07-05850-SI case, further indicating that you currently are not representing Sun in the C07-05850-SI case. I guess this is something you need to work out with Sun Microsystems, so they retain you for the C07-05850-SI matter.

Sincerely,

Dongxiao Yue



------------------------
"Jedediah Wakefield" <JWakefield@Fenwick.com>:
Dear Dr. Yue:

Although my client Sun Microsystems has not appeared in the Yue v. StorageTek matter, my partner Laurence Pulgram and I will be representing Sun in that matter, as we have in the nearly identical matter that you have pursued through Netbula for the last year. As for Ms. Brillet, although she is not counsel in the Yue action, she remains counsel in the related Netbula case.

1

We await your substantive response to the email below.

Sincerely,

Jed Wakefield

*****************************
Jedediah Wakefield
Fenwick & West LLP
555 California Street, 12th Floor
San Francisco, CA 94104
phone: 415.875.2331
fax: 415.281.1350
email: jwakefield@fenwick.com

-----Original Message-----
From: ydx@netbula.com [mailto:ydx@netbula.com]
Sent: Thursday, January 03, 2008 4:36 PM
To: Jedediah Wakefield
Subject: Re: Default

Dear Mr. Wakefield,

Ms. Brillet is not the counsel in the Yue v. STK case and neither are you. Please do not send me any correspondence on the Yue v. STK matter.

Sincerely,

Dongxiao Yue

----------------------
"Jedediah Wakefield" :

Dear Dr.
Yue:

We are in receipt of
your motion for entry of default judgment in the Yue v. StorageTek action.  Your motion directly violates an order from Judge Jenkins, issued following arguments on the summary judgment motion on December 14, that no response would be due until a date to be set by the Court at the status conference next week, and that no default would be taken.

Prior to the hearing, Defendants had filed a miscellaneous administrative request to consider whether the cases should be related.  At the hearing, Judge Jenkins related the cases, on the record, stating "it strikes me they are related, and I will relate them."  Later, we raised the issue of the responsive pleading deadline in the Yue case, pointing out that the response will be significantly effected by the outcome of Defendants' summary judgment motion in the Netbula action.  The court agreed, and suggested that the parties agree to a schedule.  When you refused to stipulate to any extension, the Court ordered that no response would be due until such time as the Court set a date at the upcoming conference.  The Court stated to you, directly, that no response was due, and that you were not to take a default.  The Court's order could not have been more clear.

It also made perfect sense.  Defendants'
response to your new lawsuit, which is duplicative of Netbula's earlier complaint, will obviously be impacted by the outcome of the Court's summary judgment motion.  Accordingly, it would make no sense to force Defendants to respond prior to the imminent ruling on Defendants'
dispositive motion in the Netbula action.

Under the circumstances, it is apparent that your motion was filed in bad faith, solely for purposes of harassment, and to force Sun to incur unnecessary fees. Your motion not only must be denied, but subjects you to sanctions.  Please confirm by 5:00 p.m. tomorrow that you will withdraw it.

Sincerely,

2

Jed Wakefield


******************************
Jedediah Wakefield
Fenwick & West LLP
555 California Street, 12th
Floor
San Francisco, CA 94104
phone: 415.875.2331
fax: 415.281.1350
email: jwakefield@fenwick.com


---------------------------------------------

IRS Circular 230  Disclosure:  To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice in this communication (including attachments) is not intended or written by Fenwick & West LLP to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.


---------------------------------------------
ATTENTION:
The information contained in this message may be legally privileged and confidential.  It is intended to be read only by the individual or entity to whom it is addressed or by their designee. If the reader of this message is not the intended recipient, you are on notice that any distribution of this message, in any form, is strictly prohibited.

If you have received this message in error, please immediately notify the sender and/or Fenwick & West LLP by telephone at (650) 988-8500 and delete or destroy any copy of this message.

Attachment:
Content-Type: text/plain;
      charset="us-ascii"
Content-Transfer-Encoding: quoted-printable

-------------------

-------------------