

FILED

JAN -8 AM 11: 26

1   DONGXIAO YUE
    2777 ALVARADO ST., SUITE C
2   SAN LEANDRO, CA 94577
3   Telephone:     (510) 396-0012
    Facsimile:     (510) 291-2237
4   E-Mail:        ydx@netbula.com

5   *Pro Se*

6

7

8                    UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10

| DONGXIAO YUE, | Case No. C07-05850-SI |
|---|---|
| Plaintiff, | **Plaintiff's Reply in Support of Motion for Entry of Default Judgment Against Storage Technology Corporation and Sun Microsystems, Inc.** |
| v. | |
| STORAGE TECHNOLOGY CORPORATION, a Delaware corporation; SUN MICROSYSTEMS Inc., a Delaware corporation; Michael Melnick, an individual; Julie DeCecco, an individual; Michael P. Abramovitz, an individual; Lisa K. Rady, an individual; Jonathan Schwartz, an individual; and DOES 1-1000, inclusive, | |
| Defendants. | |

## INTRODUCTION

Defendants failed to prove the existence of a valid court order granting enlargement of time explicitly referencing this case. Defendants Storage Technology Corporation ("StorageTek") and Sun Microsystems, Inc. ("SUN") failed to plead in response within the required time and default judgment must be entered.

-1-

1

**BACKGROUND AND PROCEDURAL HISTORY**

2
3
4
5
6
7
8
9
10

The dispute in the instant action was originally about StorageTek's unauthorized copying and distribution of Plaintiff's software. StorageTek admitted the infringing actions in its internal communications and its communications to Plaintiff. See First Amended Complaint ("FAC"), ¶¶40-58. However, after SUN acquired StorageTek, the SUN people claimed that they did not infringe and continued to offer unlimited licenses for the software that contained Plaintiff's code. In Plaintiff's view, SUN turned IP theft into IP robbery. After trying exhaustively to reach a resolution with SUN to no avail, Plaintiff sought the protection of his intellectual property from the courts.

11
12
13
14
15
16
17
18
19
20
21
22
23
24

Plaintiff, Dongxiao Yue ("Yue"), filed the instant *pro se* action on November 19, 2007. On November 20, 2007, at the hearing of a motion to substitute or join Yue as the copyright plaintiff in the C06-07391-MJJ case (*Netbula v. StorageTek*), Judge Martin J. Jenkins issued a "cease and desist" order that prohibited Yue from filing motions or pleadings before him. Judge Jenkins further suggested defense attorney Laurence Pulgram to question the validity of a copyright assignment to Yue so that "he's not substituted in as a party." See transcript of the November 20, 2007 hearing in the C06-07391-MJJ case. Yue filed a petition for writ of mandamus at the Ninth Circuit to vacate the "cease and desist" order on the ground that the order violated due process and equal dignity principles of the U.S. Constitution (the Ninth Circuit later declined to intervene). Meanwhile, SUN filed a motion to relate the instant action (C07-05850-SI) to the C06-07391-MJJ case. Yue then wrote a letter to Judge Jenkins stating that he would file a response to the motion to relate cases if he was permitted to do so. No such permission was granted.

25
26
27

On December 14, 2007, a hearing on a motion for summary judgment in the C06-07391-MJJ case was held before Judge Jenkins. At the very end of the hearing, Mr. Jedediah Wakefield,

28

-2-

Case No. C07-05850-SI                                    REPLY IN SUPPORT OF MOTION FOR ENTRY OF DEFAULT

1   a defense attorney in the C06-07391-MJJ case, made a long statement regarding the due date of a

2   responsive pleading. Mr. Wakefield then stated: "So we propose some scheduling—". Transcript

3   of the December 14, 2007 hearing, p.66:1-2. Without waiting for Mr. Wakefield to complete his

4   oral motion, Judge Jenkins asked the attorneys to stipulate to some new schedule. Yue attempted

5
    to seek clarification of Mr. Wakefield's oral motion. Judge Jenkins immediately interrupted Yue
6

7   and stated that Yue must follow the proper protocol and talk to Ms. Brillet -- Netbula's counsel in

8   the C06-07391-MJJ case -- instead. What happened afterwards is absent from the hearing

9   transcript: Ms. Brillet asked Yue to go out of the courtroom for a discussion. Yue told Ms. Brillet

10  that Mr. Wakefield seemed to be referring to the C07-05850-SI case and Ms. Brillet was not an

11  attorney in that case. Yue then told Mr. Wakefield that Yue was the **unrepresented** individual

12
    plaintiff in the *Yue v. StorageTek* case and he would not agree to any enlargement of time for
13

14  filing an answer. Judge Jenkins was not in the courtroom when Yue clarified the situation to Mr.

15  Wakefield. When Judge Jenkins came back and learnt that Yue refused to stipulate to enlargement

16  of time, he stated that he would just order that Mr. Wakefield's oral motion to be granted, without

17  referring to a case name or case number.

18
                                        **ARGUMENT**
19
    **1.  Defendants failed to make a valid motion for enlargement of time**
20
        The Executive Committee had not reassigned the instant case to Judge Jenkins. Mr. Jedediah
21

22  Wakefield was not an attorney of record in the instant case. Mr. Laurence Pulgram was the sole

23  defense counsel of record of the instant case at the time of the December 14, 2007 hearing.

24      Mr. Wakefield had no standing to make a motion in the instant case. His purported oral motion

25  to enlarge time also failed to reference a case name or case number. All he stated was: "We

26  propose some scheduling --".

27

28                                         -3-
    _____
    Case No. C07-05850-SI                          REPLY IN SUPPORT OF MOTION FOR ENTRY OF DEFAULT

1    Therefore, defendants StorageTek and SUN failed to show that they made a valid motion for

2  enlargement of time by the proper attorney, before the proper judge and for the proper case.

3  **2. Defendants failed show the existence of a valid order granting enlargement of time**

4    The record indicates that Judge Jenkins probably construed Mr. Wakefield's oral motion as

5
   one for the C06-07391-MJJ case. Judge Jenkins ordered Yue not to speak about Mr. Wakefield's
6
7  oral motion but talk to Ms. Brillet, counsel for Netbula, LLC in the C06-07391-MJJ case. This

8  suggests that Judge Jenkins was considering Mr. Wakefield's oral motion to be one brought for

9  the C06-07391-MJJ case, not for the instant case, consistent with the assignment of cases and roles

10  of attorneys at the time.

11    Indeed, after the hearing, no order was entered on the C07-05850-SI docket to indicate that

12
   extension of time was granted to defendants for filing a response in the instant case. Mr. Laurence
13
14  Pulgram was the sole defense counsel for StorageTek and SUN, and he failed to file any response.

15                                    **CONCLUSION**

16    Defendants failed to demonstrate the existence of a valid and lawful court order that allowed

17  them to delay filing a response and they failed to plead in response. Plaintiff respectfully requests

18  that the Court enter default judgment against StorageTek and SUN as the Federal Rules and justice

19  require.

20

21
   Dated: January 8, 2008
22

23

24                                    DONGXIAO YUE (*Pro Se*)

25

26

27
                                                      -4-
28

Case No. C07-05850-SI                          REPLY IN SUPPORT OF MOTION FOR ENTRY OF DEFAULT