LAURENCE F. PULGRAM (CSB NO. 115163)
*lpulgram@fenwick.com*
JEDEDIAH WAKEFIELD (CSB NO. 178058)
*jwakefield@fenwick.com*
ALBERT L. SIEBER (CSB NO. 233482)
*asieber@fenwick.com*
LIWEN A. MAH (CSB NO. 239033)
*lmah@fenwick.com*
FENWICK & WEST LLP
555 California Street, Suite 1200
San Francisco, CA  94104
Telephone: (415) 875-2300
Facsimile:  (415) 281-1350

Attorneys for
CHORDIANT SOFTWARE, INC.

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| DONGXIAO YUE, an individual,<br><br>Plaintiff,<br><br>v.<br><br>STORAGE TECHNOLOGY CORPORATION, a Delaware corporation; SUN MICROSYSTEMS, INC., a Delaware corporation; MICHAEL MELNICK, an individual; JULIE DECECCO, an individual; MICHAEL P. ABRAMOVITZ, an individual; LISA K. RADY, an individual; and JONATHAN SCHWARTZ, an individual,<br><br>Defendants.<br><br>AND RELATED COUNTERCLAIMS | Case No. C-07-05850-MJJ<br><br>**ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED**<br><br>Judge:    The Honorable Martin J. Jenkins |

**INTRODUCTION**

Chordiant Software, Inc. ("Chordiant"), defendant in *Dongxiao Yue v. Chordiant Software, Inc. et al.*, Case Number C08-00019-SI, (the "*Chordiant*" action), hereby submits this administrative Motion to Consider Whether Cases Should Be Related, pursuant to Civil Local Rule 3-12. On or about November 19, 2007, the following related action was initiated by Dongxiao Yue ("Yue"): *Dongxiao Yue v. Storage Technology Corporation, Sun Microsystems, Inc., et al.,* Case Number C07-05850-MJJ (the "*StorageTek II*" action). Although the plaintiff is identical in these actions, they involve similar allegations of infringements of copyrights by licensees of plaintiff's company, Netbula, LLC ("Netbula"), they involve similar defenses based on licenses granted by Netbula, and they involve similar calculations of alleged damages, Yue nonetheless has filed no notice of related case. Chordiant therefore is required to file this administrative motion. *See* L.R. 3-12(b).

**BACKGROUND OF PRIOR CASES**

Yue and Netbula have filed numerous cases in this District alleging copyright infringement against Netbula's licensees, all of which cases have been related and handled by Judge Jenkins. The first filing, *Netbula, LLC v. BindView Development Corporation et al.*, Case Number C06-00711-MJJ (the "*BindView*" action) was followed by *Netbula, LLC v. Greenwich Capital Markets, Inc.*, Case Number C06-07143. This was followed by a third filing, *Netbula, LLC v. Storage Technology Corporation, Sun Microsystems, Inc., et al.*, Case Number C06-07391-MJJ (the "*StorageTek I*" action). In January 2007, Netbula filed an administrative motion to relate the *BindView* action and the *StorageTek I* action on grounds that the following questions of law or fact, *inter alia*, were "substantially similar or identical": "[w]hether Netbula's PowerRPC lacks originality to be copyrightable," "[w]hether Netbula's PowerRPC copyright registration is invalid," the "per copy license fee for Netbula's RPC runtime from year 2000 to 2006," and "[h]ow unlimited licenses are treated for license fee determination." *See BindView* Docket No. 66, *at* 3.

This Court ordered the *BindView* and *StorageTek I* cases related on February 27, 2007. Further, on December 1, 2007, the Court ordered that the protective order in the *BindView* case be

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1    modified so that discovery that was also relevant to *StorageTek I* could be utilized therein.

2        Dr. Yue filed the *StorageTek II* action while a summary judgment motion on his copyright

3    claims was pending in *StorageTek I*. In *StorageTek II*, as in the *Chordiant* action, Dr. Yue

4    purports to assert strictly copyright causes of action, based on his alleged ownership of copyright

5    interests that he personally created, as well as those assigned to him by Netbula. Yue opposed

6    relating *StorageTek II* to *StorageTek I*. On December 14, 2007, Judge Jenkins ordered the

7    *StorageTek II* and *StorageTek I* cases related, and ordered that no responsive pleading needed to

8    be filed in the former until the ruling on summary judgment in the latter.

9        On January 2, 2008, Yue filed his *Chordiant* action. Yue alleged virtually the same

10   claims against *Chordiant* as he alleged in *StorageTek II*, including claims for excessive copying of

11   Netbula's SDK; excessive copying and granting to customers of site licenses for Netbula's

12   runtime licenses; use of Netbula software on the wrong platform; individual liability against the

13   defendant's CEO, in-house counsel, and software managers; and that the license sold by Netbula

14   applied only to an entity other than the named defendants. On January 15, 2008, Chordiant's

15   counsel requested that Yue (appearing *pro se*) and counsel for Netbula stipulate that the *Chordiant*

16   case was related to the others. Yue declined. He contended that Chordiant's effort to relate this

17   case to the other four was "judge shopping," and cited his prior arguments that Judge Jenkins was

18   biased against him. Declaration of Laurence Pulgram ¶ 2, Exh. 1. This motion followed.

19                              **DISCUSSION**

20   **A.    Both the *StorageTek II* action and the *Chordiant* action involve the same plaintiff,**

21   **same software, same copyright, same sort of individual defendants, and same alleged breach**

22   **of copyright by use allegedly outside the scope of a license from plaintiff.**

23       The *StorageTek II* and *Chordiant* actions both concern Dr. Yue's claims of alleged

24   copyright infringement relating to StorageTek's and Chordiant's incorporation into their software

25   products of "PowerRPC" software licensed by Netbula. These two actions both alleged

26   infringement of 1) code registered by Netbula under U.S. copyright number TX 6-491-697 and

27   2) code that Yue claims he authored before July 1996 and for which he has a copyright

28   registration pending. Yue has further alleged in both *StorageTek II* and *Chordiant* that in

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1   "September 2007, Plaintiff acquired all exclusive copyrights in the versions of PowerRPC created

2   before January 1, 2007 by written assignment, along with all accrued and prospective claims

3   arising from infringement of these copyrights." *See StorageTek II* Docket No. 9 [Amended

4   Complaint] ¶ 3; *see also Chordiant* Docket No. 1 [Complaint] ¶ 13. Thus, in each action Yue

5   alleges that he is now the sole holder of the copyrights for the RPC software at issue. In each

6   action Yue purports to sue the defendant's CEO, in-house counsel, and software managers as

7   individuals, based solely on their alleged involvement in the defendant's distribution of its

8   software products.

9       Both *StorageTek II* and *Chordiant* involve licenses granted to the PowerRPC software by

10  Netbula, Yue's corporation. In each case, the software comprises a software developer's kit

11  (SDK) that assists customers in developing their own software applications, and runtime files that

12  customers distribute with those software applications. In the *Chordiant* action, Yue alleges that

13  Netbula sold an SDK license and 1000 runtime licenses to Chordiant Software Int'l Ltd., an

14  affiliate of defendant Chordiant Software, Inc. *Chordiant* Complaint ¶¶ 19-21. In each action,

15  Yue alleges, *inter alia*, that the defendants reproduced the SDK, created derivative works from the

16  SDK, and reproduced and distributed unauthorized runtime files, and used the Netbula software

17  on unlicensed platforms. *See id.* ¶¶ 15, 42-43, 56, 61, 65, 67-68, 70, 78-79. *StorageTek II*

18  Amended Complaint ¶¶ 18, 72, 85-86, 88-91, 95, 98, 103-106, 108-109, 111-114, 118-120, 123-

19  124, 126-129.

20  **B.      Both the *StorageTek II* action and the *Chordiant* action involve identical issues of**

21  **copyright assignment and ownership.**

22      Since the same RPC software is at issue in both *StorageTek II* and *Chordiant*, both cases

23  present the same issues regarding the ownership and assignment of the alleged copyrights. As to

24  Yue's allegation that he began developing the software at issue before he established Netbula in

25  1996, there is a common question of whether Yue or Netbula holds the copyrights in the software,

26  and what parts are owned by each. *See Chordiant* Complaint ¶ 1; *StorageTek II* Amended

27  Complaint ¶ 1. In addition, while Yue purports to have assigned the copyrights in suit to himself

28  from Netbula as of September 2007, whether such assignment was legitimate or effective, or a

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1    sham abuse of corporate form, is common in each case.[1] Resolution of these common issues will

2    be most efficient and consistent if the Court relates the *StorageTek II* and *Chordiant* actions.

3    **C.    Both the *StorageTek II* and *Chordiant* actions involve identical issues of discovery,**

4    **including the scope of the copyright protection, value of the copyrighted work, and the**

5    **terms and interpretation of licenses.**

6         Because much of the discovery in *StorageTek II* and *Chordiant* will likely center on the

7    allegedly copyrighted work, its scope, its protectability, and its value, discovery from plaintiff

8    will be similar in the two cases, and will also overlap with the *BindView* and *StorageTek I* cases.

9    Indeed, these are exactly the similarities that led Netbula itself to assert that the *BindView* and

10   *StorageTek I* cases were related. *See BindView* Docket No. 66.  Unless the Court relates

11   *Chordiant*, there will be an unduly burdensome duplication of labor, discovery motions, and

12   expense and the possibility of conflicting results from different judges.

13        For the same reason that this Court concluded that relevant discovery received from

14   Netbula in the *BindView* action should be available for defense of the *StorageTek* cases, the same

15   discovery will also be sought for Chordiant, including:

16   - Netbula's pricing history, which was already produced and subject to testimony in
17     *BindView*, and which will in all cases be crucial evidence as to the market value or
         "reasonable royalty" for the software at issue.  *See Chordiant* Complaint ¶ 17
18       (alleging purported price for licenses); *Storage Tech II* Complaint ¶ 42 (same);
         *BindView* Complaint ¶ 15 (same).
19   - The terms and conditions offered, accepted, and published for Netbula's licenses,
         which have already been produced and subject to testimony in *BindView* and
20       *StorageTek I*, and which will be relevant as to the terms governing the license
21       actually received by Chordiant.
22   - The content of the software at issue, including substantial amounts of source code
         and installable code already collected and produced in *BindView*, all of which will
         be relevant to determining protectability, scope of copyright protection, and value
23       of code created by Yue or Netbula and utilized by defendants.

24        There is no reason for another judge to have to redo the contentious discovery process

25   already performed in *BindView*.  There is certainly no reason for a different judge to determine, in

26   the *Chordiant* case, in what ways to modify the protective order in the *BindView* case, or the

27

28   _____
     [1] This issue also arose in the *StorageTek I* action. *See StorageTek I* Docket No. 82, at 3.

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

ADMINISTRATIVE MOTION TO
CONSIDER WHETHER CASES SHOULD        -4-        CASE NO.  C-07-05850-MJJ
BE RELATED

extent to which discovery from the *BindView* case can be utilized.  It only makes sense for the same, single court to determine what discovery can be utilized in each of these matters.  There is no reason to orphan one out of the five matters outside the purview of a single court.

**D.    Both the *Chordiant* action and previously related actions involve similar issues of defense of license.**

Judge Jenkins has already dealt with extensive motion practice in the prior cases addressed to the consequence of Netbula's licensing practices and the interpretation of its licenses.  Judge Jenkins therefore has a knowledge base and familiarity with plaintiff's claims that will result in significant savings in judicial resources, as well as avoidance of the risk of conflicting results.

For example, having paid for a license to Chordiant Int'l (*Chordiant* Complaint ¶¶ 19-21) the question of what terms govern Chordiant's use of the software at issue is similar to the question that this Court adjudicated in *BindView*.   There, plaintiff had copies of form license agreements but was unable to produce any evidence of an executed license agreement or the license terms therein, and therefore was unable to prove use beyond the license terms. *See BindView* Docket No. 288, at 8-9.  In the *Chordiant* Action, the Court faces a similar issue: the complaint describes the purchase order and the copies of software that Netbula provided, yet plaintiff notably does not allege that he has an executed license. While discovery has not yet occurred, the pleadings suggest the same legal questions that the Court has addressed in the previously related cases.

For these reasons, Defendants respectfully submit that the *StorageTek II* and *Chordiant* actions, like *BindView* and *StorageTek I*, are related cases within the meaning of Civ. L. R. 3-12.

Dated: January 16, 2008                    FENWICK & WEST LLP

By:_____/s/_____
            Laurence F. Pulgram

Attorneys for Defendant
CHORDIANT SOFTWARE, INC

26257/00401/LIT/1278837.2

LAURENCE F. PULGRAM (CSB NO. 115163)
*lpulgram@fenwick.com*
JEDEDIAH WAKEFIELD (CSB NO. 178058)
*jwakefield@fenwick.com*
ALBERT L. SIEBER (CSB NO. 233482)
*asieber@fenwick.com*
LIWEN A. MAH (CSB NO. 239033)
*lmah@fenwick.com*
FENWICK & WEST LLP
555 California Street, Suite 1200
San Francisco, CA 94104
Telephone: (415) 875-2300
Facsimile:  (415) 281-1350

Attorneys for
CHORDIANT SOFTWARE, INC.

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DONGXIAO YUE, an individual, | Case No. C-07-05850-MJJ |
| Plaintiff, | **[PROPOSED] ORDER RELATING CASES** |
| v. | Judge:    The Honorable Martin J. Jenkins |
| STORAGE TECHNOLOGY CORPORATION, a Delaware corporation; SUN MICROSYSTEMS, INC., a Delaware corporation; MICHAEL MELNICK, an individual; JULIE DECECCO, an individual; MICHAEL P. ABRAMOVITZ, an individual; LISA K. RADY, an individual; and JONATHAN SCHWARTZ, an individual, | |
| Defendants. | |
| AND RELATED COUNTERCLAIMS | |

1    Before this Court is an Administrative Motion of Chordiant Software, Inc., defendant in

2    *Dongxiao Yue v. Chordiant Software, Inc. et al.*, Case Number C08-00019-SI, to Consider

3    Whether Cases Should Be Related pursuant to Civil Local Rule 3-12.

4    As the judge assigned to the earliest filed case below that bears my initials, I find that the

5    more recently filed case that I have initialed below is related to the case assigned to me, and such

6    case shall be reassigned to me.

7    **C07-05850-MJJ          Dongxiao Yue v. Storage Technology Corporation et al.**

8    **C08-00019-SI          Dongxiao Yue v. Chordiant Software, Inc. et al.**

9    **I find that the above case is related to the case assigned to me. _____**

10

11    **ORDER**

12    Counsel are instructed that all future filings in any reassigned case are to bear the initials

13    of the newly assigned judge immediately after the case number. Any case management conference

14    in any reassigned case will be rescheduled by the Court. The parties shall adjust the dates for the

15    conference, disclosures and report required by FRCIVP 16 and 26 accordingly. Unless otherwise

16    ordered, any dates for hearing noticed motions in any reassigned case are vacated and must be re-

17    noticed by the moving party before the newly assigned judge; any deadlines set by the ADR Local

18    Rules remain in effect; and any deadlines established in a case management order continue to

19    govern, except dates for appearance in court, which will be rescheduled by the newly assigned

20    judge.

21

22    Dated: January __, 2008

23                                        By:_____

24                                              Honorable Martin J. Jenkins

25    25689/00400/LIT/1277103.1

26

27

28

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO