LAURENCE F. PULGRAM (CSB NO. 115163)
lpulgram@fenwick.com
JEDEDIAH WAKEFIELD (CSB NO. 178058)
jwakefield@fenwick.com
ALBERT L. SIEBER (CSB NO. 233482)
asieber@fenwick.com
LIWEN A. MAH (CSB NO. 239033)
lmah@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA  94104
Telephone:     (415) 875-2300
Facsimile:      (415) 281-1350

Attorneys for Defendant
Chordiant Software, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DONGXIAO YUE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>STORAGE TECHNOLOGY CORPORATION, a Delaware corporation; SUN MICROSYSTEMS, INC., a Delaware corporation; MICHAEL MELNICK, an individual; JULIE DECECCO, an individual; MICHAEL P. ABRAMOVITZ, an individual; LISA K. RADY, an individual; and JONATHAN SCHWARTZ, an individual,<br><br>　　　　Defendants.<br><br>AND RELATED COUNTERCLAIMS | Case No. C-07-05850-MJJ<br><br>**DECLARATION OF LAURENCE F. PULGRAM IN SUPPORT OF CHORDIANT SOFTWARE, INC.'S ADMINISTRATIVE MOTION TO CONSIDER WHETHER CASES SHOULD BE RELATED**<br><br>Judge:   The Honorable Martin J. Jenkins |

I, Laurence F. Pulgram, declare as follows:

1.　　I am an attorney admitted to practice before this Court, and I am a partner at the law firm of Fenwick & West LLP, counsel for defendant Chordiant Software, Inc. ("Chordiant"). I have personal knowledge of the facts set forth in this declaration, and if called to testify I could

1  and would testify competently to the same.

2      2. On January 15, 2008, I contacted Plaintiff Dongxiao Yue by e-mail to request a stipulation to relate *Dongxiao Yue v. Chordiant Software, Inc. et al.*, Case Number C08-00019-SI (the "Chordiant Action"), to other cases in which he or his company, Netbula, LLC, have been plaintiffs in this district, namely *Dongxiao Yue v. Storage Technology Corp. et. al.*, Case Number C07-05850-MJJ; *Netbula, LLC v. Storage Technology Corp. et al.*, Case Number C06-07391-MJJ; and *Netbula, LLC v. BindView Development Corp. et al.*, Case Number C06-00711-MJJ. I explained that the Court previously related those three earlier cases, and the same reasoning justified relating the Chordiant Action to those other cases. In response on the same day, plaintiff rejected my request to stipulate that the cases should be related. A true and correct copy of this e-mail exchange is attached as **Exhibit 1**.

I declare under penalty of perjury that the foregoing is true and correct.

Executed in San Francisco on January 15, 2008.

                                                       /s/ Laurence F. Pulgram
                                                         Laurence F. Pulgram

Attorneys for Defendant
CHORDIANT SOFTWARE, INC.

25689/00405/LIT/1278297.1

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DECLARATION OF LAURENCE F. PULGRAM IN SUPPORT OF MOTION TO RELATE CASES    2    C07-05850-MJJ

# Exhibit 1

-----Original Message-----
From: ydx@netbula.com [mailto:ydx@netbula.com]
Sent: Tuesday, January 15, 2008 9:24 PM
To: Laurence Pulgram
Cc: ydx@netbula.com; yuedongxiao@gmail.com; elena@rivkinlegalgroup.com; Jedediah Wakefield; Liwen Mah
Subject: Re: Related Case Stipulation

Dear Mr. Pulgram,

As the unrepresented plaintiff in the Yue v. CSI case, I don't see why the CSI case is related to the others. They are completely different. You can certainly file a motion to relate the cases, I will definitely file an opposition.

The relating of the C07-05850 and C06-07391 cases had been done without hearing my response, despite my repeatedly stated intention to file such a response in multiple letters to Judge Jenkins. If plaintiffs lose on any issue, such due process problems will be raised on appeal.

Certainly, it might seem to CSI that Judge Jenkins is the top choice for reasons I have stated in my petition for writ at CA9 and my Dec 17, 2007 letter to him. I cannot help viewing your intention to relate the CSI case to the 06-7391 case as an attempt of judge-shopping. In another case in which Fenwick & West represented the plaintiff, Judge Illston treated the pro se defendant with equal dignity, apparently to the disappointment of the Fenwick lawyers.

I certainly hope we all stick to the rules and avoid unnecessary procedural complications which will eventually come back to haunt us. Some of the issues we have already encountered are quite fundamental and will not simply go away.

Another observation: Judge Jenkins terminated Ms. Rivkin as counsel in the 6-7391 matter, as a result, anything she files will probably be void until she officially appears in the 6-7391 case.

Sincerely,

Dongxiao Yue


------------------------
"Laurence Pulgram" <LPulgram@Fenwick.com>:

Dr. Yue and Ms.
Rivkin:

I am writing you
respecting the Yue v. Storage Technology, Netbula v. Storage Technology, and Yue
v. Chordiant Software cases.  Chordiant believes that the Yue v. Chordiant
case should be related to the two cases now pending against Storage Technology
and the case that was previously brought against Symantec, Netbula v. Bindview
et al. The reasoning is the same as that advanced to the court previously that
caused the three preceeding cases to be deemed related.

Please advise if you
are agreeable to stipulating to the cases being deemed related.


Thanks
you.

Laurence
Pulgram