DONGXIAO YUE
2777 ALVARADO ST., SUITE C
SAN LEANDRO, CA 94577
Telephone:    (510) 396-0012
Facsimile:    (510) 291-2237
E-Mail:    ydx@netbula.com

*Pro Se*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONGXIAO YUE,<br><br>                    Plaintiff,<br><br>    v.<br><br>STORAGE TECHNOLOGY CORPORATION, a Delaware corporation; SUN MICROSYSTEMS Inc., a Delaware corporation; Michael Melnick, an individual; Julie DeCecco, an individual; Michael P. Abramovitz, an individual; Lisa K. Rady, an individual; Jonathan Schwartz, an individual; and DOES 1-1000, inclusive,<br><br>                    Defendants. | Case No. C07-05850-MJJ<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANTS' MOTION FOR SANCTIONS**<br><br><br>Date: February 12, 2008<br>Time: 9:30 A.M.<br>Dept.: Courtroom 11<br>Judge: The Honorable Martin J. Jenkins |

## INTRODUCTION

Plaintiff opposes defendant Sun Microsystems, Inc. ("SUN")'s Motion for Sanctions because it is legally baseless.

## BACKGROUND AND PROCEDURAL HISTORY

-1-

Case No. C07-05850-MJJ                    PLAINTIFF'S OPPOSITION TO MOTION FOR SANCTIONS

The dispute in the instant action was originally about Storage Technology Corporation ("StorageTek")'s unauthorized copying and distribution of Plaintiff's software. StorageTek admitted the infringing actions in its internal communications and its communications to Plaintiff. See First Amended Complaint ("FAC"), ¶¶40-58. However, after SUN acquired StorageTek, the SUN people claimed that they did not infringe and continued to offer unlimited licenses for the software that contained Plaintiff's code. After failing to reach a resolution with the defendants, Plaintiff sought relief from the courts.

Plaintiff, Dongxiao Yue ("Yue"), filed the instant *pro se* action on November 19, 2007, which was assigned to U.S. District Judge Susan Illston. SUN then filed a motion to relate the instant action (C07-05850) to the C06-07391-MJJ case. Yue wrote a letter to U.S. District Judge Martin J. Jenkins stating that he would file a response to the motion to relate cases if he was permitted to do so. No such permission was granted.

On December 14, 2007, a hearing on a motion for summary judgment in the C06-07391-MJJ case was held before Judge Jenkins. At the very end of the hearing, Mr. Jedediah Wakefield, a defense attorney in the C06-07391-MJJ case, made a long statement regarding the due date of a responsive pleading. Mr. Wakefield then stated: "So we propose some scheduling—". Transcript of the December 14, 2007 hearing, p.66:1-2. Judge Jenkins asked the attorneys to stipulate to some new schedule. Yue attempted to seek clarification of Mr. Wakefield's oral motion. Judge Jenkins interrupted Yue and stated that Yue must talk to Ms. Brillet -- Netbula's counsel in the C06-07391-MJJ case -- instead. What happened afterwards is absent from the record: Ms. Brillet asked Yue to go out of the courtroom for a discussion. Yue told Ms. Brillet that Mr. Wakefield seemed to be referring to the C07-05850-SI case and Ms. Brillet was not an attorney in that case. Yue then told Mr. Wakefield that Yue was the unrepresented individual plaintiff in the *Yue v. StorageTek*

-2-

case and he would not agree to any enlargement of time for filing an answer. Judge Jenkins was not in the courtroom when Yue clarified the situation to Mr. Wakefield. When Judge Jenkins came back and learnt that Yue refused to stipulate to enlargement of time, he stated that he would just order that Mr. Wakefield's oral motion to be granted, without referring to a case name or case number.

## LEGAL STANDARD FOR THE SANCTIONS REQUESTED

Under 28 U.S.C. § 1927, "[f]or sanctions to apply, if a filing is submitted recklessly, it must be frivolous, while if it is not frivolous, it must be intended to harass. Thus, while it is true that reckless filings may be sanctioned, and nonfrivolous filings may also be sanctioned, reckless nonfrivolous filings, without more, may not be sanctioned." *In re Keegan Management Co.*, 78 F.3d 431, 436 (9th Cir. 1995).

For sanctions under Court's inherent power, "courts may not invoke these powers without a 'specific finding of bad faith.'" *Yagman v. Republic Ins.*, 987 F.2d 622, 628 (9th Cir. 1993).

"A finding of bad faith is warranted where an attorney 'knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent'." *Primus Auto. Fin. Servs., Inc. v. Batarse*, 115 F.3d 644, 648 (9th Cir. 1997).

## ARGUMENT

**1. Plaintiff's Motion for Entry of Default was well grounded in law and fact**

The Executive Committee had not reassigned the instant case to Judge Jenkins before Plaintiff filed the Motion for Entry of Default Judgment on January 2, 2008. At the time of the December 14, 2007 hearing, Mr. Jedediah Wakefield was not an attorney of record in the instant case[1].

---

[1] Mr. Wakefield's statement at the hearing about the time for filing a responsive pleading to an amended complaint showed a lack of understanding of the Federal Rules of Civil Procedure. The

-3-

Case No. C07-05850-MJJ    PLAINTIFF'S OPPOSITION TO MOTION FOR SANCTIONS

Therefore, he had no standing to bring a motion in the instant case. His purported oral motion to enlarge time also failed to reference a case name or case number. All he stated was: "We propose some scheduling --".

As for relating the instant case to the C06-07391-MJJ case, SUN quoted Judge Jenkins stating "it strikes me as related, and I will relate them." The word "will" seem to indicate future action[2]. SUN acknowledged in its Motion for Sanctions that "[a] formal order relating the cases has yet to be entered." Def. Motion for Sanctions, p.2:27-28 (footnote).

Judge Jenkins ordered Yue not to speak about Mr. Wakefield's oral motion but talk to Ms. Brillet, counsel for Netbula, LLC in the C06-07391-MJJ case. This suggests that Judge Jenkins considered Mr. Wakefield's oral motion to be one brought for the C06-07391-MJJ case, not for the instant case. Such an interpretation is consistent with the jurisdiction of the Judge under 28 U.S.C. §137[3] and roles of attorneys at the time, as well as due process requirements. Indeed, after the hearing, no order was entered on the C07-05850-SI docket to indicate that extension of time was granted to defendants for filing a response in the instant case. Absent a clear court order, as the sole attorney for SUN, Mr. Laurence Pulgram knowingly failed to respond to the First Amended Complaint.

---

plain language of FRCP 15(a)(3) is clear and unambiguous. And, there was a U.S. Supreme Court precedent on this subject. See *Nelson v. Adams USA, Inc.*, 529 U.S. 460 (2000). There should not have been any uncertainty on the due date of an answer to the First Amended Complaint and Plaintiff notified Mr. Pulgram about the due date.

[2] Plaintiff noted that the Court related the cases *nunc pro tunc* on January 10, 2008. However, the Executive Committee's Reassignment Order does not indicate any retroactive effect.

[3] Cf. *In re McBryde*, 117 F.3d 208 (5th Cir. 1997). See also, *Torres v. Trinity Industries, Inc.*, 229 F.Supp.2d 616 (N.D.Tex. 2002).

-4-

Case No. C07-05850-MJJ                                    PLAINTIFF'S OPPOSITION TO MOTION FOR SANCTIONS

In the case of *Bowles v. Russell,* No. 06-5306, 2007 U.S. LEXIS 7721 (U.S. June 14, 2007), the District Court told Keith Bowels that his notice of appeal was due on February 27, 2004. Bowles filed the notice of appeal on February 26, 2004, but the Sixth Circuit dismissed his appeal because the correct deadline was February 24, 2004 and the court lacked jurisdiction. *Bowles v. Russell*, 432 F.3d 668 (6th Cir. 2005). The U.S. Supreme Court affirmed[4]: "If rigorous rules like the one applied today are thought to be inequitable, Congress may authorize courts to promulgate rules that excuse compliance with the statutory time limits."

### 2. Defendants' allegations of bad faith, harassment and other improper purposes lacks record support

Defendant SUN's allegation of subjective bad faith was based on the following argument:

> Knowing full well that no responsive pleading was due, and having been admonished that no default would be entered, Plaintiff nevertheless filed his Motion for Entry of Default Judgment – an act plainly undertaken in bad faith, for purposes of harassment, and to force Sun to incur unnecessary expenses.

Def. Motion for Sanctions, p.3:19-22.

First, Defendant SUN failed to demonstrate the existence of the valid court order granting enlargement of time in the instant C07-05850 action. Thus, SUN could not possibly show that Plaintiff disobeyed a clear and valid court order.

Second, the allegation of bad faith was entirely conclusory. Plaintiff correctly applied the Federal Rules of Civil Procedure and relevant local rules. Defendants failed to follow protocol: Mr. Jedediah Wakefield was not even an attorney for SUN in the C07-05850 case when Plaintiff filed his Motion for Entry of Default Judgment. Mr. Laurence Pulgram was then SUN's sole counsel of

---

[4] Justice Souter wrote in his dissenting opinion that "there is not even a technical justification for condoning this bait and switch."

-5-

record. Judge Jenkins was not the presiding judge of the instant action at the time. See, *In re Brown*, 346 F.2d 903, 910 (5th Cir. 1965) ("Orderly procedure, of course, forbade Judge Cox to interfere with the handling of a case assigned to Judge Mize."). Following the reasoning in *Bowles v. Russell*, even if the default was somehow partially attributable to the district court, a party can not be excused from "compliance with the statutory time limits."

Third, Mr. Wakefield's allegation that Plaintiff intended to harass SUN by incurring $3000 attorneys' fees is equally unfounded. SUN had billions of dollars of shareholder equity[5]. Plaintiff, a *pro se* litigant, could not possibly hope to "harass" SUN[6]. It is far more plausible that the opposite is true[7].

## CONCLUSION

Defendants failed to show that Plaintiff violated a clear, unambiguous and valid court order; they failed to show that Plaintiff's Motion for Entry of Default Judgment was frivolous; they failed to show that Plaintiff acted in bad faith or for improper purpose. Plaintiff respectfully requests that the Court deny SUN's Motion for Sanctions.

Dated: January 14, 2008

DONGXIAO YUE (*Pro Se*)

---

[5] See, SUN's SEC filing at
http://www.sec.gov/Archives/edgar/data/709519/000119312507239259/d10q.htm

[6] At Mr. Wakefield's rate of $605 per hour, SUN can afford tens of millions of hours.

[7] As Magistrate Judge Brazil warned Mr. Wakefield at a February 14, 2007 hearing, those $900,000 annual revenue requirements for partners were the driving forces behind a lot of the court filings, and because of that, many people can't access the courts.

-6-

Case No. C07-05850-MJJ        PLAINTIFF'S OPPOSITION TO MOTION FOR SANCTIONS