LAURENCE F. PULGRAM (CSB NO. 115163)
*lpulgram@fenwick.com*
JEDEDIAH WAKEFIELD (CSB NO. 178058)
*jwakefield@fenwick.com*
ALBERT L. SIEBER (CSB NO. 233482)
*asieber@fenwick.com*
LIWEN A. MAH (CSB NO. 239033)
*lmah@fenwick.com*
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA  94104
Telephone:     (415) 875-2300
Facsimile:      (415) 281-1350

Attorneys for Defendant
SUN MICROSYSTEMS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DONGXIAO YUE,<br><br>Plaintiff,<br><br>v.<br><br>STORAGE TECHNOLOGY CORPORATION, a Delaware corporation; SUN MICROSYSTEMS, a Delaware corporation; MICHAEL MELNICK, an individual; JULIE DeCECCO, an individual; MICHAEL P. ABRAMOVITZ, an individual; LISA K. RADY, an individual; and JONATHAN SCHWARTZ, an individual,<br><br>Defendants. | Case No.  C-07-05850-MJJ<br><br>**REPLY MEMORANDUM IN SUPPORT OF MOTION FOR SANCTIONS**<br><br>Date:   February 12, 2008<br>Time:   9:30 A.M.<br>Dept.:  Courtroom 11<br>Judge:  The Honorable Martin J. Jenkins |

## **INTRODUCTION**

On December 14, 2007, the Court stated directly to Plaintiff Dongxiao Yue ("Yue," or "Plaintiff") that no responsive pleading would be due in this case until a date to be set at the next status conference, and that no default would be entered.  Plaintiff, apparently believing that the Order was not "valid," chose to disregard it and filed a motion for default judgment two weeks later.  Defendants immediately reminded Plaintiff of the Order, urged him to withdraw the

1  default motion, and explained the consequences of his failure to do so.  Plaintiff refused to

2  withdraw it, or even to discuss the issue.

3  Despite the unequivocal nature of the Court's Order, Plaintiff has now filed additional

4  papers—a Reply Memorandum in which he insists on pursuing a default, and an Opposition to

5  Sun's Motion for Sanctions—in which he mischaracterizes the events of December 14, and

6  makes various legal arguments that, far from justifying his actions, show that he simply chose to

7  disregard the Court's authority.  In so doing, he has forced Sun to spend additional time and

8  resources in preparing this Reply.

9  Plaintiff's disregard for the Court's authority should not be condoned.  Sanctions are

10 appropriate and necessary to ensure Plaintiff's compliance with this Court's orders and to avoid

11 further frivolous motions.  Indeed, it has become clear that there is no way *other* than through

12 sanctions to deter Plaintiff's abusive conduct.  It is easy for him, in his *pro se* capacity, to initiate

13 multiple lawsuits over the same subject, present baseless motions, and assert extreme and plainly

14 untenable positions.  Plaintiff has the right to petition the courts for redres.  But he must follow

15 the rules—not to mention express Court orders—if he does so, and he must refrain from the sort

16 of deliberate harassment that his motion for default exemplifies.  Only a sanctions award,

17 compensating Sun for the needless expense incurred, can promote this result.

18 **ARGUMENT**

19 **I.   PLAINTIFF'S DISTORTION OF THE RECORD DOES NOT EXCUSE HIS
       VIOLATION OF THE COURT'S ORDER.**
20

21 Both Plaintiff's Reply Memorandum in Support of Entry of Default Judgment and his

22 Opposition to the Motion for Sanctions assert that the Court's Order did not refer to this action,

23 but rather referred to the earlier filed case of *Netbula, LLC v. Storage Technology Corp.*, Case

24 No. 06-07391-MJJ (N.D. Cal.) (the "Netbula-Sun Litigation").  Specifically, he argues that this

25 Court was somehow confused about Sun's request for an extension of time to respond to the

26 complaint filed in this action (the "Yue-Sun Litigation").  *See, e.g.*, Docket No. 17 [Reply

27 Memorandum in Support of Entry of Default Judgment ("Reply in Support of Default") at p.4:7-9

28 ("This suggests that Judge Jenkins was considering Mr. Wakefield's oral motion to be one

REPLY IN SUPPORT OF MOTION FOR SANCTIONS   2   C-07-05850 MJJ

1  brought for the C06-07391-MJJ case, not for the instant case. . . ."); Docket No. 27 [Opposition to
2  Defendant's Motion for Sanctions [Corrected] ("Opposition to Motion for Sanctions"), at p.4:15-
3  17].

4      To get there, Plaintiff presents an intentionally truncated and misleading version of the
5  discussion that lead to the Order. See Opposition to Motion for Sanctions at 4:2-3 (claiming that
6  counsel's discussion of scheduling for a responsive pleading "failed to reference a case name"
7  and "[a]ll [counsel] stated was: 'We propose some scheduling --.'"). The full record, however,
8  confirms that both the Order and its intended effect are crystal clear:

9      *First*, the Court made a determination that the Yue-Sun Litigation and the Netbula-Sun
10 Litigation should be related. *See* Netbula-Sun Docket No. 131 [Transcript of Proceedings Held
11 December 14, 2007 ("December 14 Transcript"), at p.65:3:14. *Second*, Sun (by and through its
12 counsel) suggested that the time to respond to the First Amended Complaint in the Yue-Sun
13 Litigation be extended until after the Court issued its Order on Defendants' Motion for Summary
14 Judgment in the Netbula-Sun Litigation. In so doing, Sun's counsel identified the Yue-Sun
15 Litigation by name:

16     We do believe that the discussion of the ***Yue versus StorageTek/Sun case, the new case***, should be included in the
17     status conference. We have the issue of the responsive pleading due, some disagreement about when that might be due, but it would
18     make sense to have the Court's order on this motion that was before the Court today, since it has such a tremendous impact on what our
19     ***response will be in that case***, given the overlap of claims.

20 *Id.* at pp.65:19-66:2 (emphasis added).

21     *Third*, the Court indicated its agreement that it would "make sense" to enlarge the time for
22 a response to the complaint in the Yue-Sun Litigation, and requested that the parties stipulate to a
23 schedule for a responsive pleading:

24     If you folks could agree to that – I have everybody here right now, ***why should they file a responsive pleading*** that would then have to
25     be redone or amended, depending upon what I do with the issue that is before me now? ***Why don't we – why don't you agree and
26     stipulate that time required for responsive pleading is extended to at least the status conference?*** And that will give me a chance –
27     you are going to all know what the ruling is, what – this claim may survive. If it does, then you know that will be in play. ***You will
28     know exactly what it is they need to raise denials and/or***

REPLY IN SUPPORT OF MOTION FOR SANCTIONS      3      C-07-05850 MJJ

> *affirmative defenses with respect to in an answer*, and including it could be counter-claims, I just don't know. But it does make sense.

*Id.* at p.66:3-15 (emphasis added).

Of course, there is no question that this discussion referred to the Yue-Sun Litigation: There was and is no responsive pleading due in the earlier filed Netbula-Sun Litigation, and no need for the Defendants in that case to consider appropriate "denials and/or affirmative defenses" that might be raised "in an answer." Defendants' answer in that case was served filed on January 8, 2007. See Netbula-Sun Docket No. 17. Plaintiff knows this, and could not possibly have believed that the Court was extending time to file an answer that had been filed a nearly a year earlier.

*Fourth*, as stated in his Opposition, Plaintiff refused to stipulate to any extension of time for the parties to respond to the complaint in the Yue-Sun Litigation: "Yue . . .then told Mr. Wakefield that Yue was the unrepresented individual plaintiff *in the* **Yue v. StorageTek** *case and he would not agree to any enlargement of time for filing an answer*." Opposition to Motion for Sanctions at p.3:7-9 (emphasis added). From this, it is evident that Plaintiff understood then – as he certainly does now – that the matter under discussion, and the subject of the Court's Order, was when a responsive pleading would be due in the Yue-Sun Litigation.

*Fifth*, and finally, the Court was advised that Plaintiff had refused to stipulate to any extension of time until after decision on the summary judgment motion, whereupon it stated – simply and directly – that it was *ordering* that no responsive pleading would be due until such time as the Court set a date at the upcoming conference, and that no default would be entered. *See* Declaration of Jedediah Wakefield in Support of Reply re Sanctions Motion ("Wakefield Reply Decl.") ¶ 2, Ex. A. While that Order has not been memorialized in a written form from the Court, no one present at that hearing can dispute that it was issued. Significantly, Plaintiff's papers in support of his motion for entry of default, and his opposition to the motion for sanctions, do not dispute that the oral Order was issued. Rather, as discussed below, he simply chose to ignore it.

REPLY IN SUPPORT OF MOTION FOR SANCTIONS   4   C-07-05850 MJJ

## II. PLAINTIFF'S ARGUMENTS REGARDING THE PURPORTED INVALIDITY OF THE ORDER ARE FRIVOLOUS AND DEMONSTRATE HIS DISREGARD FOR THE COURT'S AUTHORITY.

The remaining arguments presented in his Opposition to the Motion for Sanctions, and in the Reply Memorandum in Support of Entry of Default Judgment, argue that the Court lacked authority to issue the Order and Plaintiff therefore was free to willfully disregard it. Plaintiff may contend that the Order was invalid (and it was not), that would still not entitle him to violate the express direction of the Court.

Plaintiff's arguments may be summarized as follows: *First*, he appears to argue that the Order was not valid because the Yue-Sun Litigation and the Netbula-Sun Litigation were not related at the time the Order was entered. *See, e.g.*, Reply in Support of Default at p.6:9 ("Judge Jenkins was not the presiding judge of the instant action at the time."). However, the Court ordered the matters related at the December 14 hearing, ten days after Sun had filed its Administrative Motion to Consider Whether Cases Should Be Related (and with no Opposition having been filed by Netbula). *See* Netbula-Sun Docket No. 123; *see also* Civil L.R. 3-12(e); 7-11(b) (requiring that opposition or response to related-case motion be filed within three days of initial motion). As stated by the Court on the record: "It strikes me they are related, and I will relate them. The question I have is whether they ought to be part of the mix for the status conference this is going to occur . . . . Seems to me that it ought to." December 14 Transcript at p.65:10-14. This was entirely consistent with the Local Rules, which state that whether to order cases related is within the discretion of the judge in the earliest-filed case. *See* Civil L.R. 3-12(f) ("Upon a motion by a party or a referral by another Judge, after the time for filing support or opposition to the Motion to Consider Whether Cases Should Be Related has passed, the Judge in this District who is assigned to the earliest-filed case will decide whether the cases are or are not related.").[1]

Plaintiff further argues that "Defendants failed to make a valid motion for enlargement of time." *See* Reply in Support of Default at pp.3:19-4:2. This argument is apparently based on

---

[1] The Court subsequently filed its formal written Order relating the cases, reflecting the oral Order made on December 14. *See* Docket No. 19 [Order Relating and Order Reassigning Case].

REPLY IN SUPPORT OF MOTION FOR SANCTIONS | 5 | C-07-05850 MJJ

Plaintiff's erroneous assertion that "Mr. Laurence Pulgram was the sole defense counsel of record" in the Yue-Sun Litigation, and that therefore his colleague Mr. Wakefield "had no standing to make a motion" in the instant case. *Id.*; *see also, e.g.*, Opposition to Defendant's Motion for Sanctions at p.4:3-4 ("At the time of the December 14, 2007, hearing Mr. Jedediah Wakefield was not an attorney of record in the instant case. Therefore, he had no standing to bring a motion in the instant case."). This argument is beyond frivolous – the law firm of Fenwick & West represents Sun in the Yue-Sun Litigation, as well as the Netbula-Sun Litigation. Mr. Wakefield is a partner at the law firm of Fenwick & West, and is and was fully authorized to represent Sun in this action and related matters. *See* Wakefield Reply Decl. ¶ 1.[2] In any event, the Court obviously had the ability to extend time *sua sponte*.

Next, Plaintiff claims that Mr. Wakefield's "oral motion to enlarge time also failed to reference a case name or case number." Reply in Support of Default at p.3:24-25. This assertion is simply false. As noted above, the transcript shows that in raising the issue of deadlines for responsive pleadings in this action, Mr. Wakefield specifically referred to "the Yu[e] versus StorageTek/Sun case, the new case." December 14 Transcript at p.66:19-20.

As such, all of Plaintiff's explanations for why he disregarded the Order are frivolous. The order extending time was patently valid. But even if it were not, nothing permits a party to disregard a court order simply because he happens to disagree with it. *See, e.g.*, *Zapon v. U.S. Dep't of Justice*, 53 F.3d 283, 285 (9th Cir. 1995). ("Only in the rarest of situations do federal courts countenance a party's disregard of an existing court order . . . - a clearly invalid prior restraint in the First Amendment context . . . is the only example that comes to mind. In all other situations obedience to even an assertedly void (not merely voidable) order is required unless and

---

[2] Mr. Wakefield explained all of this to Dr. Yue when asking Dr. Yue to withdraw the default motion. *See* Docket No. 16 [Declaration of Jedediah Wakefield in Support of Motion for Sanctions ¶¶ 2-3 & Ex. A]. Additionally, to the extent Dr. Yue hopes to argue that that e-filing a "Notice of Appearance" is required before an attorney represents a party, this, too, is a frivolous argument. The purpose of filing a Notice of Appearance is simply to ensure delivery of electronic notices. General Order 45, Section IV.C.

REPLY IN SUPPORT OF MOTION FOR SANCTIONS    6    C-07-05850 MJJ

until it has been vacated or reversed.").[3] Simply put, intentional violation of a court order is still intentional, even if the party violating the order could muster an argument that the order is invalid.

### III. SANCTIONS, INCLUDING ATTORNEYS' FEES, ARE APPROPRIATE FOR PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT.

Attorneys' fees are an appropriate sanction for a willful violation of a prior court under either Section 1927 or the Court's inherent power. *See, e.g.*, *Trulis v. Barton*, 107 F.3d 685, 689, 691-92,696 (9th Cir. 1995) (abuse of discretion to refuse to award sanctions, including attorneys' fees, pursuant to Section 1927, where plaintiff's suit disregarded bankruptcy plan entered by court); *Fink v. Gomez*, 239 F.3d 989, 991 (9th Cir. 2001) (federal courts have the "inherent power to levy sanctions, including attorneys' fees, for 'willful disobedience of a court order . . . or when the losing party has acted in bad faith"); *see also Moore v. Keegan Mgmt. Co. (In re Keegan Mgmt. Co., Sec. Litig.)*, 78 F.3d 431, 435 (9th Cir. 1996) (Section 1927 applies "to unnecessary filings . . . once a lawsuit has begun"). Both permit sanctions against *pro se* litigants, as Plaintiff was at the time he filed his papers in support of the motion for entry of default judgment and his opposition to Sun's motion for sanctions. *See Wages v. IRS*, 915 F.2d 1230, 1235-36 (9th Cir. 1989) (Section 1927 sanctions permitted against *pro se* parties); *McCabe v. Arave*, 827 F.2d 634, 640 n.6 (9th Cir. 1987) (sanctions may be awarded against *pro se* litigants based on court's inherent power).

Sanctions are appropriate in this case. The objective evidence in this case demonstrates that Plaintiff purposely acted in bad faith in filing his motion for entry of default judgment and then subsequently refusing to withdraw it. This is not a case of a *pro se* litigant who simply failed to understand the proceedings. Tellingly, Plaintiff has not submitted a declaration from either himself or Netbula's counsel (also present at the hearing) stating that anyone was confused about the meaning of this Order. And at no point has Plaintiff sought clarification of this Order (either

---

[3] While Plaintiff has repeatedly made clear, in this and related litigations, that he does not care what the Court says, he and his company have chosen repeatedly to bring baseless copyright claims against Netbula's licensees, their customers, their employees and executives. Having chosen to use the Court to accomplish this scheme, Plaintiff and Netbula must abide by its orders.

REPLY IN SUPPORT OF MOTION FOR SANCTIONS     7     C-07-05850 MJJ

personally or through counsel in the related Netbula-Sun Litigation). The record, therefore, conclusively establishes an intentional disregard for a court order that is sufficient for an award of sanctions.

The Court's Order was intended to save the needless expense of drafting a responsive pleading to Plaintiff's copyright lawsuit—which Defendants believed, and the Court agreed—might be impacted by the outcome of the summary judgment motion in the Netbula-Sun Litigation.[4] Disregarding that Order, Plaintiff chose to force Sun to incur fees unnecessarily. Plaintiff, not Sun, should bear that needless expense.

Plaintiff's final argument in his Opposition to the Motion for Sanctions—that because "SUN has billions of dollars of shareholder equity," it can therefore "afford tens of millions of hours" in attorneys' fees—is outrageous. *See* Opposition to Motion for Sanctions at p.6:16 & n.8. The economic strength of an opposing party does not insulate a litigant from the consequences of its violations of a court order. Indeed, in *Wages*, the Ninth Circuit affirmed the district's court order imposing sanctions against a *pro se* plaintiff, ordering her to pay the *United States government*—certainly an entity with more economic clout than Sun—its attorneys' fees. *See* 915 F.2d at 1235-36.

Plaintiff should be ordered to pay Sun's attorneys' fees for preparing its opposition to Plaintiff's motion for default judgment, as well as for the time spent in preparing the Motion for Sanctions and this Reply. *See, e.g.*, *City of Santa Rosa v. Patel*, Case No. C-07-3528-MMC, 2007 U.S. Dist. LEXIS 73749 (N.D. Cal. Sept. 25, 2007) (finding sanctions appropriate under Section 1927 and the Court's inherent power and awarding attorneys' fees for preparation of motion necessitated by improper conduct, as well as fees incurred in preparing motion for sanctions and reply). Thus far, these fees exceed $7,700. *See* Wakefield Reply Decl. ¶ 4.

### IV. CONCLUSION

For the foregoing reasons, Defendant Sun Microsystems, Inc. respectfully requests that the Court issue an order awarding it sanctions in the amount of at least $7,700, representing the

---

[4] This has proven to be the case. The Order Granting Summary Judgment makes clear that StorageTek was acting within the scope of its license from Netbula. Accordingly, the licenses provide a complete defense to Plaintiff's copyright claims as well.

REPLY IN SUPPORT OF MOTION FOR SANCTIONS 8 C-07-05850 MJJ

expenses, including attorneys' fees, incurred in responding to Plaintiff's Motion for Entry of Default Judgment, and of preparing the Motion for Sanctions, this Reply, and supporting documents.

Dated: January 25, 2008

Respectfully,

FENWICK & WEST LLP

By:  /S/ JEDEDIAH WAKEFIELD
       Jedediah Wakefield

Attorneys for Defendant
SUN MICROSYSTEMS, INC.

25689/00405/LIT/1279246.4