LAURENCE F. PULGRAM (CSB NO. 115163)
*lpulgram@fenwick.com*
JEDEDIAH WAKEFIELD (CSB NO. 178058)
*jwakefield@fenwick.com*
ALBERT L. SIEBER (CSB NO. 233482)
*asieber@fenwick.com*
LIWEN A. MAH (CSB NO. 239033)
*lmah@fenwick.com*
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone:    (415) 875-2300
Facsimile:    (415) 281-1350

Attorneys for Defendant
STORAGE TECHNOLOGY CORPORATION,
SUN MICROSYSTEMS, INC., MICHAEL
MELNICK, JULIE DECECCO, MICHAEL P.
ABRAMOVITZ, LISA K. RADY, and
JONATHAN SCHWARTZ
.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DONGXIAO YUE,<br><br>                    Plaintiff,<br><br>v.<br><br>STORAGE TECHNOLOGY<br>CORPORATION, a Delaware corporation;<br>SUN MICROSYSTEMS, a Delaware<br>corporation; MICHAEL MELNICK, an<br>individual; JULIE DeCECCO, an<br>individual; MICHAEL P. ABRAMOVITZ,<br>an individual; LISA K. RADY, an<br>individual; and JONATHAN<br>SCHWARTZ, an individual,<br><br>                    Defendants. | Case No. C-07-05850 MJJ<br><br>**DECLARATION OF ALBERT L. SIEBER<br>IN SUPPORT OF MOTION TO DISMISS**<br><br>Date:    February 12, 2008<br>Time:    9:30 A.M.<br>Dept.:    Courtroom 11<br>Judge:   The Honorable Martin J. Jenkins |

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1    I, Albert L. Sieber, declare as follows:

2        1.    I am an attorney admitted to practice before this Court. I am an associate with the

3    law firm of Fenwick & West LLP, counsel of record for Defendants Storage Technology

4    Corporation, Sun Microsystems, Inc., Michael Melnick, Julie DeCecco, Michael P. Abramovitz,

5    Lisa K. Rady, and Jonathan Schwartz in this action. I have personal knowledge of the matters set

6    forth herein and, if called upon, could testify competently thereto.

7        2.    Attached hereto as Exhibit A is a true and correct copy of the Order electronically

8    filed by the district court on September 24, 2004 in the case of *Adams v. State of California*, Case

9    No. CV-04-7313-GAF (C.D. Cal.), dismissing the plaintiff's successive, duplicative action with

10    prejudice. This order was subsequently affirmed by the Ninth Circuit *sub nom. Adams v. Cal.*

11    *Dep't Health Servs.*, 487 F.3d 684 (9th Cir. 2007), *cert. denied*, 2007 U.S. LEXIS 12948 (U.S.

12    Dec. 10, 2007).

13        3.    For the Court's convenience, attached hereto as Exhibit B are true and correct

14    copies of portions of the transcript of the deposition testimony of Plaintiff Dongxiao Yue

15    ("Yue"), taken in the related case of *Netbula, LLC v. BindView Development Corp.*, Case No. 06-

16    0711-MJJ-WDB (N.D. Cal.). These portions of the transcript are on file with this Court and a

17    matter of public record. *See* Netbula-BindView Docket Nos. 221, 221-2 [Declaration of Jedediah

18    Wakefield in Support of Defendants' Motion for Summary Judgment ¶ 2 & Ex. A].

19        4.    For the Court's convenience, attached hereto as Exhibit C are true and correct

20    copies of e-mail communications between Dr. Yue and my colleague Laurence F. Pulgram dated

21    October 26-29, 2007 (on which I was copied), in which Dr. Yue seeks a stipulation allowing him

22    to replace Netbula, LLC ("Netbula") as the party-plaintiff in the related case of *Netbula, LLC v.*

23    *Storage Technology Corp.*, Case No. 06-07391-MJJ (N.D. Cal.), in order to permit him to amend

24    the complaint in this action to add additional claims. Mr. Pulgram responded to Dr. Yue and

25    Netbula's counsel by asking Dr. Yue to advise him on what the purported new claims would be.

26    These communications were filed with the Court as an exhibit to the Declaration of Donxiao Yue

27    in Support of Plaintiff's Motion to Substitute Party as to the Copyright Claim, *Netbula-Sun*

28    Docket No. 99.

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1    5.    Attached hereto as <u>Exhibit D</u> is a true and correct copy of an e-mail and attached

2    letter that I (as well as Mr. Pulgram and my colleagues Jedediah Wakefield and Liwen Mah)

3    received on December 6, 2007.  In the e-mail, Dr. Yue stated that he would deliver the letter to

4    the Court the following day and that he would file this letter in support of his Dr. Yue's Reply in

5    Support of Emergency Petition for Expeditious Consideration for Writ of Mandamus, then

6    pending before the Ninth Circuit.  *See Yue v. U.S. Dist. Court*, Case No. 07-74701 (9th Cir.).

7    6.    Attached hereto as <u>Exhibit E</u> is a true and correct copy of (1) a January 9, 2008

8    letter received by Mr. Pulgram from the State of Bar of California, stating that Dr. Yue had filed a

9    complaint against him; and (2) a January 24, 2008 letter from the State Bar stating that the matter

10    was closed.

11

12    I declare under penalty of perjury that the foregoing is true and correct.

13    Executed in San Francisco on January 29, 2008.

14

15                                    /s/  ALBERT L. SIEBER

16                                    Albert L. Sieber

17                                    Attorneys for Defendants
                                    STORAGE TECHNOLOGY
18                                    CORPORATION, SUN MICROSYSTEMS,
                                    INC., MICHAEL MELNICK, JULIE
19                                    DECECCO, MICHAEL P. ABRAMOVITZ,
                                    LISA K. RADY, and JONATHAN
20                                    SCHWARTZ

21    25689/00405/LIT/1279602.1

22

23

24

25

26

27

28

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

# EXHIBIT A

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

**Case No.** CV 03-8920; CV 04-7313 GAF
**Title**: Adams v. State of California, et al.

**Date:** September 24, 2004

## The Honorable Gary Allen Feess, Judge

| Marilynn Morris | None Present |
|---|---|
| **Courtroom Deputy Clerk** | **Court Reporter** |

**ATTORNEYS PRESENT FOR PLAINTIFFS:**
None Present

**ATTORNEYS PRESENT FOR DEFENDANTS:**
None Present

**PROCEEDINGS: (In Chambers)**

On July 29, 2004, this Court denied Plaintiff's motion for leave to amend her complaint. (7/29/04 Ord.). In that Order, the Court remarked that Plaintiff had not demonstrated a good cause basis for amendment of the complaint or this Court's scheduling order because the grounds for the motion were "not only known 69 days prior to the cut-off date set by the Court in its scheduling order but were known even prior to the <u>entry</u> of the scheduling order," yet Plaintiff failed to file a motion to amend until 195 days after having notice of the information that could establish a ground for amendment. Moreover, Plaintiff provided no excuse for the delayed filing. (<u>Id</u>.).

After this Court issued its order denying the motion to amend, Plaintiff filed an untimely reply brief to Defendant's opposition to the motion to amend. Plaintiff offered no excuse for the delayed filing, yet the Court did not decline to consider the reply on timeliness grounds. Rather, the Court found that the reply did not change the Court's analysis in the disposition of the matter. (7/30/04 Ord.).

Despite the fact that this Court had refused to permit Plaintiff to pursue these new allegations, it came to the Court's attention that Plaintiff attempted to circumvent this Court's order by filing a new action, <u>Adams v. State of California et al.</u>, CV 04-7313, against Defendants, alleging the identical facts that were the subject of the motion to amend – a motion this Court unequivocally **denied**.

Accordingly, on September 20, 2004, the Court ordered Plaintiff to show cause why (1) the new action should not be dismissed, and (2) why sanctions should not be imposed pursuant to FED. R. CIV. P. 11. Plaintiff's response to the order to show cause was due on or before Friday, September 24, 2004 at 4:00 p.m.

On September 24, 2004, Plaintiff filed a response to this Court's order to show cause. Therefore, the Court **VACATES** the order to show cause.

Plaintiff's filing, which failed to cite to **any** supporting legal authority, made it abundantly clear that dismissal of the newly filed action is appropriate. Accordingly, Plaintiff's newly filed action – Case No. CV 04-7313 – is hereby **DISMISSED WITH PREJUDICE**.

IT IS SO ORDERED.

DOCKETED ON CM
SEP 2 9 2004
BY ___ -1- 005

**MINUTES FORM
CIVIL--GEN**

Initials of Courtroom Deputy Clerk

# EXHIBIT B

DONGXIAO YUE                          06/27/07

Page 1

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION


NETBULA, LLC, a Delaware
limited liability company,

          Plaintiff,

vs.                               No. C-06-0711-MJJ-WDB

BINDVIEW DEVELOPMENT CORPORATION,
a Texas corporation; SYMANTEC CORPORATION,
a Delaware corporation; ERIC J. PULASKI,
an individual; and DOES 1-10, inclusive,

          Defendants.


_____


30(b)(6) VIDEOTAPE DEPOSITION OF DONGXIAO YUE

VOLUME 1

San Francisco, California

Wednesday, June 27, 2007



Reported by:
KELLI COMBS
CSR No. 7705

Job No. 3-68374



SARNOFF COURT REPORTERS AND LEGAL TECHNOLOGIES
877.955.3855

DONGXIAO YUE                    06/27/07

Page 2

1                     UNITED STATES DISTRICT COURT
                     NORTHERN DISTRICT OF CALIFORNIA
2                       SAN FRANCISCO DIVISION

3

4    NETBULA, LLC, a Delaware
     limited liability company,
5
             Plaintiff,
6
     vs.                              No. C-06-0711-MJJ-WDB
7
     BINDVIEW DEVELOPMENT CORPORATION,
8    a Texas corporation; SYMANTEC CORPORATION,
     a Delaware corporation; ERIC J. PULASKI,
9    an individual; and DOES 1-10, inclusive,

10           Defendants.

11

12    _____

13

14

15

16        Videotape Deposition of DONGXIAO YUE, Volume 1,

17    taken on behalf of Defendants, at Fenwick & West, 555

18    California Street, 12th Floor, San Francisco,

19    California, beginning at 9:59 a.m., and ending at 5:01

20    p.m. on Wednesday, June 27, 2007, before Kelli Combs,

21    CSR 7705.

22

23

24

25

7d9734e9-5b37-4755-a751-18e5871db9b9

DONGXIAO YUE                          06/27/07

Page 3

1      APPEARANCE OF COUNSEL:

2

3      FOR PLAINTIFF:

4

5             LAW OFFICES OF VONNAH M. BRILLET
              BY:   VONNAH M. BRILLET, ESQ.
6             2777 Alvarado Street, Suite E
              San Leandro, California 94577
7             (510) 351-5345
              brilletlaw@yahoo.com
8

9

10     FOR DEFENDANTS:

11

12            FENWICK & WEST, LLP
              BY:   JEDEDIAH WAKEFIELD, ESQ.
13            LAWRENCE PULGRAM, ESQ. (a.m. session)
              555 California Street, 12th Floor
14            San Francisco, California 94104
              (415) 875-2300
15            jwakefield@fenwick.com

16

17            ALSO PRESENT:  Casia Leet, Videographer

18

19

20

21

22

23

24

25

SARNOFF COURT REPORTERS AND LEGAL TECHNOLOGIES
877.955.3855

7d9734e9-5b37-4755-a751-18e5871db9b9

DONGXIAO YUE                    06/27/07

Page 59

| | | |
|---|---|---|
| 11:15:23 | 1 | there are other V.P.s within the company? |
| | 2 | A    You're asking me to confirm your -- your |
| | 3 | theory, basically, what you want to say about this. |
| | 4 | Q    Well, I'm just asking a question and trying to |
| 11:15:43 | 5 | get an answer. |
| | 6 | Does the name "V.P. of sales" suggest to you |
| | 7 | that there are other V.P.s? |
| | 8 | A    I don't know.  Whatever impression get -- this |
| | 9 | V.P. of sales gave to other people, I cannot guess. |
| 11:16:08 | 10 | Q    What about internally?  Did you have any |
| | 11 | titles internally at Netbula? |
| | 12 | A    Nope. |
| | 13 | Q    So are you -- |
| | 14 | You're not the president of Netbula? |
| 11:16:24 | 15 | A    I'm everything.  I'm chief Netbula. |
| | 16 | Q    Yeah. |
| | 17 | So you're the owner of the company? |
| | 18 | A    That's correct. |
| | 19 | Q    But in dealing with the public, at times you |
| 11:16:37 | 20 | call yourself the chief marketing and sales officer and |
| | 21 | at times you call yourself the V.P. of sales? |
| | 22 | A    That's right, because -- yes. |
| | 23 | Q    And do you have any other titles you have |
| | 24 | used? |
| 11:16:50 | 25 | A    Well, sometimes I -- I use "president" as the |

SARNOFF COURT REPORTERS AND LEGAL TECHNOLOGIES
877.955.3855

7d9734e9-5b37-4755-a751-18e5871db9b9

DONGXIAO YUE                06/27/07

Page 60

| 11:16:56 | 1 | title. |

2    Q    How do you choose which title to use?

3    A    Depending on the situation, whatever is

4    required.

11:17:13    5    Q    Can you elaborate on that?  What do you mean?

6    A    Elaborate.  Let me think of a situation that

7    used -- well, when people ask, "Are you the president,"

8    I will say "yes" in that situation.

9    Q    Are there other situations where you would

11:17:43    10    call yourself the president of Netbula?

11    A    I don't remember.  Usually, I just call --

12    because most of my work, you know, external

13    communications are dealing with sales and stuff like

14    that, so...

11:18:10    15    Q    Are there any internal business documents or

16    corporate documents that show you having any official

17    titles within Netbula?

18    A    I don't think so.

19    Q    Okay.

11:18:52    20                    (Defendants' Exhibit 3 marked

21                    for identification.)

22    BY MR. WAKEFIELD:

23    Q    Mr. Yue, you have been handed what's been

24    marked as Exhibit 3.

11:19:11    25    Do you recognize this document?

7d9734e9-5b37-4755-a751-18e5871db9b9

DONGXIAO YUE                    06/27/07

Page 79

| | | | |
|---|---|---|---|
| 11:45:20 | 1 | Q | It had been used commercially before? |
| | 2 | A | Nope. |
| | 3 | Q | Okay. |
| | 4 | | So Netbula, LLC did not exist until July of |
| 11:45:30 | 5 | | 2006 (sic)? |
| | 6 | A | Yes. |
| | 7 | Q | Okay. |
| | 8 | | But you had written code for the PowerRPC |
| | 9 | | product before then, right? |
| 11:45:42 | 10 | A | That's correct. |
| | 11 | Q | And you personally had done that? |
| | 12 | A | Yes. |
| | 13 | Q | Okay. |
| | 14 | | Have you transferred or assigned any rights in |
| 11:45:56 | 15 | | the PowerRPC or other RPC code that you have written to |
| | 16 | | Netbula? |
| | 17 | A | Could you say that again? |
| | 18 | Q | Yes. |
| | 19 | | Have you transferred or assigned any rights |
| 11:46:08 | 20 | | that you may have in the PowerRPC or other RPC code that |
| | 21 | | you have written to Netbula? |
| | 22 | | MS. BRILLET:  Object. |
| | 23 | | THE WITNESS:  Since I'm the owner of the |
| | 24 | | company, I -- I licensed the -- the source code to -- to |
| 11:46:35 | 25 | | the company. |

SARNOFF COURT REPORTERS AND LEGAL TECHNOLOGIES
877.955.3855

7d9734e9-5b37-4755-a751-18e5871db9b9

DONGXIAO YUE                    06/27/07

Page 80

| | | |
|---|---|---|
| 11:46:36 | 1 | BY MR. WAKEFIELD: |
| | 2 | Q    And do you have a copy of that license |
| | 3 | agreement still? |
| | 4 | A    Nope.  It's -- nope. |
| 11:46:44 | 5 | Q    Did the written license exist at any time? |
| | 6 | A    Nope. |
| | 7 | Q    So you just -- |
| | 8 | Did you -- |
| | 9 | When you say you license it, what did you |
| 11:46:53 | 10 | mean? |
| | 11 | A    I mean I can license my software to my own |
| | 12 | company. |
| | 13 | Q    So Netbula, LLC today does not have an |
| | 14 | assignment of your -- of your copyright, if any, in the |
| 11:47:13 | 15 | PowerRPC code; is that correct?  They have a license? |
| | 16 | A    Yes. |
| | 17 | (Defendants' Exhibit 7 marked |
| | 18 | for identification.) |
| | 19 | BY MR. WAKEFIELD: |
| 11:47:46 | 20 | Q    Mr. Yue, do you recognize Exhibit 7? |
| | 21 | A    Yes. |
| | 22 | Q    Is this another application to register the |
| | 23 | PowerRPC code? |
| | 24 | A    This is the application to register the |
| 11:48:18 | 25 | copyright for the PowerRPC. |

SARNOFF COURT REPORTERS AND LEGAL TECHNOLOGIES
877.955.3855

7d9734e9-5b37-4755-a751-18e5871db9b9

DONGXIAO YUE                    06/27/07

Page 81

| 11:48:22 | 1 | Q    Do you have any understanding of why it's not |
| | 2 | the same one that was issued as the certificate of |
| | 3 | registration? |
| | 4 | A    I don't. |
| 11:48:33 | 5 | Q    This one is actually signed by you, right? |
| | 6 | A    That's correct.  That's the one I sent to the |
| | 7 | copyright office. |
| | 8 | Q    And like Exhibit 6, Exhibit 7 also identifies |
| | 9 | Netbula, LLC as the author of PowerRPC, correct? |
| 11:48:52 | 10 | A    Yes. |
| | 11 | Q    So both of your copyright registrations for |
| | 12 | PowerRPC, both Exhibit 6 and Exhibit 7, identify |
| | 13 | Netbula, LLC as the author? |
| | 14 | A    Yes. |
| 11:49:16 | 15 | Q    And there is a note on the left side of this |
| | 16 | form in Exhibit 7 -- |
| | 17 | A    Exhibit 7.  Okay.  Yeah. |
| | 18 | Q    (Reading) |
| | 19 |      -- "Under the law, the author |
| 11:49:33 | 20 |      of a work made for hire is |
| | 21 |      generally by the employer, not the |
| | 22 |      employee." |
| | 23 | A    Uh-huh, yes. |
| | 24 | Q    Was PowerRPC a work made for hire? |
| 11:49:53 | 25 | A    Yes. |

7d9734e9-5b37-4755-a751-18e5871db9b9

DONGXIAO YUE                06/27/07

Page 82

| 11:49:55 | 1 | Q | All right. |

2         And when you wrote it, who had you been hired

3    by to create this work?

4         A    Netbula, LLC.

| 11:50:04 | 5 | Q | But you had been working on it for two years |

6    before Netbula, LLC existed, right?

7         A    That's correct.

8         Q    So during that time, you certainly weren't

9    working on a work for hire, correct?

| 11:50:19 | 10 | A | That's correct. |

11        Q    All right.

12            And then Section 4 of Exhibit 7, your

13   copyright application --

14        A    Uh-huh.

| 11:50:33 | 15 | Q | -- asks for the identification of the |

16   copyright claimant.

17            Do you see that?

18        A    Yes.

19        Q    Do you understand that's the entity that is

| 11:50:38 | 20 | claiming the copyright in the work? |

21        A    Yes.

22        Q    And you understand that doesn't have to be the

23   same person or entity as the author, correct?

24        A    When I filled -- filled this form, I wasn't --

| 11:50:57 | 25 | you know, I -- I didn't completely understand all of |

SARNOFF COURT REPORTERS AND LEGAL TECHNOLOGIES
877.955.3855

7d9734e9-5b37-4755-a751-18e5871db9b9

DONGXIAO YUE                                        06/27/07

Page 83

| 11:51:01 | 1 | the -- the legal jargon of this.  So I called -- |
| | 2 | actually, I called the copyright office and asked them |
| | 3 | how to fill this form. |
| | 4 | Q    Did you tell the copyright office that |
| 11:51:14 | 5 | Netbula, LLC was the author? |
| | 6 | A    I asked them, you know, "I wrote the code, you |
| | 7 | know, but this code was written for this company. |
| | 8 | Actually, I'm the owner of the company.  Should I put my |
| | 9 | own name or the company name?" |
| 11:51:28 | 10 | The copyright office actually told me to put |
| | 11 | the company name. |
| | 12 | Q    Okay. |
| | 13 | Did you tell them that the company didn't |
| | 14 | exist during the period when you were writing the code |
| 11:51:40 | 15 | from 1994 until it was created in 1996? |
| | 16 | A    No, I didn't. |
| | 17 | Q    All right. |
| | 18 | And you see there is a specific place to |
| | 19 | identify if there has been a transfer from the author to |
| 11:52:02 | 20 | the copyright claimant that asks for a brief statement |
| | 21 | of how the claimant obtained ownership of the copyright. |
| | 22 | Do you see that?  It's the bottom of the first |
| | 23 | page of Exhibit 7 -- I'm sorry -- second page of |
| | 24 | Exhibit 7. |
| 11:52:17 | 25 | A    Uh-huh, yes. |

SARNOFF COURT REPORTERS AND LEGAL TECHNOLOGIES
877.955.3855

7d9734e9-5b37-4755-a751-18e5871db9b9

DONGXIAO YUE                06/27/07

Page 84

| | | |
|---|---|---|
| 11:52:18 | 1 | Q    Do you see that? |
| | 2 | A    Yes. |
| | 3 | Q    Okay. |
| | 4 | And you didn't put in a -- any statement of |
| 11:52:24 | 5 | how it is that Netbula, LLC came to become the claimant |
| | 6 | there, did you? |
| | 7 | A    No. |
| | 8 | Q    And you didn't discuss the license that you |
| | 9 | have testified about today, did you? |
| 11:52:42 | 10 | A    Nope. |
| | 11 | Q    I know you have said you didn't understand the |
| | 12 | legal jargon here, but did you understand that if you |
| | 13 | provided false information in your copyright |
| | 14 | registration, that it might not be valid? |
| 11:53:12 | 15 | A    My understanding is unless there was a |
| | 16 | deliberate attempt to defraud the copyright office, the |
| | 17 | copyright owner can always make corrections for any |
| | 18 | inaccuracy. |
| | 19 | MR. WAKEFIELD:  Okay.  We need to change the |
| 11:53:37 | 20 | tape, so let's take a quick break. |
| | 21 | THE WITNESS:  Okay. |
| | 22 | THE VIDEOGRAPHER:  This marks the end of Media |
| | 23 | Number 1 of the deposition of Don Yue.  We're off the |
| | 24 | record at 11:53 a.m. |
| 11:53:44 | 25 | (Lunch recess taken.) |

7d9734e9-5b37-4755-a751-18e5871db9b9

DONGXIAO YUE                     06/27/07

Page 85

13:01:19    1            THE VIDEOGRAPHER:  We're back on the record at

            2    1:01 p.m. and this marks the beginning of Media Number 2

            3    of the deposition of Don Yue.

            4    BY MR. WAKEFIELD:

13:01:29    5        Q    Mr. Yue, just as a reminder, you're still

            6    under oath.

            7            Do you understand that?

            8        A    Yes.

            9        Q    Before the break, we were talking about the

13:01:36   10    copyright registration and authorship in the PowerRPC

           11    product.

           12            Do you recall that?

           13        A    Yes.

           14        Q    You testified about a license between yourself

13:01:48   15    and Netbula that you said was an oral agreement.

           16        A    Yes.

           17        Q    Okay.

           18            What are the terms of that agreement?

           19        A    It gave Netbula all the rights to use the

13:02:10   20    software for creating any derivative work.

           21        Q    Any other terms you're aware of?

           22        A    Nope.

           23        Q    And would anyone else know of any of the terms

           24    other than you?

13:02:26   25        A    Nope.

7d9734e9-5b37-4755-a751-18e5871db9b9

DONGXIAO YUE                    06/27/07

Page 86

| 13:02:31 | 1 | Q    Have you given that license to any other |
| | 2 | companies? |
| | 3 | A    Could you clarify that?  What license? |
| | 4 | Q    The same type of license that you gave to |
| 13:02:45 | 5 | Netbula for the RPC code, have you given that type of |
| | 6 | license to any other companies? |
| | 7 | A    No. |
| | 8 | Q    There is a Chinese-language website that I |
| | 9 | understand also distributes the RPC products; is that |
| 13:03:02 | 10 | correct? |
| | 11 | A    Correct. |
| | 12 | Q    Did Netbula grant that company a license or |
| | 13 | did you? |
| | 14 | A    Netbula did. |
| 13:03:14 | 15 | Q    Okay. |
| | 16 | Is that license written down anywhere? |
| | 17 | A    Nope. |
| | 18 | Q    Okay. |
| | 19 | So that was an oral agreement? |
| 13:03:21 | 20 | A    Correct. |
| | 21 | Q    Do you know who spoke the words in this oral |
| | 22 | agreement between Netbula and the Chinese company? |
| | 23 | A    I did and the -- the CEO of the Chinese |
| | 24 | company. |
| 13:03:40 | 25 | Q    All right. |

SARNOFF COURT REPORTERS AND LEGAL TECHNOLOGIES
877.955.3855

7d9734e9-5b37-4755-a751-18e5871db9b9

# EXHIBIT C

**From:**          Laurence Pulgram
**Sent:**          Monday, October 29, 2007 4:35 PM
**To:**            'ydx@netbula.com'
**Cc:**            brilletlaw@yahoo.com; Jedediah Wakefield; Albert Sieber; Liwen Mah;
                   yuedongxiao@gmail.com; davideiseman@quinnemanuel.com
**Subject:**       RE: Netbula's motion for substitution of party as to the copyright claim

Dear Mr. Yue,

I am responding to you individually, and copying Netbula's counsel, because I understand
that you are threatening to file a new action in your individual capacity, in which you
are, and intend to remain, unrepresented by counsel.  If I am incorrect in these
assumptions, I request that you and/or Ms. Brillet advise me.

As promised, this is my response to your request for a stipulation that you be allowed to
join as a party plaintiff in the Netbula v. StorageTek action.  Sun's position is as
follows.

First, we do not believe that you are an appropriate plaintiff to enforce Netbula's
copyrights. Our position in this regard will be fully spelled out in our filing on Tuesday
opposing your request to be substituted as a plaintiff in the Sun action. (We have cited
a couple of cases in the MAR filed on Friday, but that is just to advise the court of the
issue, not to argue it in full).  To the extent that you are not an appropriate plaintiff
in the existing action by Netbula against Sun, you would be equally inappropriate in any
new action that you may intend to file as Netbula's assignee.

Second, in the event that the Court disagrees with Sun's position in this regard and
concludes that you could be an appropriate plaintiff, in that situation it would be highly
inappropriate for you to commence a separate lawsuit about the same subject.  You have
already attempted to substitute in the Sun action, and to intervene there.  Commencing a
separate lawsuit would unnecessarily proliferate litigation, at least if the claims that
you wish to raise are of a subject matter and causes of action duplicative of the existing
action.  Sun cannot imagine just what claims it is that you wish to add, and therefore
cannot tell you whether or not they must be joined in the present lawsuit (assuming that
you are entitled individually to raise such claims at all, which we believe we are not).
Therefore, please advise what those purportedly new claims would be, so I can respond to
them.  Indeed, it is customary, before requesting a party's consent to amendment of
claims, to provide a copy of the proposed amendments.

Third, before you commence any threatened new action, it is incumbent upon you to wait
until Judge Jenkins has ruled on your pending requests for intervention and substitution.
It is wholly inappropriate in such circumstances to commence yet another action after
having presented the currently pending motions to Judge Jenkins.  Further, any effort to
seek a TRO or other preliminary relief in a second action would be entirely inappropriate,
given not only the ruling on the TRO by Judge Zimmerman, but also the fact that you have
personally already requested preliminary relief in your now pending motion to intervene in
the existing Sun case.  We therefore suggest that you consider the consequences very
seriously before filing such inappropriate pleadings--and obtain the advice of qualified
counsel before you do so.  Magistrate Judge Chen's ruling should have demonstrated that
filing unwarranted motions is a serious matter and has very real consequences.

I realize, of course, that I cannot keep you from filing with the Court whatever it is
that you choose to file.  It only costs a few hundred dollars to commence a lawsuit that
could cost thousands to defend, and which Sun would seek to recover from you personally
thereafter.  I therefore reiterate the importance of your obtaining counsel as to all the
consequences before you act.

Sincerely,

Laurence Pulgram

-----Original Message-----

1

From: ydx@netbula.com [mailto:ydx@netbula.com]
Sent: Friday, October 26, 2007 11:56 AM
To: Laurence Pulgram
Cc: ydx@netbula.com; brilletlaw@yahoo.com; Jedediah Wakefield; Albert Sieber; Liwen Mah;
yuedongxiao@gmail.com; davideiseman@quinnemanuel.com
Subject: Netbula's motion for substitution of party as to the copyright claim

Dear Mr. Pulgram, Mr. Wakefield, Mr. Mah and Mr. Sieber,

I am writing to seek a stipulation regarding Netbula's substitution of party as to the
copyright claim filed in the Nebula v. StorageTek case. As the copyright owner of the
relevant software and related claims, I am about to assert additional claims against
StorageTek. This can be done via an amended complaint in the C06-07391-MJJ case, or I can
file a new separate infringement action and move to relate/consolidate the new action to
the current action.

For judicial economy, I think it's far efficient for you to stipulate to the substitution
of party by replacing Dongxiao Yue as the copyright plaintiff in the C06-07391-MJJ case.

If you do not stipulate to the substitution, I will commence the new action next week.

Kind regards,

Don Yue


-------------------

# EXHIBIT D

**From:**            ydx@netbula.com
**Sent:**            Thursday, December 06, 2007 6:02 PM
**To:**              Jedediah Wakefield
**Cc:**              ydx@netbula.com; brilletlaw@yahoo.com; davideiseman@quinnemanuel.com; Laurence
                    Pulgram; Albert Sieber; Liwen Mah; stacymonahan@quininemanuel.com
**Subject:**         My letter to Judge Jenkins on the related case motion

**Attachments:**     letter-to-judge-jenkins-on-relating-case-include.pdf



letter-to-judge-jenk
  ins-on-rel...

                    Dear counsel,

I am attaching a letter to Judge Jenkins on the related case issues dated Dec 6, 2007. I
will deliver the letter to the clerk of the district court tomorrow.

This letter will be one of the exhibit to my reply brief at CA9.

Sincerely,

Dongxiao Yue


-------------------

1

2777 Alvarado Street
Suite C
San Leandro, CA 94577

December 6, 2007

Honorable Martin J. Jenkins
U.S. District Court, Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102

      Re:  SUN's administrative motion to relate cases (C06-07391, C0705850)

Dear Judge Jenkins,

SUN defendants filed an administrative motion to relate the C07-05850-SI case to
the C06-07391-MJI case. Since Your Honor has ordered that I cannot file anything
before the Court, I am writing this letter to express my position on this issue.

During a hearing before Judge Chen in June 07, Mr. Laurence Pulgram stated that
the Netbula copyright only covers the code written between July 1996 and
September 1996, in support of his position that the copyright was invalid.

In July 2007, SUN's counsel, the same Fenwick lawyers, again raised the issue
that I wrote large portion of code of the software in dispute before I founded
Netbula. The Fenwick lawyers indicated that I am the owner of the copyrights of
those codes, not Netbula.

In October 2007, I informed SUN defendants that I have to assert additional
claims against them. And I sought their stipulation to allow me to substitute or join
as copyright plaintiff in the C06-07391-MJJ case for judicial economy, as the
alternative would be forcing me to file a separate action. Netbula and I fully
informed the Court about this situation in court filings. See Document No. 91,
p.4:10-18 (filed on October 30, 2007); Document No. 98, p.3:11-19 and Document
No. 99, pp.4:23-5-18 (filed on November 5, 2007).

On November 19, 2007, I filed the *Yue v. Storage Technology Corporation* action,
which was assigned to Honorable Judge Susan Illston with case number C07-
05850-SI. The next day, November 20, 2007, the hearing for Netbula's motion to
substitute me as the copyright plaintiff was held before Your Honor. The Fenwick
lawyers opposed that motion vehemently. The following was an exchange at the
hearing after Mr. Laurence Pulgram provided the Court the copyright registration
in question in the C06-07391-MJJ case.

THE COURT:        Is this the only copyright at issue –
MR. PULGRAM:  Yes.

The Court also made the following statement after Netbula's counsel, Ms. Brillet, presented her argument.

> Ms. Brillet: Because of the fact that there are two portions of the code that have been involved. One set is the set that was created before the advent of Netbula, and the other set is after. So by making him a party in this action now, there would just be one owner.

> THE COURT: It's a bit of a shell game, isn't it? Isn't that what it is? They are one in the same… The only thing that's accomplished there is that he gets to stand before the Court and makes arguments.

Tr., Nov 20, 2007, pp.11:23-12:15.

At the hearing, the Court ordered that I cannot file anything until authorized to do so. The Court further stated that even if the Court granted the motion to substitute party, it still would not give me the right to file papers. See page 4 of the transcript (attached). The Court denied Netbula's motion to substitute or join me as a party.

Now, knowing that I cannot file anything on the C06-07391-MJJ docket, the Fenwick lawyers filed this motion to relate cases.

I request that the Court delay the consideration of SUN's motion to relate cases until my right to file documents is clarified. Once I am allowed to do so, I will file a response to SUN's motion to relate cases on the C06-07391 docket.

Sincerely,

Dongxiao Yue

cc:  Honorable Judge Susan Illston
     Mr. Laurence Pulgram, Mr. Jed Wakefield, Mr. David Eiseman, Ms. Vonnah Brillet.

1    LET ME JUST ASK A FEW QUESTIONS ON THE SUBSTITUTION

2 MOTION, BECAUSE THERE IS SOME AMBIGUITY IN THESE PLEADINGS.

3 AND I WILL ALSO SAY MR. YUE DOES NOT PRESENTLY HAVE ANY RIGHT

4 TO FILE ANYTHING BEFORE THE COURT.  YOU DON'T.

5    ARE YOU MR. YUE?

6    **MR. YUE:**  YES.

7    **THE COURT:**  SO YOU DON'T.  YOU DON'T.  UNLESS AND

8 UNTIL THE COURT WOULD GRANT YOU THAT AUTHORITY, YOU DON'T.  SO

9 YOU SHOULD CEASE AND DESIST FROM DOING SUCH, NOTWITHSTANDING

10 THE FACT -- LISTEN AND HEAR ME CLEARLY.  YOU SHOULD CEASE AND

11 DESIST FROM DOING SUCH UNTIL YOU ARE AUTHORIZED TO DO SO.  ALL

12 RIGHT?  I JUST -- THERE'S NO ARGUMENT ABOUT THAT.

13    AND EVEN IF I WERE TO GRANT THIS MOTION, IT STILL

14 WOULD NOT GIVE YOU AUTHORITY TO DO SO, TO FILE PLEADINGS IN THE

15 MATTER.  SO THE ISSUE OF REPRESENTATION HAS AT LEAST BEEN

16 SETTLED UNTIL COURT HEARS THE DISPOSITIVE MOTION NEXT WEEK.

17 YOU WILL REMAIN.

18    **MR. YUE:**  WHAT'S THE COURT'S LEGAL RATIONALE FOR

19 THAT?

20    **THE COURT:**  THAT IS THE RATIONALE, AND THAT'S THE

21 STATEMENT.

22    **MR. YUE:**  FOLLOWING RULES OF CIVIL PROCEDURE --

23    **THE COURT:**  MR. YUE, I AM GOING TO HAVE YOU TAKEN

24 OUT IF YOU DON'T BE QUIET.  YOU HAVE NO STANDING AT THIS

25 JUNCTURE TO MAKE ARGUMENTS TO THE COURT.  YOU MAY AT SOME LATER

# EXHIBIT E



**THE STATE BAR**
**OF CALIFORNIA**

OFFICE OF THE CHIEF TRIAL COUNSEL
INTAKE
Scott J. Drexel, Chief Trial Counsel

1149 SOUTH HILL STREET, LOS ANGELES, CALIFORNIA 90015-2299

TELEPHONE: (213) 765-1000
TDD: (213) 765-1566
FAX: (213) 765-1168
http://www.calbar.ca.gov

January 9, 2008

**PERSONAL AND CONFIDENTIAL**

Laurence F. Pulgram
555 California St., #1200
San Francisco, CA 94104

RE:    Inquiry Number:      07-29371

Dear Mr. Pulgram:

The State Bar is in receipt of a complaint filed against you by Dongxiao Yue. We are directing this communication to you based on our information that you are not currently represented by counsel in this matter. If we are incorrect, please promptly advise the undersigned in writing so that future communications may be directed to your counsel.

You represent the defendants in the following cases: *Netbula, LLC vs. Storage Technology Corp. and Nebula v. Bindview.* You allegedly communicated with Mr. Yue by email despite knowledge attorney, Vonnah Brillet represented him.

We are requesting that you provide a written response to these allegations. Please enclose any documentation available to support your response. We must receive your response before **January 24, 2008**. Should you have any questions, I may be contacted at (213) 765-1215.

Thank you for your anticipated cooperation.

Very truly yours,

Leilanie Lasola
Complaint Analyst

LL



THE STATE BAR
OF CALIFORNIA

OFFICE OF THE CHIEF TRIAL COUNSEL
INTAKE
Scott J. Drexel, Chief Trial Counsel

1149 SOUTH HILL STREET, LOS ANGELES, CALIFORNIA 90015-2299

TELEPHONE: (213) 765-1000
TDD: (213) 765-1566
FAX: (213) 765-1168
http://www.calbar.ca.gov

January 24, 2008

**PERSONAL AND CONFIDENTIAL**

Laurence Pulgram
801 California St.
Mountain View, CA 94041

RE:    **Inquiry Number:**    **07-29371**
       **Complainant:**       **Dongxiao Yue**

Dear Mr. Pulgram:

We have reviewed and evaluated the above referenced matter.  The determination has been made that there are insufficient grounds for disciplinary action.  Therefore, we are closing our file at this time, without prejudice.

Thank you for your courtesy and cooperation.

Very truly yours,

Leilanie Lasola
Complaint Analyst

LL