LAURENCE F. PULGRAM (CSB NO. 115163)
*lpulgram@fenwick.com*
JEDEDIAH WAKEFIELD (CSB NO. 178058)
*jwakefield@fenwick.com*
ALBERT L. SIEBER (CSB NO. 233482)
*asieber@fenwick.com*
LIWEN A. MAH (CSB NO. 239033)
*lmah@fenwick.com*
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94111
Telephone:      (415) 875-2300
Facsimile:      (415) 281-1350

Attorneys for Defendants
SUN MICROSYSTEMS, INC., MICHAEL
MELNICK, JULIE DECECCO, MICHAEL P.
ABRAMOVITZ, LISA K. RADY, and
JONATHAN SCHWARTZ

**[ADDITIONAL COUNSEL APPEAR ON
SIGNATURE PAGE]**

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DONGXIAO YUE,<br><br>　　　　Plaintiff,<br><br>v.<br><br>STORAGE TECHNOLOGY CORPORATION, a Delaware corporation; SUN MICROSYSTEMS, INC., a Delaware corporation; MICHAEL MELNICK, an individual; JULIE DECECCO, an individual; MICHAEL P. ABRAMOVITZ, an individual; LISA K. RADY, an individual; JONATHAN SCHWARTZ, an individual; and DOES 1-1000, inclusive,<br><br>　　　　Defendants. | Case No.  C-07-05850-MJJ<br><br>**JOINT CASE MANAGEMENT CONFERENCE STATEMENT (CONFERENCE SCHEDULED FOR FEBRUARY 12, 2008)**<br><br>Date:　　　March 12, 2008<br>Time:　　　2:00 p.m.<br>Dept:　　　11, 19th Floor<br>Judge:　　　Hon. Martin J. Jenkins<br><br>Filed:　　　November 19, 2007<br>Trial Date:  No date set |

1    Pursuant to the Court's Order issued January 24, 2008 continuing the earlier-scheduled

2    Case Management Conference to February 12, 2008, Plaintiff Dongxiao Yue ("Plaintiff") and

3    Defendants Sun Microsystems, Inc. ("Sun"), Michael Melnick, Julie DeCecco, Michael P.

4    Abramovitz, Lisa K. Rady, and Jonathan Schwartz (collectively, "Defendants") jointly submit the

5    following statement.

6    **I.    BACKGROUND**

7    Plaintiff filed this action on November 19, 2007, and filed his First Amended Complaint

8    on December 10, 2007.  Docket Nos. 1, 9.  At a hearing before this Court on December 14, 2007,

9    this Court ordered this case related to *Netbula, LLC v. Storage Technology Corp.*, Case No. 06-

10   07391-MJJ (N.D. Cal.) ("*Netbula v. Sun*").

11   On January 2, 2008, Plaintiff filed a Motion for Entry of Default Judgment against Sun

12   and StorageTek.  Docket No. 13.  On January 4, 2008, after Plaintiff denied Defendants' request

13   to withdraw that motion, Sun filed its Opposition to the Motion for Default Judgment and a

14   Motion for Sanctions, seeking its attorneys' fees incurred by Plaintiff's decision to seek a default

15   judgment.  *See* Docket Nos. 14-16.

16   On January 28, 2008, Elena Rivkin of the Rivkin Legal Group filed a notice of

17   substitution to begin representing Dr. Yue in this litigation.  Docket No. 34.

18   On January 29, 2008, Defendants filed a motion to dismiss this action on the ground that it

19   is duplicative of the earlier-filed case of *Netbula v. Sun*  ("Motion to Dismiss").  Docket Nos. 35-

20   37.  Hearing on this motion is currently scheduled for March 4, 2008.  Plaintiff's opposition is

     due February 12, 2008.  **PLAINTIFF'S POSITION**
21
         **1.    Discovery in this Action /Trial Date**.
22
             Plaintiff anticipates the following discovery:
23
         •   An accounting, by a neutral third party to independently ascertain actual sales,
24
             shipments, bookings and/or other data indicative of or from which Dr. Yue's
25
             damages related to the sale of its product can be determined.  It is anticipated
26
             that this accounting will include, but is not limited to Defendants Sun and
27
             StorageTek;
28

Fenwick & West LLP
Attorneys At Law
Mountain View

JOINT CASE MANAGEMENT CONFERENCE
STATEMENT                                    -1-                    CASE NO. C-07-05850-MJJ

- Depositions, interrogatories (thirty) and document requests (thirty) of StorageTek's employees, including but not limited to the person most knowledgeable, and/or officers, contractors and agents and subsidiary employees for information regarding the use or sale of the LibAttach and the PowerRPC product, and/or derivative products related to software use and tracking procedures; marketing and sales;

- Depositions, interrogatories (thirty) and document requests (thirty) of Sun employees, including but not limited to the person most knowledgeable, and/or officers, contractors and agents and subsidiary employees for information concerning the use of the LibAttach, PowerRPC, and/or any derivative products related to software use and tracking procedures; marketing and sales;

- Depositions of any third-party witnesses;

- Designation of up to three expert witnesses as to industry practices related to software tracking methods, publicly-held company auditing and damages or other area of expertise as well as rebuttal experts.

- Plaintiff requests a trial date in January or early February 2009 in order to review information related to the accountings, relevant discoverable materials that may be derived from the accountings and time to discover relevant information derived directly from said accountings.

**2.** **Default & Motion for Sanctions.**

While Plaintiff was *pro se* at the December 14, 2007 hearing; statements were made without benefit of a transcript or minute order. Plaintiff has been *pro se* in this matter until January 28, 2008. Out of an abundance of caution, Plaintiff, while *pro se*, has filed a Motion for Entry of Default to preserve his rights or any potential rights. Docket No. 13.

Although this Court would generally issue an Order when an extension of time to respond to a complaint was granted, this was not done here. Plaintiff, while *pro se,* did file a Motion for Entry of Default in an effort to avoid inadvertently waiving any rights he may otherwise have available.

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1   There are differences between the *Netbula v. Sun* and this action which will be

2   differentiated through the Opposition to the Motion to Dismiss due February 12, 2008.

3   On January 4, 2008, Defendants filed a Motion for Sanctions.  Docket No. 15.  On

4   January 14, 2008, *pro se* Plaintiff, again out of an abundance of caution and in an attempt to

5   preserve his rights as well as avoid paying the $7,729.50 demanded by Defendants, did file an

6   Opposition to the Motion for Sanctions.  Docket No. 15.

7   Plaintiff respectfully requests that this Court deny Defendant's Motion for Sanctions;

8   further argument would be provided by Plaintiff's current counsel; however, the Joint Case

9   Management Conference Statement is not the proper forum for arguing a substantive motion.

10  **III.    DEFENDANTS' POSITION**

11  Defendants believe that their Motion to Dismiss should be granted, and that this action

12  should be dismissed with prejudice as duplicative of the *Netbula v. Sun*  case for the reasons

13  stated in their motion.  Accordingly, no discovery is necessary in this case.

14  Sun further believes that Plaintiff's Motion for Entry of Default Judgment should be

15  denied for the reasons stated in its opposition to that motion—specifically, that the Court had

16  earlier ordered that no responsive pleading would be due in this action until after the Court's

17  order on Defendants' motion for summary judgment in the related case of *Netbula v. Sun.*, and

18  that no default would be entered.  *See* Docket No. 14.  At December 14 hearing, the Court orally

19  ordered that no responsive pleading would be due in this action until a date set by the Court at an

20  upcoming status conference, and that no default would be entered.  Plaintiff acknowledged this in

21  his letter to the Court a few days later.  *See* Docket No. 33 [Declaration of Albert L. Sieber in

22  Support of Motion for Sanctions ¶ 2 & Ex. A (attaching letter from Plaintiff to the Court filed in

23  related *Netbula-Sun* case, reflecting the substance of the Court's December 14, 2007 order)].

24  Finally, Sun believes that its Motion for Sanctions should be granted for Plaintiff's willful

25  disregard of the Court's order that no default would be entered, and that it should be awarded the

26  attorneys' fees incurred in preparing its Opposition to the Motion for Entry of Default Judgment

27  as well as its Motion for Sanctions and its Reply in support of same.  On or about December 17,

28  2007, Plaintiff filed a letter with this Court in which he recognized that the Court had

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1   "unilaterally granted Mr. Wakefield's request for extension [sic] in filing an answer in the C07-

2   5850-SI case and told him that no default would be taken."  *See* Docket No. 33 [Declaration of

3   Albert L. Sieber in Support of Motion for Sanctions ¶ 2 & Ex. A (attaching letter filed in related

4   *Netbula-Sun* case)].  Nevertheless, two weeks later, Plaintiff filed his Motion for Entry of Default

5   Judgment, requiring Sun to prepare an opposition.  He then compounded the problem by filing a

6   Reply brief on his motion for default and an Opposition to Sun's Motion for Sanctions that

7   distorted the record and suggested (contrary to his earlier letter to the Court) that there was

8   confusion regarding the meaning and effect of the Court's prior order, requiring Sun to expend

9   additional resources in preparing their reply in support of their motion for sanctions.

10  Dated: February 5, 2008                    FENWICK & WEST LLP

11

12                                             By:_____/s/ JEDEDIAH WAKEFIELD_____

13                                                        Jedediah Wakefield

14                                             Attorneys for the named Defendants:
                                               SUN MICROSYSTEMS, INC., MICHAEL
15                                             MELNICK, JULIE DECECCO, MICHAEL P.
                                               ABRAMOVITZ, LISA K. RADY, and
16                                             JONATHAN SCHWARTZ

17  Dated: February 5, 2008                    THE RIVKIN LEGAL GROUP
                                               Elena Rivkin (CSB NO. 247387)
18                                             *elena@rivkinlegalgroup.com*
                                               586 N. First Street, Ste. 116
19                                             San Jose, CA  95113
                                               Telephone: (408) 497-3646
20                                             Facsimile:  (408) 516-8058

21

22                                             By:_____/S/  ELENA RIVKIN_____
                                                           Elena Rivkin
23                                             Attorneys for Plaintiff DONGXIAO YUE

24

25

26

27

28

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

## ATTORNEY ATTESTATION

Pursuant to General Order 45, I hereby attest that that concurrence in the filing of this document has been obtained from the signatories indicated by a "conformed" signature (/S/) within this e-filed document.

/S/ JEDEDIAH WAKEFIELD
Jedediah Wakefield

25689/00405/LIT/1279864.2