IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONGXIAO YUE,<br><br>         Plaintiff,<br><br>   v.<br><br>STORAGE TECHNOLOGY CORPORATION,<br><br>         Defendant. | No. C07-05850 MJJ<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT JUDGMENT AND DENYING DEFENDANT'S MOTION FOR SANCTIONS** |

### INTRODUCTION

Before the Court are two motions: (1) Plaintiff Dongxiao Yue's ("Yue" or "Plaintiff") Motion for Entry of Default Judgment ("Motion for Default") against Defendants Sun Microsystems ("Sun") and Storage Technology Corporation ("StorageTek") (collectively, "Defendants"); and (2) Defendant Sun's Motion for Sanctions. (Docket Nos. 13, 15.) Both motions are opposed. For the following reasons, the Court **DENIES** both motions.

### FACTUAL BACKGROUND

On December 4, 2006 Netbula LLC filed an action (the "2006 case") against Sun, StorageTek, International Business Machines Corporation ("IBM"), EMC Corporation ("EMC") and Darden Restaurants ("Darden"). (*See* No. CV 06-7391MJJ.) In that action, Netbula alleged that the defendants engaged in: (1) copyright infringement, (2) intentional fraud, (3) breach of contract, (4) statutory unfair competition under California Business & Professions Code Section 17200 *et seq*.; and (5) equitable accounting and imposition of a constructive trust. (*See* No. CV 6-7391MJJ,

1 Complaint, Docket No. 15.) While not a party to the 2006 action, Yue is the founder of Netbula and
2 was intimately involved in the prosecution of the 2006 case.

3 On November 19, 2007 *pro se* Plaintiff Yue filed this action (the "2007 case") against
4 StorageTek and Sun. Plaintiff filed an Amended Complaint on December 10, 2007, which added a
5 number of individual defendants. (*See* Docket No. 9.) In the 2007 case, Plaintiff alleges ten claims
6 of copyright infringement. (*See* Amended Complaint, Docket No. 9.) The 2007 case was originally
7 assigned to Judge Illston who, on December 3, 2007, issued an Order of Referral for the Court to
8 determine if the 2006 and 2007 cases were related.

9 The defendants in the 2006 case sought summary judgment on the copyright infringement
10 claim and the Court held a hearing on the matter on December 14, 2007. After completion of the
11 summary judgment hearing, the Court held a status conference and the discussion turned to the
12 interrelationship between the 2006 and 2007 cases. On the record, the Court related the 2007 case to
13 the 2006 case. (*See* Transcript of Proceedings, Docket No. 131 ("Transcript") at 65:10-11.) The
14 Court also granted Defendants an extension of time to answer the 2007 Complaint in light of the
15 pending motion for summary judgment in the 2006 case.

16 On July 2, 2008, Yue filed a Motion for Default against Defendants StorageTek and Sun. In
17 addition to opposing Plaintiff's Motion for Default, Defendant Sun also seeks an order imposing
18 sanctions against Plaintiff pursuant to 28 U.S.C. § 1927 and the Court's inherent authority.

19 **LEGAL STANDARD**

20 **A.     Motion for Default Judgment**

21 There is a two-step process to secure a default judgment pursuant to Federal Rule of Civil
22 Procedure 55. Plaintiff must first seek an entry of default under Federal Rule of Civil Procedure
23 55(a). Under Rule 55(a), the Clerk may enter default "[w]hen a party against whom a judgment for
24 affirmative relief is sought has failed to plead or otherwise defend" the action. Once the default is
25 entered, plaintiff may then seek a default judgment. *See* Fed. R. Civ. Proc. 55(b)(1) and (2). The
26 decision of whether to grant or deny a request for default judgment lies within the sound discretion
27 of the district court. *See Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir.1980).

28 **B.     Motion for Sanctions**

2

1  There are multiple legal bases for the Court's authority to impose sanctions on a party. As is
2  relevant here, pursuant to 28 U.S.C. 1927:

> Any attorney or other person admitted to conduct cases in any court of the United
> States or any Territory thereof who so multiplies the proceedings in any case
> unreasonably and vexatiously may be required by the court to satisfy personally the
> excess costs, expenses, and attorneys' fees reasonably incurred because of such
> conduct.

6  Under § 1927, a litigant's recklessness, rather than bad faith, is sufficient to justify an imposition of
7  sanctions. *Fink v. Gomez*, 239 F.3d 989, 993 (9th Cir. 2001) Such fees are intended to serve as a
8  sanction against counsel personally for reckless or bad faith conduct in the course of litigation. *See*
9  *Trulis v. Martin*, 107 F.3d 685, 694 (9th Cir.1995). Section 1927 sanctions may also, however, be
10 imposed upon a pro se plaintiff. *See Wages v. IRS*, 915 F.2d 1230, 1235-36 (9th Cir. 1989).

11 In addition, the Court has the "inherent power to levy sanctions, including attorneys' fees, for
12 'willful disobedience of a court order . . . or when the losing party has acted in bad faith,
13 vexatiously, wantonly, or for oppressive reasons.'" *Fink*, 239 F.3d at 991 (quoting *Roadway*
14 *Express, Inc. v. Piper*, 447 U.S. 752, 766 (1980)). Under the Court's inherent power, however,
15 sanctions are only available "if the court specifically finds bad faith or conduct tantamount to bad
16 faith." *Id.* at 994. Conduct that is tantamount to bad faith includes "recklessness when combined
17 with an additional factor such as frivolousness, harassment, or an improper purpose." *Id.*

### ANALYSIS

**A.  Plaintiff is Not Entitled to Default Judgment**

20 Plaintiff requests that the Court enter a judgment of default against Defendants because they
21 failed to plead or otherwise defend within the prescribed time required by the rules or a valid court
22 order. (*See* Plf.'s Motion at 1-2.) Plaintiff's request for default judgment is flawed for two reasons.
23 First, procedurally, Plaintiff failed to seek entry of default from the Clerk before making a motion
24 for default judgment. *See* Fed. R. Civ. Proc. 55(a). Second, on the merits, Plaintiff is not entitled to
25 entry of default or default judgment because Defendants did not default. Plaintiff filed the Amended
26 Complaint on December 10, 2007. At the December 14, 2007 hearing, the Court ordered that no
27 responsive pleading would be due until such time as the Court set a date at the upcoming status
28 conference. On January 2, 2008, when Plaintiff filed this Motion for Default, the Court had not yet

3

1 held the aforementioned status conference or set a deadline for Defendants' responsive pleading.

2 Thus, Defendants did not fail to plead or otherwise defend this action and did not default. The Court

3 therefore **DENIES** Plaintiff's Motion for Default.

### B.  Defendant is Not Entitled to Sanctions

Defendant Sun argues that Plaintiff filed the Motion for Default knowing that the Court previously ordered that no responsive pleading was due and that default would not be entered. (Def.'s Mem. of P. & A. at 3.) This, Sun contends, was plainly undertaken in bad faith and unreasonably and vexatiously multiplied the proceedings because Sun was forced to prepare an opposition to the Motion for Default and prepare this Motion for Sanctions. (*Id*.) Plaintiff, on the other hand, essentially contends that there was not a clear Court order and that there is not a sufficient showing of bad faith. (Plf.'s Opp. at 4-6.) While the Court agrees with Defendants that Plaintiff multiplied the proceedings in this case unnecessarily, the Court also finds that sanctions are not appropriate.

At the outset, the Court disagrees with Plaintiff's contention that the Court's December 14, 2007 orders were unclear. On the record, the Court related the 2006 and 2007 cases and suggested that the parties confer and stipulate to extending the deadline for the responsive pleading in the 2007 case. (*See* Transcript at 65:3, 66:3-15.) After conclusion of the hearing, Plaintiff refused to stipulate to an extension of time. The Court then ordered that no responsive pleading would be due until such time as the Court set a date at the upcoming status conference. Plaintiff clearly understood the Court's order, as three days after the order was issued Plaintiff wrote, in a letter to the Court, that "Your Honor unilaterally granted [Defendant's] request for extension in filing an answer in the C07-5850-SI case and told him that no default will be taken." (*See* Plaintiff's December 17, 2007 Letter to the Court, Docket No. 129 at 1-2.) Thus, the Court's orders were clear and Plaintiff's Motion was untimely and unnecessary.

The Court does not, however, find that Plaintiff unreasonably and vexatiously multiplied the proceedings or proceeded in bad faith. Plaintiff, as a *pro se* litigant, claims that he moved for default out of an abundance of caution to avoid inadvertently waiving any rights he may have otherwise had. Because the Court related the cases on the record and did not contemporaneously file a written

4

order, the precise impact of the Court's orders may have created some ambiguity for this *pro se* Plaintiff.  Thus, the Court finds that while Plaintiff was aggressive in prosecuting his case, the record does not support a finding that he acted recklessly or with bad faith.  While Plaintiff is cautioned against multiplying proceedings without a sufficient legal basis in the future, the Court finds that sanctions against this *pro se* Plaintiff are not appropriate at this juncture.  The Court therefore **DENIES** Defendant Sun's Motion for Sanctions.

## CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion for Default and **DENIES** Defendant's Motion for Sanctions.

**IT IS SO ORDERED.**

Dated: February 8, 2008

MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE