1  ELENA RIVKIN (CBN 247387)
   RIVKIN LEGAL GROUP
2  586 North First Street, Suite 116
   San Jose, California 95112
3  Telephone: (408) 568-6950
   Facsimile: (408) 516-8058
4

5  Attorney for Plaintiff
   DONGXIAO YUE
6

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                     SAN FRANCISCO DIVISION

11  DONGXIAO YUE, an individual              )   CASE NO. C07-05850-MJJ
                                             )
12              Plaintiff,                    )   Hon. Martin J. Jenkins
                                             )
13                                           )
                                             )   **PLAINTIFF'S NOTICE OF MOTION AND**
14         vs.                                )   **MOTION TO STRIKE PORTIONS OF**
                                             )   **DEFENDANT'S MOTION TO DISMISS**
15  STORAGE TECHNOLOGY CORPORATION,          )
    a Delaware Corporation; SUN              )
16  MICROSYSTEMS, INC., a Delaware           )   DATE:  March 25, 2008
    Corporation; Michael Melnick, an individual,  )   TIME:   9:30 a.m.
17  JULIE DECECCO, an individual; and        )   Dept:    11, 19th Floor
    MICHAEL ABRAMOVITZ, an individual;       )   JUDGE: Hon. Martin J. Jenkins
18  LISA K. RADY, an individual; JONATHAN    )
    SCHWARTZ, an individual; and Does 1      )
19  through 1000, inclusive,                 )
                                             )
20              Defendants.                   )
                                             )
21  _____

22

23

24

25

26

27

28                                    1                    Case No.: C07-05850-MJJ
    **PLAINTIFF'S NOTICE OF MOTION AND**
    **MOTION TO STRIKE**

1    <u>NOTICE OF MOTION AND MOTION</u>

2    **TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

3        **PLEASE TAKE NOTICE** that Plaintiff Dongxiao Yue ("Plaintiff") will and hereby does

4    move this Court, pursuant to Federal Rule of Civil Procedure 12(f) for an order striking pertinent

5    portions of the Defendant's Motion to Dismiss. *See* Docket No. 35. This Motion to Strike shall be

6    heard on Tuesday, March 25, 2008 at 9:30 a.m. in Department 11, 19th Floor of the above entitled

7    court located at 450 Golden Gate Avenue, San Francisco, California before the Honorable Martin J.

8    Jenkins. The Motion is made on the ground identified portions of the pending Motion to Dismiss

9    contain redundant, immaterial, impertinent, or scandalous matters, and is objected to on the basis

10   that said Motion to Dismiss contains argument based upon extrinsic matters and purported facts

11   "outside the pleading". Said extrinsic matters are not to be considered in a Motion to Dismiss under

12   Federal Rule of Civil Procedure 12(b)(6) less it be treated as a Rule 56 Motion for Summary

13   Judgment. Rather, the Motion to Dismiss the Complaint under 12(b)(6) is intended to test the

14   sufficiency of the pleading and not extrinsic matters.

15       Plaintiff's motion is based upon this Notice and Motion, the accompanying Memorandum of

16   Points and Authorities, the pleadings and other papers on file with the Court in this matter and such

17   further argument as may be presented at or before the hearing.

18   <u>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT</u>

19       I.      <u>INTRODUCTION</u>

20       Defendants filed a Motion to Dismiss the First Amended Complaint in this action ("*Yue-*

21   *Sun*") on January 29, 2008. *See* Docket No. 35. Plaintiff was *pro* se when he filed the First

22   Amended Complaint; within the First Amended Complaint, he references discovery from the related

23   case, *Netbula, LLC v. Storage Technology Corp.* Case No. C-06-07391-MJJ ("*Netbula-Sun*").

24   Defendant's Motion to Dismiss also makes significant reference to *Netbula, LLC v. BindView*

25   *Development Corp.*, Case No. 06-0711-MJJ-WDB ("*Netbula-BindView*"), a case which has no

26   bearing on *Yue-Sun.*

27

28
                                                    2                    CASE NO. C-07-05850-MJJ
     **PLAINTIFF'S NOTICE OF MOTION AND**
     **MOTION TO STRIKE**

Plaintiff does not dispute mention or use of the related case, *Netbula-Sun*, in Defendant's Motion. However, Defendant's Motion to Dismiss is littered with numerous references to discovery responses, deposition testimony, court transcripts, and procedure in the unrelated case, *Netbula-BindView*, which is improper and should be stricken. As the Federal Rules of Civil Procedure clearly indicate that a Motion to Dismiss should be limited to information contained in the complaint and any appendixes to it, Plaintiff requests this Court grant this Motion to Strike all references to extrinsic information, namely, information related to the *Netbula-BindView* action, contained in Defendant's Motion to Dismiss.

## II.    STATEMENT OF ISSUE PRESENTED

Should extrinsic information, including deposition testimony, discovery responses, court transcripts, and procedural history, from an unrelated case improperly included in Defendant's Motion to Dismiss, be ordered stricken by this Court?

## III.    FACTUAL BACKGROUND

*Yue-Sun* alleges infringement of two copyrights contained in the PowerRPC software and its related components, including ONC RPC. *Netbula-Sun*, alleges infringement of a different copyright contained in the PowerRPC software and its related components. *Netbula-Sun* and *Yue-Sun* were officially related by this Court on December 14, 2007. *See Netbula-Sun* Docket No. 19. *Netbula-BindView* is a different case that involves the use and distribution of software code in a product called bv-Control for Internet Security ("bv-CIS") and a product called HackerShield. Counsel for Plaintiff is informed that substantial discovery was conducted in the *Netbula-BindView*, a significant amount of which was not public and designated confidential and attorney's eyes only. Although *Netbula-BindView* is related to the infringement of copyrights by BindView, it does not relate to Copyright TX. 6-437-847 and Copyright TX 6-491-697, the copyrights at the forefront of the present case. Further, it does not relate to the licensing agreements that are part of the *Netbula-Sun* or the *Yue-Sun* matters.

*Netbula-BindView* was ordered related to *Netbula-Sun* on March 1, 2007. *See Netbula-BindView* Docket No. 82-83. Although *Netbula-BindView* was related to *Netbula-Sun*, this has no bearing or

3                    CASE NO. C-07-05850-MJJ

**PLAINTIFF'S NOTICE OF MOTION AND
MOTION TO STRIKE**

1   relation to *Yue-Sun* because of the different parties, different products and because of the Order

2   sealing the records in said case which renders it *not public, See Netbula-BindView* Docket 84.

3   **IV.    ARGUMENT**

4          **a.   A Motion to Dismiss Should be Limited to Information Contained in the**

5              **Complaint and any Appendixes**

6          Under the Federal Rules of Civil Procedure 12(b)(6), a motion to dismiss should be limited to

7   the information contained within the complaint and any appendixes to it.    Plaintiff, while p*ro se,*

8   drafted the First Amended Complaint with reliance on discovery and other information from the

9   related *Netbula-Sun* matter.  Specifically, he states that "[p]art of the evidence used in this complaint

10  was from discovery of [the *Netbula-Sun]* case." *See Yue-Sun* First Amended Complaint, 2:24-25.

11  Plaintiff does not dispute that judicial notice or reference to the information from the related

12  *Netbula-Sun* matter may be used in the Motion to Dismiss.  However, use of information which does

13  "not have a direct relation to the matters at issue" in the *Yue-Sun* Motion to Dismiss submitted by

14  Defendant's is improper.  *See Hardy v. County of El Dorado*, 2008 WL 268966, 5 (E.D. Cal 2008),

15  citing *Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998).

16         **b.   A Motion to Dismiss May Not Request Judicial Notice of Extraneous**

17             **Information**

18         Defendants have requested that this Court take judicial notice of the records of both *Netbula-*

19  *Sun* and *Netbula-BindView.  See* Motion to Dismiss, 2:fn.2.  "Judicial notice is a tool which the court

20  and parties may use to establish certain facts without presenting evidence." *Castillo-Villagra v.*

21  *I.N.S.*, 972 F.2d 1017, 1026 (9th Cir. 1992).  Factual findings in one case are not ordinarily admitted

22  for their truth in another case through judicial notice unless the proceedings of the previous case are

23  put into the record.  *Guam Inv Co. v. Central Bldg., Inc.*, 288 F.2d 19, 23 (9th Cir. 1961).  Since a

24  Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) does not take information

25  extrinsic to the complaint into consideration, the factual findings in the *Netbula-BindView* matter

26  may not be put into the record.

27

28                                                           4                    CASE NO. C-07-05850-MJJ

**PLAINTIFF'S NOTICE OF MOTION AND
MOTION TO STRIKE**

1    The Ninth Circuit has a strict interpretation of Federal Rule of Evidence 201(a) which

2    governs judicial notice. *See Lussier v. Runyon*, 50 F.3d 1103, 1114 (9th Circuit 1995).  "Courts

3    continually decline to take notice of "facts" not commonly known which are related to extra-record

4    evidence." *See Id.* at 1114.  When taking "judicial notice of [] assertions [that] would have the effect

5    of preventing Defendant from participating in the adversary process" it would be improper, at best.

6    See *United States v. Jones*, 29 F.3d 1549, 1553 (11th Cir. 1994).  Here, Defendants improperly

7    request judicial notice of information they assert in the Motion to Dismiss.  The information they

8    assert is extrinsic, and asserted for its truth.  Even if a court were to take judicial notice of records

9    because they are its own, it "cannot take judicial notice of the truth of the contents of all documents

10   found therein." *San Luis v. Badgley*, 136 F. Supp.2d 1136, 1146 (E.D. Cal. 2000).  In Defendant's

11   Motion to Dismiss, they reference statements of purported fact for the truth of the matter asserted in

12   support of their contentions.  Notably, this Court has issued an order making much of the *Netbula-*

13   *BindView* not public by having it sealed.  Therefore, not only is the *Netbula-BindView* matter not

14   raised in the First Amended Complaint, it is not related, not public and consequently not properly the

15   subject of judicial notice.

16

17    **c.   A court may strike a pleading for information that is redundant, immaterial,**

        **impertinent, or scandalous**

18

19    Under both the Federal Rules of Civil Procedure 12(f) and the Court's inherent power, the

20   Court may strike "from a pleading an insufficient defense or any redundant, immaterial, impertinent

21   or scandalous matter…on its own… or on motion made by a party." Fed.R.Civ.Pro 12(f).

22    Here, the Plaintiff respectfully requests, based upon the foregoing arguments, that this Court

23   strike the following portions of the Defendants Motion to Dismiss:

24    •   1:15-16;

25

26    •   2:23-28 (alternatively, 2:fn2);

27    •   5:17-6:1;

28
                                                            5                    CASE NO. C-07-05850-MJJ

**PLAINTIFF'S NOTICE OF MOTION AND**
**MOTION TO STRIKE**

- 6:25-28 (alternatively, 6:fn5);

- 14:24;

- 16:24-17:7;

- 17:23-28;

- 23:26-28;

- 24:14-19.

Each of the foregoing portions of the Motion to Dismiss are objectionable as they reference information extrinsic to the First Amended Complaint and are not properly subject to judicial notice in the context of a Motion to Dismiss.

## V.   CONCLUSION

A motion to dismiss based on Federal Rule of Civil Procedure 12(b)(6) is limited to information contained within the complaint and any appendixes.  Defendant's Motion to Dismiss includes and relies on information from the unrelated *Netbula-BindView* matter to support its contentions.  Plaintiff respectfully requests that this Court order the enumerated portions of the Motion to Dismiss stricken and not considered.

DATED:  February 11, 2008                    RIVKIN LEGAL GROUP


                                             _____
                                             ELENA RIVKIN
                                             Attorney for Plaintiff
                                             Dongxiao Yue

6                          CASE NO. C-07-05850-MJJ

**PLAINTIFF'S NOTICE OF MOTION AND MOTION TO STRIKE**