ELENA RIVKIN (CSB: 274387)
RIVKIN LEGAL GROUP
586 N. First Street, Suite 116
San Jose, CA 95112
Telephone: (408) 568-6950
Facsimile:  (408) 516-8058

Attorney for Plaintiff
DONGXIAO YUE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| DONGXIAO YUE, an Individual<br><br>Plaintiff,<br><br>vs.<br><br>STORAGE TECHNOLOGY CORPORATION, a Delaware Corporation; SUN MICROSYSTEMS, INC., a Delaware Corporation; MICHAEL MELNICK, an individual; JULIE DECECCO, an individual; and MICHAEL ABRAMOVITZ; an individual; LISA K. RADY, an individual; JONATHAN SCHWARTZ, an individual; and DOES 1-1000, inclusive.<br>Defendants. | CASE NO. C-07-05850-MJJ<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF OPPOSITION TO MOTION TO DISMISS**<br><br>Date:  March 4, 2008<br>Time:  9:30 a.m.<br>Dept:   11, 19th Floor<br>Judge:  Hon. Martin J. Jenkins |

**TABLE OF CONTENTS**

I. **INTRODUCTION**

II. **ARGUMENT**

  a. A Motion to Dismiss Tests the Legal Sufficiency, not the Substantive Merits of a Claim, and Review Should Be Limited to the Face of the Complaint and Not the Extrinsic Information Included by Defendants

  b. The First Amended Complaint was Drafted While the Plaintiff was *Pro Se* and He Should be Allowed Greater Leniency to Amend

  c. To Establish a Finding of Claim Preclusion, the Party Asserting Preclusion Bears the Burden of Proving Each Prong of a Three-Prong Test

   i. The First Prong – Identity of Claims Between *Netbula v. Sun* and *Yue v. Sun* – is Not Met As It Does Not Infringe On the Same Right

   ii. The Second Prong – a Final Judgment on the Merits for the Same Party – is Not Met

    a. A Decision on Netbula where Dongxiao Yue was Acting in A Representative Capacity is Not Binding on Him in an Individual Individually

    b. The Order On Motion for Summary Judgment Does Not Summarily Adjudicate *Netbula v. Sun* as a Final Judgment

   iii. The Third Prong – Privity Between Dongxiao Yue and Netbula – Must Be Conclusively Shown

  d. Equitable Grounds Are Not Considered in a Claim Preclusion Argument

  e. In the Alternative, Plaintiff Requests Leave to Amend The Complaint to Correct Any Deficiencies

III. **CONCLUSION**

# TABLE OF AUTHORITIES

**Cases**                                                                                           **Page(s)**

*Akin v. Pafec Limited,*
 991 F.2d 1550, (11th Cir.1993) ....….....…....….................…....…........................ 10

*Conley v. Gibson*
355 U.S. 41 (1957).    ....…....…...…....….................…....…....….................…........... 7

*Conte v. Justice,*
996 F.2d 1398 (2d Cir.1993) ....…....…....….................…....…....….................…...…… 11

*Costantini v. Trans World Airlines*
 681 F.2d 1199, (9th Cir.1982) ....…....…....….................…....…....….................…......…. 8

*Eldridge v. Block*,
832 F. 2d 1132, 1137 (9th Cir. 1987) ....…....…....….................…....…....….................…... 7

*Estelle v. Gamble,*
429 U.S. 97 (1976). ....…....…....….................…....…....….................…....….................…… 7

*Federated Dep't Stores, Inc. v. Moitie,*
 452 U.S. 394 (1981) ....…....…....….................…....…....….................…....…....…........... 12

*Geibel v. Sylvester*,
5 Fed. Appx. 622, (Cal. App. 2001) ....…....…....….................…....….................…....….…. 11

*Harris v. Jacobs*,
621 F.2d 341 9th Cir. 1980) ....…....…....…... …....…....…....….................…....…....…....…… 9

*Headwaters, Inc. v. U.S. Forest Service*
399 F.3d. 1047 (9th Cir. 2005)………………………………………………….……………11

*Hells Canyon Preservation Council v. U.S. Forest Service*,
403 F.3d 683, (9th Cir. 2005) ....…....…....….................…....…....….................…........... 8

*Hydranautics v. FilmTec Corp.,*
204 F.2d 880 (9th Cir. 2000). ....…....…....…....…....…....….................…....….................…… 8

*In re An-Tze Cheng*,
308 B.R. 448, (9th Cir. 2004) ...…....…….....…....……....…..…..……...….. 10

*Jablon v. Dean Witter & Co.,*
614 F.2d 677 (9th Cir. 1980) ...…….....…….…....……....…..... .......... 10

*Montana v. U.S.,*
440 U.S. 147 (1979)  ...…….....…....……....…..……....…… 10

*Morley v. Walker*,
174 F.3d 756 (9th Cir. 1999) ...…….....…….....…....……...…….....…… 7

*Novarro v. Black*,
250 F. 3d 729 (9th Cir. 2001) ...…….....…….....…....……...…….....…… 7

*Ortez v. Washington County, State of Oregon.*,
88 F. 3d 804 (9th Cir. 1996) ...…….....…….....…....……...…….....……...7

*Owens v. Kaiser Found. Health Plan, Inc.,*
244 F.3d 708 (9th Cir.2001) ...…….....…….....…....……...…….....…… 12

*Single Chip Systems Corp. v. Intermec IP Corp.*,
459 F.Supp. 2d 1052 (S.D. Cal. 2007) ...…….....…….....…....……...…….....…… 12

*Van Buskirk v. Cable News Network, Inc.*,
284 F.3d 977 (9th Cir. 2002) ...…….....…….....…....……...…….....…… 7

**Rules**

Fed.R.Civ.Pro. 12(b)(6). ...…….....…….....…….....…....…..…….....……...…….....…… ....... 6

**Other Authorities**

Rest. 2d Judg.§ 36 …………………………………….....…………..... 10,11

7 Witkin, California Procedure (4th Ed.) Judgment § 7 …………………….….......................... 11

MEMORANDUM OF POINTS AND AUTHORITIES                    CASE NO. C-07-05850-MJJ
IN SUPPORT OF OPPOSITION TO MOTION TO DISMISS
• 4

## I. INTRODUCTION

Plaintiff Dongxiao Yue ("Plaintiff") develops software. In 1994, he began developing software called "PowerRPC." PowerRPC enables a computer program to execute a command on a remote computer over a network and to receive information back. This product was developed for several platforms, including UNIX, Microsoft Windows NT and Windows 95. The PowerRPC product has two components; the first is a Software Development Kit "SDK" which allows the creation of new components; the second has runtime software which allows remote communication between a computer application and a network. Plaintiff developed a derivative program of PowerRPC called ONC RPC for several other platforms, including Microsoft Windows NT/95. ONC RPC incorporates many files from PowerRPC.

In July 1996, Netbula, LLC ("Netbula") began to market the RPC software. Netbula is wholly-owned by Plaintiff. Netbula's role in the PowerRPC software was for marketing and sales.

On September 26, 2007, Netbula transferred all rights in the PowerRPC and ONC RPC for Windows to Plaintiff. *See* FAC Appendix; Docket No. 9. Defendant Storage Technology Corp. ("StorageTek") develops and sells computer data storage and recovery hardware and software. In March 2000, StorageTek and Netbula executed an agreement for eight developer licenses and 1,000 runtime licenses. Pursuant to this agreement, Plaintiff created a customized copy of the PowerRPC software embedded with licensing information.

StorageTek representatives contacted Netbula in 2004 noting that they had "bundled" his product into theirs. Netbula requested a license usage report which was never provided.

In March 2004, StorageTek and Netbula executed a license agreement for PowerRPC. Netbula based the price and negotiations for the new 2004 agreement on statements provided by Storage Technology representatives. Pursuant to this agreement, Plaintiff created a 2004 customized copy of the PowerRPC software to Storage Technology embedded with licensing

information. Under the terms of the agreement, Netbula was entitled to usage requests; Netbula, again, made such requests without a timely response as provided for under the contract.

In 2005, Netbula received a usage report indicating that StorageTek had exceeded the licensing provided for in the contract seven times over. Information from this report also indicated that StorageTek was using the PowerRPC product on platforms unauthorized by the license agreement.

Plaintiff filed suit against Sun ("*Yue-Sun*") on November 19, 2007, with his First Amended Complaint filed on December 10, 2007. *See* Docket Nos. 1; 9.

Defendants filed the Motion to Dismiss on January 29, 2008 asserting that the related pending litigation in *Netbula, LLC v. Storage Technology Corp.,* Case No. C-06-07391-MJJ ("*Netbula-Sun")* necessitates dismissal of the *Yue-Sun* action based on duplicativeness of claims. *Yue-Sun* certainly has many similarities to *Netbula-Sun*; however, here Plaintiff Dongxiao Yue is not acting in a representative capacity; rather, he is asserting his individual rights on different copyrights.

## II. ARGUMENT

### a.  A Motion to Dismiss Tests the Legal Sufficiency, not the Substantive Merits of a Claim; Review Should be Limited to the Face of the Complaint Without Reference to Extrinsic Information

In reviewing a Fed. Rule of Civil Proc. 12(b)(6) motion, the Court should not look to material extrinsic to the complaint. Fed.R.Civ.Pro. 12(b)(6). A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint. *Novarro v. Black*, 250 F. 3d 729 (9th Cir. 2001). In the context of a motion to dismiss, material that is outside the complaint, its amendments or attachments, is considered extrinsic. Defendants make numerous requests for the Court to take judicial notice of information which is not part of the First Amended Complaint. *See* Motion to

MEMORANDUM OF POINTS AND AUTHORITIES                                    CASE NO. C-07-05850-MJJ
IN SUPPORT OF OPPOSITION TO MOTION TO DISMISS
• 6

Dismiss, p:2;fn.2. This action, *Yue- Sun,* has been related to *Netbula-Sun;* however, there are numerous references to *Netbula, LLC v. BindView Development Corp.*, Case No. C-06-0711-MJJ-WDB, a case which has no bearing on the matter before this Court. The focus of a 12(b)(6) motion is on the legal sufficiency, not the substantive merits of a claim; the Court should limits its review of material to that referenced in the First Amended Complaint. *Van Buskirk v. Cable News Network, Inc.*, 284 F.3d 977, 980 (9th Cir. 2002).

Plaintiff respectfully requests that this Court limit its review to material referenced in the First Amended Complaint. This would require exclusion of material in the Motion to Dismiss at 1:15-16; 2:23-28; 5:17-6:1; 6:25-28, 14:24, 16:24-17:7; 17:23-28, 23:26-28, 24:14-19. Plaintiff has filed a Motion to Strike on February 11, 2008; a hearing is set on March 25, 2008 at 9:30 a.m.

Alternatively, Plaintiff requests that this Court stay a decision on the Motion to Dismiss until an Order related to the Motion to Strike is made.

### b. The First Amended Complaint was Drafted While the Plaintiff was *Pro Se* Where The Law Provides Great Leniency to Amend

The court must construe a *pro se* plaintiff's pleadings liberally in determining whether a claim has been stated. *Ortez v. Washington County, State of Oregon.*, 88 F. 3d 804, 807 (9th Cir. 1996); *Eldridge v. Block*, 832 F. 2d 1132, 1137 (9th Cir. 1987). A *pro se* complaint, "however inartfully pleaded," is held to "less stringent standard than formal pleadings drafted by lawyers," and can only be dismissed for failure to state a claim if it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Estelle v. Gamble,* 429 U.S. 97, 106 (1976). Immunities and other affirmative defenses may be upheld on a motion to dismiss only when they are established on the face of the complaint. *Morley v. Walker*, 174 F.3d 756,759 (9th Cir. 1999); *Jablon v. Dean Witter & Co.,* 614 F.2d 677, 682 (9th Cir. 1980). Dismissal of a claim under Rule 12(b)(6) is appropriate only where "it appears

MEMORANDUM OF POINTS AND AUTHORITIES                                    CASE NO. C-07-05850-MJJ
IN SUPPORT OF OPPOSITION TO MOTION TO DISMISS
•    7

beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). As the First Amended Complaint was drafted by Plaintiff while *pro se*, the Court should afford Plaintiff greater leniency in reviewing the complaint to determine whether it may survive a Rule 12(b)(6) motion. Plaintiff's complaint, again, while drafted *pro se*, did affirmatively state facts which create a prima facie case for copyright infringement of Copyright No. TX-6-491-697 and Copyright No. TX 6-437-847 and the related claims.

### c. To Establish a Finding of Claim Preclusion, the Party Asserting Preclusion Bears the Burden of Proving Each Prong of a Three-Prong Test

The party asserting claim preclusion "bears the burden of showing with clarity and certainty what was determined by the prior judgment." *Hydranautics v. FilmTec Corp.,* 204 F.2d 880, 885 (9th Cir. 2000). A showing of claim preclusion must satisfy a three-prong test indicating: (1) the issue necessarily decided at the previous proceeding is identical to the one which is sought to be relitigated, (2) a final judgment on the merits in the first action, and (3) privity between the parties of the first and second actions. *Hells Canyon Preservation Council v. U.S. Forest Service*, 403 F.3d 683, 686 (9th Cir. 2005).; *see also Hydranautics v. FilmTec Corp.,* 204 F.3d 880, 885 (9th Cir.2000).

Defendants circumvent the second-prong of this test for claim preclusion noting that "the earlier-filed action need not be reduced to final judgment in order to dismiss the later-filed complaint." *See* Motion to Dismiss, 8:14-15. This approach is *only* appropriate if the parties in both actions are the *same*; this approach is not appropriate when one party is acting in a representative capacity as Plaintiff was acting in the *Netbula-Sun* action.

### i. The First Prong – Identity of Claims Between *Netbula-Sun* and *Yue-Sun* – is Not Met as the Complaint Shows Infringement of Different Rights

The Ninth Circuit has cited several criteria for determining whether two successive lawsuits involve an identity of claims and are barred by res judicata - all four must be met to show an affirmative identity of claims. "1) [W]hether rights or interests established in the prior judgment would be destroyed or impaired by prosecution of the second action, 2) whether substantially the same evidence is presented in the two actions, 3) whether the two suits involve infringement of the same right, and 4) whether the two suits arise out of the same transactional nucleus of facts." *Costantini v. Trans World Airlines,* 681 F.2d 1199, 1201-02 (9th Cir.1982).

In making a determination on the first element for claim preclusion, the Court must evaluate four separate factors which must all be met to satisfy an identity of claims. The first criterion may be determined by evaluating whether the rights or interests established in a prior judgment would be destroyed or impaired by prosecution of a second action. *Harris v. Jacobs*, 621 F.2d 341, 343 (9th Cir. 1980). In *Netbula-Sun,* this Court determined that there was no copyright infringement claim on Motion for Summary Judgment. *Netbula-Sun* Docket No. 138 [Order Granting Motion for Summary Judgment]. This action is related to the infringement of two different copyrights; prosecution of these alternative copyrights will not destroy or impair rights afforded to Defendants from the *Netbula-Sun*.

The second criterion that must be met is identity of evidence which will be presented. In *Netbula-Sun*, evidence related to transactions between StorageTek employees was shown; here, although there may be significant overlap, additional evidence may be shown to substantiate Plaintiff's copyright infringement action where Plaintiff may show additional steps he took to modify software provided to Storage Technology, subsequently transferred to Sun.

The third criterion that must be met in determining whether two actions involve an identity of claims is if the suits involve infringement of the same right. This is clearly not met here. The *Netbula-Sun* matter relates to infringement of a copyright not referenced in the *Yue-Sun* complaint. Plaintiff filed this action to pursue two copyrights, registration number TX 6-437-847 and TX 6-491-697.

Lastly, the fourth criterion in determining whether there is an identity of claims is an evaluation of whether the actions arise out of the same transactional nucleus of facts. There are two licensing agreements which are at issue; the 2000 licensing agreement and the 2004 licensing agreement. *Netbula-Sun* and *Yue-Sun* both involve disputes concerning these two licensing agreements. However, there are additional copyrights at issue in *Yue-Sun* and factual information attached to it.

## II. The Second Prong – A Final Judgment on the Merits for the Same Party– is Not Met

The Restatement Second of Judgments clearly states that a Court is not bound by a judgment when a party is appearing in a second action in another capacity. "A party appearing in an action in one capacity, individual or representative, is not thereby bound by or entitled to the benefits of the rules of res judicata in a subsequent action in which he appears in another capacity." Rest.2d Judg. § 36§§.

### a. A Decision Against Netbula Where Dongxiao Yue was Acting in a Representative Capacity is not Binding on him in an Individual Capacity

Dongxiao Yue and Netbula are separate and distinct legal entities; one is an individual, one is a Delaware Limited Liability Company. An order on a motion for summary judgment against Netbula does not bar Plaintiff from asserting his individual copyright infringement rights in an individual capacity on two different copyrights. In *Netbula-Sun*, Dongxiao Yue was acting as a representative for Netbula; although he was involved in the action, he was not representing his individual interests in the two copyrights which are the subject of the *Yue-Sun* action. As it is well-settled that a party appearing in an action in one capacity, here, Dongxiao Yue acting in a representative capacity for Netbula in *Netbula-Sun*, is not thereby bound by *Yue-Sun* in which he appears in a different capacity. Rest. 2d of Judg. § 36 (1982);3537;3537§§. *See also, Montana v. U.S.,* 440 U.S. 147, 154 (1979) ; *Conte v. Justice,* 996 F.2d 1398, 1403 (2d Cir.1993) (same); *Akin v. Pafec Limited,* 991 F.2d 1550, 1559 (11th Cir.1993) (same). Neither the Ninth Circuit

nor the Supreme Court "have imposed judicial estoppel when different representational capacities are involved." *See In re An-Tze Cheng*, 308 B.R. 448, 457 (9th Cir. 2004). "Res judicata does not preclude an action against a person in an individual capacity simply because the matter has been litigated previously against that person in a representative capacity." *Geibel v. Sylvester*, 5 Fed. Appx. 622, 624 (Cal. App. 2001).

Defendants cite *Single Chip Systems Corp. v. Intermec IP Corp.* for the proposition that a final judgment on the merits is not necessary to dismiss a later-filed complaint. However, in *Single Chip*, the later filed complaint was filed by the same party, not by a party who is "appearing in a second action in another capacity" as permitted by the Restatement Second of Judgments. *See* Rest. 2d Judg. § 36§§; *Single Chip Systems Corp. v. Intermec IP Corp.*, 459 F.Supp. 2d 1052, 1059 (S.D. Cal. 2007).

    b. **The Order on Motion for Summary Judgment Does Not Summarily Adjudicate *Netbula-Sun***

As a matter of law, an order on summary judgment does not constitute a final judgment. "There can only be one final judgment in an action, that being the last or ultimate judgment determining the rights of the parties." §§7 Witkin, California Procedure (4th ed) Judgment §. 7.§ In *Netbula-Sun*, this Court ordered on motion for summary judgment against Netbula's claims for copyright infringement; however, *Netbula-Sun* matter is still pending before this Court for the remaining claims. *See Netbula-Sun* Docket No. 138 [Order Granting Motion for Summary Judgment]. As such, a final judgment has not summarily adjudicated the entire *Netbula-Sun* action.

    iii. **The Third Prong – Privity Between Dongxiao Yue and Netbula – Must Also be Conclusively Shown**

The third-prong, privity between the parties, must also be conclusively shown to establish preclusion. Defendants contend that because Netbula assigned its copyright interests to Plaintiff

MEMORANDUM OF POINTS AND AUTHORITIES    CASE NO. C-07-05850-MJJ
IN SUPPORT OF OPPOSITION TO MOTION TO DISMISS
•    11

they are in privity for this action on a separate copyright infringement action.  Although there are certainly factual similarities, Netbula's assignment of certain copyrights to Plaintiff does not preclude Plaintiff from pursuing a separate infringement actions.  As the Court in *Headwaters Inc. v U.S. Forest Service* states, "parallel legal interests alone, identical or otherwise, are not sufficient to establish privity, or to bind a plaintiff to a decision reached in another case involving another plaintiff."  *Headwaters Inc. v. U.S. Forest Service*, 399 F.3d 1047, 1054 (9th Cir. 2005).  Netbula and Plaintiff have numerous parallel legal interests in the license agreements, but this in itself does not establish privity.  *See Id.*

d.     **Equitable Grounds are not Considered in a Claim Preclusion Argument**

In the Motion to Dismiss, Defendants assert that there are a number of equitable arguments which should be considered by the Court in making a determination.  First, Defendants argue that Plaintiff has filed this suit in order to pursue his actions as a *pro se* litigant.  Although it is clearly true that the First Amended Complaint was filed by Plaintiff while *pro se*, Defendants submitted the Motion to Dismiss after Plaintiff secured counsel.  Defendants even reference this in their Motion to Dismiss.  *See* Motion to Dismiss at 7:16-17.

Second, Defendants claim an "equitable argument" that res judicata would apply.  There is a specific framework in making a determination whether res judicata principals would bar an action from moving forward previously discussed in depth.  The three-prong test in making this determination does not consider "equitable arguments" as a supplement to its reasoning.  In *Federated Dep't Stores,* the Court "explained that '[t]he doctrine of res judicata serves vital public interests beyond any individual judge's ad hoc determination of the equities in a particular case' and rejected any equitable exceptions to the application of res judicata based on 'public policy' or 'simple justice.' "  *Owens v. Kaiser Found. Health Plan, Inc.,* 244 F.3d 708, 714 (9th Cir.2001) (citing *Federated Dep't Stores, Inc. v. Moitie,* 452 U.S. 394, 401, (1981).  As such, the

MEMORANDUM OF POINTS AND AUTHORITIES                                          CASE NO. C-07-05850-MJJ
IN SUPPORT OF OPPOSITION TO MOTION TO DISMISS
•      12

Courts have held that there is no equitable argument which may be made to support or refute a claim of res judicata based on any equitable factors.

Third, Defendants assert that a Pretrial Order in the *Netbula-Sun* matter outlining the discovery and motion practice should provide an equitable argument for barring this matter from moving forward. As the two matters have been officially related, the Court may move to have the parties in this action proceed in a similar fashion by outlining a similar Order governing discovery and motion practice after *Yue-Sun* proceeds further.

Fourth, Defendants contend that Plaintiff may have been motivated by "judge shopping" in filing this action. A *pro se* plaintiff may certainly be more emotionally vested in an action than counsel representing parties who they have no strong connection with., and consequently may act on this emotion. A *pro se* plaintiff may act based on a lack of understanding of the law, and how it may apply to them personally; this is understand and there are numerous leniencies provided for *pro se* litigants based on this.

Ultimately, to determine whether the First Amended Complaint in this action should survive the Motion to Dismiss, the Court must be satisfied that it meets all the criteria in the three-prong test, and not equitable factors.

**e.  As an Alternative, Plaintiff Requests Leave to Amend the First Amended Complaint to Correct Any Deficiencies**

As an alternative, Plaintiff respectfully requests that this Court provide leave to amend the First Amended Complaint to correct any deficiencies the Court may find.

**III.        CONCLUSION**

Plaintiff has filed suit related to the infringement of two copyrights and related claims. Although *Netbula-Sun*, a related action is currently being litigated by this Court, Plaintiff should be allowed to present and discover evidence related to two additional copyrights. The bottom

MEMORANDUM OF POINTS AND AUTHORITIES                         CASE NO. C-07-05850-MJJ
IN SUPPORT OF OPPOSITION TO MOTION TO DISMISS
•        13

line is that the Court must view the complaint in a light most favorable to the plaintiff, and grant greater leniency for a *pro se* plaintiff's complaint. Although there are numerous similarities between *Netbula-Sun* and *Yue-Sun*, there are sufficient differences to survive a Motion to Dismiss, or in the alternative, provide leave to amend.

Dated: February 12, 2008                                       RIVKIN LEGAL GROUP,


                                                               By:      /s/  Elena Rivkin
                                                                             Elena Rivkin

                                                               Attorney for Plaintiff
                                                               Dongxiao Yue