DONGXIAO YUE
2777 ALVARADO ST., SUITE C
SAN LEANDRO, CA 94577
Telephone: (510) 396-0012
Facsimile: (510) 291-2237
E-Mail: ydx@netbula.com

*Pro Se*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| DONGXIAO YUE, | Case No. C07-05850-MJJ |
|---|---|
| Plaintiff, | **PLAINTIFF'S MOTION TO DISQUALIFY DEFENSE COUNSEL AND SUPPORTING DECLARATION OF DONGXIAO YUE** |
| v. | |
| Storage Technology Corporation, et al., | [Civil Local Rule 11-4, 11-6] |
| Defendants. | Date: April 30, 2008<br>Time: TBD<br>Dept: TBD<br>Judge: TBD |

### NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR COUNSEL

Please take notice that Plaintiff Dongxiao Yue hereby moves for a Court Order to disqualify defense counsel from the instant case. The motion is currently set on April 30, 2008 or any other time set by the Court before a judge to be assigned to this case.

Pursuant to Civil Local Rule 11-4 and 11-6, Pro Se Plaintiff, Dongxiao Yue ("Yue"), requests the Court to disqualify defense counsel Mr. Laurence Pulgram ("Pulgram") and Fenwick & West,

-1-

LLP for their conduct that violated the relevant rules of professional conduct and the rules of the court. This motion is supported by the Declaration of Dongxiao Yue ("Yue Decl.") attached below and accompanying exhibits.

## FACTS AND ARGUMENT

### A. Mr. Pulgram's Communications to Yue and Fenwick & West, LLP's Role as an Early Neutral Evaluator in a Prior Litigation

Mr. Pulgram repeatedly sent emails to Yue about the merits of various issues in the *Netbula v. StorageTek* case (C06-07391-MJJ), in which Yue is the principal of the plaintiff company. In cases where Yue is an unrepresented party, Mr. Pulgram offered legal advices to Yue on numerous occasions. The exhibits attached to the Supporting Declaration are just a few examples of such communications.

A lot of Mr. Pulgram's direct communications to Yue were about the *Netbula v. StorageTek* case, in which Yue – the principal of Netbula - was represented by attorney Vonnah M. Brillet.

For instance, in the email Mr. Pulgram sent to Yue at Thu, 25 Oct 2007 13:01:24 -0700 (Exhibit A to Yue Declaration), Mr. Pulgram communicated with Yue directly about substantive issues in the *Netbula v. StorageTek* case. He told Yue about (a) Netbula's preliminary injunction motion in the *Netbula v. StorageTek* matter, (b) Netbula's motion to substitute party (Mr. Pulgram characterized Netbula's motion to substitute party as Yue's motion in his email), (c) Ms. Brillet's request to withdraw as counsel, (d) StoragTek's motion for summary judgment, and more, in a substantive way.

Another email (Exhibit B to Yue Decl.) by Mr. Pulgram demonstrates the willfulness in his direct communications with a represented party. In this email, Mr. Pulgram stated: "We do not

-2-

Case No. C07-05850-MJJ                                   MOTION TO DISQUALIFY DEFENSE COUNSEL

1  intend to address Dr. Yue (Netbula's principal) with respect to such matter, as Netbula is
2  represented by counsel." Then Mr. Pulgram talks about Netbula's intended use of certain evidence
3  in the *Netbula v. StorageTek* case. However, Mr. Pulgram sent this email to Yue at
4  ydx@netbula.com .
5
6  Exhibit C is an email Mr. Pulgram sent Yue on October 31, 2007, offering legal advice to Yue
7  about Yue's case against SUN. This email was sent before the instant case was filed, Mr. Pulgram
8  wrote about Yue's service on SUN, stating that "[i]t would be incumbent upon you to provide
9  notice of any TRO request by the most expeditious means available--whether that is by e-mail or
10 by hand. This is so regardless of whether formal service has first been accomplished. I can agree
11 to receive TRO papers by e-mail instead of by hand."
12
13 Exhibit D is a December 5, 2007 email sent by Mr. Pulgram to Yue regarding a "cease and
14 desist" order. Mr. Pulgram interpreted the Court order for Yue: "I do not know why it would be
15 assumed, without more, that this [cease and desist] order precludes filings that specifically relate
16 to claims as to which Dr. Yue actually is a party."
17 The above four pieces of email are just a small portion of direct communications Mr. Pulgram
18 made to Yue.
19 In 2002, Netbula sued Distinct Corporation for trademark infringement. In November 2002,
20 Netbula and Distinct held an Early Neutral Evaluation ("ENE") session at the office of Fenwick &
21 West, LLP. An attorney named Claude Stern at Fenwick & West, LLP served as the Early Neutral
22 Evaluator. Netbula submitted confidential information to Claude Stern, the Fenwick & West
23
24 attorney, including information about PowerRPC and a product called JavaRPC. Yue also talked
25 to Claude Stern about PowerRPC and JavaRPC, in confidence, in the ENE session. In 2007, in the
26
27              -3-
28 Case No. C07-05850-MJJ                    MOTION TO DISQUALIFY DEFENSE COUNSEL

*Netbula v. Symantec* case, Fenwick & West attorney Jedediah Wakefield deposed Yue at length about JavaRPC and his communications with Distinct. In the related *Netbula v. SUN* case, SUN, also represented by Mr. Wakefield and other Fenwick attorneys, counter-claimed Yue, alleging that Yue infringed the Java trademark by using the JavaRPC product name. SUN then intervened in the *Netbula v. Symantec* case and requested to access the discovery in that case. The request was granted by the Court.

### B. Yue has been Severely Prejudiced by Mr. Pulgram's and Fenwick's Conduct

Mr. Pulgram's direct communications to Yue on numerous substantive issues in the *Netbula v. StorageTek* case led Yue to believe that StorageTek would deal with Netbula directly via its principal, instead of through counsel. Yet, Mr. Pulgram told the Court a different story. In addition to disparaging Yue in the Court, Mr. Pulgram insists that Netbula and Yue are the same even in cases where Yue sued for his own personal copyrights. Defense counsel's conduct is totally unfair and prejudicial.

The instant case is about PowerRPC. Fenwick & West acted as Early Neutral Evaluator in the *Netbula v. Distinct* trademark dispute, which involved the use of Java related names by Yue. Yue and Netbula provided information to Fenwick & West in confidence during the ENE session about PowerRPC and JavaRPC. Yet, Fenwick & West took advantage of the situation, and obtained all documents regarding the *Netbula v. Distinct* dispute and deposed Yue on JavaRPC in the *Netbula v. Symantec* litigation. Then, in the *Netbula v. SUN* case, the same Fenwick & West attorneys counter-claimed Yue for infringing the Java trademark, and intervened in the *Netbula v. Symantec* case to access the discovery in that case.

### C. Defense Counsel should be Disqualified

-4-

Case No. C07-05850-MJJ                    MOTION TO DISQUALIFY DEFENSE COUNSEL

In similar cases where an attorney communicated with a represented party without authorization, severe sanctions may result. See *United States v. Lopez*, 4 F.3d 1455 (9th Cir. 1993) (dismissing indictment); *Terrebonne, Ltd. v. Murray*, 1 F. Supp. 2d 1050 (E.D.Cal. 1998) (disqualifying attorneys and law firm). Mr. Pulgram communicated with Yue about the issues in the *Netbula v. StorageTek* case, e.g., Exhibits A and B to Yue Decl. Such conduct is unethical and against the rules of professional conduct.

Mr. Pulgram also sent intimidating emails to Yue on cases where Yue is a *pro se* plaintiff. Mr. Pulgram's emails were disguised as legal advices to Yue. In one of his emails, Mr. Pulgram even purported to speak for the Court and asked Yue to file a motion in the C06-07391-MJJ docket. "The letters gave legal advice to unrepresented parties whose interests conflicted with the interests of the [law firm], and this advice quite possibly ran afoul of relevant ethical rules. See Model Rules of Prof'l Conduct R. 4.3." *Molski v. Evergreen Dynasty*, 500 F.3d 1047, 1064 (9th Cir. 2007) (imposing sanctions on law firm).

Fenwick & West's role as an Early Neutral Evaluator in the *Netbula v. Distinct* dispute allowed it to obtain confidential information about PowerRPC and JavaRPC from Yue. There was a relationship of confidence and trust between Yue and Fenwick & West. '[A]lthough mediators function in some ways as neutral coordinators of dispute resolution, they also assume the role of a confidant." *County of Los Angeles v. United States District Court For the Central District of California*, 223 F.3d 990 (9th Cir. 2000). As the Ninth Circuit noted:

> [T]he mediator is not merely charged with being impartial, **but with receiving and preserving confidences in much the same manner as the client's attorney**. In fact, the success of mediation depends largely on the willingness of the parties to freely disclose their intentions, desires, and the strengths and weaknesses of their case; and upon the ability of the mediator to maintain a neutral position while carefully preserving the

-5-

confidences that have been revealed…

*Id.* (emphasis added).

An Early Neutral Evaluator is very much like a mediator. Thus, Fenwick & West role was akin to Yue's attorney regarding disputes about PowerRPC and JavaRPC. Fenwick & West cannot ethically represent Yue's opponents in the instant case on disputes involving PowerRPC and JavaRPC.

## CONCLUSION

Plaintiff has been severely prejudiced by defense counsel's direct communications, "legal advice" and the breach of confidence and trust. Plaintiff respectfully requests the Court disqualify defense counsel.

Respectfully submitted,

Dated: March 26, 2008

DONGXIAO YUE (*Pro Se*)

**DECLARATION OF DONGXIAO YUE
IN SUPPORT OF MOTION TO DISQUALIFY DEFENSE COUNSEL**

I, Dongxiao Yue, *pro se* plaintiff in the instant case, make the following declaration in support of the motion to disqualify defense counsel.

-6-

Case No. C07-05850-MJJ                                   MOTION TO DISQUALIFY DEFENSE COUNSEL

1) Attached Exhibits A and B are true copies of email Mr. Laurence Pulgram sent me about the *Netbula v. StorageTek* (C06-07391-MJJ) case.

2) Attached Exhibit C and D are true copies of some emails Mr. Pulgram sent me about the instant *Yue v. SUN* case (C08-05850-MJJ), before and after the case was filed. The instant case is about PowerRPC.

3) Mr. Pulgram also sent me numerous other emails.

4) In 2002, Netbula sued Distinct Corporation for infringing the PowerRPC trademark and other "marks" such as JavaRPC. In November 2002, Netbula and Distinct had an Early Neutral Evaluation ("ENE") session. An attorney named Claude Stern at Fenwick & West, LLP served as the Early Neutral Evaluator. I attended the ENE session at a Fenwick & West office, and Netbula submitted confidential information to Claude Stern, the Fenwick & West attorney, including the dispute about the PowerRPC product and a product called JavaRPC. In helping Claude Stern to evaluate the case, I also talked to him about PowerRPC, such as my personal opinion on the value of the PowerRPC product and technology, Netbula's use of the JavaRPC product name and other use of the Java name, in confidence. I recall Mr. Stern making various comments on about PowerRPC and Java, also in confidence.

5) In the *Netbula v. Symantec* case, defendants, represented by Fenwick & West, sought and obtained discovery of all documents related to the dispute between Netbula and Distinct. On June 28, 2007, Fenwick & West attorney Jedediah Wakefield deposed me at length about the JavaRPC and my communications with Distinct.

6) In the related *Netbula v. SUN* case, SUN, represented by Fenwick & West, counter-claimed me, alleging that I infringed the Java trademark by using the JavaRPC product name.

-7-

Case No. C07-05850-MJJ                                    MOTION TO DISQUALIFY DEFENSE COUNSEL

7) SUN also intervened in the *Netbula v. Symantec* case and requested to access the discovery in that case. The request was granted by the Court.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge. This declaration is executed on March 26, 2008, in San Leandro, CA.

*/s/ Dongxiao Yue*

DONGXIAO YUE

-8-

Case No. C07-05850-MJJ                                    MOTION TO DISQUALIFY DEFENSE COUNSEL



**RE: PDF files for Dongxiao Yue's motion for injunctive relief**

**Sender:** "Laurence Pulgram" <LPulgram@Fenwick.com>
**Recipient:** <ydx@netbula.com>
**Copy to:** "Jedediah Wakefield" <JWakefield@Fenwick.com>, "Albert Sieber" <ASieber@Fenwick.com>, "Liwen Mah" <LMah@fenwick.com>, <yuedongxiao@gmail.com>, <brilletlaw@yahoo.com>, <yuedongxiao@gmail.com>
**Time:** Thu, 25 Oct 2007 13:01:24 -0700

Mr. Yue,

Your e-mail below was received.

We continue to believe that your entire filing of the Motion to Intervene and for Preliminary Injunction was untimely. When you do not efile (which results in immediate electronic service), you must serve in accordance with the rules, which requires additional days be added for any filing other than by hand delivery. You did not comply. We received your entire filing only two days after the due date for hand service.

In any event, we believe that because you are not a party to the Netbula v. Storage Tek matter, because Netbula has not moved for a preliminary injunction, and because your motion is almost a year after the unsuccessful request for a TRO, it is not appropriate to require Defendants to respond to such a major request for substantive relief--for a preliminary injunction--until after the propriety of your participation in this action is first determined. I would also note that, apart from your reliance on an asserted presumption of irreparable harm (which is not applicable here), you have provided no explanation of any injury that you would face from delaying the hearing on the PI motion until after your participation in this case has been determined. Accordingly, we request that you stipulate with Defendants that your motion to intervene be heard on November 27 (notwithstanding improper service), but that the motion for preliminary injunction be scheduled to be briefed and heard only if you are then permitted to intervene or substitute. Please advise by close of business today if you are agreeable to this procedure.

I would also note that, as you no doubt anticipated, we oppose your request to intervene and your request to substitute in as a party. We also oppose Ms. Brillet's request to withdraw as counsel prior to determination of the long-scheduled summary judgment motion that is to be heard on November 27 pursuant to the Court's scheduling order. We do not believe that it is appropriate for Netbula's rights to be pursued other than through counsel of record (as required by law), and we do not believe that a purported assignment of rights to you personally, a year into the litigation, changes those result. Ms. Brillet remains counsel of record, and her opposition to the summary judgment motion on behalf of Netbula is due in the ordinary course.

The foregoing is without waiver of any rights, including our rights to assert that the motion for a preliminary injunction is sanctionable.

Please advise whether or not you are agreeable to the stipulation proposed above for the orderly consideration of the issue of intervention first, and preliminary injunction only if you thereafter become a party.

Sincerely,

Laurence Pulgram

  

**Communications From Dr. Yue**

**Sender:** "Laurence Pulgram" <LPulgram@Fenwick.com>
**Recipient:** <brilletlaw@yahoo.com>
**Copy to:** <stacymonahan@quinnemanuel.com>, <davideiseman@quinnemanuel.com>, "Jedediah Wakefield" <JWakefield@Fenwick.com>, "Albert Sieber" <ASieber@Fenwick.com>, "Liwen Mah" <LMah@fenwick.com>, <ydx@netbula.com>  ← Yue's email
**Time:** Wed, 31 Oct 2007 08:47:00 -0700

Dear Ms. Brillet,

We are continuing to receive e-mails directly from your client Netbula's principal, apparently with respect to Defendants' pending motion for summary judgment to which Dr. Yue is not a party. We do not intend to address Dr. Yue with respect to such matters, as Netbula is represented by counsel.

However, Dr. Yue's reference below to a December 16, 2005 letter from Sun threatens, for a second time, to breach the express agreement of confidentiality that Sun required before the settlement discussions of which it is a part. His reference to his desire to use extrinsic evidence to interpret the license agreements has also previously been addressed. This suggests that you may not have transmitted to him the attached prior response, as we requested.

Please advise Dr. Yue to stop contacting us directly about matters regarding which he is not individually a party.

Regards,

Laurence Pulgram

-----Original Message-----
From: **ydx@netbula.com** [mailto:ydx@netbula.com]
Sent: Tuesday, October 30, 2007 11:49 PM
To: Laurence Pulgram
Cc: ydx@netbula.com; brilletlaw@yahoo.com; stacymonahan@quinnemanuel.com; Jedediah Wakefield; Albert Sieber; Liwen Mah; yuedongxiao@gmail.com; davideiseman@quinnemanuel.com
Subject: Re: RE: Netbula's motion for substitution of party as to the copyright claim

Dear Messrs. Pulgram, Wakefield, Eiseman, Sieber and Mah,

The basic concept of copyright is that it is a personal property, and I am the owner of the property in dispute. I have the right to protect that property.

Anyway, I renew my request to the defense lawyers here, as officers of the court, to tell the whole truth in your representation to the Court -- now that I am involved, I will make sure that the relevant facts are presented to the trier of fact. You should do the same, as you have a duty to the Court. If you do not do it soon, I may have to file an emergency motion for an integrity hearing.

Some of the relevant facts not mentioned in Mr. Wakefield's brief are listed below:

**Subject:** RE: Service question
**From:** "Laurence Pulgram" <LPulgram@Fenwick.com>
**Date:** Wed, 31 Oct 2007 16:41:24 -0700
**To:** <ydx@netbula.com>
**CC:** <brilletlaw@yahoo.com>, <stacymonahan@quinnemanuel.com>, <davideiseman@quinnemanuel.com>, "Jedediah Wakefield" <JWakefield@Fenwick.com>, "Albert Sieber" <ASieber@Fenwick.com>, "Liwen Mah" <LMah@fenwick.com>

EX. C

Mr. Yue,

I am responding to you personally on the understanding that you are acting in your individual capacity and unrepresented by counsel.

If you wish to serve a new summons and complaint on Sun (an action that I have recommended against and reiterate can cause you personal liability), you will need to follow the appropriate procedures for accomplishing service of process.

On the other hand, if you are planning to seek a TRO (which I again caution you strongly against, for reasons previously explained) this is a separate matter from service of the summons. It would be incumbent upon you to provide notice of any TRO request by the most expeditious means available--whether that is by e-mail or by hand. This is so regardless of whether formal service has first been accomplished. I can agree to receive TRO papers by e-mail instead of by hand.

Sincerely,

Laurence Pulgram

-----Original Message-----
From: ydx@netbula.com [mailto:ydx@netbula.com]
Sent: Wednesday, October 31, 2007 4:16 PM
To: Laurence Pulgram
Cc: brilletlaw@yahoo.com; stacymonahan@quininemanuel.com; davideiseman@quinnemanuel.com; Jedediah Wakefield; Albert Sieber; Liwen Mah; ydx@netbula.com
Subject: Service question

Mr. Pulgram,

As I indicated a while ago, I am about to file a multi-count infringement claim, possibly along with an application for TRO. Do you accept service by email?

Kind regards,

Don Yue


------------------
-------------------------------------------
IRS Circular 230  Disclosure:  To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice in this communication (including attachments) is not intended or written by Fenwick & West LLP to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.
-------------------------------------------
ATTENTION:
The information contained in this message may be legally privileged and confidential. It is intended to be read only by the individual or entity to whom it is addressed or by their designee. If the reader of this message is not the intended recipient, you are on notice that any distribution of this message, in any form, is strictly prohibited.

If you have received this message in error, please immediately notify the sender and/or Fenwick & West LLP by telephone at (650) 988-8500 and delete or destroy any copy of this message.

**Subject:** RE: Yue's position on Sun's related case motion
**From:** "Laurence Pulgram" <LPulgram@Fenwick.com>
**Date:** Wed, 5 Dec 2007 22:35:24 -0800
**To:** <ydx@netbula.com>, <brilletlaw@yahoo.com>
**CC:** <davideiseman@quinnemanuel.com>, "Jedediah Wakefield" <JWakefield@Fenwick.com>, "Albert Sieber" <ASieber@Fenwick.com>, "Liwen Mah" <LMah@fenwick.com>, <stacymonahan@quininemanuel.com>

EX. D

Dear Ms. Brillet (Counsel for Netbula) and Dr. Yue (pro se in Yue v. Sun):

We filed the notice of related case because, despite your obligation to file such a notice, you did not do so, and, when we requested Netbula to do so as it was obligated to under the Local Rules, it did not do so. Our motion was filed, as required by the Court rules, in the Netbula case. If there is opposition to these cases being related, Netbula may file it, raising any and all points, including those below. In addition, Judge Jenkins' order that Dr. Yue not file papers as to the copyright claims at issue in Phase One of the Netbula case was an order directed against an individual who had been filing pleadings with respect to claims as to which only his LLC, not himself, was a party, and as to which the LLC was, and by necessity had to appear, through counsel rather than through its principal. I do not know why it would be assumed, without more, that this order precludes filings that specifically relate to claims as to which Dr. Yue actually is a party.

I do not believe that any of the other points below warrants comment, other than that I disagree with them.

Laurence Pulgram
Fenwick & West LLP
555 California Street, 12th Fl.
San Francisco, CA 94104
Phone 415-875-2390
Fax 415-281-1350
lpulgram@fenwick.com


-----Original Message-----
From: ydx@netbula.com [mailto:ydx@netbula.com]
Sent: Wednesday, December 05, 2007 11:53 AM
To: Laurence Pulgram; brilletlaw@yahoo.com; stacymonahan@quininemanuel.com; davideiseman@quinnemanuel.com; Jedediah Wakefield; Albert Sieber; Liwen Mah; ydx@netbula.com
Subject: Yue's position on Sun's related case motion

Dear Defense Counsel,

I received notification from Mr. Mah with SUN's related case motion attached. SUN's current position is inconsistent with its previous position and Judge Jenkins's decisions at the Nov 20, 2007 hearing.

It was clear that Judge Jenkins did not intend to handle the disputes about the other copyrights which I personally owned. The 7391 case was about the 1996 copyright only, which covers the code I wrote from July 24, 1996 to Sep 1, 1996 -- as Mr. Pulgram correctly pointed out in several occasions. I am attaching the Nov 20, 2007 transcript for you to review.

As Netbula stated in its motion to substitute party as to the copyright claim, I sought a stipulation for the substitution with an eye to amending the complaint. SUN vehemently opposed my proposal, forcing me to file a separate action as I foretold you. Even after the Yue case was filed, SUN persisted its opposition to my substitution or joinder as a party in the 7391 case, and Judge Jenkins agreed with SUN and issued a "cease and desist" order.

Originally, I contemplated about filing a related case motion. However, the situation has changed. Judge Jenkins made it quite clear that he does not want to hear from me, whether it is a legal argument or presentation of facts.