LAURENCE F. PULGRAM (CSB NO. 115163)
*lpulgram@fenwick.com*
JEDEDIAH WAKEFIELD (CSB NO. 178058)
*jwakefield@fenwick.com*
ALBERT L. SIEBER (CSB NO. 233482)
*asieber@fenwick.com*
LIWEN A. MAH (CSB NO. 239033)
*lmah@fenwick.com*
FENWICK & WEST LLP
555 California Street, Suite 1200
San Francisco, CA  94104
Telephone: (415) 875-2300
Facsimile:  (415) 281-1350

Attorneys for Named Defendants
SUN MICROSYSTEMS, INC.,
MICHAEL MELNICK, JULIE DECECCO,
MICHAEL P. ABRAMOVITZ,
LISA K. RADY, and JONATHAN SCHWARTZ

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DONGXIAO YUE,<br><br>   Plaintiff,<br><br>v.<br><br>STORAGE TECHNOLOGY CORPORATION, a Delaware corporation; SUN MICROSYSTEMS, INC., a Delaware corporation; MICHAEL MELNICK, an individual; JULIE DECECCO, an individual; MICHAEL P. ABRAMOVITZ, an individual; LISA K. RADY, an individual; JONATHAN SCHWARTZ, an individual; and DOES 1-1000, inclusive,<br><br>   Defendants. | Case No. C-07-05850-JW<br><br>**DEFENDANTS' OPPOSITION TO MOTION FOR RELIEF FROM JUDGMENT**<br><br>Date:       TBD<br>Time:       TBD<br>Courtroom: 8, 4th Floor<br>Judge:      Hon. James Ware |

**TABLE OF CONTENTS**

Page

INTRODUCTION .................................................................................................................... 1

ARGUMENT ............................................................................................................................ 2

I.   HAVING FILED A NOTICE OF APPEAL, PLAINTIFF WAS REQUIRED TO SEEK REMAND BEFORE FILING THE PRESENT MOTION ...................................... 2

II.  PLAINTIFF'S ATTEMPTS TO REARGUE THE MOTION TO DISMISS UNDER BOTH RULE 60(b)(3) AND RULE 60(b)(6) DO NOT CONSTITUTE GROUNDS FOR RELIEF. ............................................................................................. 2

   A.   Plaintiff's Assertions Regarding Alleged Unethical Conduct Pre-Dating This Lawsuit Do Not Form the Basis of a Claim for Relief from Judgment .......... 3

   B.   Plaintiff's Assertions Regarding Alleged Misrepresentations in Defendants' Motion to Dismiss, and His Attempts to Reargue the Dismissal of This Action, Also Do Not Form the Basis of a Claim for Relief from Judgment ............................................................................................. 5

III. PLAINTIFF'S CLAIMS FOR RELIEF UNDER RULE 60(b)(6) DO NOT CONSTITUTE GROUNDS FOR RELIEF. ................................................................. 8

   A.   Plaintiff's Spurious Attacks on Judge Jenkins's Impartiality Are Not Grounds for Relief ................................................................................................. 8

   B.   There Is No "Manifest Injustice" in Requiring Plaintiff to Seek an Appeal of an Order He Finds Erroneous .......................................................................... 12

CONCLUSION ....................................................................................................................... 13

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Adams v. Cal. Dep't of Health Servs.*,
 487 F.3d 684 (9th Cir. 2007),
 *cert. denied*, 128 S. Ct. 807 (U.S. 2007) .............................................................................. 1, 6

*Bell v. S. Bay European Corp.*,
 486 F. Supp. 2d 257 (S.D.N.Y. 2007) ...................................................................................... 10

*Brush Creek Media, Inc. v. Boujakian*,
 No. C-02-3491 EDL, 2002 U.S. Dist. LEXIS 15321
 (N.D. Cal. Aug. 19, 2002) ........................................................................................................ 6

*Chaganti v. i2 Phone Int'l, Inc.*,
 Case No. C-04-987-VRW, 2007 U.S. Dist. LEXIS 66766
 (Aug. 30, 2007) ......................................................................................................................... 2

*De Saracho v. Custom Food Mach., Inc.*,
 206 F.3d 874 (9th Cir. 2000) ................................................................................................. 3, 7

*Fantasyland Video, Inc. v. County of San Diego*,
 505 F.3d 996 (9th Cir. 2007) ................................................................................................. 3, 8

*Gould v. Mutual Life Ins. Co.*,
 790 F.2d 769 (9th Cir. 1986) ..................................................................................................... 2

*In re Focus Media, Inc.*,
 378 F.3d 916 (9th Cir. 2004) ................................................................................................... 11

*King v. United States Dist. Court*,
 16 F.3d 992 (9th Cir. 1994) ....................................................................................................... 9

*Liljeberg v. Health Services Acquisition Corp.*,
 486 U.S. 847 (1988) .................................................................................................................. 9

*Lindsey v. United States*,
 532 F. Supp. 2d 144 (D.D.C. 2008) .......................................................................................... 7

*Liteky v. United States*,
 510 U.S. 540 (1994) ........................................................................................................... 10, 12

*McCarthy v. Mayo*,
 827 F.2d 1310 (9th Cir. 1987) ............................................................................................. 3, 13

*Plotkin v. Pacific Telephone and Telegraph Co.*,
 688 F.2d 1291 (9th Cir. 1982) ................................................................................................... 3

*Potashnick v. Port City Constr. Co.*,
 609 F.2d 1101 (5th Cir. 1980) ................................................................................................. 12

*Roger Edwards, LLC v. Fiddes & Son*,
 427 F.3d 129 (1st Cir. 2005) .................................................................................................. 7, 8

*United States v. Alpine Land & Reservoir Co.*,
 984 F.2d 1047 (9th Cir. 1993) ................................................................................................... 3

*United States v. Cooley*,
 1 F.3d 985 (10th Cir. 1993) ..................................................................................................... 11

**TABLE OF AUTHORITIES**
**(continued)**

**Page(s)**

*United States v. High Country Broad. Co.*,
   3 F.3d 1244, 1245 (9th Cir. 1993) .................................................................................. 10

*United States v. Holland*,
   __ F.3d __, 2008 U.S. App. LEXIS 5642
   (9th Cir. Mar. 17, 2008) ...................................................................................... 9, 11, 12

**STATUTES**

28 U.S.C. § 455 ............................................................................................................. 8, 9, 11

28 U.S.C. § 455(b)(4) ............................................................................................................ 12

**RULES**

Fed. R. Civ. P. 11 ........................................................................................................ 6, 8, 11

Fed. R. Civ. P. 60 ..................................................................................................................... 1

Fed. R. Civ. P. 60(b) ...................................................................................................... passim

Fed. R. Civ. P. 60(b)(3) ............................................................................................. 2, 3, 7, 8

Fed. R. Civ. P. 60(b)(6) ............................................................................................. 2, 3, 8, 13

## **INTRODUCTION**

This action—though factually complex because of the maneuvers undertaken by Plaintiff Dongxiao Yue ("Yue," or "Plaintiff") in this case and in the earlier-filed *Netbula, LLC v. Storage Technology Corp.*, Case No. 06-07391 (N.D. Cal.) ("*STK I*")—is actually very straight-forward: Recent, controlling Ninth Circuit authority prohibits parties like Plaintiff from filing successive lawsuits based on the same general set of facts. *See Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684 (9th Cir. 2007), *cert. denied*, 128 S. Ct. 807 (U.S. 2007). Under the ample authority provided by *Adams*, the Court appropriately dismissed this action with prejudice.

Plaintiff evidently disagrees with this ruling, and it will be the subject of his appeal to the Ninth Circuit, notice of which has already been filed. His dissatisfaction, however, is not grounds for a Rule 60(b) motion. Plaintiff has failed to show any error—legal, factual, or otherwise—in the Court's decision to grant Defendants' Motion to Dismiss. But even if Plaintiff could show that mistakes were made, he would not be entitled to relief from the judgment under Rule 60. Rather, Plaintiff must provide *clear and convincing evidence* that the judgment was obtained through fraud, misrepresentation, or other misconduct, and that such conduct prevented him from fully and fairly presenting a defense. Notwithstanding Plaintiff's wild accusations of misconduct, bias, and conspiracy, Plaintiff comes nowhere near meeting this standard.

Plaintiff's accusations of misconduct by opposing counsel are unfounded. The communications he identifies with counsel concerned Plaintiff's *pro se* activities, and did not violate applicable ethics rules. His claims that he received and relied on "legal advice" from defense counsel and that opposing counsel encouraged him to disclose "work product" are not only unsupported, but in fact directly contradicted, by the exhibits Plaintiff submits. His accusation of an *ex parte* communication with the Court in *STK I* also fails, since the conference at issue was attended by counsel for both sides. And his claim that the motion to dismiss was "full of misrepresentations" is simply baseless.

Likewise, Plaintiffs claims of bias by Judge Jenkins are based on rank conjecture and multiple hearsay. His claim that the Judge Jenkins "had an interest in the outcome" of the Motion to Dismiss—because it would purportedly justify the Court's earlier orders—is utterly frivolous.

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Beyond these unsupported allegations and convoluted theories, Plaintiff offers nothing more than complaints about judicial rulings with which he disagrees, and comments by the Court to which Plaintiff took offense—but which were wholly appropriate given Plaintiff's conduct. Judicial rulings alone, and remarks that are critical of or even hostile to parties, do not support a bias or impartially challenge, and Judge Jenkins properly rejected Plaintiff's earlier request for recusal. If Plaintiff disagrees, his proper recourse is to seek an appeal.

Finally, there is no "manifest injustice" arising from the dismissal of Plaintiff's case. The Order granting the motion to dismiss was well-reasoned and in accord with controlling authority. Plaintiff evidently sees things differently, but the law makes clear that a Rule 60(b) motion cannot be a substitute for an appeal. Plaintiff has already noticed his appeal, and there is no "manifest injustice" in requiring him to pursue it.

## ARGUMENT

### I.  HAVING FILED A NOTICE OF APPEAL, PLAINTIFF WAS REQUIRED TO SEEK REMAND BEFORE FILING THE PRESENT MOTION.

At the outset, there is a question as to whether this Court retains jurisdiction over Plaintiff's Rule 60(b) motion now that he has filed a notice of appeal. *See STK II* Docket No. 72. Under *Gould v. Mutual Life Ins. Co.*, 790 F.2d 769 (9th Cir. 1986), "[t]he proper procedure, once an appeal has been taken, is to ask the district court whether it wishes to entertain the [Rule 60(b)] motion, or to grant it, and then move this court, if appropriate, for remand of the case." *Id.* at 772 (internal quotation marks omitted). Plaintiff has not followed this procedure, and therefore his motion need not be considered. *See, e.g.*, *Chaganti v. i2 Phone Int'l, Inc.*, Case No. C-04-987-VRW, 2007 U.S. Dist. LEXIS 66766 (Aug. 30, 2007) (Walker, C.J.) (striking plaintiff's motion brought under Rule 60(b) filed shortly before notice of appeal because court was without jurisdiction to consider it). To the extent the Court considers Plaintiff's motion, it should be denied for the reasons stated below.

### II.  PLAINTIFF'S ATTEMPTS TO REARGUE THE MOTION TO DISMISS UNDER BOTH RULE 60(b)(3) AND RULE 60(b)(6) DO NOT CONSTITUTE GROUNDS FOR RELIEF.

Plaintiff moves under two subsections of Rule 60(b): Rule 60(b)(3), which provides relief

DEFENDANTS' OPPOSITION TO MOTION
FOR RELIEF FROM JUDGMENT                    -2-                    CASE NO. C-07-05850-JW

1  from judgment for "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or
2  misconduct by an opposing party" and Rule 60(b)(6), which permits relief for "any other reason"
3  that justifies it. To prevail under Rule 60(b)(3), "the moving party must prove by clear and
4  convincing evidence that the verdict was obtained through fraud, misrepresentation, or other
5  misconduct and the conduct complained of prevented the losing party from fully and fairly
6  presenting the defense." *De Saracho v. Custom Food Mach., Inc.*, 206 F.3d 874, 880 (9th Cir.
7  2000). Similarly, Rule 60(b)(6) "'has been used sparingly as an equitable remedy to prevent
8  manifest injustice' and 'is to be utilized only where extraordinary circumstances prevented a party
9  from taking timely action to prevent or correct an erroneous judgment.'" *Fantasyland Video, Inc.
10  v. County of San Diego*, 505 F.3d 996, 1005 (9th Cir. 2007) (quoting *United States v. Alpine Land
11  & Reservoir Co.*, 984 F.2d 1047, 1049 (9th Cir. 1993)).

12  Plaintiff does not even come close to meeting this exacting standard. At most, Plaintiff
13  has identified rulings with which he is dissatisfied. This may provide him with an opportunity to
14  appeal, but not relief from a judgment under Rule 60(b). *McCarthy v. Mayo*, 827 F.2d 1310,
15  1318 (9th Cir. 1987); ("Rule 60(b) cannot be used as a substitute for an appeal."); *Plotkin v.
16  Pacific Telephone and Telegraph Co.*, 688 F.2d 1291, 1293 (9th Cir. 1982) (affirming district
17  court's denial of Rule 60(b) motion because "legal error does not by itself warrant the application
18  of 60(b)").

19  **A. Plaintiff's Assertions Regarding Alleged Unethical Conduct Pre-Dating This Lawsuit Do Not Form the Basis of a Claim for Relief from Judgment.**
20

21  Plaintiff begins by claiming Defendants' engaged in "deceptive, prejudicial and unethical
22  conduct[,] as well as [made] misrepresentations to the Court" leading up to the entry of judgment
23  in this action. Motion for Relief at 17:16. This claim is frivolous. His support for this charge is a
24  generalized description of a series of communications between himself and Defendants' counsel
25  culminating in the accusation that counsel had "willfully violated attorney ethics by
26  communicating directly with Yue, based on the communications and legal advices [sic]" from
27  counsel. *Id.* at 16:25-26. Plaintiff has expanded on this charge in his Motion to Disqualify
28  Defense Counsel ("Motion to Disqualify Counsel"), filed the same day as his Motion for Relief

from Judgment. *See STK II* Docket No. 65.

The actual communications between Plaintiff and defense counsel, some of which are attached to the Motion to Disqualify Counsel, and a larger collection of which are attached to the Declaration of Jedediah Wakefield filed in support of Defendants' Opposition to the same, tell a radically different story than the one told by Plaintiff in his Motion for Relief. *See* Motion to Disqualify Exs. A-D; Declaration of Jedediah Wakefield in Support of Opposition to Motion to Disqualify Counsel ("Wakefield DQ Opp. Decl")]. The communications were made to Plaintiff in an adversarial setting, as a last resort, when Plaintiff made clear he was intending to act as a *pro se* litigant. The communications, either directed at Netbula's counsel or copying Netbula's counsel, included unequivocal warnings against filing the present lawsuit, and to seek the advice of qualified counsel before doing so. *See generally* Opposition to Motion to Disqualify Defense Counsel.

Plaintiff claims that, in reliance on communications with Defendants' counsel, he considered Mr. Pulgram "friendly" and "believed that Mr. Pulgram would eventually agree to Yue's full participation in the *Netbula v. SUN* case to assert his copyrights." Motion at 16:15-17, 17:1. But the very communications attached to Plaintiff's declaration made clear that Defendants and their counsel vehemently opposed Plaintiff's attempts to intervene and substitute in the *STK I* case. *See* Declaration of Dongxiao Yue in Support of Motion for Relief from Judgment, Ex. A (e-mail in which Defendants' counsel stated that "[i]t is not appropriate to require Defendants to respond to such a major request for substantive relief – for a preliminary injunction – until after the propriety of your participation in this action is first determined. . . . [A]s you no doubt anticipated, *we oppose your request to intervene and your request to substitute in as a party*"); *id.* Ex. B (e-mail in which Defendants' counsel asked Netbula's counsel to "[p]lease advise Dr. Yue to stop contacting us directly about matters regarding which he is not individually a party").

Whatever Plaintiff subjectively "believed" or "reckoned" as a result of these communications, there is simply no misrepresentation or unethical conduct on which Plaintiff can now seek relief under Rule 60(b). *See generally id.* It is absolutely false that from these communications Defendants drew from Plaintiff "substantive information about Netbula's and

Yue's work-product," as now asserted by Plaintiff (without actually identifying any such work product).  *See generally id.*

Plaintiff next turns to alleged misrepresentations made by Defendants' counsel to the Court during the *STK I* proceedings, culminating in his false claim that on October 31, 2007, defense counsel "enjoyed an *ex parte* telephonic conference with Judge Jenkins."  Motion for Relief at 17:10-11.  Netbula's Motion for Substitution of Party, which would have substituted Dr. Yue as the party-plaintiff in place of Netbula as the copyright claims in *STK I*, was then pending.  *STK I* Docket No. 94 [Order on Various Administrative Motions at 2:18-20].[1]  Netbula, however, as the only plaintiff in *STK I*, *was represented by counsel at this conference*.  *STK I* Docket No. 94 [Order on Various Administrative Motions at 1:1-2].  Again, there was no *ex parte* communication, and misrepresentation or other unethical conduct by Defendants or Defendants' counsel, with respect to this conference call.

**B.    Plaintiff's Assertions Regarding Alleged Misrepresentations in Defendants' Motion to Dismiss, and His Attempts to Reargue the Dismissal of This Action, Also Do Not Form the Basis of a Claim for Relief from Judgment.**

Plaintiff next argues that "SUN's motion to dismiss was full of misrepresentations of both law and fact."  Motion for Relief at 17:17.  He purports to identify four such misrepresentations, but he actually offers none.  Specifically, Plaintiff claims the following:

- He refers to a table included in Defendants' Motion to Dismiss "showing the similarities" between *STK I* and *STK II*.  Yet he does not dispute that these similarities existed, and instead merely argues that "the dissimilarities are what mattered."

- He refers to Defendants' argument "that 'actual [copyright] registration—not just a pending application—is a prerequisite to filing suit,'" but that Defendants' "omitted that in this judicial district, it was well established that one could file a lawsuit with a pending application."  But this alleged "misrepresentation" is a purely legal argument, for which Defendants had ample legal support.

- He claims that Defendants' argument that Plaintiff was "virtually represented" by his company Netbula in the earlier *STK I* action was inconsistent with other Ninth Circuit precedent—again, a legal argument that at most would constitute grounds for appeal, not a fraudulent misrepresentation justifying relief from a final judgment;

- He disagrees with Defendants' statement that "Netbula's counsel admitted that this assignment [between Plaintiff and his company] was motivated at least in part by

---

[1] The Motion for Substitution was ultimately denied (without prejudice) in light of the substantial authority cited by Defendants in opposition.  *STK I* Docket Nos. 82, 111.

DEFENDANTS' OPPOSITION TO MOTION FOR RELIEF FROM JUDGMENT     -5-     CASE NO. C-07-05850-JW

[Plaintiff's] desire to pursue Netbula's infringement claims *pro se*," claiming that "Netbula's former counsel made no such statement." In fact, she did, in discussions with defense counsel, and in open court.

*Id.* at 17:17-18:20. None of Defendants' statements identified above were false or misleading. Defendants' Motion to Dismiss correctly stated the standard for duplicativeness under *Adams*, correctly stated the standard for "virtual representation" reiterated in *Adams*, and cited numerous authorities (including from the Northern District of California) holding that the applicable copyright statutes compel the conclusion that a copyright registration—not just an application—is a prerequisite to filing suit.[2] *See generally* Docket No. 35 [Motion to Dismiss].

Moreover, Plaintiff's assertion that Netbula's former counsel, Vonnah M. Brillet, made no statement that the assignment between Plaintiff and Netbula was motivated at least in part by Plaintiff's desire to pursue Netbula's infringement claims *pro se* is simply false. Counsel's statement is right there in record to which Defendants cited in their Motion to Dismiss:

**MS. BRILLET:** ONE OF THE QUESTIONS DEFENDANTS HAD, ONE OF THE ISSUES THEY HAD, WAS THAT MR. YUE DID NOT OWN THE COPYRIGHTS, THAT IT WAS NETBULA. AND SINCE WE SAW THAT WAS AN ISSUE, THAT'S WHEN MR. YUE DECIDED TO GO AHEAD AND TRANSFER INTEREST, SINCE HE, ESSENTIALLY, IS NETBULA. HE'S THE OWNER – I'M SORRY – THE ONLY DIRECTOR OF NETBULA, HE TRANSFERRED INTEREST FROM NET[BULA], LLC TO HIMSELF.

**THE COURT:** AND THAT ACCOMPLISHES WHAT?

**MS. BRILLET:** WELL, FOR ONE, SINCE IT WOULD HAVE BEEN AN ISSUE –

---

[2] This final point, regarding Defendants' argument with respect to the necessity of a registration before a copyright plaintiff can file suit in federal court, merits further discussion. In the earlier case of *Netbula, LLC v. BindView Development Corp.*, Case No. 06-0711-MJJ-WDB (N.D. Cal.) ("*BindView*"), Netbula, at Plaintiff's direction, filed a Rule 11 Motion against defendants in that case. *See BindView* Docket No. 103. Netbula's Rule 11 Motion argued that, *inter alia*, that defendants there had frivolously asserted that copyright registration was a prerequisite to filing a federal copyright lawsuit, citing both of the authorities Plaintiff cites in his Rule 60(b) motion. *See* Rule 11 Motion at 12:13:14-15. Magistrate Judge Chen ultimately denied the Rule 11 Motion and ordered *Netbula* to pay *defendants* $20,000 in attorneys' fees. *BindView* Docket No. 193. In so ordering, Magistrate Judge Chen dismissed the argument Plaintiff makes here, noting that "there is case law supporting Defendants' contention that a party has no right to sue for copyright infringement the copyright registration actually issues." *Id.* at 3:21-4:3 (citing *Brush Creek Media, Inc. v. Boujakian*, No. C-02-3491 EDL, 2002 U.S. Dist. LEXIS 15321, *5-*11 (N.D. Cal. Aug. 19, 2002)). That Plaintiff recycles an argument that has already been the subject of stern rebuke from the Court is, unfortunately, indicative of his approach to litigation.

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**THE COURT:**   SINCE HE IS NETBULA, NETBULA IS NOT GOING OUT OF EXISTENCE, IS IT?

**MS. BRILLET:**   NO, IT IS NOT.  BUT **HE DOES WANT TO – HE DOES WANT TO APPEAR PRO SE**, ALTHOUGH THAT IS NOT THE PRIMARY REASON FOR DOING THIS.  TWO, IT WOULD STREAMLINE THE PROCESS, AS WE DID STATE IN OUR PAPERS –

**THE COURT:**   HE WANTS TO FILE A MOTION TO AMEND, RIGHT.

*STK I* Docket No. 139 [Transcript of November 20, 2007 Hearing at 10:21-11:14 (emphases added)]; *see also* Motion to Dismiss at 9:22-25 (citing Transcript at 11:9-10)].  Defendants cannot help but note the irony of one party claiming a "misrepresentation" under Rule 60(b)(3) by so flatly denying the existence of statements that were made on the record.[3]

Plaintiff, in any event, misses a larger point:  Even if Defendants' alleged arguments were legally wrong or factually erroneous (which they are not), they still would not establish grounds for relief under Rule 60(b)(3).  Plaintiff's argument reflects nothing more than his disagreement with the positions set forth by Defendants in their moving papers.  But as explained in *Lindsey v. United States*, 532 F. Supp. 2d 144 (D.D.C. 2008), allegedly erroneous legal arguments are not grounds for relief under Rule 60(b)(3).  *Id.* at 146-47; *see also Roger Edwards, LLC v. Fiddes & Son*, 427 F.3d 129, 137 (1st Cir. 2005) (same).

The rationale for this rule is that relief under Rule 60(b)(3) is available only where the "conduct complained of prevented the losing party from fully and fairly presenting the defense." *De Saracho v. Custom Food Mach., Inc.*, 206 F.3d 874, 880 (9th Cir. 2000).  Plaintiff had an opportunity to present arguments in opposition to Defendant's motion to dismiss, and did so, through counsel.  *STK II* Docket No. 43.  Had Plaintiff's counsel disagreed with the positions taken by Defendants, or agreed with the positions now asserted by Plaintiff in his Rule 60(b) motion, she could have done so.  On this point, *Roger Edwards* is instructive.  Addressing similar alleged misrepresentations claimed under Rule 60(b), the court noted that "[w]hatever the accuracy of [the alleged misrepresentation], it is in essence the assertion of a *legal* position, and

---

[3] Netbula's counsel had previously advised Defendants that the substitution motion in *STK I* was motivated by Yue's desire to appear pro se.

DEFENDANTS' OPPOSITION TO MOTION FOR RELIEF FROM JUDGMENT   -7-   CASE NO. C-07-05850-JW

[plaintiff's] counsel was free to consult the law books and (subject, of course, to the strictures of Fed. R. Civ. P. 11) assert the contrary." 427 F.3d at 137 (emphasis in original; rejecting claim for relief under Rule 60(b)(3)).  In such circumstances, a party cannot claim that it was prevented from presenting its defense, as required under the Rule—it could always present its counterarguments in its opposition papers.  *Id.*

### III.  PLAINTIFF'S CLAIMS FOR RELIEF UNDER RULE 60(b)(6) DO NOT CONSTITUTE GROUNDS FOR RELIEF.

As discussed above, Rule 60(b)(6) is used sparingly to prevent "manifest injustice" and "only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Fantasyland Video*, 5050 F. 3d at 1005.  Plaintiff fails to meet this standard.

Plaintiff makes two arguments (either explicitly or implicitly) under Rule 60(b)(6).  First, he claims that assigned judge, the Honorable Martin J. Jenkins, should have recused himself under 28 U.S.C. § 455.  Motion for Relief at 19:10-21:13.  Tracking the language of the Rule 60(b)(6) standard, he also claims the dismissal of his case qualifies as a "manifest injustice." *Id.* at 21:24-25:21.  Again, neither argument comes close to establishing a basis for relief.

#### A.  Plaintiff's Spurious Attacks on Judge Jenkins's Impartiality Are Not Grounds for Relief.

On December 17, 2007, Plaintiff filed a letter with the Court in both the *STK I* and *STK II* cases, suggesting that Judge Jenkins recuse himself because of purported "bias and antagonism." *See STK I* Docket No. 129; *STK II* Docket No. 11.  Even in the absence of any formal affidavit or motion, Judge Jenkins considered the letter and denied the request, on its merits, in a formal order.  *See STK I* Docket No. 142 [Order Denying Request for Disqualification].[4]  Specifically, the Court found that Plaintiff's contentions "are not substantiated and meritorious," and that his actions with respect to Plaintiff were the product "of the panoply of legal rules, precedent and relevant case management concerns governing the myriad issues raised by [Plaintiff's] conduct."

---

[4] Though the letter was captioned according to the *STK II* case, the Court's order was entered in the *STK I* Docket.

DEFENDANTS' OPPOSITION TO MOTION FOR RELIEF FROM JUDGMENT     -8-     CASE NO. C-07-05850-JW

1    *Id.* at 4:8-9, 4:26-5:1.[5]

2    As an initial matter, Plaintiff is not entitled to reargue the merits of the Court's denial of his request for recusal in the guise of a Rule 60(b) motion. Denials of recusal motions, like other interlocutory orders, are subject to appeal following judgment. *See King v. United States Dist. Court*, 16 F.3d 992, 996 (9th Cir. 1994) (Reinhardt, J., concurring) (denial of motion for recusal subject to plenary review on appeal); *see also United States v. Holland*, __ F.3d __, 2008 U.S. App. LEXIS 5642, at *4 (9th Cir. Mar. 17, 2008) (noting that even "[f]ailure to move for recusal at the trial level . . . does not preclude raising on appeal the issue of recusal under § 455" (internal quotation marks omitted)). The case cited by Plaintiff, *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847 (1988), is not to the contrary. There, the question specifically presented was "whether relief is available under Rule 60(b) when . . . a violation [of Section 455] *is not discovered until after the judgment has become final*." *Id.* at 858 (emphasis added). In *Liljeberg*, the appellant did not learn of the basis for recusal (the presiding judge's financial interest in the outcome of the case) until 10 months after judgment had been entered. *Id.* at 850. Here, on the other hand, Plaintiff was actually aware of the purported bases for seeking recusal during the pendency of the action, and actually sought recusal. There is no "manifest injustice" or in forcing Plaintiff to take his appeal as any other litigant who suffers an adverse ruling, nor is Plaintiff "prevented . . . from taking timely action to prevent or correct" a judgment he perceives to be erroneous.

   In any event, Judge Jenkins was absolutely correct in denying Plaintiff's request for recusal. Much of Plaintiff's argument revolves around orders entered by Judge Jenkins related to Dr. Yue's repeated, unsuccessful efforts to replace Netbula as party-plaintiff in *STK I*, in direct contravention of well-established federal law prohibiting "*any* circumvention of the rule [against lay representation of a corporation's claims] by the procedural device of an assignment of the corporation's claims to the lay individual." *Bell v. S. Bay European Corp.*, 486 F. Supp. 2d 257,

---

[5] On March 18, 2008, two weeks after judgment was entered in this action, Plaintiff filed a formal Motion for Disqualification of Assigned Judge. *See* Docket No. 58 [Motion for Disqualification of Assigned Judge]. He noticed no hearing date for this motion, so it remains in limbo.

DEFENDANTS' OPPOSITION TO MOTION FOR RELIEF FROM JUDGMENT    -9-    CASE NO. C-07-05850-JW

259 (S.D.N.Y. 2007) (internal quotation marks omitted; emphasis added); *see also United States v. High Country Broad. Co.*, 3 F.3d 1244, 1245 (9th Cir. 1993) (denying motion to intervene brought by sole shareholder, even assuming that he had satisfied the requirements of intervention as a matter of right).

Such orders do not establish a basis for recusal. As stated by the Supreme Court,

> judicial rulings alone almost never constitute a valid basis for a bias or partiality motion. Almost invariably, those are proper grounds for appeal. Second, opinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, *or of prior proceedings*, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible. Thus, judicial remarks during the course of a trial that are critical or disapproving of, or even hostile to, counsel, the parties, or their cases, ordinarily do not support a bias or partiality challenge.

*Liteky v. United States*, 510 U.S. 540, 555 (1994) (emphasis added). Viewed in context, the orders issued by Judge Jenkins were entirely appropriate. To reiterate: Plaintiff's company, Netbula, was the only plaintiff in *STK I*, and could be represented only through counsel. Netbula, through counsel, moved to substitute Plaintiff as the party-plaintiff as to the copyright claims pending in that case on the basis of a collusive assignment of claims from Netbula to Plaintiff. *See STK I* Docket No. 56 [Motion for Substitution of Party]; *STK I* Docket No. 57 [Declaration of Vonnah M. Brillet in Support of Motion for Substitution of Party ¶ 2 & Ex. A (attaching purported assignment between Plaintiff and his company, Netbula)]. This motion to substitute was denied, without prejudice, in light of the substantial authority offered by the *STK I* Defendants in opposition. *See STK I* Docket No. 82 [Opposition to Motion for Substitution of Parties]; *STK I* Docket No. 111 [Minute Order]. Netbula, at all times represented by counsel, did not appeal that order or seek to renew it. Netbula, in short, has remained the only plaintiff in *STK I*.

Plaintiff's various *pro se* submissions to the Court in *STK I* attempted to achieve what the law forecloses—to allow him to present claims that should have been brought, if at all, through Netbula and through counsel. Judge Jenkins acted entirely properly in managing his docket, preserving orderly resolution of the issue raised in Netbula's Motion for Substitution, and to prevent an end-around of clearly-established federal law requiring representation of fictitious business entities only through counsel. *See, e.g.*, Order Denying Request for Disqualification at

4:16-17 ("[T]he Court admonished Yue for his attempted intervention in a case in which he was not authorized by law, not granted permission, to represent, as a *pro se* litigant, the rights of Netbula, a corporation."). Plaintiff offers nothing to suggest the "deep-seated favoritism or antagonism" required under Section 455. Indeed, under Plaintiff's theory, any litigant who files a series of procedurally and substantively deficient motions could seek recusal when they are appropriately turned down. This is obviously not the law. *See, e.g.*, *United States v. Holland*, __ F.3d __, 2008 U.S. App. LEXIS 5642, at *13 (9th Cir. Mar. 17, 2008) (Section 455 requires consideration of "all the relevant facts" and examination of "the record and the law"); *In re Focus Media, Inc.*, 378 F.3d 916, 931 (9th Cir. 2004) (affirming denial of recusal motion, because "[t]o the extent the bankruptcy judge treated [appellant] with disapproval, she did so by of adverse rulings and – a reasonable observer would conclude – because of her view that [appellant's] claims tended to lack merit").

Plaintiff makes other points, equally frivolous.[6] He complains that Judge Jenkins's actions were the result of a blog written by Plaintiff in which he commented on Magistrate Judge Chen following the adverse ruling Judge Chen issued on Netbula's Motion for Rule 11 Sanctions. *See* Motion for Relief at 6:3-8. He substantiates this with nothing but speculation and multiple hearsay, essentially claiming that he heard from a lawyer who heard from a Judge that he heard (from someone) that Judge Jenkins was offended. *See* Declaration of Dongxiao Yue in Support of Motion for Relief from Judgment ("Yue Decl.") ¶ 7. Such base speculation does not form the basis of recusal. *See United States v. Cooley*, 1 F.3d 985, 993 (10th Cir. 1993) ("[r]umor, speculation, beliefs, conclusions, innuendo, suspicion, opinion, and similar non-factual matters" do not ordinarily form the basis of recusal), *quoted with approval in Holland*, 2008 U.S. App. LEXIS 5642, at *11-*12 n.5. In any event, Plaintiff's criticism of a prior court order does not require recusal. *See Cooley*, 1 F.3d at 994 ("baseless personal attacks on or suits against a judge by the party" do not form the basis of recusal motions), *quoted with approval in Holland*, 2008

---

[6] Plaintiff has argued his position with respect to Judge Jenkins's purported bias to the Ninth Circuit, to Congress, and, most recently, at the hearing on Judge Jenkins's appointment to the California Court of Appeals. His complaints have been met with a collective yawn—further indication of their frivolity.

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1  U.S. App. LEXIS 5642, at *11-*12 n.5.  Judge Jenkins himself refused the suggestion that he

2  should recuse himself on the basis of this blog outright.  Order Denying Request for

3  Disqualification at 4:10-14.

4        Plaintiff also argues that Judge Jenkins "had an interest in the outcome of the Motion to

5  Dismiss" because it would purportedly justify his earlier orders in the *STK I* case, and therefore

6  was required to recuse himself.  Motion for Relief at 21:12-16.[7]  But this tortured logic would

7  mandate recusal (and relief from a final judgment) in virtually any case in which a losing party

8  claimed that the court made an erroneous earlier ruling.  While non-economic interests might

9  sometimes be sufficient to establish an "interest" within the meaning of the statute, *see*

10  *Potashnick v. Port City Constr. Co.*, 609 F.2d 1101, 1113 (5th Cir. 1980), Defendants are not

11  aware of any case remotely suggesting Plaintiff's convoluted theory of "interest."  Plaintiff offers

12  none.  At its core, this is nothing more than a further argument that Judge Jenkins's rulings

13  against him are sufficient evidence of bias.  Again, this is not the case.  *Liteky*, 510 U.S. at 555.[8]

14        Both procedurally and substantively, Plaintiff's argument regarding Judge Jenkins's

15  purported bias fails miserably.  Indeed, Plaintiff has already argued his position with respect to

16  Judge Jenkins's purported bias to the Ninth Circuit, to Congress, and, most recently, at the

17  hearing on Judge Jenkins's appointment to the California Court of Appeals.  His complaints have

18  been met with a collective yawn—a further indication of their baseless nature.

19      **B.    There Is No "Manifest Injustice" in Requiring Plaintiff to Seek an Appeal of an Order He Finds Erroneous.**

20

21        Plaintiff's brief ends with more argument about why he believes the Court's order on

22

---

23  [7] 28 U.S.C. § 455(b)(4) provides for disqualification when a judge "knows that he, individually or as a fiduciary, or his spouse or minor child residing in his household, has a financial interest in
24  the subject matter in controversy or in a party to the proceeding, or any other interest that could be substantially affected by the outcome of the proceeding."
25  [8] Plaintiff further claims that Judge Jenkins evidenced bias by "coach[ing]" Defendants' counsel.  Motion for Relief at 19:27-20:1; Yue Decl. ¶ 26.  Even in the truncated version offered by
26  Plaintiff, this exchange suggests nothing other than the normal give-and-take between litigant and judge at a hearing, in which a judge asks questions or tests thoughts derived from the papers
27  already submitted to the court to the parties.  The full transcript is in the docket, and it speaks for itself.  *See STK I* Docket No. 139 [Transcript of Proceedings Held November 20, 2007, at 15:5-
28  6:11].

DEFENDANTS' OPPOSITION TO MOTION FOR RELIEF FROM JUDGMENT     -12-    CASE NO. C-07-05850-JW

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1  Defendants' motion to dismiss was wrong, and that this somehow results in a "manifest
2  injustice." Motion for Relief at 21:24-25:21. This argument merits almost no further discussion.
3  As already discussed, Rule 60(b) is not a substitute for appeal. *McCarthy v. Mayo*, 827 F.2d at
4  1318**.** In the context of a Rule 60(b)(6) claim, requiring "extraordinary circumstances" and a
5  "manifest injustice," his attempt to relitigate the motion to dismiss is especially inconsequential.
6  Plaintiff can test his arguments in the course of his appeal, which he has already noticed. *See*
7  *STK II* Docket No. 72. There is no injustice in requiring a party to appeal a judgment against it.[9]

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that Plaintiff's Motion for Relief from Judgment Pursuant to Fed. R. Civ. P. 60(b) be denied.

Respectfully submitted,

Dated: April 9, 2008

FENWICK & WEST LLP

By: /s/ Jedediah Wakefield
Jedediah Wakefield

Attorneys for Named Defendants
SUN MICROSYSTEMS, INC.,
MICHAEL MELNICK, JULIE DECECCO,
MICHAEL P. ABRAMOVITZ,
LISA K. RADY, and JONATHAN SCHWARTZ

25689/00405/LIT/1283368.5

---

[9] The only item of any note with respect to this last section of Plaintiff's brief is the several-page chart he presents purporting to show the differences between this case and the earlier *STK II* case and presumably thereby undermine the Court's conclusion that the two cases arise from the same transactional nucleus of facts. *See STK II* Docket No. 51 [Order Granting Motion to Dismiss at 5:13-15 ("[T]he most important criteria in determining if the two actions present the same causes of action is whether the two actions arise out of the same transactional nucleus of facts. Here, they most certainly do.")]. It is notable, however, only for its suggestion that the items listed therein were not considered in the summary judgment order disposing of the copyright claims in *STK I*, when, in fact, many of the items are pulled directly from the declaration prepared by Plaintiff in support of Netbula's opposition to the motion for summary judgment. *See STK I* Docket No. 102. These items were considered by the Court, which ruled that such extrinsic evidence "did not illuminate the meaning of the contract at the time of contracting." *STK I* Docket No. 138 [Order Granting Motion for Summary Judgment at 11:5-21].

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO