DONGXIAO YUE
2777 ALVARADO ST., SUITE C
SAN LEANDRO, CA 94577
Telephone: (510) 396-0012
Facsimile: (510) 291-2237
E-Mail: ydx@netbula.com

*Pro Se*

FILED
APR 17 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONGXIAO YUE,<br><br>    Plaintiff,<br><br>v.<br><br>Storage Technology Corporation, et al.,<br><br>    Defendants.<br>--------------------------------------------<br>DONGXIAO YUE,<br><br>    Plaintiff,<br><br>v.<br><br>Chordiant Software, Inc., et al., | Case Nos. C07-05850-JW<br>C08-0019-JW<br><br>**DECLARATION OF DONGXIAO YUE IN SUPPORT OF REPLY BRIEF FOR MOTION TO DISQUALIFY DEFENSE COUNSEL**<br><br>[Civil Local Rule 11-4, 11-6]<br><br>Date: June 9, 2008<br>Time: 9:00 AM<br>Dept: 8, 4th Floor<br>Judge: Honorable James Ware |

I, DONGXIAO YUE, declare:

1.    I am the *pro se* plaintiff in the above captioned cases. I make this declaration in support of the motion to disqualify defense counsel Fenwick & West, LLP ("Fenwick").

-1-

| Case Nos. C07-05850-JW, C08-0019-JW | DECLARATION IN SUPPORT OF MOTION TO DISQUALIFY DEFENSE COUNSEL |

2. I have personal knowledge of the facts I am about to state and, if called on to do so, I could competently testify to those facts.

3. I developed the PowerRPC software suite beginning in 1994. I founded Netbula, LLC ("Netbula") in July 1996 to market PowerRPC. I did not transfer the copyrights in the code I authored before July 1996 to Netbula. Around 1999, I created the JavaRPC software.

4. In 2002, Netbula sued Distinct Corporation ("Distinct") for infringement of the PowerRPC and Netbula marks in the Northern District of California. Distinct offers products that compete with PowerRPC and JavaRPC. Distinct later counter-claimed against Netbula.

5. In November 2002, Netbula and Distinct held an Early Neutral Evaluation ("ENE") session at the office of Fenwick & West, LLP. An attorney named Claude Stern at Fenwick served as the Early Neutral. Netbula submitted confidential information about PowerRPC and JavaRPC to Claude Stern. I talked to Claude Stern about PowerRPC and JavaRPC, in confidence, in the ENE session.

6. In 2003, Connie L. Ellerbach, a partner at Fenwick, sent me a certified letter about Netbula's use of the JavaRPC product name, alleging that JavaRPC infringed the Java mark owned by Sun Microsystems, Inc. ("SUN").

7. I did not pay attention to the name of the law firm – "Fenwick & West" – in the ENE session with Mr. Stern nor on the letter sent by Ms. Ellerbach.

8. In January 2006, Netbula filed a copyright infringement action against Symantec Corporation ("Symantec"), BindView Development Corporation, et al (Case No. C06-0711-MJJ, the "*Symantec* case"), alleging the infringement of PowerRPC copyright.

-2-

Case Nos. C07-05850-JW, C08-0019-JW       DECLARATION IN SUPPORT OF MOTION
                                          TO DISQUALIFY DEFENSE COUNSEL

9. In December 2006, Netbula filed another copyright action against Storage Technology Corporation ("StorageTek"), Sun Microsystems, Inc. ("SUN") et al. (Case No. C07-07391-MJJ, the "*Netbula v. SUN* case") alleging infringement of PowerRPC copyright.

10. Fenwick partners Mr. Jedediah Wakefield, Mr. Laurence Pulgram and other Fenwick attorneys represent both the Symantec defendants and SUN defendants.

11. In the *Netbula v. Symantec* case, defendants made the following document request:

> **DOCUMENT REQUEST NO. 22**
> All DOCUMENTS CONCERNING alleged copyright infringement by NETBULA, including but not limited to DOCUMENTS CONCERNING accusations by DISTINCT that NETBULA was engaged in copyright infringement, as set forth in Paragraph 13 of Defendant Distinct Corporation's Supplemental Counterclaims, *Netbula, LLC v. Distinct Corp.*, Case No. C-02-1253-JL (N.D. Cal.).
>
> Dated: October 12, 2006              FENWICK & WEST LLP
>
>                                      By: _____
>                                              Jedediah Wakefield

12. In response to the above Document Request, Netbula produced a letter sent by Distinct. On March 9, 2007, Mr. Wakefield wrote a letter to Netbula's former counsel Ms. Vonnah M. Brillet which stated the following on page 3 of that letter:

> Conversely, Request No. 22 seeks documents related to third parties' assertions of copyright infringement against Netbula. In response to this request, Netbula has produced a single document, a letter sent by counsel for Distinct Corporation ("Distinct") alleging that PowerRPC infringed Distinct's copyright and demanding that Netbula confirm that it will stop distributing its product. NB3670-71. Presumably, Netbula responded to this letter in some fashion, but it has not produced any other documents.

-3-

Case Nos. C07-05850-JW, C08-0019-JW    DECLARATION IN SUPPORT OF MOTION
                                        TO DISQUALIFY DEFENSE COUNSEL

Attached Exhibit A is a true copy of pages 1 and 3 of the letter.

13. At the end of June 2007, Mr. Wakefield deposed me as a witness in the *Netbula v. Symantec* case and showed surprising level of knowledge of the *Netbula - Distinct* dispute.

14. Sometime after the deposition, I was flipping through some old files, and saw the Fenwick & West logo. It was a letter from Fenwick about the *Netbula - Distinct* ENE session. Only then, I realized that Claude Stern, Connie L. Ellerbach, Mr. Wakefield and Mr. Pulgram all belonged to the same law firm.

15. I stated the following in a declaration filed on July 31, 2007 in the *Netbula v. Symantec* case:

> The first ADR conference for that [*Netbula v. Distinct*] case, an ENE session, was held at Fenwick & West LLP. In the instant case, defendants compelled Netbula to produce all documents for that case. In my deposition, defense counsel fully deposed me on that dispute.

16. On March 17, 2008, I sent the following message to Mr. Wakefield, Mr. Pulgram and other Fenwick attorneys:

> In the Netbula v. Distinct case, Netbula accused Distinct of trademark infringement... An attorney at Fenwick & West acted as an early neutral evaluator in that case. Netbula submitted confidential settlement documents to that Fenwick attorney. I also recall talking to that Fenwick attorney about JavaRPC, in confidence. Now, on behalf of SUN, you counter-claimed against me for trademark infringement on the ground that I used the JavaRPC name. I think Fenwick should disqualify itself from the trademark case because it has previously received confidential information on related matters.

17. On April 16, 2008, I did some online research and found that Mr. Jed Wakefield and Mr. Claude Stern worked closely on intellectual property cases. A Fenwick web page states the following:

-4-

Case Nos. C07-05850-JW, C08-0019-JW    DECLARATION IN SUPPORT OF MOTION TO DISQUALIFY DEFENSE COUNSEL

> Led by partner Claude Stern and backed by associates Jed Wakefield...,
> Fenwick & West's team secured a victory that will enable Critical Path to
> maintain its position as a leader in Internet messaging infrastructure and
> services.

See http://www.fenwick.com/pressroom/5.1.1.asp?mid=118&loc=SD.

18. Since October 25, 2007, Mr. Laurence Pulgram sent me numerous emails about the *Netbula v. SUN* (C06-07391-JW), *Yue v. SUN* (C07-05850-JW) and the *Yue v. Chordiant Software, Inc.* (C08-0019-JW) cases. Exhibit B is the collection of emails referenced in the Reply Brief.

19. After Ms. Vonnah M. Brillet, Netbula's former counsel, saw the email messages from Mr. Laurence Pulgram, she asked me what was going on. She stated that Mr. Pulgram willfully violated attorney ethics. Ms. Brillet informed me that she later had a telephone conversation with Mr. Pulgram and Mr. Wakefield, raising concerns about such direct communications.

20. On December 6, 2007, I had a telephone conversation with Mr. Wakefield via speaker phone in Ms. Brillet's office. That conversation was about my *pro se* Petition for Writ of Mandamus at the Ninth Circuit. On December 10, 2007, Mr. Wakefield described the conversation in a declaration filed with the Court (Docket No. 127 of the C06-07391 case).

I declare under penalty of perjury of the laws of the State of California and the federal laws that forgoing declaration is true and correct to the best of my knowledge. This declaration was executed in San Leandro, California, on April 17, 2008.

_____
DONGXIAO YUE

-5-

Case Nos. C07-05850-JW, C08-0019-JW    DECLARATION IN SUPPORT OF MOTION
                                        TO DISQUALIFY DEFENSE COUNSEL

# EXHIBIT A

Case 5:07-cv-05850-JW   Document 85   Filed 04/17/2008   Page 6 of 17

**FENWICK & WEST LLP**

555 CALIFORNIA STREET, 12TH FLOOR   SAN FRANCISCO, CA 94104
TEL 415.875.2300   FAX 415.281.1350   WWW.FENWICK.COM

March 9, 2007

JEDEDIAH WAKEFIELD

EMAIL JWAKEFIELD@FENWICK.COM
DIRECT DIAL (415) 875-2331

**VIA E-MAIL (BrilletLaw@yahoo.com)**
      **CONFIRMATION VIA U.S. MAIL**

Vonnah M. Brillet
Law Offices of Vonnah M. Brillet
2777 Alvarado Street, Ste. E
San Leandro, CA 94577

      Re:    **Netbula, LLC v. BindView Development Corp. *et al.*,**
              **Case No. C-06-00711-MJJ-WDB (N.D. Cal.)**

Dear Ms. Brillet:

      As you know, the Court's February 14 Order granting Defendants' Motion to Compel required Netbula "to produce all responsive, and unprivileged documents" by February 28. *See* Order, at p.1:22-23 (emphasis in original). We have now had an opportunity to conduct an initial review of Netbula's production of documents – a review that was impeded by Netbula's insistence of producing documents in a difficult-to-use format. Based on this review, it is evident that Netbula has failed to comply with the Court's Order in several material respects. Unless the points below are immediately addressed, we will move for appropriate sanctions for Netbula's continuing discovery violations and contempt of the Court's Order.

**I.**    **Netbula Has Failed to Provide the Relevant Code as Required**

      Requests Nos. 2 and 3 request copies of the relevant Netbula products in the format they were distributed to the public as well as the source code for these products. Netbula has completely failed to respond to these requests.

      First, Netbula has not produced any copies of the relevant Netbula products as they were released to the public. Netbula's index of its response to this request simply directs Defendants to a "hexadecimal print out of pwrrpc32.dll sent to Netect, Ltd." *See* Index p.4:18; BV0764-810.[1] Quite obviously, this is not the format in which any of Netbula's customers received products that they licensed from Netbula. We have asked for, and are entitled to receive, Netbula's code. Furthermore, this printout does not even purport to be the entire version of any

---

[1] This document also appears to be part of a copyright registration application submitted by Netbula, the full contents of which have not otherwise been produced in response to a request that clearly calls for them. We also note that this document has been designated "Attorneys' Eyes Only" (AEO) – if this material was in fact submitted to the Copyright Office without proper confidentiality designations, it is publicly available information for which such designation is inappropriate.

Vonnah M. Brillet
March 9, 2007
Page 3

to show amounts owed by an entity called Weatherford. BV0906-07. It has not produced similar documents for its other purported customers.[5]

### III. Netbula's Copyright Registrations and Intellectual Property Enforcements/Disputes

Document Request No. 5 seeks information regarding Netbula's copyright registrations and enforcement of its intellectual property. In response to this request, Netbula has submitted what purports to be an application for copyright in PowerRPC. However, this is not the application that was ultimately the basis for the registration that is attached to Netbula's complaint. *Compare* BV3409-10 *with* First Amended Complaint ¶ 21 & Exh. A (different material in Sections 7-9). Thus it appears Netbula has withheld documents concerning the copyright registration on which it has sued – a clear violation of the Court's order.[6] Further, it has come to our attention that Netbula has sought copyright registrations since filing its complaint, including a registration for "Netbula PowerRPC32.dll 00-SDK-STK" and "JavaRPC." Documents related to both registrations should have been produced, but have not.

Document Requests Nos. 6 and 14 seek documents related to Netbula's enforcement of its intellectual property rights. In response, Netbula has produced a total of three completed audit requests and a handful of unsigned and undated audit request forms. There is no indication that any of these were actually sent, received, or returned. Also, with the exception of some materials concerning the StorageTek dispute,[7] Netbula has not produced any documents regarding its enforcement of its intellectual property rights (such as demand letters or complaints). Nor does Netbula appear to have produced any documents in support of its assertion that the "free downloads" it offers from its website protect against redistribution or unlimited use of, the entire product, or components thereof.

Conversely, Request No. 22 seeks documents related to third parties' assertions of copyright infringement against Netbula. In response to this request, Netbula has produced a single document, a letter sent by counsel for Distinct Corporation ("Distinct") alleging that PowerRPC infringed Distinct's copyright and demanding that Netbula confirm that it will stop distributing its product. NB3670-71. Presumably, Netbula responded to this letter in some fashion, but it has not produced any other documents. Please confirm that no such documents exist. Furthermore, the document request was not limited to Netbula's dispute with Distinct, and we ask that you confirm that there are no responsive documents relating to other parties.

---

[5] In addition, though it appears that for long periods of its history Netbula has provided demo versions and free downloads of many of its products, including those containing the pwrrpc32.dll file at issue, it has not provided any license agreements governing the use of such products.

[6] Additionally, we note that this document contains redactions. Please advise if these redactions appear in what was actually submitted to the Copyright Office, and if not, submit the complete unredacted material.

[7] It also appears that Netbula has failed to produce many documents concerning its communications with StorageTek, yet another example of Netbula's failure to fully respond to the requests.

# EXHIBIT B

RE: PDF files for Dongxiao Yue's motion for injunctive relief ; charset=us-ascii                Page 1 of 4

   

Reply | Reply All | Forward

**RE: PDF files for Dongxiao Yue's motion for injunctive relief**

**Sender:** "Laurence Pulgram" <LPulgram@Fenwick.com>
**Recipient:** <ydx@netbula.com>
**Copy to:** "Jedediah Wakefield" <JWakefield@Fenwick.com>, "Albert Sieber" <ASieber@Fenwick.com>, "Liwen Mah" <LMah@fenwick.com>, <yuedongxiao@gmail.com>, <brilletlaw@yahoo.com>, <yuedongxiao@gmail.com>
**Time:** Thu, 25 Oct 2007 13:01:24 -0700

Mr. Yue,

Your e-mail below was received.

We continue to believe that your entire filing of the Motion to Intervene and for Preliminary Injunction was untimely. When you do not efile (which results in immediate electronic service), you must serve in accordance with the rules, which requires additional days be added for any filing other than by hand delivery. You did not comply. We received your entire filing only two days after the due date for hand service.

In any event, we believe that because you are not a party to the Netbula v. Storage Tek matter, because Netbula has not moved for a preliminary injunction, and because your motion is almost a year after the unsuccessful request for a TRO, it is not appropriate to require Defendants to respond to such a major request for substantive relief--for a preliminary injunction--until after the propriety of your participation in this action is first determined. I would also note that, apart from your reliance on an asserted presumption of irreparable harm (which is not applicable here), you have provided no explanation of any injury that you would face from delaying the hearing on the PI motion until after your participation in this case has been determined. Accordingly, we request that you stipulate with Defendants that your motion to intervene be heard on November 27 (notwithstanding improper service), but that the motion for preliminary injunction be scheduled to be briefed and heard only if you are then permitted to intervene or substitute. Please advise by close of business today if you are agreeable to this procedure.

I would also note that, as you no doubt anticipated, we oppose your request to intervene and your request to substitute in as a party. We also oppose Ms. Brillet's request to withdraw as counsel prior to determination of the long-scheduled summary judgment motion that is to be heard on November 27 pursuant to the Court's scheduling order. We do not believe that it is appropriate for Netbula's rights to be pursued other than through counsel of record (as required by law), and we do not believe that a purported assignment of rights to you personally, a year into the litigation, changes those result. Ms. Brillet remains counsel of record, and her opposition to the summary judgment motion on behalf of Netbula is due in the ordinary course.

The foregoing is without waiver of any rights, including our rights to assert that the motion for a preliminary injunction is sanctionable.

Please advise whether or not you are agreeable to the stipulation proposed above for the orderly consideration of the issue of intervention first, and preliminary injunction only if you thereafter become a party.

Sincerely,

Laurence Pulgram

```
Fenwick & West LLP
555 California Street, 12th Fl.
San Francisco, CA 94104
Phone 415-875-2390
Fax 415-281-1350
```
**lpulgram@fenwick.com**

```
-----Original Message-----
From: ydx@netbula.com [mailto:ydx@netbula.com]
Sent: Thursday, October 25, 2007 11:46 AM
To: ydx@netbula.com
Cc: Laurence Pulgram; Jedediah Wakefield; Albert Sieber; Liwen Mah;
yuedongxiao@gmail.com; brilletlaw@yahoo.com; yuedongxiao@gmail.com
Subject: Re: PDF files for Dongxiao Yue's motion for injunctive relief

Dear Counsel,

I received an auto-response from Mr. Wakefield, indicating the email is
working. No further confirmation is necessary.

Kind regards,

Don Yue


------------------------
ydx@netbula.com:

Dear Mr. Pulgram, Mr. Wakefield, Mr. Mah and Mr. Sieber,

I just received a forwarded message from Ms. Brillet a few minutes ago
in which Mr. Pulgram allege that I did not serve you the papers I filed
with the court on October 22, 2007.

As shown in the attached certificate of service, I mailed you the copies
of the documents on October 22, 2007 (via priority mail). Also on
October 22, 2007, I emailed MJJPDf@cand.uscourts.gov the PDF files for
the documents I filed on that day and I received acknowledgment of the
receipt from the court stating the PDFs were "forwarded to the
appropriate chambers for processing." Since the case is a e-filing case,
service should be done via the ECF system. Additionally, October 22,
2007 was 36 days before the hearing date, I gave defendants more time
than the required 35-day lead time.

I also noticed that defendants filed their summary judgment motion at
mid-night of October 23, 2007. One of the documents was filed on October
24, 2007, which was 34 days before the hearing date and was untimely. I
reserve the right to strike that document as untimely and strike all
documents reference that untimely document.

Mr. Pulgram alleged that I did not serve him the documents on October
23, 2007 at the end of Michael Abramovitz deposition. First, I have no
obligation to serve defendants multiple times (I don't have extra hard
copies anyway). Second, I came to the deposition when it was already
finished -- quite unexpectedly, and the defendants were asking me to
stipulate to the use of certain documents marked as CONFIDENTIAL in my
deposition -- with the court reporter being held up and the time was
about 30 minutes past lunch time. Defendants provided no prior notice
for their planned use of the documents -- which was questionable by
itself. I was totally unprepared for what defendants were trying to do,
my attention was primarily on defendants' last minute request to use of
those documents for their summary judgment motions to be filed that
night.

After the stipulation on the documents was made and the parties
```

**RE: Re: RE: PDF files for Dongxiao Yue's motion for injunctive relief**

**Sender:** "Laurence Pulgram" <LPulgram@Fenwick.com>
**Recipient:** <ydx@netbula.com>
**Copy to:** <brilletlaw@yahoo.com>, "Jedediah Wakefield" <JWakefield@Fenwick.com>, "Albert Sieber" <ASieber@Fenwick.com>, "Liwen Mah" <LMah@fenwick.com>, <yuedongxiao@gmail.com>, <davideiseman@quinnemanuel.com>
**Time:** Thu, 25 Oct 2007 17:04:14 -0700

Dear Mr. Yue:

Your claim that a single declaration, filed a few hours after midnight, precludes consideration of the summary judgment motion that was timely filed, and that you had been aware was coming for eight months, is untenable. The "25 pages" of materials in the declaration consisted of two pages of text, the two underlying contracts already of record in this action, two emails produced to Netbula long ago, and blank page separators. I cannot imagine that you would claim prejudice, but if you do, I would be happy to afford you nine additional hours to submit a declaration. Sun will not withdraw its motion.

Laurence Pulgram

-----Original Message-----
From: **ydx@netbula.com** [mailto:ydx@netbula.com]
Sent: Thursday, October 25, 2007 2:48 PM
To: Laurence Pulgram
Cc: ydx@netbula.com; brilletlaw@yahoo.com; Jedediah Wakefield; Albert Sieber; Liwen Mah; yuedongxiao@gmail.com; **davideiseman@quinnemanuel.com**
Subject: Re: Re: RE: PDF files for Dongxiao Yue's motion for injunctive relief

Dear Mr. Pulgram,

I found it hard to believe that you were asking me to withdraw or delay a motion for injunctive relief which has already been scheduled by the court staff. That is simply not something I can do.

However, I do suggest SUN withdraw its untimely motion for summary judgment. I really don't see how defendants can argue around that untimeliness -- Mr. Melnick's declaration was quite material to SUN's motion , it is 25 pages. SUN filed it after a deadline SUN had known for many months.

Please let me know if SUN stipulate to withdraw its untimely motion for summary judgment motion. SUN's refusal to withdraw that motion may be my basis for a motion for sanctions.

Kind regards,

Don Yue


------------------------
"Laurence Pulgram" <LPulgram@Fenwick.com>:
Mr. Yue,

RE: Netbula's motion for substitution of party as to the copyright claim ; charset=us-ascii    Page 1 of 2

   

**RE: Netbula's motion for substitution of party as to the copyright claim**

**Sender:** "Laurence Pulgram" <LPulgram@Fenwick.com>
**Recipient:** <ydx@netbula.com>
**Copy to:** <brilletlaw@yahoo.com>, "Jedediah Wakefield" <JWakefield@Fenwick.com>, "Albert Sieber" <ASieber@Fenwick.com>, "Liwen Mah" <LMah@fenwick.com>, <yuedongxiao@gmail.com>, <davideiseman@quinnemanuel.com>
**Time:** Fri, 26 Oct 2007 13:00:47 -0700

Mr. Yue,

I will confer with my client and respond to you next week.

Laurence Pulgram

-----Original Message-----
From: **ydx@netbula.com** [mailto:ydx@netbula.com]
Sent: Friday, October 26, 2007 11:56 AM
To: Laurence Pulgram
Cc: ydx@netbula.com; brilletlaw@yahoo.com; Jedediah Wakefield; Albert Sieber; Liwen Mah; yuedongxiao@gmail.com; **davideiseman@quinnemanuel.com**
Subject: Netbula's motion for substitution of party as to the copyright claim

Dear Mr. Pulgram, Mr. Wakefield, Mr. Mah and Mr. Sieber,

I am writing to seek a stipulation regarding Netbula's substitution of party as to the copyright claim filed in the Nebula v. StorageTek case. As the copyright owner of the relevant software and related claims, I am about to assert additional claims against StorageTek. This can be done via an amended complaint in the C06-07391-MJJ case, or I can file a new separate infringement action and move to relate/consolidate the new action to the current action.

For judicial economy, I think it's far efficient for you to stipulate to the substitution of party by replacing Dongxiao Yue as the copyright plaintiff in the C06-07391-MJJ case.

If you do not stipulate to the substitution, I will commence the new action next week.

Kind regards,

Don Yue

-------------------
-----------------------------------------
IRS Circular 230  Disclosure:  To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice in this communication (including attachments) is not intended or written by Fenwick & West LLP to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.
-----------------------------------------
ATTENTION:
The information contained in this message may be legally privileged and confidential.  It is intended to be read only by the individual or entity to whom it is addressed or by their designee. If the reader of this message is

                           **Communications From Dr. Yue**

**Sender:** "Laurence Pulgram" <LPulgram@Fenwick.com>
**Recipient:** <brilletlaw@yahoo.com>
**Copy to:** <stacymonahan@quininemanuel.com>, <davideiseman@quinnemanuel.com>, "Jedediah Wakefield" <JWakefield@Fenwick.com>, "Albert Sieber" <ASieber@Fenwick.com>, "Liwen Mah" <LMah@fenwick.com>, <ydx@netbula.com>
**Time:** Wed, 31 Oct 2007 08:47:00 -0700

Dear Ms. Brillet,

We are continuing to receive e-mails directly from your client Netbula's principal, apparently with respect to Defendants' pending motion for summary judgment to which Dr. Yue is not a party. We do not intend to address Dr. Yue with respect to such matters, as Netbula is represented by counsel.

However, Dr. Yue's reference below to a December 16, 2005 letter from Sun threatens, for a second time, to breach the express agreement of confidentiality that Sun required before the settlement discussions of which it is a part. His reference to his desire to use extrinsic evidence to interpret the license agreements has also previously been addressed. This suggests that you may not have transmitted to him the attached prior response, as we requested.

Please advise Dr. Yue to stop contacting us directly about matters regarding which he is not individually a party.

Regards,

Laurence Pulgram

-----Original Message-----
From: **ydx@netbula.com** [**mailto:ydx@netbula.com**]
Sent: Tuesday, October 30, 2007 11:49 PM
To: Laurence Pulgram
Cc: ydx@netbula.com; brilletlaw@yahoo.com; stacymonahan@quinnemanuel.com; Jedediah Wakefield; Albert Sieber; Liwen Mah; yuedongxiao@gmail.com; davideiseman@quinnemanuel.com
Subject: Re: RE: Netbula's motion for substitution of party as to the copyright claim

Dear Messrs. Pulgram, Wakefield, Eiseman, Sieber and Mah,

The basic concept of copyright is that it is a personal property, and I am the owner of the property in dispute. I have the right to protect that property.

Anyway, I renew my request to the defense lawyers here, as officers of the court, to tell the whole truth in your representation to the Court -- now that I am involved, I will make sure that the relevant facts are presented to the trier of fact. You should do the same, as you have a duty to the Court. If you do not do it soon, I may have to file an emergency motion for an integrity hearing.

Some of the relevant facts not mentioned in Mr. Wakefield's brief are listed below:



**RE: Netbula's motion for substitution of party as to the copyright claim**

Sender: "Laurence Pulgram" <LPulgram@Fenwick.com>
Recipient: <ydx@netbula.com>
Copy to: <brilletlaw@yahoo.com>, "Jedediah Wakefield" <JWakefield@Fenwick.com>, "Albert Sieber" <ASieber@Fenwick.com>, "Liwen Mah" <LMah@fenwick.com>, <yuedongxiao@gmail.com>, <davideiseman@quinnemanuel.com>
Time: Mon, 29 Oct 2007 16:35:14 -0700

Dear Mr. Yue,

I am responding to you individually, and copying Netbula's counsel, because I understand that you are threatening to file a new action in your individual capacity, in which you are, and intend to remain, unrepresented by counsel. If I am incorrect in these assumptions, I request that you and/or Ms. Brillet advise me.

As promised, this is my response to your request for a stipulation that you be allowed to join as a party plaintiff in the Netbula v. StorageTek action. Sun's position is as follows.

First, we do not believe that you are an appropriate plaintiff to enforce Netbula's copyrights. Our position in this regard will be fully spelled out in our filing on Tuesday opposing your request to be substituted as a plaintiff in the Sun action. (We have cited a couple of cases in the MAR filed on Friday, but that is just to advise the court of the issue, not to argue it in full). To the extent that you are not an appropriate plaintiff in the existing action by Netbula against Sun, you would be equally inappropriate in any new action that you may intend to file as Netbula's assignee.

Second, in the event that the Court disagrees with Sun's position in this regard and concludes that you could be an appropriate plaintiff, in that situation it would be highly inappropriate for you to commence a separate lawsuit about the same subject. You have already attempted to substitute in the Sun action, and to intervene there. Commencing a separate lawsuit would unnecessarily proliferate litigation, at least if the claims that you wish to raise are of a subject matter and causes of action duplicative of the existing action. Sun cannot imagine just what claims it is that you wish to add, and therefore cannot tell you whether or not they must be joined in the present lawsuit (assuming that you are entitled individually to raise such claims at all, which we believe we are not). Therefore, please advise what those purportedly new claims would be, so I can respond to them. Indeed, it is customary, before requesting a party's consent to amendment of claims, to provide a copy of the proposed amendments.

Third, before you commence any threatened new action, it is incumbent upon you to wait until Judge Jenkins has ruled on your pending requests for intervention and substitution. It is wholly inappropriate in such circumstances to commence yet another action after having presented the currently pending motions to Judge Jenkins. Further, any effort to seek a TRO or other preliminary relief in a second action would be entirely inappropriate, given not only the ruling on the TRO by Judge Zimmerman, but also the fact that you have personally already requested preliminary relief in your now pending motion to intervene in the existing Sun case. We therefore suggest that you consider the consequences very seriously before filing such inappropriate pleadings--and obtain the advice of qualified counsel before you do so. Magistrate Judge Chen's ruling should have demonstrated that filing unwarranted motions is a serious matter and has very real consequences.

I realize, of course, that I cannot keep you from filing with the Court whatever it is that you choose to file. It only costs a few hundred dollars to commence a lawsuit that could cost thousands to defend, and which Sun would seek to recover from you personally thereafter. I therefore reiterate the importance of your obtaining counsel as to all the consequences before you act.

Sincerely,

Laurence Pulgram

-----Original Message-----
From: **ydx@netbula.com** [mailto:ydx@netbula.com]
Sent: Friday, October 26, 2007 11:56 AM
To: Laurence Pulgram
Cc: ydx@netbula.com; brilletlaw@yahoo.com; Jedediah Wakefield; Albert Sieber; Liwen Mah; yuedongxiao@gmail.com; **davideiseman@quinnemanuel.com**
Subject: Netbula's motion for substitution of party as to the copyright claim

Dear Mr. Pulgram, Mr. Wakefield, Mr. Mah and Mr. Sieber,

I am writing to seek a stipulation regarding Netbula's substitution of party as to the copyright claim filed in the Nebula v. StorageTek case. As the copyright owner of the relevant software and related claims, I am about to assert additional claims against StorageTek. This can be done via an amended complaint in the C06-07391-MJJ case, or I can file a new separate infringement action and move to relate/consolidate the new action to the current action.

For judicial economy, I think it's far efficient for you to stipulate to the substitution of party by replacing Dongxiao Yue as the copyright plaintiff in the C06-07391-MJJ case.

If you do not stipulate to the substitution, I will commence the new action next week.

Kind regards,

Don Yue

--------------------
-----------------------------------------
IRS Circular 230 Disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice in this communication (including attachments) is not intended or written by Fenwick & West LLP to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.
-------------------------------------------
ATTENTION:
The information contained in this message may be legally privileged and confidential. It is intended to be read only by the individual or entity to whom it is addressed or by their designee. If the reader of this message is not the intended recipient, you are on notice that any distribution of this message, in any form, is strictly prohibited.

If you have received this message in error, please immediately notify the sender and/or Fenwick & West LLP by telephone at (650) 988-8500 and delete or destroy any copy of this message.

**Subject:** RE: Yue's position on Sun's related case motion
**From:** "Laurence Pulgram" <LPulgram@Fenwick.com>
**Date:** Wed, 5 Dec 2007 22:35:24 -0800
**To:** <ydx@netbula.com>, <brilletlaw@yahoo.com>
**CC:** <davideiseman@quinnemanuel.com>, "Jedediah Wakefield" <JWakefield@Fenwick.com>, "Albert Sieber" <ASieber@Fenwick.com>, "Liwen Mah" <LMah@fenwick.com>, <stacymonahan@quininemanuel.com>

```
Dear Ms. Brillet (Counsel for Netbula) and Dr. Yue (pro se in Yue v.
Sun):

We filed the notice of related case because, despite your obligation to
file such a notice, you did not do so, and, when we requested Netbula to
do so as it was obligated to under the Local Rules, it did not do so.
Our motion was filed, as required by the Court rules, in the Netbula
case.  If there is opposition to these cases being related, Netbula may
file it, raising any and all points, including those below. In addition,
Judge Jenkins' order that Dr. Yue not file papers as to the copyright
claims at issue in Phase One of the Netbula case was an order directed
against an individual who had been filing pleadings with respect to
claims as to which only his LLC, not himself, was a party, and as to
which the LLC was, and by necessity had to appear, through counsel
rather than through its principal.  I do not know why it would be
assumed, without more, that this order precludes filings that
specifically relate to claims as to which Dr. Yue actually is a party.

I do not believe that any of the other points below warrants comment,
other than that I disagree with them.

Laurence Pulgram
Fenwick & West LLP
555 California Street, 12th Fl.
San Francisco, CA 94104
Phone 415-875-2390
Fax 415-281-1350
lpulgram@fenwick.com


-----Original Message-----
From: ydx@netbula.com [mailto:ydx@netbula.com]
Sent: Wednesday, December 05, 2007 11:53 AM
To: Laurence Pulgram; brilletlaw@yahoo.com;
stacymonahan@quinnemanuel.com; davideiseman@quinnemanuel.com; Jedediah
Wakefield; Albert Sieber; Liwen Mah; ydx@netbula.com
Subject: Yue's position on Sun's related case motion

Dear Defense Counsel,

I received notification from Mr. Mah with SUN's related case motion
attached. SUN's current position is inconsistent with its previous
position and Judge Jenkins's decisions at the Nov 20, 2007 hearing.

It was clear that Judge Jenkins did not intend to handle the disputes
about the other copyrights which I personally owned. The 7391 case was
about the 1996 copyright only, which covers the code I wrote from July
24, 1996 to Sep 1, 1996 -- as Mr. Pulgram correctly pointed out in
several occasions. I am attaching the Nov 20, 2007 transcript for you to
review.

As Netbula stated in its motion to substitute party as to the copyright
claim, I sought a stipulation for the substitution with an eye to
amending the complaint. SUN vehemently opposed my proposal, forcing me
to file a separate action as I foretold you. Even after the Yue case was
filed, SUN persisted its opposition to my substitution or joinder as a
party in the 7391 case, and Judge Jenkins agreed with SUN and issued a
"cease and desist" order.

Originally, I contemplated about filing a related case motion. However,
the situation has changed. Judge Jenkins made it quite clear that he
does not want to hear from me, whether it is a legal argument or
presentation of facts.
```