DONGXIAO YUE
2777 ALVARADO ST., SUITE C
SAN LEANDRO, CA 94577
Telephone:   (510) 396-0012
Facsimile:   (510) 291-2237
E-Mail:      ydx@netbula.com

Pro Se

FILED
APR 17 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| NETBULA, LLC., a Delaware limited liability company,<br><br>                    Plaintiff,<br><br>        v.<br><br>STORAGE TECHNOLOGY CORPORATION, et al.,<br><br>                    Defendants. | Case No. C07-05850-JW<br><br>**DECLARATION OF VONNAH M. BRILLET IN SUPPORT OF PLAINTIFF'S MOTION TO DISQUALIFY DEFENSE COUNSEL**<br><br>Date: TBD<br>Time: TBD<br>Dept: 8, 4th Floor<br>Judge: Honorable James Ware |

I, Vonnah M. Brillet declare as follows,

1.      I am an attorney licensed to practice before this Court and all the courts of the State of California. I am the former lead counsel for Netbula, LLC in the related *Netbula v. StorageTek* case (Case No. C06-07391-JW). I submit this Declaration regarding defense counsel's direct communications with Dr. Dongxiao Yue, the principal of Netbula, LLC.

2.      On or around October 31, 2007, I received emails that were copies of communications between Laurence Pulgram and Dongxiao Yue.

-1-

Case No. C07-5850-JW

DECLARATION OF Vonnah M. Brillet ISO
MOTION TO DISQUALIFY DEFENSE COUNSEL

3. Mr. Pulgram sent me an email on October 31, 2007, regarding his communication about defendants StorageTek and Sun's pending motion for summary judgment to Dr. Yue, stating that defendant's counsel do "not intend to address Dr. Yue with respect to such matters, as Netbula is represented by counsel". Mr. Pulgram's email was copied directly to Dr. Yue and included the following statements about certain evidence in the *Netbula v. StorageTek* case for which I was plaintiff's counsel at the time:

> Dr. Yue's reference below to a December 16, 2005 letter from Sun threatens, for a second time, to breach the express agreement of confidentiality that Sun required before the settlement discussions of which it is a part. His reference to his desire to use extrinsic evidence to interpret the license agreements has also previously been addressed. This suggests that you may not have transmitted to him the attached prior response, as we requested.

4. At no point did I encourage direct communication between defendant's counsel and Dr. Yue about the *Netbula v. StorageTek* case.

5. I spoke with Mr. Pulgram and Mr. Wakefield regarding their communications with Dr. Yue and was assured that all such communications were restricted to matters in which Dr. Yue was a *pro se* litigant.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. This declaration was executed in San Leandro, California, on April 15, 2008.

Dated: April 15, 2008

By: _____
VONNAH M. BRILLET

-2-

Case No. C07-5850-JW

DECLARATION OF Vonnah M. Brillet ISO
MOTION TO DISQUALIFY DEFENSE COUNSEL