1 | DONGXIAO YUE
2 | 2777 ALVARADO ST., SUITE C
  | SAN LEANDRO, CA 94577
3 | Telephone: (510) 396-0012
  | Facsimile: (510) 291-2237
4 | E-Mail: ydx@netbula.com

5 | *Pro Se*

**FILED**
APR 30 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

DONGXIAO YUE,

Plaintiff,

v.

Storage Technology Corporation, et al.,

Defendants.

Case No. C07-05850-JW

**NOTICE OF MOTION AND MOTION FOR CONSIDERATION OF PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO FRCP 60(b)**

Date: July 7, 2008
Time: 9:00 A.M.
Dept: Courtroom 8
Judge: Hon. James Ware

**TO ALL DEFENDANTS AND THEIR COUNSEL**

PLEASE NOTICE that on July 7, 2008 at 9:00 AM in Courtroom 8, 4th Floor at the San Jose Division of the Northern District of California, before Honorable James Ware, Plaintiff Dongxiao Yue ("Plaintiff" or "Yue") will and does request the Court to indicate that the Court will grant Yue's Motion for Relief from Judgment Pursuant to FRCP 60(b).

The Motion for Relief from Judgment was filed on March 26, 2008 and is being re-refiled, in accordance with the Court's notice of April 22, 2008 (Docket No. 89).

---

Case No. C07-05850-JW

MOTION FOR CONSIDERATION OF MOTION FOR RULE 60(b) RELIEF FROM JUDGMENT

## RELEVANT PROCEDURAL BACKGROUND

On October 22, 2007, Plaintiff filed a FRCP 24(a) motion to intervene and join the related *Netbula v. StorageTek* case (Case No. C06-07391). After his effort for intervention of right in the *Netbula* case was rebuffed, Plaintiff filed this copyright action against StorageTek, Sun Microsystems, Inc. and five individuals, alleging 10 counts of willful infringement of Plaintiff's personally owned copyrights[1] in the software he authored.

On March 4, 2008, before a responsive pleading was filed in this *pro se* action[2], the former assigned judge dismissed the case with prejudice and entered final judgment the same day.

On March 18, 2008, Yue filed a motion to disqualify the former assigned judge pursuant to 28 U.S.C. § 144 and § 455 (Docket No. 58). On the same day, Defendants filed their motion for attorneys' fees and costs (Docket No. 53).

On March 26, 2008, Yue filed the Motion for Relief from Judgment Pursuant to FRCP 60(b) (Docket No. 60).

On April 1, 2008, Yue filed a Notice of Appeal.

On April 3, 2008, the parties filed a stipulation to continue the hearing of Defendants' Motion for Attorneys' Fees and Costs to a date after the resolution of Yue's FRCP 60(b) motion and his motion to disqualify the former judge.

On April 9, 2008, the instant case was reassigned to U.S. District Judge Hon. James Ware.

## ARGUMENT FOR CONSIDERING PLAINTIFF'S 60(b) MOTION

---

[1] Part of the software was originally written by Plaintiff before he founded Netbula, LLC, bearing his personal copyright notices. Defendants raised issues of copyright ownership in related litigation. Plaintiff secured other copyrights via a written assignment executed in September 2007.

[2] Attorney Elena Rivkin represented Yue from January 29, 2008 to February 21, 2008, on which date a Substitution of Attorney was filed, making Yue a Pro Se again.

---

Case No. C07-05850-JW     MOTION FOR CONSIDERATION OF MOTION FOR RULE 60(b) RELIEF FROM JUDGMENT

In *Greear v. Greear*, 288 F.2d 466 (9th Cir. 1961), the Ninth Circuit stated the following procedure for FRCP 60(b) relief:

> In such circumstances the proper procedure is for appellant to file its rule 60(b) motion in the district court. If that court indicates that it will grant the motion, appellant should then make a motion in this court for a remand of the case in order that the district court may grant such relief, following which a supplemental record showing such proceedings may be filed in this court.

*Id.* at 466.

Plaintiff's request for 60(b) relief is based on the following grounds: (1) misconduct by the opposing party, (2) retroactive disqualification of the former judge and (3) manifest injustice of the result. Plaintiff believes that judgment should be vacated.

Plaintiff believes that the District Court is in a better position to resolve the issues in the rule 60(b) motion, because of the complicated procedural history and factual background of the related cases. As stated in the April 3, 2008 stipulation (Docket No. 68), the parties agree in principle that the rule 60(b) motion should be resolved first for judicial economy.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court indicate that it will grant his Motion for Relief from Judgment.

Dated: April 30, 2008

_____
DONGXIAO YUE (*Pro Se*)

Case No. C07-05850-JW    MOTION FOR CONSIDERATION OF MOTION FOR RULE 60(b) RELIEF FROM JUDGMENT