DONGXIAO YUE
2777 ALVARADO ST., SUITE C
SAN LEANDRO, CA 94577
Telephone:     (510) 396-0012
Facsimile:     (510) 291-2237
E-Mail:        ydx@netbula.com

*Pro Se*

**FILED**
APR 3 0 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DONGXIAO YUE,

                    Plaintiff,

        v.

Storage Technology Corporation, et al.,

                    Defendants.

Case No. C07-05850- JW

**DECLARATION OF DONGXIAO YUE IN SUPPORT OF PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO FRCP 60(b) (REFILED)**

[FRCP 60(b)(3),60(b)(6)]

Date:      July 7, 2008
Time:      9:00 A.M.
Dept:      Courtroom 8
Judge:     Hon. James Ware

I, DONGXIAO YUE, declare:

1.      I am the *pro se* plaintiff in the instant case. I make this declaration in support of the motion for relief from judgment pursuant to FRCP 60(b)(3) and 60(b)(6).

2.      I have personal knowledge of the facts I am about to state and, if called on to do so, I could competently testify to those facts.

-1-

Case No. C07-05850-JW                          DECLARATION ISO FRCP 60(b) RELIEF

3.        In January 2006, Netbula filed a copyright infringement action against Symantec Corporation ("Symantec") et al (Case No. C06-0711-MJJ, the "*Symantec* case"), alleging the infringement of PowerRPC software published in 1996 (the "1996 Copyright").

4.        In December 2006, Netbula filed a copyright action against Sun Microsystems, Inc. ('SUN"), et al., case number C06-07391-MJJ, alleging the infringement of the 1996 Copyright.

5.        During the course of the *Symantec* case, around July 2007, defense counsel Laurence Pulgram pointed out that I owned the copyright of the PowerRPC code written before Netbula was founded. Symantec, represented by Fenwick, raised a major issue on the ownership of copyrights in PowerRPC on numerous occasions.

6.        I then contacted the U.S. Copyright Office regarding the situation and spoke with a person at the Copyright Office. The Copyright Office staff suggested various actions. Based on these suggestions and under the advice of counsel, in early September 2007, Netbula submitted a Form CA to the Copyright Office, stating that the 1996 Copyright was a derivative work of unpublished work written by me before July 1996. Netbula also transferred the copyrights for the code created before January 2007 back to me on September 26, 2007. I also submitted an application for the copyrights of the unpublished pre-Netbula work I created.

7.        In June 2007, I wrote a blog article which criticized an order of a magistrate judge. On August 28, 2007, Netbula's former counsel talked to a magistrate judge for extended time and then immediately told me the stuff I wrote blew my case. She specifically told me what the magistrate judge told her: my blog article had offended Judge Jenkins. Netbula's former counsel also told me that she got a hint that an adverse ruling against Netbula had already been in place because of the offending blog.

-2-

8.        On August 31, 2007, Judge Jenkins signed an order that dismissed Netbula's copyright, contract and fraud claims against Symantec defendants despite the fact that defendants made vast number of copies of PowerRPC software for years without paying anything. In his order, Judge Jenkins ignored key evidence. Such omitted evidence included BindView's disclosure letter to Symantec, which stated that BindView did not pay licenses fees and owed Netbula license fees. I later filed a motion seeking to unseal part of this disclosure letter in the name of "public interest."

9.        Because of the transfer of the copyright interests (which included the 1996 Copyright), on October 1, 2007, Netbula field a motion to substitute me as the party as to the copyright claim in the *Netbula v. SUN* case pursuant to FRCP 25(c).

10.       On October 11, 2007, on the eve of scheduled dispositive motions, Netbula's former counsel, Vonnah M. Brillet ("Ms. Brillet") filed a motion to withdraw from the *Netbula v. SUN* case. I tried to secure alternative counsel for Netbula, but was unable to do so.

11.       On October 22, 2007, pursuant to FRCP 24(a) and the Copyright Act, acting *pro se*, I filed a motion to intervene and for copyright injunction in the *Netbula v. SUN* (C06-07391) case, alleging irreparable harm from defendants' ongoing infringement of the copyrights I personally owned, based on newly discovered evidence.

12.       On October 23, 2007, SUN defendants filed a motion for summary judgment. However, their motion was based on a fabricated or phantom declaration – they had not been able to locate the declarant – Michael Melnick -- to review his declaration.

13.       During this time, Defense counsel Laurence Pulgram sent numerous emails directly to me, discussing the substantive issues in the *Netbula v. SUN* (C06-07391-MJJ) case. In an October 25, 2007 email to me, Mr. Pulgram talked about Netbula's former counsel's motion to withdraw

-3-

1    from the C06-07391-MJJ case, Netbula's motion to substitute party, Netbula's TRO and SUN's

2    motion for summary judgment. In his emails to me, Mr. Pulgram specifically stated that SUN

3    would oppose Netbula's motion to substitute party and that "Ms. Brillet remains counsel of record,

4    and her opposition to the summary judgment on behalf of Netbula is due in the ordinary course."

5    In subsequent emails, Mr. Pulgram talked about issues such as Michael Melnick's declaration and

6    Netbula's intended use of certain evidence, etc. Netbula's then counsel told me that defense

7    counsel's direct communication to me on the *Netbula v. SUN* matter was willful violation of

8    attorney ethics.

9    

10   14.        Since Mr. Pulgram was freely communicating to me on the Netbula matter, on October

11   26, 2007, I sent the following email to Mr. Pulgram:

12   
> Dear Mr. Pulgram, Mr. Wakefield, Mr. Mah and Mr. Sieber,
> I am writing to seek a stipulation regarding Netbula's substitution of party
> as to the copyright claim filed in the Nebula v. StorageTek case. As the
> copyright owner of the relevant software and related claims, I am about
> to assert additional claims against StorageTek. This can be done via an
> amended complaint in the C06-07391-MJJ case, or I can file a new
> separate infringement action and move to relate/consolidate the new
> action to the current action.
>
> For judicial economy, I think it's far efficient for you to stipulate to the
> substitution of party by replacing Dongxiao Yue as the copyright plaintiff
> in the C06-07391-MJJ case.
>
> If you do not stipulate to the substitution, I will commence the new action
> next week.

Mr. Pulgram responded to the above email as follows.

> Mr. Yue,
> I will confer with my client and respond to you next week.
> Laurence Pulgram

-4-

15.    On October 26, 2007, SUN filed two "administrative" motions. One sought to vacate the hearing of my motion to intervene and for copyright injunction. The other asked Judge Jenkins to consider the "phantom" declaration. I filed opposition to defendants' motion to vacate the hearing of my motion and asked the Court to disqualify Pulgram for his unprofessional conduct.

16.    On October 29, 2007, Mr. Pulgram emailed me again, proposing a stipulation as to service by email. Mr. Pulgram stated that the agreement was proposed because I cannot access the ECF system. Mr. Liwen Mah later emailed me again with a stipulation on service by email. I gladly accepted the proposal, which I considered a major convenience.

17.    On October 31, 2007, I emailed Mr. Pulgram:

> Mr. Pulgram,
>
> As I indicated a while ago, I am about to file a multi-count infringement claim, possibly along with an application for TRO. Do you accept service by email?
>
> Kind regards,
> Don Yue

In response, Mr. Pulgram stated that I had to follow the normal procedures for serving complaint and "It would be incumbent upon you to provide notice of any TRO request by the most expeditious means available--whether that is by e-mail or by hand. This is so regardless of whether formal service has first been accomplished. I can agree to receive TRO papers by e-mail instead of by hand."

18.    I considered Mr. Pulgram to be friendly. I thought that Mr. Pulgram recognized my personal intellectual property rights in the litigations. Otherwise, Mr. Pulgram would have not communicated so freely with me. It was Mr. Pulgram who pointed out that I owned the copyrights of the pre-Netbula code.

-5-

19.　　On October 31, 2007, Judge Jenkins held a telephonic hearing on defendants' "administrative motions". I was not given any notice about this hearing and was not allowed to participate. Following the hearing, on November 2, 2007, Judge Jenkins signed an order which stated the following:

> Defendants' Motion for Administrative Relief to Vacate Hearing on Non-Party Dongxiao Yue's Request for Injunctive Relief and Impoundment [Docket Nos. 80-81] is hereby GRANTED. The Motion of Dongxiao Yue to Intervene and Join as Plaintiff; for Injunctive Relief; and for Copyright Impoundment [Docket Nos. 68-72] will be taken off calendar.

20.　　I then mailed a request for a tape recording of the telephonic hearing and was told by the clerk of the court that no court reporter was present and no audio recording was made.

21.　　I was later informed that Mr. Pulgram suggested to Judge Jenkins that I should be excluded from the October 31, 2007 telephonic hearing.

22.　　Both Netbula and I fully informed Judge Jenkins about my intention to file a separate action the *Netbula v. SUN* complaint in court filings. See Document No. 91, p.4:10-18 (filed on October 30, 2007); Document No. 98, p.3:11-19 and Document No. 99, pp.4:23-5-18 (filed on November 5, 2007) of the *Netbula v. SUN* case (C06-07391-MJJ). I also filed with the Court the emails communications between Mr. Pulgram and me.

23.　　Originally, I promised to Mr. Pulgram that I would file my action against SUN/StorageTek in the first week of November 2007. Because of Mr. Pulgram's email about the possibility of reaching a stipulation and his legal advice, I delayed the filing of my case against SUN/StorageTek. SUN later declined to stipulate to the substitution of party.

24.　　On November 19, 2007, as I previously informed SUN/StorageTek and Judge Jenkins what I would have to do, I filed a separate case against SUN, alleging 10 counts of infringement of

-6-

DECLARATION ISO FRCP 60(b) RELIEF

1  three copyrights I personally owned. The *Yue v. SUN* (Case No. C07-05850) case was assigned to

2  another judge.

3  25.    On November 20, 2007, Netbula's former counsel and I went to the court for the

4  hearings scheduled that day. The first hearing was about Netbula's motion to substitute party.

5  Netbula's former counsel, Ms. Brillet, was arguing for Netbula. I wasn't saying anything. Then

6  Judge Jenkins asked me: "Are you Mr. Yue?" I said "Yes". Then Judge Jenkins told me that I

7  "should cease and desist" from filing papers before the court. Judge Jenkins further stated that

8  even if I became a party in the *Netbula v. SUN* case, "it still would not give [Yue] authority to do

9  so, to file pleadings in the matter." The following was the exchange (from the hearing transcript).

10

11    THE COURT: ... AND I WILL ALSO SAY MR. YUE DOES NOT
      PRESENTLY HAVE ANY RIGHT TO FILE ANYTHING BEFORE
12    THE COURT. YOU DON'T. ARE YOU MR. YUE?

13    MR. YUE: YES.

14    THE COURT: ...-- LISTEN AND HEAR ME CLEARLY. YOU
      SHOULD CEASE AND DESIST FROM DOING SUCH UNTIL YOU
15    ARE AUTHORIZED TO DO SO... AND EVEN IF I WERE TO
      GRANT THIS MOTION, IT STILL WOULD NOT GIVE YOU
16    AUTHORITY TO DO SO, TO FILE PLEADINGS IN THE MATTER...
      YOU WILL REMAIN.
17

18    MR. YUE: WHAT'S THE COURT'S LEGAL RATIONALE FOR
      THAT?
19

20    THE COURT: THAT IS THE RATIONALE, AND THAT'S THE
      STATEMENT.
21

22    MR. YUE: FOLLOWING RULES OF CIVIL PROCEDURE –

23    THE COURT: MR. YUE, I AM GOING TO HAVE YOU TAKEN OUT
      IF YOU DON'T BE QUIET.
24

25  26.    Also at the November 20, 2007 hearing, Judge Jenkins coached SUN's lawyer to attack

26  my ownership of the assigned copyrights. The following is from the transcript:

27                                          -7-

28  Case No. C07-05850-JW                              DECLARATION ISO FRCP 60(b) RELIEF

1

2
    THE COURT: BUT YOU DON'T ARGUE THAT THE ASSIGNMENT
    IS NOT VALID, RIGHT?

3
    MR. PULGRAM: EXCUSE ME?

4

5
    THE COURT: YOU DON'T ARGUE THE ASSIGNMENT IS NOT
    VALID?

6
    MR. PULGRAM: THERE IS SOME LAW TO THAT EFFECT, YOUR
    HONOR.
7

8
    THE COURT: BUT IT'S NOT BEFORE ME. I HAVEN'T SEEN THAT
    IN YOUR PAPERS.

9
    …
    THE COURT: THAT'S WHAT I AM SUGGESTING TO YOU. SO TO
10
    DENY THE MOTION MEANS THAT HE'S NOT SUBSTITUTED IN
    AS A PARTY?
11

12
27.    Judge Jenkins denied Netbula's request to substitute or join me as a copyright plaintiff in

13
the *Netbula v. SUN* case, thus prevented me from protecting my copyrights in that case.

14
28.    At the November 20, 2007 hearing of SUN's motion to intervene and modify BindView

15
protective order, Judge Jenkins forbade me to argue about my opposition, and refused to hear my

16
motions. The following is the exchange at the end of the hearing:

17

18
    MR. YUE: YOUR HONOR, MAY I, FOR THE RECORD? AM I
    UNDERSTANDING CORRECTLY THAT MY MOTION TO
    INTERVENE AND –

19

20
    THE COURT: NOT ON TODAY.

21
    MR. YUE: -- HOLDING COUNSEL IN CONTEMPT –

22

23
    THE COURT: LET ME SUGGEST, IT'S NOT ON TODAY BECAUSE
    YOU CAN'T MAKE SUCH A MOTION YET. SO IT'S NOT ON
    TODAY.

24

25
    MR. YUE: I WAS MOVING AS A THIRD PARTY, JUST AS SUN
    DEFENSE COUNSEL.

26
    THE COURT: RIGHT.

27

28

-8-

MR. YUE: BUT I WAS A PRO SE.

THE COURT: IT WASN'T ON TODAY.

MR. YUE: WAS THE REASON VACATING MY MOTION BECAUSE I AM A PRO SE LITIGANT?

THE COURT: NO, IT JUST WASN'T -- IT DIDN'T HIT MY CALENDAR TODAY. THAT'S IT.

29.    Also on November 20, 2007, Judge Jenkins and SUN defense counsel made it clear that the *Netbula v. SUN* case **only** deals with **one** copyright that was alleged in the complaint (quoting transcript):

THE COURT: IS THIS THE ONLY COPYRIGHT AT ISSUE –

MR. PULGRAM: YES.

Thus, the intellectual properties in the *Yue v. SUN* case were never part of the *Netbula v. SUN* case. In fact, they were precluded from the *Netbula v. SUN* case.

30.    On December 5, 2007, Mr. Pulgram emailed me on the *Yue v. SUN* case. Mr. Pulgram suggested that I should have ignored Judge Jenkins's "cease and desist" order and filed a related case motion on the C06-07391-MJJ docket. Mr. Pulgram stated the following about Judge Jenkins's "cease and desist" order:

I do not know why it would be assumed, without more, that this order precludes filings that specifically relate to claims as to which Dr. Yue actually is a party.

31.    Attached Exhibit A is the print out of email messages referenced above.

32.    On December 14, 2007, the hearing of SUN's motion for summary judgment in the *Netbula v. SUN* case was held before Judge Jenkins. At the end of the hearing, SUN's attorney

-9-

made an oral request to delay answering my lawsuit in the *Yue v. SUN* case, which was presided over by a different judge. Judge Jenkins immediately granted SUN's motion and asked the parties to stipulate to a new date. When I, the *pro se* plaintiff in the *Yue v. SUN* case, attempted to raise objections, Judge Jenkins forbade me to speak. Later, when Judge Jenkins came back into the court and learnt that I refused to stipulate to a change of date, he said that he would just order that SUN's motion to be granted.

33.    On December 17, 2007, I sent a letter to Judge Jenkins, stating that the circumstances and apparent bias require that Judge Jenkins disqualify himself from the cases I am a party.

34.    In November 2007, I mailed a complaint against Judge Jenkins to the Ninth Circuit, alleging, *inter alia*, that Judge Jenkins retaliated against me due to the blog article I wrote and persisted in his retaliation. My complaint described in detail the events surrounding the blog and how he came to know that there was retaliation. I complained about Judge Jenkins's failure to recuse himself from the *Netbula v. Symantec and Netbula v. SUN* case. I also complained about Judge Jenkins's not-to-file order which I alleged was a violation of my due process. I further complained that Judge Jenkins issued an *ex parte* order in favor of defendants, threatened to have me taken out for attempting to make a legal argument, coached Mr. Laurence Pulgram to make argument against me and ignored Mr. Laurence Pulgram's unethical conduct.

35.    In the exhibits to my complaint about Judge Jenkins, I attached a letter to former Chief Circuit Judge Schroeder. In that letter, as the assigner of the copyrights, referring to the case in 425 F.3d 1179 (9th Cir. 2005) (suggesting "an order that the district judge compensate the Trust for the damage it suffered"), I wrote: "Who do I ask for compensation for the lost copyright license revenue for my software?" I believe whoever who caused Netbula to lose the license

-10-

revenue should be liable for the loss. A copy of my complaint was sent to Judge Jenkins on December 17, 2007. Ninth Circuit rules prohibited disclosure of more information regarding the type of complaint I filed. If necessary, I can request the Ninth Circuit to grant me permission to publish all communications I have received regarding the complaint.

36. On January 18, 2008, in the *Netbula v. SUN* case, Judge Jenkins granted SUN's motion for summary judgment on the copyright claim. In his order, Judge Jenkins ignored crucial facts, including but not limited to SUN defendants' admissions that they exceeded the license and the license agreement would be terminated upon SUN's acquisition of StorageTek.

37. On February 8, 2008, Judge Jenkins entered an Order denying request for disqualification (Docket No. 142 of the *Netbula v. SUN* case). This Order stated the following in the "FACTUAL BACKGROUND" portion:

> The Court set a dispositive motions deadline in the 2006 case of November 27, 2007. Accordingly, in October 2007 Defendants filed a motion for summary judgment to be heard on that day. Around the same time, the parties filed a flurry of documents with the Court. As is relevant here, Plaintiff sought an order substituting Yue for Plaintiff Netbula, Plaintiff's counsel sought to withdraw as counsel of record and Yue filed his own motion and briefing regarding various matters.
>
> In an October 31, 2007 telephonic conference in which Plaintiff was represented by counsel, the Court, inter alia, rescheduled the Motion for Summary Judgment hearing to December 13, 2007, vacated the hearing noticed by non-party Yue, left Plaintiff's motion to substitute parties on calendar for November 20, 2007 and continued Plaintiff's counsel's motion to withdraw as counsel until after the Court's resolution of the summary judgment motion. Defendants prepared an order reflecting the Court's rulings and the Court signed the order.
>
> On November 20, 2007, the Court held a hearing on Plaintiff's motion to substitute parties. The Court denied the motion on the record and, when Yue attempted to intervene in the proceedings, reminded Yue that he was not yet a party to the action and could not file documents, calendar hearings or speak in court without leave of the Court.

Case No. C07-05850-JW                                    DECLARATION ISO FRCP 60(b) RELIEF

1

2     Unbeknownst to the Court, one day prior, Yue, proceeding *pro se*, filed a
      separate action (the "2007 case") against StorageTek and Sun. In the

3     2007 case Plaintiff alleges ten claims of copyright infringement. (See
      Amended Complaint, Docket No. 9.) The 2007 case was originally

4     assigned to Judge Illston who, on December 3, 2007, issued an Order of
      Referral for the Court to determine if the 2006 and 2007 cases were

5     related.

6   38.    In the ANALYSIS portion of the February 8, 2008 order, Judge Jenkins stated:

7           Yue alleges that his postings on an internet blog were known by the
            Court and influenced the Court's ultimate rulings on this matter. Yue's

8           allegations consist solely of conclusions and are not sufficiently definite
            and particular to convince a reasonable person that bias exists. See Sykes,

9           7 F.3d at 1338. There is also no factual support for this assertion in the
            record or in the Court's own experience.

10

11          …
            During the November 20, 2007 hearing, the Court instructed Yue that he

12          could not file motions, notice hearing dates, or speak in court unless he
            had leave of court or until he was given permission to represent himself.

13          During the December 14, 2007 hearing, the Court again admonished Yue
            for attempting to speak without leave of Court. Insofar as Yue's rights as

14          a Plaintiff in the 2007 case were concerned, the Court granted Yue leave
            to participate appropriately. Furthermore, Yue does not allege, nor could

15          a reasonable person find, that the Court admonished Yue because of bias
            toward him, rather than because of the panoply of legal rules, precedent

16          and relevant case management concerns governing the myriad issues
            raised by Yue's conduct.

17

18

19  39.    In the November 20, 2007 hearing, Netbula's former counsel had the following exchange

20  with Judge Jenkins (quoting from transcript):

21          MS. BRILLET: YOUR HONOR, MR. YUE IS NOT TRYING TO
            ASSERT THE RIGHTS OF NETBULA.

22

23          THE COURT: I RECOGNIZE THAT.

24  40.    At the December 14, 2007 hearing of the *Netbula v. SUN* case, Judge Jenkins stated the

25  following about the *Yue v. SUN* case (p.65:3-7 of the transcript):

26

27                                    -12-

28  Case No. C07-05850-JW                          DECLARATION ISO FRCP 60(b) RELIEF

1       Now, there is a related case, and it does strike me that it is related. And
2 this may be -- it's not completely overlapping with the present claim.

3  41.    On January 29, 2008, SUN filed a motion to dismiss the *Yue v. SUN* case on the ground

4 that that case is duplicative of the *Netbula v. SUN* case.  On March 4, 2008, Judge Jenkins

5 dismissed the *Yue v. SUN* case and entered final judgment against Yue without a hearing. The

6 final judgment was entered before the all the defendants were served. Against his previous

7 statement that the *Yue v. SUN* case "is not completely overlapping" with the *Netbula v. SUN*

8 claim, Judge Jenkins simply repeated defense counsel Mr. Pulgram's argument that the *Yue v.*

9 *SUN* case is duplicative of the *Netbula v. SUN* case, even though I had been precluded from

10 participating in the *Netbula v. SUN* case to protect my personal rights. In the dismissal order,

11

12 Judge Jenkins states:

13       Yue-Sun presents the same claims as Netbula-Sun and is effectively
        Plaintiff's attempt to re-litigate issues that have already been presented,
14       and determined, by the Court. In addition, given the tactics that Plaintiff
        has pursued, which have ranged from duplicative to nearly vexatious, the
15       Court finds that dismissing the action with prejudice is appropriate.

16
17  42.    I have not served the four individual defendants mentioned in the Order granting Motion to

18 Dismiss.

19       I declare under penalty of perjury of the laws of the State of California and the federal laws

20 that forgoing declaration is true and correct to the best of my knowledge. This declaration was

21 executed in San Leandro, California, on April 30, 2008.

22

23

24              DONGXIAO YUE

25

26

27             -13-

28

# EXHIBIT A



**RE: PDF files for Dongxiao Yue's motion for injunctive relief**

| | | | |
|---|---|---|---|
| Reply | Reply All | Forward | |

**Sender:**   "Laurence Pulgram" <LPulgram@Fenwick.com>

**Recipient:**   <ydx@netbula.com>

**Copy to:**   "Jedediah Wakefield" <JWakefield@Fenwick.com>, "Albert Sieber"
<ASieber@Fenwick.com>, "Liwen Mah" <LMah@fenwick.com>,
<yuedongxiao@gmail.com>, <brilletlaw@yahoo.com>,
<yuedongxiao@gmail.com>

**Time:**   Thu, 25 Oct 2007 13:01:24 -0700

Mr. Yue,

Your e-mail below was received.

We continue to believe that your entire filing of the Motion to
Intervene and for Preliminary Injunction was untimely. When you do not
efile (which results in immediate electronic service), you must serve in
accordance with the rules, which requires additional days be added for
any filing other than by hand delivery. You did not comply. We
received your entire filing only two days after the due date for hand
service.

In any event, we believe that because you are not a party to the Netbula
v. Storage Tek matter, because Netbula has not moved for a preliminary
injunction, and because your motion is almost a year after the
unsuccessful request for a TRO, it is not appropriate to require
Defendants to respond to such a major request for substantive
relief--for a preliminary injunction--until after the propriety of your
participation in this action is first determined. I would also note
that, apart from your reliance on an asserted presumption of irreparable
harm (which is not applicable here), you have provided no explanation of
any injury that you would face from delaying the hearing on the PI
motion until after your participation in this case has been determined.
Accordingly, we request that you stipulate with Defendants that your
motion to intervene be heard on November 27 (notwithstanding improper
service), but that the motion for preliminary injunction be scheduled to
be briefed and heard only if you are then permitted to intervene or
substitute. Please advise by close of business today if you are
agreeable to this procedure.

I would also note that, as you no doubt anticipated, we oppose your
request to intervene and your request to substitute in as a party. We
also oppose Ms. Brillet's request to withdraw as counsel prior to
determination of the long-scheduled summary judgment motion that is to
be heard on November 27 pursuant to the Court's scheduling order. We
do not believe that it is appropriate for Netbula's rights to be pursued
other than through counsel of record (as required by law), and we do not
believe that a purported assignment of rights to you personally, a year
into the litigation, changes those result. Ms. Brillet remains counsel
of record, and her opposition to the summary judgment motion on behalf
of Netbula is due in the ordinary course.

The foregoing is without waiver of any rights, including our rights to
assert that the motion for a preliminary injunction is sanctionable.

Please advise whether or not you are agreeable to the stipulation
proposed above for the orderly consideration of the issue of
intervention first, and preliminary injunction only if you thereafter
become a party.

Sincerely,

Laurence Pulgram

   

**Communications From Dr. Yue**

| | |
|---|---|
| **Sender:** | "Laurence Pulgram" <LPulgram@Fenwick.com> |
| **Recipient:** | <brilletlaw@yahoo.com> |
| **Copy to:** | <stacymonahan@quinnemanuel.com>, <davideiseman@quinnemanuel.com>, "Jedediah Wakefield" <JWakefield@Fenwick.com>, "Albert Sieber" <ASieber@Fenwick.com>, "Liwen Mah" <LMah@fenwick.com>, <ydx@netbula.com>    ← *Yue's email* |
| **Time:** | Wed, 31 Oct 2007 08:47:00 -0700 |

Dear Ms. Brillet,

We are continuing to receive e-mails directly from your client Netbula's principal, apparently with respect to Defendants' pending motion for summary judgment to which Dr. Yue is not a party.   We do not intend to address Dr. Yue with respect to such matters, as Netbula is represented by counsel.

However, Dr. Yue's reference below to a December 16, 2005 letter from Sun threatens, for a second time, to breach the express agreement of confidentiality that Sun required before the settlement discussions of which it is a part.  His reference to his desire to use extrinsic evidence to interpret the license agreements has also previously been addressed.  This suggests that you may not have transmitted to him the attached prior response, as we requested.

Please advise Dr. Yue to stop contacting us directly about matters regarding which he is not individually a party.

Regards,

Laurence Pulgram

-----Original Message-----
From: **ydx@netbula.com [mailto:ydx@netbula.com]**
Sent: Tuesday, October 30, 2007 11:49 PM
To: Laurence Pulgram
Cc: ydx@netbula.com; brilletlaw@yahoo.com; stacymonahan@quinnemanuel.com; Jedediah Wakefield; Albert Sieber; Liwen Mah; yuedongxiao@gmail.com; davideiseman@quinnemanuel.com
Subject: Re: RE: Netbula's motion for substitution of party as to the copyright claim

Dear Messrs. Pulgram, Wakefield, Eiseman, Sieber and Mah,

The basic concept of copyright is that it is a personal property, and I am the owner of the property in dispute. I have the right to protect that property.

Anyway, I renew my request to the defense lawyers here, as officers of the court, to tell the whole truth in your representation to the Court -- now that I am involved, I will make sure that the relevant facts are presented to the trier of fact. You should do the same, as you have a duty to the Court. If you do not do it soon, I may have to file an emergency motion for an integrity hearing.

Some of the relevant facts not mentioned in Mr. Wakefield's brief are listed below:

**Subject:** RE: Netbula's motion for substitution of party as to the copyright claim
**From:** "Laurence Pulgram" <LPulgram@Fenwick.com>
**Date:** Fri, 26 Oct 2007 13:00:47 -0700
**To:** <ydx@netbula.com>
**CC:** <brilletlaw@yahoo.com>, "Jedediah Wakefield" <JWakefield@Fenwick.com>, "Albert Sieber"
<ASieber@Fenwick.com>, "Liwen Mah" <LMah@fenwick.com>, <yuedongxiao@gmail.com>,
<davideiseman@quinnemanuel.com>

Mr. Yue,

I will confer with my client and respond to you next week.

Laurence Pulgram

-----Original Message-----
From: ydx@netbula.com [mailto:ydx@netbula.com]
Sent: Friday, October 26, 2007 11:56 AM
To: Laurence Pulgram
Cc: ydx@netbula.com; brilletlaw@yahoo.com; Jedediah Wakefield; Albert
Sieber; Liwen Mah; yuedongxiao@gmail.com; davideiseman@quinnemanuel.com
Subject: Netbula's motion for substitution of party as to the copyright
claim

Dear Mr. Pulgram, Mr. Wakefield, Mr. Mah and Mr. Sieber,

I am writing to seek a stipulation regarding Netbula's substitution of
party as to the copyright claim filed in the Nebula v. StorageTek case.
As the copyright owner of the relevant software and related claims, I am
about to assert additional claims against StorageTek. This can be done
via an amended complaint in the C06-07391-MJJ case, or I can file a new
separate infringement action and move to relate/consolidate the new
action to the current action.

For judicial economy, I think it's far efficient for you to stipulate to
the substitution of party by replacing Dongxiao Yue as the copyright
plaintiff in the C06-07391-MJJ case.

If you do not stipulate to the substitution, I will commence the new
action next week.

Kind regards,

Don Yue

-------------------
-------------------------------------------
IRS Circular 230 Disclosure:  To ensure compliance with requirements imposed by the
IRS, we inform you that any U.S. federal tax advice in this communication (including
attachments) is not intended or written by Fenwick & West LLP to be used, and cannot be
used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii)
promoting, marketing, or recommending to another party any transaction or matter
addressed herein.
-------------------------------------------
ATTENTION:
The information contained in this message may be legally privileged and confidential.
It is intended to be read only by the individual or entity to whom it is addressed or by
their designee. If the reader of this message is not the intended recipient, you are on
notice that any distribution of this message, in any form, is strictly prohibited.

If you have received this message in error, please immediately notify the sender and/or
Fenwick & West LLP by telephone at (650) 988-8500 and delete or destroy any copy of this
message.

From: "Liwen Mah" <LMah@fenwick.com>
Date: Mon, 29 Oct 2007 16:03:13 -0700
To: <ydx@netbula.com>
CC: <yuedongxiao@gmail.com>

Dear Mr. Yue:
As agreed, please promptly review and consent to the attached stipulation regarding service by e-mail. For your convenience, you may consent by replying to this e-mail and indicating your approval.
Thank you.

Liwen Mah
Fenwick & West L.L.P.
555 California Street, 12th Floor
San Francisco, California 94104
Phone: 415.875.2336
Fax: 415.281.1350
lmah@fenwick.com


**From:** Laurence Pulgram
**Sent:** Monday, October 29, 2007 10:25 AM
**To:** 'ydx@netbula.com'; brilletlaw@yahoo.com; 'David Eiseman'
**Cc:** Jedediah Wakefield; Liwen Mah; Laurence Pulgram; Albert Sieber
**Subject:** Service

Dear Ms. Brillet and Mr. Yue and Mr. Eiseman,

Because Mr. Yue is unable to file by the ECF system, we would like to propose a stipulation as to service of papers where Mr. Yue is attempting to appear as an individual.

Specifically, we propose that, going forward, documents transmitted by e-mail to the addresses listed above be deemed the equivalent of service by e-filing as of the date and time the e-mail is delivered.

If you are agreeable to this mutual arrangement, please advise by close of business today.

If not, we will continue to reserve all rights with respect to materials not filed by ECF or hand served at our offices.

Sincerely,

Laurence Pulgram
--------------------------------------------
IRS Circular 230 Disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice in this communication (including attachments) is not intended or written by Fenwick & West LLP to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.
--------------------------------------------
ATTENTION:
The information contained in this message may be legally privileged and confidential. It is intended to be read only by the individual or entity to whom it is addressed or by their designee. If the reader of this message is not the intended recipient, you are on notice that any distribution of this message, in any form, is strictly prohibited.

If you have received this message in error, please immediately notify the sender and/or Fenwick & West LLP by telephone at (650) 988-8500 and delete or destroy any copy of this message.

| **Stip with Yue re service by email.pdf** | **Content-Description:** Stip with Yue re service by email.pdf |
| | **Content-Type:** application/octet-stream |
| | **Content-Encoding:** base64 |

**Subject:** RE: Service question
**From:** "Laurence Pulgram" <LPulgram@Fenwick.com>
**Date:** Wed, 31 Oct 2007 16:41:24 -0700
**To:** <ydx@netbula.com>
**CC:** <brilletlaw@yahoo.com>, <stacymonahan@quininemanuel.com>,
<davideiseman@quinnemanuel.com>, "Jedediah Wakefield" <JWakefield@Fenwick.com>, "Albert Sieber"
<ASieber@Fenwick.com>, "Liwen Mah" <LMah@fenwick.com>

Mr. Yue,

I am responding to you personally on the understanding that you are
acting in your individual capacity and unrepresented by counsel.

If you wish to serve a new summons and complaint on Sun (an action that
I have recommended against and reiterate can cause you personal
liability), you will need to follow the appropriate procedures for
accomplishing service of process.

On the other hand, if you are planning to seek a TRO (which I again
caution you strongly against, for reasons previously explained) this is
a separate matter from service of the summons.  It would be incumbent
upon you to provide notice of any TRO request by the most expeditious
means available--whether that is by e-mail or by hand.  This is so
regardless of whether formal service has first been accomplished.  I can
agree to receive TRO papers by e-mail instead of by hand.

Sincerely,

Laurence Pulgram

-----Original Message-----
From: ydx@netbula.com [mailto:ydx@netbula.com]
Sent: Wednesday, October 31, 2007 4:16 PM
To: Laurence Pulgram
Cc: brilletlaw@yahoo.com; stacymonahan@quininemanuel.com;
davideiseman@quinnemanuel.com; Jedediah Wakefield; Albert Sieber; Liwen
Mah; ydx@netbula.com
Subject: Service question

Mr. Pulgram,

As I indicated a while ago, I am about to file a multi-count
infringement claim, possibly along with an application for TRO. Do you
accept service by email?

Kind regards,

Don Yue


-------------------
-------------------------------------------
IRS Circular 230  Disclosure:  To ensure compliance with requirements imposed by the
IRS, we inform you that any U.S. federal tax advice in this communication (including
attachments) is not intended or written by Fenwick & West LLP to be used, and cannot be
used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii)
promoting, marketing, or recommending to another party any transaction or matter
addressed herein.
-------------------------------------------
ATTENTION:
The information contained in this message may be legally privileged and confidential.
It is intended to be read only by the individual or entity to whom it is addressed or by
their designee. If the reader of this message is not the intended recipient, you are on
notice that any distribution of this message, in any form, is strictly prohibited.

If you have received this message in error, please immediately notify the sender and/or
Fenwick & West LLP by telephone at (650) 988-8500 and delete or destroy any copy of this
message.

**Subject:** RE: Yue's position on Sun's related case motion
**From:** "Laurence Pulgram" <LPulgram@Fenwick.com>
**Date:** Wed, 5 Dec 2007 22:35:24 -0800
**To:** <ydx@netbula.com>, <brilletlaw@yahoo.com>
**CC:** <davideiseman@quinnemanuel.com>, "Jedediah Wakefield" <JWakefield@Fenwick.com>, "Albert Sieber" <ASieber@Fenwick.com>, "Liwen Mah" <LMah@fenwick.com>, <stacymonahan@quininemanuel.com>

Dear Ms. Brillet (Counsel for Netbula) and Dr. Yue (pro se in Yue v. Sun):

We filed the notice of related case because, despite your obligation to file such a notice, you did not do so, and, when we requested Netbula to do so as it was obligated to under the Local Rules, it did not do so. Our motion was filed, as required by the Court rules, in the Netbula case. If there is opposition to these cases being related, Netbula may file it, raising any and all points, including those below. In addition, Judge Jenkins' order that Dr. Yue not file papers as to the copyright claims at issue in Phase One of the Netbula case was an order directed against an individual who had been filing pleadings with respect to claims as to which only his LLC, not himself, was a party, and as to which the LLC was, and by necessity had to appear, through counsel rather than through its principal. I do not know why it would be assumed, without more, that this order precludes filings that specifically relate to claims as to which Dr. Yue actually is a party.

I do not believe that any of the other points below warrants comment, other than that I disagree with them.

Laurence Pulgram
Fenwick & West LLP
555 California Street, 12th Fl.
San Francisco, CA 94104
Phone 415-875-2390
Fax 415-281-1350
lpulgram@fenwick.com


-----Original Message-----
From: ydx@netbula.com [mailto:ydx@netbula.com]
Sent: Wednesday, December 05, 2007 11:53 AM
To: Laurence Pulgram; brilletlaw@yahoo.com;
stacymonahan@quininemanuel.com; davideiseman@quinnemanuel.com; Jedediah
Wakefield; Albert Sieber; Liwen Mah; ydx@netbula.com
Subject: Yue's position on Sun's related case motion

Dear Defense Counsel,

I received notification from Mr. Mah with SUN's related case motion attached. SUN's current position is inconsistent with its previous position and Judge Jenkins's decisions at the Nov 20, 2007 hearing.

It was clear that Judge Jenkins did not intend to handle the disputes about the other copyrights which I personally owned. The 7391 case was about the 1996 copyright only, which covers the code I wrote from July 24, 1996 to Sep 1, 1996 -- as Mr. Pulgram correctly pointed out in several occasions. I am attaching the Nov 20, 2007 transcript for you to review.

As Netbula stated in its motion to substitute party as to the copyright claim, I sought a stipulation for the substitution with an eye to amending the complaint. SUN vehemently opposed my proposal, forcing me to file a separate action as I foretold you. Even after the Yue case was filed, SUN persisted its opposition to my substitution or joinder as a party in the 7391 case, and Judge Jenkins agreed with SUN and issued a "cease and desist" order.

Originally, I contemplated about filing a related case motion. However, the situation has changed. Judge Jenkins made it quite clear that he does not want to hear from me, whether it is a legal argument or presentation of facts.