LAURENCE F. PULGRAM (CSB NO. 115163)
lpulgram@fenwick.com
JEDEDIAH WAKEFIELD (CSB NO. 178058)
jwakefield@fenwick.com
LIWEN A. MAH (CSB NO. 239033)
lmah@fenwick.com
FENWICK & WEST LLP
555 California Street
12th Floor
San Francisco, CA  94104
Telephone:     (415) 875-2300
Facsimile:      (415) 281-1350

Attorneys for Named Defendants
SUN MICROSYSTEMS, INC., MICHAEL
MELNICK, JULIE DECECCO, MICHAEL P.
ABRAMOVITZ, LISA K. RADY, and
JONATHAN SCHWARTZ

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DONGXIAO YUE,<br><br>　　　　Plaintiff,<br><br>v.<br><br>STORAGE TECHNOLOGY CORPORATION, a Delaware corporation; SUN MICROSYSTEMS, INC., a Delaware corporation; MICHAEL MELNICK, an individual; JULIE DECECCO, an individual; MICHAEL P. ABRAMOVITZ, an individual; LISA K. BRADY, an individual; JONATHAN SCHWARTZ, an individual; and DOES 1-1000, inclusive,<br><br>　　　　Defendants. | Case No.  C-07-05850-JW<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFF'S NOTICE REGARDING THE MOTION TO DISQUALIFY THE FORMER PRESIDING JUDGE (Docket No. 58)**<br><br>Date:　June 30, 2008<br>Time:　9:00 a.m.<br>Dept:　8, 4th Floor<br>Judge:　Honorable James Ware |

　　　　On May 23, 2008 Plaintiff Dongxiao Yue ("Plaintiff") filed a Notice Regarding the

Motion to Disqualify the Former Presiding Judge (Docket No. 58) ("Disqualification Motion").

Defendants Sun Microsystems, Inc., Michael Melnick, Julie DeCecco, Michael P. Abramovitz,

Lisa K. Rady, and Jonathan Schwartz (collectively, "Defendants") respectfully file this response

to that Notice. Plaintiff has requested that his Disqualification Motion be held in abeyance, for potential reactivation after the Court rules on his Rule 60(b) motion. While Defendants believe that the Disqualification Motion is frivolous, if the Court were to decide to hear Plaintiff's Disqualification Motion at some point, Defendants would request that the Court order a briefing schedule to permit Defendants an opportunity to respond.[1] However, Defendants contend that the Court does not need to consider the merits of Plaintiff's Disqualification Motion because the Court may dismiss that motion on its own accord for lack of jurisdiction.

Plaintiff has filed a notice of appeal of the judgment of dismissal in this case (Docket No. 72), which divests the Court of jurisdiction to hear the Plaintiff's Disqualification Motion. *See In re Does*, 891 F.2d 1407, 1413 (9th Cir. 1989) (In general, "filing of a notice of appeal confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal," except for "collateral" matters, such as motions for attorneys' fees, that are not related to the merits of the underlying appeal.) *disapproved of on other grounds*, *Church of Scientology v. United States*, 506 U.S. 9 (1992). Since Judge Jenkins is no longer presiding over this case, and, indeed, is no longer on the federal bench, the issues raised in Plaintiff's motion to disqualify Judge Jenkins serve no purpose but to challenge the merits and validity of the judgment entered by Judge Jenkins. Those issues are thus necessarily raised by that appeal and are not collateral. Consequently, the Court does not retain jurisdiction to decide Plaintiff's Disqualification Motion.

To the extent the issues raised in Plaintiff's Disqualification Motion are also raised in his now pending Rule 60(b) motion, the Court similarly lacks jurisdiction at this time. Under *Gould v. Mutual Life Ins. Co.*, 790 F.2d 769 (9th Cir. 1986), "[t]he proper procedure, once an appeal has been taken, is to ask the district court whether it wishes to entertain the [Rule 60(b)] motion, or to grant it, and then move [the Ninth Circuit], if appropriate, for remand of the case." *Id.* at 772

---

[1] Plaintiff inaccurately claims in his Notice that during a Rule 26 Conference, Defendants "threatened to incur large amount of attorneys' fees." They did not. But, they did state, after Plaintiff threatened to file a motion for sanctions, that they would seek the fees that Plaintiff's conduct would force Defendants to incur. Similarly, if they were required to oppose Plaintiff's frivolous motion to disqualify Judge Jenkins on the merits, Defendants would also seek their attorneys' fees for being required to do so.

1  (internal quotation marks omitted); *see also Chaganti v. i2 Phone Int'l, Inc.*, Case No.
2  C-04-987-VRW, 2007 U.S. Dist. LEXIS 66776 (Aug. 30, 2007) (Walker, C.J.) (striking plaintiff's
3  motion brought under Rule 60(b) filed shortly before notice of appeal because court was without
4  jurisdiction to consider it).  Thus, unless and until the Court rules that it wishes to entertain the
5  60(b) motion, and the Ninth Circuit remands the case, the Court lacks jurisdiction.

6      In any event, to the extent the Court entertains Plaintiff's Rule 60(b) motion at all, the issues
7  raised in the Disqualification Motion are superfluous to those raised in the Rule 60(b) motion.  To
8  the extent that relief under Rule 60(b) could be appropriate based on the requested disqualification,
9  that issue is already before the Court in the fully briefed Rule 60(b) motion.  Thus, any additional
10 and independent issues raised by Plaintiff's separate motion, filed outside the context of Rule 60(b),
11 are not properly before this Court because of lack of jurisdiction.  Therefore, regardless of how this
12 Court disposes of the Rule 60(b) motion, Plaintiff's Disqualification Motion should not be heard,
13 and should be dismissed *sua sponte* for patent lack of jurisdiction.

14     Defendants respectfully request the Court dismiss Plaintiff's Disqualification Motion for
15 lack of jurisdiction.  Should the Court wish to permit Plaintiff to be heard on the issue of jurisdiction,
16 it might issue an order to show cause why the Disqualification Motion not be dismissed.  In the
17 alternative, Defendants request that the Court order a briefing schedule so that Defendants may have
18 an opportunity to respond to the motion on the merits if and when it is calendared.

20 DATED: May 28, 2008        FENWICK & WEST LLP

22     By:  */s/ Jedediah Wakefield*
23         Jedediah Wakefield

24 Attorneys for Named Defendants
SUN MICROSYSTEMS, INC., MICHAEL MELNICK,
25 JULIE DECECCO, MICHAEL P. ABRAMOVITZ, LISA A.
RADY, AND JONATHAN SCHWARTZ

1285858

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO