1  DONGXIAO YUE
   2777 ALVARADO ST., SUITE C
2  SAN LEANDRO, CA 94577
   Telephone:   (510) 396-0012
3  Facsimile:   (510) 291-2237
4  E-Mail:      ydx@netbula.com

5  *Pro Se*

**FILED**

MAY 23 2008

RICHARD W. WIEKING
U.S. DISTRICT COURT
DISTRICT OF CALIFORNIA
SAN JOSE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| DONGXIAO YUE, | Case No. C07-05850-JW |
|---|---|
| Plaintiff, | **PLAINTIFF'S NOTICE REGARDING THE MOTION TO DISQUALIFY THE FORMER PRESIDING JUDGE (Docket No. 58)** |
| v. | |
| STORAGE TECHNOLOGY CORPORATION, a Delaware corporation; SUN MICROSYSTEMS Inc., a Delaware corporation; Michael Melnick, an individual; Julie DeCecco, an individual; Michael P. Abramovitz, an individual; Lisa K. Rady, an individual; Jonathan Schwartz, an individual; and DOES 1-1000, inclusive, | Date:   June 30, 2008<br>Time:   9:00 A.M.<br>Dept:   Courtroom 8<br>Judge:  Hon. James Ware |
| Defendants. | |

-1-

Case No. C07-05850-JW

## BACKGROUND

On March 18, 2008, Plaintiff filed the motion to disqualify the former presiding judge (the "Motion", Docket No. 58) under 28 U.S.C. §§ 144 & 455. Pursuant to Civ. L.R. 3-15, Plaintiff requested that the Motion to be referred to a randomly assigned judge for determination. On the same day, Defendants filed a motion for attorney's fees, without conferring with Plaintiff as required by Civil Local Rule 54-6.

On March 21, 2008, the former judge referred Defendants' fee motion to Magistrate Judge Laporte.

On April 4, 2008, the former judge resigned from the federal bench.

On April 9, 2008, the instant case was reassigned to U.S. District Judge James Ware.

On May 8, 2008, the Court instructed Plaintiff to notify the Court whether the motion to disqualify the former judge (the "Motion", Docket No. 58) is still pending before the Court in light of reassignment.

On April 24, 2008, during a Rule 26(f) conference, defendants threatened to incur large amount of attorney's fees and seek them from Plaintiff, causing serious "personal financial stability" issues for him. On May 8, 2008, defendants sent an email to Plaintiff, which stated the following:

> As you are aware, the Court's order today directed that you determine whether or not to continue to prosecute your motion to disqualify Judge Jenkins, who is no longer on the bench in this Court. Please be advised that if the motion is not withdrawn, defendants intend to seek to recover all sums expended responding to it both as attorneys' fees in this action (in addition to the sums already sought in our motion for attorneys' fees), or alternatively under Rule 11. Please note that Defendants intend to point out that Court already addressed and rejected your allegations of bias, and that neither the Ninth Circuit nor Congress has responded favorably to your allegations of bias.

Case No. C07-05850-JW

## PLAINTIFF'S RESPONSE

Given the complexity of the factual and legal issues involved, Plaintiff believes that it is in the interest of judicial economy for him to make the decision on whether to withdraw the Motion after the Court has made a determination on Plaintiff's request for Rule 60(b) relief[1].

For the foregoing reason, Plaintiff requests that the Court take no action on the Motion to disqualify the former judge at this time.

Respectfully submitted,

Dated: May 23, 2008

_____
DONGXIAO YUE (*Pro Se*)

---

[1] The rule 60(b) motion to vacate judgment is partially based on the ground that the former judge was disqualified under 28 U.S.C § 455. The rule 60(b) motion references the motion to disqualify the former judge, but itself does not incorporate all the grounds for disqualification, therefore, the motion to disqualify the former judge may not be entirely moot. See *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847 (1988). In *Liljeberg*, respondent learned of disqualifying grounds after the judgment was affirmed by the Fifth Circuit. However, in *Liljeberg*, there was extensive discovery on the judge's extra-judicial sources.