1  DONGXIAO YUE
   2777 ALVARADO ST., SUITE C
2  SAN LEANDRO, CA 94577
   Telephone:   (510) 396-0012
3  Facsimile:   (510) 291-2237
4  E-Mail:      ydx@netbula.com

5  *Pro Se*

8              UNITED STATES DISTRICT COURT
9              NORTHERN DISTRICT OF CALIFORNIA

10 DONGXIAO YUE,                    | Case Nos. C07-05850-JW and
11                                  |           C08-0019-JW
              Plaintiff,
12                                  | **PLAINTIFF'S CONSOLIDATED
   v.                               | MOTION FOR ADMINISTRATIVE
13                                  | RELIEF FOR AN ORDER TO TAKE
                                    | DEPOSITIONS OF CLAUDE M. STERN
14 Storage Technology Corporation, et al., | AND THREE OTHER DECLARANTS**
15
              Defendants.           | Dept: 8, 4th Floor
16                                  | Judge: Honorable James Ware
17 -----------------------------------
18 DONGXIAO YUE,

              Plaintiff,
19
20 v.

21 Chordiant Software, Inc., et al.,

                                    -1-

Case Nos. C07-05850-JW, C08-0019-JW          MOTION TO FOR AN ORDER
                                             FOR DEPOSITION OF CLAUDE M. STERN ET. AL.

1  Plaintiff, Dongxiao Yue ("Yue"), hereby moves for a Court Order to permit Plaintiff to
2  take the depositions of Claude M. Stern, Jedediah Wakefield, Connie L. Ellerbach and Laurence
3  Pulgram to ascertain the truthfulness of their declarations submitted along with Defendants'
4  proposed supplemental brief. Plaintiff has conferred with Defendants but failed to reach a
5  stipulation. This motion is based on the declaration of Dongxiao Yue (Yue Decl.) filed
6  concurrently, and the record of the Court.

## BACKGROUND

In March 2008, Plaintiff filed motions to disqualify Fenwick & West, LLP ("Fenwick") on the ground that Claude M. Stern, a Fenwick partner, served as an Early Neutral in lawsuit between Netbula and its competitor Distinct Corporation. In early April 2008, Fenwick & West LLP attorneys filed oppositions to Plaintiff's disqualification motions. Claude M. Stern did not file any declaration for the opposition. Plaintiff filed a consolidated reply brief on April 17, 2008.

On June 2, 2008, the Fenwick attorneys emailed Plaintiff the draft of a supplemental brief, without providing the exhibits and declarations. Plaintiff requested the exhibits and declarations, but the Fenwick attorneys ignored this request and filed the documents with the Court on June 3, 2008, alleging that Plaintiff had refused to stipulate to the filing of the supplemental brief. Yue Decl., ¶¶3-7.

Fenwick's proposed supplemental brief is based on the declarations of Claude M. Stern, Jedediah Wakefield, Connie L. Ellerbach and Laurence Pulgram (the "Four Declarants").

On June 4, 2008, Plaintiff sent four deposition notices to the Four Declarants and made the following proposal to the Fenwick attorneys:

> Plaintiff will not oppose your June 3 administrative motion for leave to file supplemental brief under the following two conditions:
>
> 1) Plaintiff is allowed to file a reply to your supplemental brief; and
>
> 2) Depositions of Wakefield, Stern, Pulgram and Ellerbach are taken at least three days before Plaintiff's response to your supplemental brief is due.
>
> As for the location of the depositions, for your convenience, I can go to your San Francisco office. Since I do not expect the depositions to take long, we can arrange to have at least two depositions taken per day. You may also take my deposition, as long as you focus on the facts relevant to the disqualification motion.

Yue Decl., ¶¶8-10.

Plaintiff made numerous attempts to reach an agreement with the Fenwick attorneys. Plaintiff further stated that if the Four Declarants refused to have their depositions taken, Plaintiff will have to move for a Court order. On June 6, 2008, the Fenwick attorneys simply said "no to the proposal above. Yue Decl., ¶¶11-14.

## ARGUMENT

Defendants' proposed supplemental brief contains contentions that they could have raised in their opposition brief. But they failed to do so. Defendants, in an untimely manner, now intend to present new facts and arguments.

Defendants now have the declarations of four people making various allegations in vague and ambiguous terms (such as "as far as I can recall" regarding the destruction of Claude Sterns's ENE files). Plaintiff has sound reasons to believe that their submissions to the Court are false or

-3-

Case Nos. C07-05850-JW, C08-0019-JW                    MOTION TO FOR AN ORDER
                                               FOR DEPOSITION OF CLAUDE M. STERN ET. AL.

1  misleading. To be fair, Plaintiff is entitled to cross-examination of the four declarants to ascertain
2  the truth.
3      Plaintiff's proposed deposition topics are narrowly tailored as stated in the deposition notices:
4      1) Deponent's knowledge of the *Netbula v. Distinct* dispute, the Early Neutral Evaluation,
5         and sharing of documents and or information regarding the same;
6      2) Facts alleged in deponent's declaration and Fenwick & West, LLP's submissions to the
7         U.S. District Court in opposition to Plaintiff's motion to disqualify Fenwick & West, LLP.
8  See **Exhibit A** attached to the Declaration of Dongxiao Yue (deposition notices). As indicated to
9  the Fenwick attorneys, Plaintiff expects the depositions to last no more than two hours each and
10 Plaintiff can travel to the Fenwick office for the depositions.

## CONCLUSION

Plaintiff asks the Court for an Order to compel the depositions of the Claude M. Stern and the other three Fenwick attorneys. Plaintiff requests that the depositions of the Four Declarants to be taken at least three days before his reply to the supplemental brief is due.

Respectfully submitted,

Dated: June 6, 2008

_____
DONGXIAO YUE (*Pro Se*)

-4-

Case Nos. C07-05850-JW, C08-0019-JW     MOTION TO FOR AN ORDER FOR DEPOSITION OF CLAUDE M. STERN ET. AL.