1  LAURENCE F. PULGRAM (CSB NO. 115163)
   *lpulgram@fenwick.com*
2  JEDEDIAH WAKEFIELD (CSB NO. 178058)
   *jwakefield@fenwick.com*
3  LIWEN A. MAH (CSB NO. 239033)
   *lmah@fenwick.com*
4  FENWICK & WEST LLP
   555 California Street, Suite 1200
5  San Francisco, CA  94104
   Telephone: (415) 875-2300
6  Facsimile:  (415) 281-1350

7  Attorneys for Named Defendants
   SUN MICROSYSTEMS, INC.,
8  MICHAEL MELNICK, JULIE DECECCO,
   MICHAEL P. ABRAMOVITZ, LISA K. RADY,
9  JONATHAN SCHWARTZ, CHORDIANT
   SOFTWARE, INC., DEREK P. WITTE,
10 STEVEN R. SPRINGSTEEL, and OLIVER WILSON

11                    UNITED STATES DISTRICT COURT

12                   NORTHERN DISTRICT OF CALIFORNIA

13                         SAN JOSE DIVISION

14 DONGXIAO YUE,                          Case No. C-07-05850-JW and
                                          Case No. C-08-00019-JW
15              Plaintiff,

16 v.

17 STORAGE TECHNOLOGY CORPORATION,
   a Delaware corporation; SUN            **DEFENDANTS' OPPOSITION TO**
18 MICROSYSTEMS, INC., a Delaware         **PLAINTIFF'S CONSOLIDATED**
   corporation; MICHAEL MELNICK, an       **MOTIONS FOR ADMINISTRATIVE**
19 individual; JULIE DECECCO, an individual; **RELIEF FOR AN ORDER TO TAKE**
   MICHAEL P. ABRAMOVITZ, an individual;  **DEPOSITIONS**
20 LISA K. RADY, an individual; JONATHAN
   SCHWARTZ, an individual; and DOES 1-1000,
21 inclusive,                             Courtroom:  8, 4th Floor
                                          Judge:      Honorable James Ware
22              Defendants.

23 DONGXIAO YUE,

24              Plaintiff,

25 v.

26 CHORDIANT SOFTWARE, INC., a Delaware
   corporation; DEREK P. WITTE, an individual;
27 STEVEN R. SPRINGSTEEL, an individual; and
   OLIVER WILSON, an individual,

28              Defendants.

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1    Pursuant to Local Rule 7-11(b), Defendants in the above-captioned actions respectfully

2    submit this Opposition to Plaintiff's Consolidated Motions for Administrative Relief, Dkt. 109 in

3    Case No. 07-5850-JW, *Yue v. Storage Technology Corp., et al* ("*STK II*") and Dkt. 61 in *Yue v.*

4    *Chordiant Software, Inc.*, Case No. 08-00019-JW ("*Chordiant*").

5    **INTRODUCTION**

6    Dongxiao Yue, a litigant whom the Court previously "cautioned against multiplying

7    proceedings without a sufficient legal basis" (*STK II*, Dkt. 41 at 5:3-4), and whose tactics the Court

8    described as ranging from the "duplicative to nearly vexatious" (*Id.*, Dkt. 51 at 7:6-11), now makes

9    an extraordinary request to take depositions of his adversaries' counsel of record, and a former

10   Early Neutral Evaluator from an unrelated case. Yue bases this request on nothing but a conclusory

11   allegation that he has "sound reasons to believe that [Defendants'] submissions to the Court are

12   "false or misleading." Remarkably, he brings this motion in a case in which judgment has already

13   been entered against him, and that is currently on appeal (*STK II*), and in another where the Court

14   has stayed discovery pending the outcome of Defendants' motions to dismiss (*Chordiant*).

15   Yue purportedly needs these depositions to support his ill-conceived motions to disqualify

16   defense counsel—motions he filed back in March 2008, and that are set for hearing on June 30. He

17   now claims he needs the depositions to respond to facts raised "in an untimely manner" in

18   Defendants' proposed Supplemental Brief. But those facts were submitted to respond to new

19   allegations *Yue* raised in his Consolidated Reply. *See STK II* Dkt. 105. And in all events, he fails

20   to identify anything in the declarations justifying the depositions of opposing counsel.

21   Courts recognize the "abuse inherent in deposing an opponent's attorney," and therefore

22   require a strong showing that the information sought is crucial to the case and unavailable from any

23   other source. Yue's motion is based on pure conjecture, and comes nowhere near meeting this

24   exacting standard. The Court should put a stop to Yue's legally baseless efforts to multiply the

25   proceedings, and his administrative motion should be denied.

26   **FACTUAL BACKGROUND**

27   On March 10, 2008, Yue filed a motion to disqualify Fenwick in the *Chordiant* case, on

28   the sole grounds that certain communications between Fenwick and Yue allegedly violated

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1   relevant rules of professional conduct.  Defendants in the *Chordiant* case filed an Opposition on

2   April 1, 2008, as required under the original briefing schedule.  *Chordiant* Dkt. 41.  That

3   Opposition was supported by the accompanying declaration of Jedediah Wakefield. *Id.,*  Dkt. 42.

4        On March 26, 2008, Yue filed a Motion to Disqualify Fenwick in *STK II*, on the same

5   grounds as those raised in the *Chordiant* case, and also on the grounds that a former Fenwick

6   attorney, Claude Stern, had conducted an Early Neutral Evaluation ("ENE") in a trademark case,

7   *Netbula v. Distinct,* in 2002.  Defendants in *STK II* filed an Opposition on April 9, 2008 as

8   required under the original briefing schedule.  That Opposition was also supported by the April 9,

9   2008 declaration from Mr. Wakefield, which made clear that (1) Mr. Stern had left Fenwick in

10  2003 and his files were transferred from Fenwick at that time or shortly thereafter, and (2) no one

11  working on the cases against Yue had performed any work on the ENE, or had any

12  communications with Mr. Stern about it.  *STK II*, Dkt. 79, ¶3-4.

13       On April 17, 2008, Yue filed a "Consolidated Reply" pertaining to both motions to

14  disqualify, which raised new factual and legal arguments that had not been presented in his opening

15  briefs.  For example, Yue argued that even though Mr. Stern had left in 2003, anyone who had

16  worked with him had "imputed" knowledge of any confidential information he once possessed.

17  Yue further argued—contrary to fact— that the *Distinct* trademark case was actually a copyright

18  matter.  Since Defendants had no opportunity to respond to Yue's untimely new arguments, they

19  sought leave to file a Supplemental Opposition, accompanied by supporting declarations from

20  counsel.  Yue now seeks to depose the current Fenwick attorneys, and the former Early Neutral

21  Evaluator, who offered declarations to respond to his new allegations.

22  **ARGUMENT**

23  **I.  YUE HAS NOT MET THE BURDEN OF SHOWING THAT DEPOSING**
24  **DEFENDANTS' ATTORNEYS IS JUSTIFIED.**

25       A party seeking to take the deposition of opposing counsel must establish that (1) no other

26  means exist to obtain the information sought other than through deposition of opposing counsel,

27  (2) the information sought is both relevant and nonprivileged, and (3) the information sought is

28  "crucial" to the preparation of the case. *American Casualty Co. v. Krieger*, 160 F.R.D. 582, 587

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1    (S.D. Cal. 1995); *see also Mass. Mutual Life Insurance Co. v. Cerf*, 177 F.R.D. 472, 479 (N.D.

2    Cal. 1998).  The opportunity to depose opposing counsel should be afforded only in limited

3    circumstances "because of the potential for abuse inherent in deposing an opponent's attorney."

4    *See American Casualty Co.*, 160 F.R.D. at 588.  Yue's motion fails to establish that the

5    information sought is both relevant and "crucial" to either *STK II* or *Chordiant.*

6    Yue's purported justification for seeking the depositions is that he has "sound reasons to

7    believe that [Defendants'] submissions to the Court are false or misleading."  (Motion to Take

8    Depositions at 3-4; *see also* Yue Declaration, *Chordiant* Dkt. 62 at 4.)  Yet, Yue has not pointed

9    to one fact supporting his inflammatory accusation.  Certainly, if he had any evidence supporting

10   such a serious claim, he should have provided it.  He did not; nor could he.  In sum, Yue has

11   provided the Court with no basis to presume that any of counsel's representations were anything

12   but truthful.

13   The mere fact that attorneys submitted declarations to the Court does not justify

14   permitting their depositions.  Attorneys submit declarations to the Court every day, and indeed,

15   are required to do so under the Local Rules.  *See, e.g.,* Civil L.R. 7-5.[1]  If litigants could take

16   depositions of opposing counsel by merely making conclusory allegations that they have some

17   unstated "reasons to believe" that declarations were somehow "false or misleading," there would

18   be no end to the satellite litigation that would ensue.

19   Yue's failure to establish *both* the propriety *and* the need for the depositions he seeks is

20   fatal to his motion.  *American Casualty Co.*, 160 F.R.D. at 588 n.3 ("the court will regard the

21   mere request to depose a party's attorney as constituting good cause for obtaining a Rule 26(c)

22   protective order, *unless the party seeking the deposition can show both the propriety and need*

23   *therefor*").  While Yue argues that he is entitled to explore the speculative possibility that

24   confidential information concerning the *Distinct ENE* was disclosed, the Court can determine

25   based on the pleadings from that case that it is not substantially related to either *STK II* or

---

26   [1]  Yue's own declaration violates Local Rule 7-5, which permits "only facts" and "must avoid

27   conclusions."  L.R. 7-5(b) ("An affidavit or declarations may contain only facts, must conform as
     much as possible to the requirements of FRCivP 56(e), and must avoid conclusions and argument.
     Any statement made upon information or belief must specify the basis therefor. An affidavit or

28   declaration not in compliance with this rule may be stricken in whole or in part.").

*Chordiant*.  As Defendants explained in their Opposition and Supplemental Opposition, the *Distinct* litigation was not a copyright case or a breach of license case, nor did it involve the same or similar facts as the present cases.  Thus, the *Distinct* litigation is not substantially related to either *STK II* or *Chordiant,* and nothing Dr. Yue hopes to ask in a deposition can change that fact.

Moreover, Yue does not purport to limit the subject matter of the depositions to the *Distinct* ENE.  Rather, he seeks to depose the witnesses on *all* "facts alleged in deponent's declaration and Fenwick & West LLP's submissions to the U.S. District Court in opposition to Plaintiff's motion to disqualify Fenwick & West, LLP."  (Motion to Take Depositions at 4.)  For months, Yue has known Fenwick's position on the motions to disqualify, and the facts supporting that position.  Yet, at the eleventh hour, Yue seeks the drastic remedy of deposing the Fenwick attorneys, two of whom are trial counsel for Defendants in both *STK II* and *Chordiant*, regarding any and all "facts" in Fenwick's "submissions."  Not surprisingly, Yue cites no authority for such a broad and overreaching request.  *See Shelton v. Am. Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1986) ("The practice of forcing trial counsel to testify as a witness . . . has long been discouraged.").  Indeed, the timing of Yue's request for discovery—months after he filed his motions to disqualify—belie any claim that the discovery is relevant, let alone crucial, to the issues raised in Yue's litigation.

## II.    YUE'S REQUEST FOR DISCOVERY IS PROCEDURALLY BARRED

Yue's request to take depositions in the *STK II* litigation is also far too late, and in the *Chordiant* matter is premature at best.  On March 4, 2008, the Court dismissed the *STK II* case with prejudice.  *STK II*, Dkt. 52.  Yue has appealed to the Ninth Circuit.  *Id.*, Dkt. 72.  Therefore, there is not even jurisdiction in *STK II* to permit discovery.  *See In re Does*, 891 F.2d 1407, 1413 (9th Cir. 1989) (in general, "filing of a notice of appeal confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal," except for "collateral" matters, such as motions for attorneys' fees, that are not related to the merits of the underlying appeal.) *disapproved of on other grounds*, *Church of Scientology v. United States*, 506 U.S. 9 (1992).

In the *Chordiant* matter, the Court stayed discovery pending the resolution of various motions, including Defendants' Motions to Dismiss.  (*See* Order Following Case Management

Fenwick & West LLP
Attorneys At Law
Mountain View

Defendants' Opp to Plaintiff's Mtn for Adm
Relief for an Order to Take Depositions
- 4 -
Case No. CV 07-5850-JW and
Case No. C-08-00019- JW

1   Conference, *Chordiant*, Dkt. 55.)  There is no basis to disturb that order, particularly now that the

2   parties have filed all of their respective briefs relating to Yue's disqualification motions.  The

3   Court should not permit Yue to re-open issues already fully briefed, and should deny the request

4   to take depositions.

### CONCLUSION

5           For the foregoing reasons, Defendants respectfully request the Court deny Yue's motion

6   for an order to take depositions.

7

8   Dated: June 10, 2008                                FENWICK & WEST LLP

9                                                       By:_____/s/ JEDEDIAH WAKEFIELD_____

10                                                              Jedediah Wakefield

11                                                      Attorneys for Named Defendants
                                                        SUN MICROSYSTEMS, INC.,
12                                                      MICHAEL MELNICK, JULIE DECECCO,
                                                        MICHAEL P. ABRAMOVITZ,  LISA K.
13                                                      RADY, JONATHAN SCHWARTZ,
                                                        CHORDIANT SOFTWARE, INC., DEREK P.
14                                                      WITTE, STEVEN R. SPRINGSTEEL, and
                                                        OLIVER WILSON
15

16

17

18

19   25689/00405/LIT/1286587.3

20

21

22

23

24

25

26

27

28

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1  LAURENCE F. PULGRAM (CSB NO. 115163)
   *lpulgram@fenwick.com*
2  JEDEDIAH WAKEFIELD (CSB NO. 178058)
   *jwakefield@fenwick.com*
3  LIWEN A. MAH (CSB NO. 239033)
   *lmah@fenwick.com*
4  FENWICK & WEST LLP
   555 California Street, Suite 1200
5  San Francisco, CA  94104
   Telephone: (415) 875-2300
6  Facsimile:  (415) 281-1350

7  Attorneys for Named Defendants
   SUN MICROSYSTEMS, INC.,
8  MICHAEL MELNICK, JULIE DECECCO,
   MICHAEL P. ABRAMOVITZ, LISA K. RADY,
9  JONATHAN SCHWARTZ, CHORDIANT
   SOFTWARE, INC., DEREK P. WITTE,
10 STEVEN R. SPRINGSTEEL, and OLIVER WILSON

11                    UNITED STATES DISTRICT COURT

12                   NORTHERN DISTRICT OF CALIFORNIA

13                         SAN JOSE DIVISION

14 DONGXIAO YUE,                          Case No. C-07-05850-JW and
                                          Case No. C-08-00019-JW
15            Plaintiff,

16 v.

17 STORAGE TECHNOLOGY CORPORATION,        **[PROPOSED] ORDER DENYING**
   a Delaware corporation; SUN            **PLAINTIFF'S CONSOLIDATED**
18 MICROSYSTEMS, INC., a Delaware         **MOTION FOR ADMINISTRATIVE**
   corporation; MICHAEL MELNICK, an       **RELIEF FOR AN ORDER TO TAKE**
19 individual; JULIE DECECCO, an individual; **DEPOSITIONS OF CLAUDE M. STERN**
   MICHAEL P. ABRAMOVITZ, an individual;  **AND THREE OTHER DECLARANTS**
20 LISA K. RADY, an individual; JONATHAN
   SCHWARTZ, an individual; and DOES 1-1000,
21 inclusive,                             Courtroom:  8, 4th Floor
                                          Judge:      Honorable James Ware
22            Defendants.

23 DONGXIAO YUE,

24            Plaintiff,

25 v.

26 CHORDIANT SOFTWARE, INC., a Delaware
   corporation; DEREK P. WITTE, an individual;
27 STEVEN R. SPRINGSTEEL, an individual; and
   OLIVER WILSON, an individual,
28
              Defendants.

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

1    The Court having considered all of the papers filed in support of Plaintiff Dongxiao Yue's

2    ("Yue") Motion for Administrative Relief for an Order to take Depositions of Claude M. Stern

3    and Three Other Declarants (Dkt. 109, Case No. 07-5850-JW and Dkt. 61, Case No. 08-00019-

4    JW), which was filed on Friday, June 6, 2008, and the Court having considered all papers filed in

5    opposition to Yue's Motion, IT IS HEREBY ORDERED that Yue's Motion is **DENIED**.

6

7    **IT IS SO ORDERED.**

8

9    Dated:_____, 2008

10                                                    The Honorable James Ware
                                                      United States District Court Judge

11    1286651

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW