DONGXIAO YUE
2777 ALVARADO ST., SUITE C
SAN LEANDRO, CA 94577
Telephone:  (510) 396-0012
Facsimile:   (510) 291-2237
E-Mail:      ydx@netbula.com

*Pro Se*

FILED
JUN 1 6 2008
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONGXIAO YUE,<br><br>    Plaintiff,<br><br>v.<br><br>STORAGE TECHNOLOGY CORPORATION, a Delaware corporation; SUN MICROSYSTEMS Inc., a Delaware corporation; Michael Melnick, an individual; Julie DeCecco, an individual; Michael P. Abramovitz, an individual; Lisa K. Rady, an individual; Jonathan Schwartz, an individual; and DOES 1-1000, inclusive,<br><br>    Defendants. | Case No. C07-05850-JW-EDL<br><br>**PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' MOTION FOR ATTORNEYS' FEES AND COSTS (DOCKET NO. 53) FOR FAILURE TO COMPLY WITH CIVIL LOCAL RULE 54-6**<br><br>[Civil Local Rules 54-6, 1-4]<br><br>Date: July 22, 2008<br>Time: 9:00 a.m.<br>Dept: Courtroom E, 15th Floor<br>Judge: Hon. Elizabeth D. Laporte |

## NOTICE OF MOTION AND MOTION

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that *pro se* Plaintiff, Dongxiao Yue ("Yue" or "Plaintiff"), hereby moves for an Order to strike defendants' motion for attorney's fees (Docket No. 53) for their failure to comply with Civil Local Rule 54-6. The hearing of this motion is set on July 22, 2008, at 9:00 AM in Courtroom E, 15th Floor at the San Francisco Division of the Northern District of California, before U.S. Magistrate Judge Honorable Elizabeth D. Laporte.

This motion is based upon this Notice, the following Points and Authorities, the papers on file in this matter, and such further evidence and argument as may be presented to the Court at or before the hearing.

## BACKGROUND

In November 2007, after his attempt to intervene and join as a party in the related *Netbula v. SUN* case was rebuffed, Plaintiff commenced the instant action to protect three copyrights he personally owned, alleging 10 counts of willful copyright infringement by Defendants. On March 4, 2008, before Defendants filed a responsive pleading, the former presiding judge dismissed the case with prejudice and entered final judgment against Plaintiff.

On March 18, 2008, Defendants filed a motion for attorneys' fees under section 505 of the Copyright Act. See Docket No. 53 ("Defendants' Fee Motion"). However, Defendants failed to comply with Civil Local Rule 54-6 (b), which requires that "the motion for attorney fees must be supported by declarations or affidavits containing the following information":

> A statement that counsel have met and conferred for the purpose of attempting to resolve any disputes with respect to the motion or a statement that no conference was held, with certification that the applying attorney made a good faith effort to arrange such a conference, setting forth the reason the conference was not held.

-2-

Defendants did not attempt to arrange a conference with Plaintiff about the fee motion, and they did not file any declaration or affidavit stating that they attempted the same.

## ARGUMENT

Local Rules are the "laws of the United States." *United States v. Hvass*, 355 U.S. 570, 575-76 (1958). FRCP 54 (d)(2)(D) authorizes that "[b]y local rule, the court may establish special procedures to resolve fee-related issues without extensive evidentiary hearings." Defendants made no attempt to follow Civil Local Rule 54-6 and offered no excuses for failing to do so. Plaintiff is severely prejudiced as he lost the opportunity to contest the attorney's fees request in a live conference and was deprived other protections afforded by the rules.

In *Kyle v. Campbell Soup Co.*, 28 F.3d 928 (9th Cir. 1994), the Ninth Circuit held that filing a motion for attorneys' fees 2 (two) days late was not excusable and vacated the award of attorney's fees. *Id*. at 932. Defendants in this case failed to timely file a proper fee motion. Civil Local Rule 1-4 authorizes sanctions for "[f]ailure by counsel or a party to comply with any duly promulgated local rule or any Federal Rule." The just and expeditious remedy for Defendant's failure is to strike their motion for attorney's fees.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court strike Defendants' motion for attorney's fees (Docket No. 53) for failure to comply with Civil Local Rule 54-6.

Respectfully submitted,

Dated: June 16, 2008

DONGXIAO YUE (*Pro Se*)

-3-

Case No. C07-05850-JW-EDL (N.D. Cal)

Dongxiao Yue v. Storage Technology Corp., et al.

## CERTIFICATE OF SERVICE

I, Dongxiao Yue, with address at 2777 Alvarado Street, Suite C, San Leandro, CA 94577, declare:

On June 16, 2008, I caused a copy of the following documents described as:

1) PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' MOTION FOR ATTORNEYS' FEES AND COSTS (DOCKET NO. 53) FOR FAILURE TO COMPLY WITH CIVIL LOCAL RULE 54-6

to be served on all interested parties in said cause, by delivering a true copy as follows:

____  **(By Mail)**  By placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Leandro, California addressed as set forth below.

X   **(By E-Mail)**  By emailing the document(s) listed above in PDF format to the attorneys listed below pursuant to an agreement to service by email:

"Laurence Pulgram" <LPulgram@Fenwick.com>, "Jedediah Wakefield" <JWakefield@Fenwick.com>, "Liwen Mah" <LMah@fenwick.com>
Attorneys for Storage Technology Corporation, Sun Microsystems, Inc, Jonathan Schwartz, et al.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on June 16, 2008, at San Leandro, California.

_____
Dongxiao Yue