1   DONGXIAO YUE
    2777 ALVARADO ST., SUITE C
2   SAN LEANDRO, CA 94577
    Telephone:    (510) 396-0012
3   Facsimile:    (510) 291-2237
    E-Mail:    ydx@netbula.com
4
5   *Pro Se*

**FILED**

JUN 2 6 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT FOURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

6
7
8
9

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

10  DONGXIAO YUE,                          Case Nos. C07-05850-JW and
11                                                      C08-0019-JW
                    Plaintiff,
12                                          **PLAINTIFF'S REQUEST FOR JUDICIAL**
        v.                                  **NOTICE OF DEFENSE COUNSEL'S**
13                                          **ADMISSIONS IN THEIR PRIOR**
                                            **FILINGS WITH THE COURT IN**
14  Storage Technology Corporation, et al., **SUPPORT OF PLAINTIFF'S MOTION**
15                                          **TO DISQUALIFY DEFENSE COUNSEL**
                                            **FENWICK & WEST, LLP  AND**
16                  Defendants.             **LAURENCE PULGRAM**
17  -------------------------------------
18  DONGXIAO YUE,                          Date: June 30, 2008
                                            Time:  9:00 AM
19                  Plaintiff,              Dept: 8, 4th Floor
                                            Judge: Honorable James Ware
20      v.
21
22  Chordiant Software, Inc., et al.,
23
24
25
26
27                                  -1-
28  ─────────────────────────────────────────────────────────────────
    Case Nos. C07-05850-JW, C08-0019-JW              REQUEST FOR JUDICIAL NOTICE

1    Pursuant to Federal Rule of Evidence 201, Plaintiff Dongxiao Yue ("Yue"), in support of

2    his Reply to Defendants' Supplemental Brief and his Motion to Disqualify Defense Counsel,

3    hereby requests that the Court take judicial notice of certain admissions by Defense Counsel in

4    papers they filed in related cases, namely the *Netbula v. BindView* case (Case No. C06-0711-MJJ)

5    and the *Netbula v. Storage Technology* case (Case No. C06-07391-JW).

6

7                        **AUTHORITY FOR TAKING JUDICIAL NOTICE**

8    Federal Rule of Evidence 201 permits courts to take judicial notice of any fact that is "not

9    subject to reasonable dispute in that it is either (1) generally known within the territorial

10   jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to

11   sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b).

12

13   The documents containing the admissions are all in the Court's own record. Defense counsel

14   made representations to the Court regarding the *Netbula v. Distinct* case ('*Distinct*') under Rule 11

15   of FRCP and in some cases under penalty of perjury. They alleged other facts under similar

16   constraints. The facts Defense counsel alleged and relied upon in Court filings constitute binding

17   judicial admissions when offered against them. Therefore, they cannot reasonably dispute these

18   facts they alleged themselves.

19   For the Court's convenience, Plaintiff extracted the relevant pages attached them in Exhibits A

20   to E, including the pages where admissions were made and the identifying pages (such as caption

21   pages and signature pages), and circles the portions containing defense counsel's admissions. The

22   page numbers referenced below are those added by the ECF system.

23

24   **A. The Court Should Take Judicial Notice of the Following Admissions in the Related**
     ***Netbula v. BindView* Development Corp. (Case No. C06-0711-MJJ-WDB (N.D. Cal.))**
25   **("*BindView*" case)**

26

27                                              -2-

28   Case Nos. C07-05850-JW, C08-0019-JW                    REQUEST FOR JUDICIAL NOTICE

1    • Doc. No. 62, p.57:1-13 [Exhibit to Declaration of Wakefield in Support of Motion for

2       Sanctions] [Ex. A]

3    • Doc. No. 85, p.40, last paragraph [Exhibit to Declaration of Sieber in Support of

4       Motion for Sanctions] [Ex. B]

5

6    • Doc. No. 112, pp.13:26-14:7 [Def. Brief in Support of Motion to Enforce Prior Court

7       Order and For Sanctions (filed by Wakefield)] [Ex. C], which states:

8          Defendants noted in their March 9 letter that Netbula had apparently
           failed to produce highly relevant documents related to a previous
9          intellectual property dispute between Netbula and a third party named
           Distinct Corporation ("Distinct") that were specifically called for by
10         Document Request No. 22. In its February 28 production, Netbula had
           produced a document in response to this request—a letter from
11         Distinct accusing Netbula's PowerRPC software of copyright
           infringement and demanding a response. See Sieber Reply Decl. ¶ 7.
12

13   • Doc. No. 113-1, p.3:20-25 [Declaration of Albert Sieber in Support of Reply for

14      Motion for Sanctions] [Ex. D]

15

**B. The Court Should Take Judicial Notice of the Following Admissions in the Related**
16   ***Netbula v. StorageTek* case (Case No. C06-07391-MJJ (N.D. Cal.)) ("*StorageTek*" case)**

17

18      • Doc. 127, p.2:15-23 [Declaration of Jed Wakefield] [Ex.E]

19                              **CONCLUSION**

20      For the foregoing reasons, Plaintiff requests that the Court take judicial notices of the

21   above-listed admissions that Defense counsel made in their court filings.

22      Respectfully submitted,

23
     Dated: June 26 2008
24

25

26      DONGXIAO YUE (*Pro Se*)

27                              -3-

# EXHIBIT A

1   LAURENCE PULGRAM (CSB NO. 115163)
    lpulgram@fenwick.com
2   JEDEDIAH WAKEFIELD (CSB NO. 178058)
    jwakefield@fenwick.com
3   ALBERT L. SIEBER (CSB NO. 233482)
    asieber@fenwick.com
4   FENWICK & WEST LLP
    Embarcadero Center West
5   275 Battery Street, Suite 1600
    San Francisco, CA  94111
6   Telephone: (415) 875-2300
    Facsimile:  (415) 281-1350
7
    Attorneys for Defendants
8   BINDVIEW DEVELOPMENT CORPORATION,
    SYMANTEC CORPORATION, and ERIC J.
9   PULASKI

10                      UNITED STATES DISTRICT COURT

11                    NORTHERN DISTRICT OF CALIFORNIA

12                        SAN FRANCISCO DIVISION

13

14
    NETBULA, LLC, a Delaware limited        Case No.  C-06-0711-MJJ
15  liability company,
                                            DEFENDANT BINDVIEW
16                  Plaintiff,              DEVELOPMENT CORPORATION'S
                                            AMENDED FIRST SET OF REQUESTS
17        v.                                FOR PRODUCTION OF DOCUMENTS
                                            AND THINGS (NOS. 1-22)
18  BINDVIEW DEVELOPMENT
    CORPORATION, a Texas corporation;
19  SYMANTEC CORPORATION, a
    Delaware corporation; ERIC J. PULASKI,
20  an individual; and DOES 1-10, inclusive,

21                  Defendants.

22

23        Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Court's Order

24  at the Initial Case Management Conference on October 10, 2006, Defendant BindView

25  Development Corporation ("BindView") requests that Plaintiff Netbula, LLC respond in writing

26  to each of the following Requests and produce the documents and things requested for inspection

27  and copying, in accordance with the definitions and instructions set forth below, at the offices of

28  Fenwick & West LLP, 275 Battery Street, Suite 1600, San Francisco, California 94111, within

    BINDVIEW'S FIRST SET OF REQUESTS
    FOR PRODUCTION (C-06-0711-MJJ)

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

**DOCUMENT REQUEST NO. 22**

All DOCUMENTS CONCERNING alleged copyright infringement by NETBULA, including but not limited to DOCUMENTS CONCERNING accusations by DISTINCT that NETBULA was engaged in copyright infringement, as set forth in Paragraph 13 of Defendant Distinct Corporation's Supplemental Counterclaims, *Netbula, LLC v. Distinct Corp.*, Case No. C-02-1253-JL (N.D. Cal.).

Dated: October 12, 2006                FENWICK & WEST LLP


By: _____
          Jedediah Wakefield

Attorneys for Defendants
BINDVIEW DEVELOPMENT
CORPORATION, SYMANTEC
CORPORATION, and ERIC J. PULASKI

FENWICK & WEST LLP
ATTORNEYS AT LAW
MOUNTAIN VIEW

# EXHIBIT B

## FENWICK & WEST LLP

555 CALIFORNIA STREET, 12TH FLOOR   SAN FRANCISCO, CA 94104
TEL 415.875.2300   FAX 415.281.1350   WWW.FENWICK.COM

March 9, 2007

JEDEDIAH WAKEFIELD

EMAIL JWAKEFIELD@FENWICK.COM
DIRECT DIAL (415) 875-2331

VIA E-MAIL (BrilletLaw@yahoo.com)
CONFIRMATION VIA U.S. MAIL

Vonnah M. Brillet
Law Offices of Vonnah M. Brillet
2777 Alvarado Street, Ste. E
San Leandro, CA 94577

Re:     Netbula, LLC v. BindView Development Corp. *et al.*,
        Case No. C-06-00711-MJJ-WDB (N.D. Cal.)

Dear Ms. Brillet:

As you know, the Court's February 14 Order granting Defendants' Motion to Compel required Netbula "to produce **all** responsive, and unprivileged documents" by February 28. *See* Order, at p.1:22-23 (emphasis in original). We have now had an opportunity to conduct an initial review of Netbula's production of documents – a review that was impeded by Netbula's insistence of producing documents in a difficult-to-use format. Based on this review, it is evident that Netbula has failed to comply with the Court's Order in several material respects. Unless the points below are immediately addressed, we will move for appropriate sanctions for Netbula's continuing discovery violations and contempt of the Court's Order.

### I.    Netbula Has Failed to Provide the Relevant Code as Required

Requests Nos. 2 and 3 request copies of the relevant Netbula products in the format they were distributed to the public as well as the source code for these products. Netbula has completely failed to respond to these requests.

First, Netbula has not produced any copies of the relevant Netbula products as they were released to the public. Netbula's index of its response to this request simply directs Defendants to a "hexadecimal print out of pwrrpc32.dll sent to Netect, Ltd." *See* Index p.4:18; BV0764-810.[1] Quite obviously, this is not the format in which any of Netbula's customers received products that they licensed from Netbula. We have asked for, and are entitled to receive, Netbula's code. Furthermore, this printout does not even purport to be the entire version of any

---

[1] This document also appears to be part of a copyright registration application submitted by Netbula, the full contents of which have not otherwise been produced in response to a request that clearly calls for them. We also note that this document has been designated "Attorneys' Eyes Only" (AEO) – if this material was in fact submitted to the Copyright Office without proper confidentiality designations, it is publicly available information for which such designation is inappropriate.

Vonnah M. Brillet
March 9, 2007
Page 3

to show amounts owed by an entity called Weatherford. BV0906-07. It has not produced similar documents for its other purported customers.[5]

### III. Netbula's Copyright Registrations and Intellectual Property Enforcements/Disputes

Document Request No. 5 seeks information regarding Netbula's copyright registrations and enforcement of its intellectual property. In response to this request, Netbula has submitted what purports to be an application for copyright in PowerRPC. However, this is not the application that was ultimately the basis for the registration that is attached to Netbula's complaint. *Compare* BV3409-10 *with* First Amended Complaint ¶ 21 & Exh. A (different material in Sections 7-9). Thus it appears Netbula has withheld documents concerning the copyright registration on which it has sued – a clear violation of the Court's order.[6] Further, it has come to our attention that Netbula has sought copyright registrations since filing its complaint, including a registration for "Netbula PowerRPC32.dll 00-SDK-STK" and "JavaRPC." Documents related to both registrations should have been produced, but have not.

Document Requests Nos. 6 and 14 seek documents related to Netbula's enforcement of its intellectual property rights. In response, Netbula has produced a total of three completed audit requests and a handful of unsigned and undated audit request forms. There is no indication that any of these were actually sent, received, or returned. Also, with the exception of some materials concerning the StorageTek dispute,[7] Netbula has not produced any documents regarding its enforcement of its intellectual property rights (such as demand letters or complaints). Nor does Netbula appear to have produced any documents in support of its assertion that the "free downloads" it offers from its website protect against redistribution or unlimited use of, the entire product, or components thereof.

Conversely, Request No. 22 seeks documents related to third parties' assertions of copyright infringement against Netbula. In response to this request, Netbula has produced a single document, a letter sent by counsel for Distinct Corporation ("Distinct") alleging that PowerRPC infringed Distinct's copyright and demanding that Netbula confirm that it will stop distributing its product. NB3670-71. Presumably, Netbula responded to this letter in some fashion, but it has not produced any other documents. Please confirm that no such documents exist. Furthermore, the document request was not limited to Netbula's dispute with Distinct, and we ask that you confirm that there are no responsive documents relating to other parties.

---

[5] In addition, though it appears that for long periods of its history Netbula has provided demo versions and free downloads of many of its products, including those containing the pwrrpc32.dll file at issue, it has not provided any license agreements governing the use of such products.

[6] Additionally, we note that this document contains redactions. Please advise if these redactions appear in what was actually submitted to the Copyright Office, and if not, submit the complete unredacted material.

[7] It also appears that Netbula has failed to produce many documents concerning its communications with StorageTek, yet another example of Netbula's failure to fully respond to the requests.

Vonnah M. Brillet
March 9, 2007
Page 5

appears to be based on a Netbula press release, *see* BV3659, it has not produced the actual press release on which this article was based.

- Request No. 19 seeks information regarding Netbula's alleged damages, including its fraud damages. To that end, Netbula has produced what purports to be a bill or invoice from its consulting firm. However, Netbula did not produce any document showing that the amount had actually been paid. Please produce such documentation or confirm that Netbula did not pay the amount shown. Furthermore, Netbula has waived attorney-client privilege as to those matters undertaken by former counsel, the costs of which are now claimed as fraud damages. *See, e.g., Concept Enters. v. Hartford Ins. Co.*, Case No. CV-00-7267-NM, 2001 U.S. Dist. LEXIS 6901 (C.D. Cal. May 22, 2001). This includes legal work performed by Neil Smith and his law firm, as well as the two law firms indicated on the phone bill submitted by Netbula (Isaacman, Kaufman & Pointer; and Susman Godfrey, LLP). Defendants have the right to determine whether these legal fees were actually incurred in reliance on the alleged misrepresentations. Accordingly, Netbula should immediately produce the timesheets, invoices, and documents related to the work product for which Netbula was billed.

- In response to Request No. 20, seeking Mr. Yue's notes, Netbula produced a one-page document described as notes made preparing for his November 23 call with Mr. Pulaski. Please confirm that Don Yue did not prepare any other notes, including (for example) *during* the November 23 call with Mr. Pulaski; in preparation for or during the November 5 call; or at any other time.

**VI.    Conclusion**

It bears emphasis that Netbula's failure to obey the Court's Order is grounds for imposition of severe sanctions, including terminating sanctions, under Rule 37(b). The Court specifically admonished Netbula concerning such sanctions at the February 14 hearing. Because Netbula is already in non-compliance with the Court's order, we expect a full and complete supplemental production no later than *March 16, 2007.*

Sincerely,

Jedediah Wakefield

# EXHIBIT C

1   LAURENCE F. PULGRAM (CSB NO. 115163)
     lpulgram@fenwick.com
2   JEDEDIAH WAKEFIELD (CSB NO. 178058)
     jwakefield@fenwick.com
3   ALBERT L. SIEBER (CSB NO. 233482)
     asieber@fenwick.com
4   FENWICK & WEST LLP
     555 California Street, 12th Floor
5   San Francisco, CA  94104
     Telephone:  (415) 875-2300
6   Facsimile:  (415) 281-1350

7   Attorneys for Defendants
     BINDVIEW DEVELOPMENT CORPORATION,
8   SYMANTEC CORPORATION, and ERIC J. PULASKI

9               UNITED STATES DISTRICT COURT

10             NORTHERN DISTRICT OF CALIFORNIA

11

12   NETBULA, LLC, a Delaware limited        Case No. C-06-0711-MJJ-WDB
     liability company,
13
                   Plaintiff,               **DEFENDANTS' REPLY IN SUPPORT OF**
14                                          **MOTION TO ENFORCE PRIOR COURT**
           v.                               **ORDER AND FOR SANCTIONS**
15
     BINDVIEW DEVELOPMENT                    Date:   May 2, 2007
16   CORPORATION, a Texas corporation;      Time:   1:30 p.m.
     SYMANTEC CORPORATION, a                Dept.:  Courtroom 4, 3rd Floor
17   Delaware corporation; ERIC J. PULASKI, Judge:  The Honorable Wayne D. Brazil
     an individual; and DOES 1-10, inclusive,
18
                   Defendants.
19

20

21

22

23

24

25

26

27

28

DEFENDANTS' REPLY TO OPPOSITION                          C-06-0711-MJJ-WDB
TO MOTION TO ENFORCE PRIOR ORDER

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**F.**    **Netbula Also Interposes Untimely and Unfounded Objections to Producing Documents Related to Its Enforcement of Intellectual Property Rights**

Netbula was also ordered to produce documents related to its enforcement of intellectual property rights. *See* Docket No. 62 [Declaration of Jedediah Wakefield in Support of Motions to Compel and for Sanctions ¶ 13 & Ex. 8 (BindView's Amended First Set of Requests for the Production of Documents and Things Instruction ("Amended First Set of Requests") Request No. 6)]. After Netbula's production of documents on February 28, 2007, Defendants identified apparent deficiencies in Netbula's production of documents in response to this request—at a bare minimum, documents related to customers in pending lawsuits in which Netbula has alleged infringement of the same software. *See* Sieber Opening Decl. ¶¶ 3-4 & Ex. E. Netbula again takes the position that Defendants in this matter are not entitled to discovery regarding the *Storage Technology* matter and that "the communications between Netbula and [Greenwich, another defendant] were available on PACER as exhibits." *See* Opp. p. 19:5-8. [10] As noted above, any objection that Defendants in this case are not entitled to discovery because of other pending litigation is unfounded. These documents are highly relevant to the issues in this case, because Netbula's resolutions of its IP rights relate to reasonable royalties it could claim here, and representations to other licensees regarding the meaning of its license agreements may become relevant to an interpretation of those agreements.

**II.**    **DEFENDANTS SHOULD NOT BE FORCED TO IDENTIFY INSTANCES OF NETBULA'S NON-COMPLIANCE WITH A COURT ORDER IN ORDER TO GAIN FULL COMPLIANCE**

Netbula's approach to compliance with the Court's order appears to be this: rather than comply in a timely fashion with the Court's directive that Netbula produce "<u>all</u> responsive, and unprivileged documents," Netbula produced a subset of materials and then – only after Defendants identify the myriad glaring deficiencies in its production – produced, in an untimely fashion, a few additional documents related to the specific omissions Defendants could identify.

For example, Defendants noted in their March 9 letter that Netbula had apparently failed

---

[10] Notably, Netbula offers no declaration supporting this argument, and does not allege that <u>all</u> such correspondence is attached to exhibits filed with the Court in that case. In all events, Defendants should not be required to sift through other court filings in other cases to locate documents that Plaintiff was ordered to produce in <u>this</u> case.

DEFENDANTS' REPLY TO OPPOSITION
TO MOTION TO ENFORCE PRIOR ORDER                    -10-                    C-06-0711-MJJ-WDB

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1   to produce highly relevant documents related to a previous intellectual property dispute between

2   Netbula and a third party named Distinct Corporation ("Distinct") that were specifically called for

3   by Document Request No. 22. In its February 28 production, Netbula had produced a document

4   in response to this request—a letter from Distinct accusing Netbula's PowerRPC software of

5   copyright infringement and demanding a response. *See* Sieber Reply Decl. ¶ 7. On March 16,

6   after Defendants had noted Netbula's failure to produce its response letter (if any), Netbula in fact

7   produced its (probative) response letter. *See id.* ¶ 8.

8       Furthermore, in its original February 28 production, Netbula produced a list purporting to

9   identify its customers that were named in *Fortune* magazine's Fortune 500 list. *Id.* ¶ 7. In their

10  March 9 letter, Defendants identified the fact that Netbula had not produced either a license

11  agreement or an invoice evidencing its relationship with these companies, which in turn

12  suggested it was withholding additional invoices and/or license agreements. *See* Sieber Opening

13  Decl. ¶ 4 & Ex. E. On March 16, after receipt of this letter, Netbula produced invoices for several

14  of these customers for the first time. Sieber Reply Decl. ¶ 8.

15      Further examples of this sort of gamesmanship abound. Netbula originally produced one

16  page of a heavily redacted list of its licensees. *See* Sieber Opening Decl. ¶ 3 & Ex. B.

17  Defendants identified this problematic document in both their pre-motion correspondence and in

18  their motion to compel. *Id.* ¶ 4 & Ex. E. On or about April 13, 2007, Netbula finally produced an

19  unredacted version of this list. *See* Sieber Reply Decl. ¶ 9. (Yet even this list was not a complete

20  list of Netbula's licensees, containing only licenses purchased between December 1996 and April

21  1999. *See id.*) Similarly, Defendants cited Netbula's failure to provide installable versions of

22  demo versions of its software that had long been available on its website. Sieber Opening Decl.

23  ¶ 4 & Ex. E. Netbula produced these demo versions for the first time on or about April 13.

24  Sieber Reply Decl. ¶ 9. Notably, the production of these materials occurred *after Netbula stated*

25  *that it had completed its production of documents pursuant to the Court order*. *See* Motion to

26  Compel p. 5:6-7.

27      Needless to say, this sort of reactive approach to compliance with a Court order is

28  inappropriate. Defendants should not be forced to infer from Netbula's self-selected subset of

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1   Salomon Decl. ¶ 7.  These sworn statements render frivolous any argument that Defendants did

2   not confer with Netbula's counsel before filing their motion to compel, or that Defendants'

3   counsel agreed to produce documents responsive to their respective requests simultaneously.

4   Netbula's persistence in presenting a version of the facts that is at odds with sworn declarations

5   filed on its behalf only underscores the propriety of imposing significant sanctions for Netbula's

6   ongoing and brazen defiance of the Court's February 14 Order.

7                                          **CONCLUSION**

8           For the foregoing reasons, Defendants respectfully requests that the Court grant their

9   Motion to Enforce Prior Court Order, renew its order to produce all responsive documents, and

10  award monetary sanctions in the amounts incurred by Defendants to bring this motion and its

11  prior motion to compel.   In light of Netbula's deliberate, continuing violations of the Court's

12  order, it should also enter appropriate preclusion orders, precluding Netbula, for example, from

13  introducing any evidence of:

14          1.      Any source code or installable program to prove the alleged originality or

15  copyrightability of Plaintiff's works.

16          2.      The terms of any license agreement supposedly prohibiting distribution

17  of Netbula code, or limiting the transfer of the distribution license to Defendants.

18          3.      Any sales or royalties received from any license, as proof of a "reasonable royalty"

19  or other damages.

20          4.      Any Netbula copyright registration or application therefore.

21

22                                      Respectfully,

23  Dated: April 18, 2007              FENWICK & WEST LLP

24                                      By:_____/S/_____
                                                    Jedediah Wakefield
25                                      Attorneys for Defendants
                                        BINDVIEW DEVELOPMENT CORPORATION,
26                                      SYMANTEC CORPORATION, and ERIC J. PULASKI

27

28

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEFENDANTS' REPLY TO OPPOSITION          -15-                    C-06-0711-MJJ-WDB
TO MOTION TO ENFORCE PRIOR ORDER

# EXHIBIT D

1  LAURENCE F. PULGRAM (CSB NO. 115163)
   *lpulgram@fenwick.com*
2  JEDEDIAH WAKEFIELD (CSB NO. 178058)
   *jwakefield@fenwick.com*
3  ALBERT L. SIEBER (CSB NO. 233482)
   *asieber@fenwick.com*
4  FENWICK & WEST LLP
   555 California Street, 12th Floor
5  San Francisco, CA  94104
   Telephone: (415) 875-2300
6  Facsimile:  (415) 281-1350

7  Attorneys for Defendants
   BINDVIEW DEVELOPMENT CORPORATION,
8  SYMANTEC CORPORATION and ERIC J.
   PULASKI
9

10                 UNITED STATES DISTRICT COURT

11               NORTHERN DISTRICT OF CALIFORNIA

12

13  NETBULA, LLC, a Delaware limited          Case No.  C-06-0711-MJJ-WDB
    liability company,
14
                    Plaintiff,
15                                            **DECLARATION OF ALBERT L. SIEBER**
        v.                                    **IN SUPPORT OF DEFENDANTS' REPLY**
16                                            **RE MOTION TO ENFORCE PRIOR**
                                              **COURT ORDER AND FOR SANCTIONS**
    BINDVIEW DEVELOPMENT
17  CORPORATION, a Texas corporation;         Date:   May 2, 2007
    SYMANTEC CORPORATION, a                   Time:   1:30 p.m.
18  Delaware corporation; ERIC J. PULASKI,    Dept.:  Courtroom 4, 3rd Floor
    an individual; and DOES 1-10, inclusive,  Judge:  The Honorable Wayne D. Brazil
19
                    Defendants.
20

21

22      I, Albert L. Sieber, declare as follows:

23      1.      I am an attorney admitted to practice before this Court.  I am an associate with the

24  law firm of Fenwick & West LLP, counsel of record for defendants BindView Development

25  Corporation ("BindView"), Symantec Corporation ("Symantec") and Eric J. Pulaski (collectively,

26  "Defendants") in this action.  I have personal knowledge of the matters set forth herein and, if

27  called upon, could testify competently thereto.

28

SIEBER DECL. ISO REPLY TO MOTION TO                        C-06-0711-MJJ-WBD
ENFORCE

1   produce in PDF format, it would be more appropriate to produce individual documents as

2   individual PDF files.  However, in light of Netbula's deadline to comply with the Court's order,

3   Neither Mr. Wakefield nor I insisted that Netbula produce documents in a format other than PDF,

4   nor did either of us insist that each individual document Netbula intended to produce must be

5   contained in a separate PDF file.  On the contrary, Mr. Wakefield made clear that given the

6   Court's Order requiring production by February 28, Netbula needed to produce its documents any

7   way it could.

8                    **Netbula's February 28 Production of Documents**

9          6.     Netbula's February 28, 2007 production of documents contained printouts of

10   source code that, while incomplete, bear copyright notices dated 1996 and appear identical to the

11   excerpt of source code that was submitted in support of its copyright application, which states that

12   the work was published in 1996.

13                    **Netbula's March 19 Production of Documents**

14          7.     On March 9, 2007, Mr. Wakefield e-mailed a letter to Netbula's counsel

15   discussing numerous deficiencies in Netbula's February 28 production of documents.  (A copy of

16   this letter is attached as Exhibit E to my opening declaration in support of Defendants' motion.)

17   *Inter alia*, this letter discussed the following points:

18          • Netbula had not produced documents demonstrating its
                business relationship with customers listed in a document
19              titled "partial list of Netbula customers in [the] Fortune
                500."
20

21          • Netbula had produced only a single document in response to
                Document Request 22, seeking all documents concerning
22              alleged copyright infringement by Netbula, and specifically
                documents related to allegations of infringement made by
23              Distinct Corporation ("Distinct").  The only document
                produced by Netbula in its February 28 production was a
24              letter from Distinct alleging that Netbula was infringing its
                copyright, in which Distinct demanded response from
                Netbula.
25

26          • Netbula had produced only one heavily redacted page of
                what appeared to be a much longer list identifying licensees
27              by name, address, date of purchase, and license type(s).  (A
                copy of this page was submitted as Exhibit B to my opening
28              declaration in support of this motion.)

SIEBER DECL. ISO REPLY TO MOTION TO            3                    C-06-0711-MJJ-WBD
ENFORCE

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1   As is apparent, there was no discussion regarding the substance of Defendants' discovery

2   responses, or any discussion of the requests at issue.

3          15.    In her April 11 declaration, Ms. Brillet also discusses a March 22 phone call with

4   Mr. Wakefield. I was also present for that call, as Ms. Brillet is aware. During that call, when

5   Ms. Brillet suggested that Netbula was considering a motion to compel, Mr. Wakefield indicated

6   that such motion would be premature in light of Plaintiff's letter that seemed to clarify and

7   narrow its requests, that we were in the process of conferring with our clients regarding additional

8   documents that could be produced in view of Plaintiff's modified position, that we were working

9   on collecting additional documents, and that we intended to produce some that week. Ms. Brillet

10  seemed to accept this statement and gave no further indication that she was preparing to file a

11  motion. At no point during the call did she discuss, or even raise, the substance of any of

12  Netbula's document requests or its interrogatories. Obviously, since we did not expect Plaintiff

13  to file a motion to compel, neither Mr. Wakefield nor I discussed stipulating to an earlier hearing

14  date to have "both" discovery motions heard.

15

16         I declare under penalty of perjury under the laws of the United States of America that the

17  foregoing is true and correct.

18         Executed this 18th day of April, 2007, at San Francisco, California.

19

20

21                                                          /S/

                                                    Albert L. Sieber

22

23  12290/00448/LIT/1266060.2

24

25

26

27

28

SIEBER DECL. ISO REPLY TO MOTION TO              6                      C-06-0711-MJJ-WBD
ENFORCE

# EXHIBIT E

1   LAURENCE F. PULGRAM (CSB NO. 115163)
    lpulgram@fenwick.com
2   JEDEDIAH WAKEFIELD (CSB NO. 178058)
    jwakefield@fenwick.com
3   ALBERT L. SIEBER (CSB NO. 233482)
    asieber@fenwick.com
4   LIWEN A. MAH (CSB NO. 239033)
    lmah@fenwick.com
5   FENWICK & WEST LLP
    555 California Street, Suite 1200
6   San Francisco, CA  94104
    Telephone: (415) 875-2300
7   Facsimile:  (415) 281-1350

8   Attorneys for Defendant and Counter-Claimant
    SUN MICROSYSTEMS, INC. and Defendants
9   EMC CORPORATION, and DARDEN
    RESTAURANTS, INC.

10

11                  UNITED STATES DISTRICT COURT

12              NORTHERN DISTRICT OF CALIFORNIA

13                   SAN FRANCISCO DIVISION

14

15  NETBULA, LLC, a Delaware limited        Case No. C-06-07391-MJJ
    liability company,
16                                          **DECLARATION OF JEDEDIAH**
                Plaintiff,                   **WAKEFIELD IN SUPPORT OF**
17                                           **STATEMENT REGARDING USE OF**
         v.                                  **PLAINTIFF'S DISCOVERY RESPONSES,**
18                                           **DOCUMENTS AND TESTIMONY FROM**
    STORAGE TECHNOLOGY                       **RELATED CASE**
19  CORPORATION, a Delaware corporation;
    SUN MICROSYSTEMS, INC., a Delaware      Date:    December 14, 2007
20  corporation; INTERNATIONAL             Time:    2:00 p.m.
    BUSINESS MACHINES CORPORATION,          Dept:    Courtroom 11
21  a New York corporation; EMC             Judge:   The Honorable Martin J. Jenkins
    CORPORATION, a Massachusetts
22  corporation; VERITAS SOFTWARE
    CORPORATION, a Delaware corporation;
23  DARDEN RESTAURANTS, INC., a Florida
    corporation; and DOES 1-100, inclusive,
24
                Defendants.
25

26  AND RELATED COUNTERCLAIMS.

27  / / /

28  / / /

WAKEFIELD DECLARATION ISO DEFENDANTS'        -1-              CASE NO.  C-06-07391-MJJ
STATEMENT RE USE OF DISCOVERY

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

I, Jedediah Wakefield, declare as follows:

1.      I am an attorney admitted to practice before this Court. I am a partner at the law firm of Fenwick & West LLP, counsel of record for Defendant and Counterclaimant Sun Microsystems, Inc. ("Sun") and Defendants EMC Corporation and Darden Restaurants, Inc. in this action. I have personal knowledge of the matters set forth herein and, if called upon, could and would testify competently thereto.

2.      Pursuant to the Court's Order issued December 3, 2007 in the case of *Netbula LLC v. BindView Development Corporation*, et al., C-06-0711-MJJ-WDB (the "*BindView* case"), I attempted to meet and confer with counsel for Netbula regarding the use in this action of Netbula materials designated as "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" under the Protective Order in the *BindView* case.

3.      On December 3, 2007, I sent a letter to Netbula's counsel outlining my clients' positions concerning confidentiality and relevance, a true and correct copy of which is attached hereto as **Exhibit 1**.

4.      On December 5, 2007, I telephoned Netbula's counsel to discuss the protective order issues. Netbula's counsel, Vonnah M. Brillet, advised that she would consult her client and suggested I call the next day. On December 5, 2007, she advised that Netbula's principal, Dr. Dongxiao Yue, had advised her that she was not authorized to file any joint statement on Netbula's behalf, pending the outcome of his Petition for Writ of Mandamus and Emergency Motion, pending before the Ninth Circuit Court of Appeals.

5.      On December 6, 2007, I had a further telephone conversation with Ms. Brillet. Dr. Yue also participated in the call. Dr. Yue stated that he would not authorize the filing of a joint statement prior to a ruling from the Ninth Circuit.

///
///
///
///
///

WAKEFIELD DECLARATION ISO DEFENDANTS'
STATEMENT RE USE OF DISCOVERY        -2-        CASE NO. C-06-07391-MJJ

1   I declare under penalty of perjury under the laws of the United States of America that the

2   foregoing is true and correct.

3        Executed this 10th day of December, 2007, at San Francisco, California.

4

5                                             /s/  JEDEDIAH WAKEFIELD
                                                Jedediah Wakefield

25689/00400/SF/5217654.1

WAKEFIELD DECLARATION ISO DEFENDANTS'
STATEMENT RE DISCOVERY                          CASE NO.  C-06-07391-MJJ