DONGXIAO YUE
2777 ALVARADO ST., SUITE C
SAN LEANDRO, CA 94577
Telephone: (510) 396-0012
Facsimile: (510) 291-2237
E-Mail: ydx@netbula.com

*Pro Se*

FILED

JUN 26 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONGXIAO YUE,<br><br>Plaintiff,<br><br>v.<br><br>Storage Technology Corporation, et al.,<br><br>Defendants.<br>----------------------------------------<br>DONGXIAO YUE,<br><br>Plaintiff,<br><br>v.<br><br>Chordiant Software, Inc., et al., | Case Nos. C07-05850-JW and<br>C08-0019-JW<br><br>**DECLARATION OF DONGXIAO YUE IN SUPPORT OF REPLY TO DEFENDANTS' SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION TO DISQUALIFY DEFENSE COUNSEL**<br><br>[Civil Local Rule 11-4, 11-6]<br><br>Date: June 30, 2008<br>Time: 9:00 AM<br>Dept: 8, 4th Floor<br>Judge: Honorable James Ware |

I, DONGXIAO YUE, declare:

1. I am the *pro se* plaintiff in the above captioned cases. I make this declaration in support of Plaintiff's Reply to Defendants' Supplemental Brief in support of the motion to disqualify

-1-

Case Nos. C07-05850-JW, C08-0019-JW          DECLARATION IN SUPPORT OF MOTION
                                             TO DISQUALIFY DEFENSE COUNSEL

defense counsel Fenwick & West, LLP ("Fenwick"). This declaration provides more details on some of the relevant events.

2. I have personal knowledge of the facts I am about to state and, if called on to do so, I could competently testify to those facts.

3. I am the author of the PowerRPC and JavaRPC software.

4. Distinct Corporation ("Distinct") has been a direct competitor in the RPC software market. It had and still has products similar to PowerRPC and JavaRPC. The JavaRPC software was an implementation of the PowerRPC technology in the Java programming language.

5. In 1999, Distinct threatened Netbula with copyright infringement claims. In 2002, Netbula sued Distinct for trademark infringement on the PowerRPC and Netbula marks. In the course of the *Distinct* case, Distinct again raised the allegations of copyright issues, the parties had exchanges on the copyright disputes.

6. I was aware that Distinct filed a supplemental counter-claim against Netbula in the *Netbula v. Distinct* lawsuit. But, to the best of my knowledge, I did not and do not have a copy of the counter-claim. I have no recollection of ever viewing that counter-claim.

7. The Fenwick attorneys previously made numerous representations to the Court regarding Distinct's counter-claim and the *Netbula v. Distinct* dispute in the related cases, as shown in the Request for Judicial Notice being filed concurrently.

8. Netbula and Distinct settled the lawsuit in May 2003. As part of settlement, the parties agreed not to publicize their dispute. Most of the case documents were removed from PACER.

9. On June 24, 2008, Fenwick & West submitted a document to the Court which they claimed to be Distinct's supplemental counter-claim filed with the Court (Exhibit B to the

-2-

Case Nos. C07-05850-JW, C08-0019-JW                    DECLARATION IN SUPPORT OF MOTION
                                                       TO DISQUALIFY DEFENSE COUNSEL

Declaration of Jed Wakefield). I cannot verify the authenticity of that document Fenwick & West submitted.

10.    Regarding the Early Neutral Evaluation ("ENE") in the *Netbula v. Distinct* case, I received multiple correspondences from the Early Neutral or his secretary. On September 12, 2002, he wrote a letter about a telephone conference. The following is the header of the letter.

FENWICK & WEST LLP
A LIMITED LIABILITY PARTNERSHIP

[illegible address line]
TEL 650.494.0600 | FAX 650.494.[illegible] | www.fenwick.com

September 12, 2002

CLAUDE M. STERN

EMAIL CSTERN@FENWICK.COM
DIRECT DIAL 650.858.7183

**Via Facsimile**

Jim H. Kim, Esq.
Neil A. Smith, Esq.
Howard Rice Nemerovski
Canady Falk & Rabkin
Three Embarcadero Center, 7th Floor
San Francisco, CA 94111-4065

**Via Facsimile**

Jennifer Lee Taylor
John Kelley
Morrison & Foerster LLP
425 Market Street
San Francisco, CA 94105-2482

Re:   *Netbula, LLC v. Distinct Corporation*
U.S.D.C. (N.D. Cal) Case No.: C 02-cv-01253 ENE

-3-

Case Nos. C07-05850-JW, C08-0019-JW

DECLARATION IN SUPPORT OF MOTION
TO DISQUALIFY DEFENSE COUNSEL

11. The Early Neutral, Claude M. Stern, wrote about his secretary's involvement in the *Netbula v. Distinct* ENE in the above letter:

> I anticipate that the telephone conference will last approximately one half hour. My secretary will call each of you in the next few days to determine your availability for the telephone conference, which I hope to conduct before September 30, 2002. Before the telephone conference, please ascertain from your clients and any insurers a selection of dates upon which the ENE session may be conducted. The session must be held prior to the October 24, 2002,

12. The parties could not meet the deadline set in Mr. Stern's letter above. After some conferencing, the ENE was rescheduled to November 22, 2002.

13. That morning, I went to the office of Fenwick & West LLP. There, I met Claude M. Stern, the Early Neutral, in his office.

14. The ENE session was held in a conference room of the law firm. Mr. Stern assured me that he had no conflict of interest, and I could tell him about my positions and my concerns about the *Netbula v. Distinct* dispute and other useful information, so he could have a candid evaluation. I had at least two confidential meetings with Mr. Stern. In these meetings, various issues about PowerRPC and JavaRPC products were discussed, including history of the products, history of the dispute with Distinct, pricing of the PowerRPC and JavaRPC products, market value, market of the products and Distinct's potential claim that Netbula infringed its copyright. It was a relaxed setting. When Mr. Stern was having private conversations with Distinct's president, Netbula's counsel Neil Smith and I discussed the case in the hall way of the law firm. I could see other attorneys working, as some of them had their doors open. I recall seeing Mr. Stern's secretary or assistant helping with the ENE session. Mr. Stern took notes.

15. Both Distinct and Netbula submitted confidential documents to Mr. Stern. Some of the confidential documents were provided to Mr. Stern only.

-4-

Case Nos. C07-05850-JW, C08-0019-JW,          DECLARATION IN SUPPORT OF MOTION TO DISQUALIFY DEFENSE COUNSEL

16. The ENE session lasted from the morning to the afternoon, for quite a few hours. At noon, the parties left the Fenwick law office for a lunch break. I recall that some of the documents were left in the conference room. Neil Smith recorded eight hours of his time for the ENE related work that day.

17. As I previously stated, I did not recognize that the law firm where the ENE was held was the same law firm representing the defendants in the related cases until some time after Fenwick attorneys deposed me on the *Netbula v. Distinct* dispute at the end of June 2007.

18. On June 3, 2008, I received a copy of the declaration of Claude M. Stern in opposition to the Motion to Disqualify Fenwick & West. On June 4, 2008, using the contact address and information given on Claude M. Stern's declaration, I sent him a deposition notice on topics related to the *Netbula v. Distinct* ENE. On June 25, 2008, Mr. Wakefield (Mr. Stern's listed contact) informed me by email that he had not forwarded the deposition notice to Mr. Stern and he had no intention to do so.

I declare under penalty of perjury of the laws of the State of California and the federal laws that forgoing declaration is true and correct to the best of my knowledge. This declaration was executed in San Leandro, California, on June 26, 2008.

_____
DONGXIAO YUE

-5-

Case Nos. C07-05850-JW, C08-0019-JW            DECLARATION IN SUPPORT OF MOTION
                                                TO DISQUALIFY DEFENSE COUNSEL