**FENWICK & WEST LLP**

555 CALIFORNIA STREET, 12TH FLOOR   SAN FRANCISCO, CA 94104
TEL 415.875.2300   FAX 415.281.1350   WWW.FENWICK.COM

June 30, 2008

JEDEDIAH WAKEFIELD

EMAIL JWAKEFIELD@FENWICK.COM
DIRECT DIAL (415) 875-2331

## VIA E-MAIL AND ECF FILING

The Honorable James Ware
United States District Court
Northern District of California
280 South 1st Street
San Jose, CA 95113

> Re:   *Yue v. Storage Technology Corporation, et al.*
> Case No. C 07-05850 JW
>
> *Yue v. Chordiant, et al.*
> Case No. C 08-00019 JW

Dear Judge Ware:

We represent defendants in the above captioned matters. We are writing to seek the Court's guidance as to two matters: (1) Plaintiff's request to proceed with a deposition of Claude Stern, the former early neutral evaluator from an unrelated case, and (2) the discussion at today's hearing regarding the possibility that Plaintiff might submit a further declaration in support of the disqualification motions under seal and on an *ex parte* basis.

## I.   Plaintiff's Effort to Proceed with Claude Stern's Deposition

As the Court will recall, Plaintiff recently brought a motion for administrative relief to take depositions in connection with his motion to disqualify defense counsel. The Court denied that Motion on June 24, 2008. Chordiant Dkt. 66, StorageTek Dkt. 115. However, Dr. Yue provided us notice this afternoon that he intends to proceed with the deposition of Claude Stern, the ex-Fenwick attorney who served as an early neutral evaluation in the unrelated *Netbula v Distinct* trademark case in 2002. Apparently, because the conclusion of you Honor's Order denying Plaintiff's Administrative Motion spoke in terms depositions of "current opposing counsel," Plaintiff now takes the position that he is free to proceed with other depositions. Plaintiff has further indicated that he intends to take the deposition, *but to exclude defense counsel during certain portions that might address "confidential information." See* email string attached.

Defendants respectfully request that the Court clarify its earlier Order that no depositions may be taken at this time, particularly now that the Motion for Disqualification has been fully briefed, argued, and submitted. In the *STK II* case, judgment has been entered against Plaintiff, and the case has been dismissed with prejudice. In the *Chordiant* case, your Honor ruled at the

The Honorable James Ware
June 30, 2008
Page 2

prior CMC that discovery is stayed pending the ruling on the motion to dismiss. Defendants, are represented by counsel and therefore will incur added expense related to the proposed depositions. Defendants further object in particular to depositions that are apparently aimed at identifying information allegedly disclosed in a confidential ENE session between Netbula *and Distinct*, a company whose interests are not represented here. Defendants further object to any depositions in this case in which all counsel cannot be present to raise objections and otherwise represent their clients' interests.

More importantly, Defendants respectfully submit that inquiring—for the purposes of determining conflicts of interest—into particular confidential information that may or may not be possessed by a former neutral is contrary to Ninth Circuit authority. As noted in the *In Re County of Los Angeles,* 223 F.3d 990 (9th Cir. 2000), as a threshold inquiry, the Court must determine whether the cases are "substantially factually related." *Id.* at 994:

> Presuming that [the neutral] learned confidential information as a
> settlement judge in [the former matter], it doesn't follow that any
> of that information pertains to [the current matter]. Then the two
> cases involve different parties and/or different incidents,
> disqualification of the former judge and his law firm is appropriate
> only if the two cases are "substantially factually related."

*Id.* at 994. The test for determining whether a prior and current matter are "substantially related" is an objective one, which calls for "a careful comparison between the factual circumstances and legal theories of the two cases." *Id.* It does not require, and indeed should not involve, an inquiry into the particular information disclosed. As the Ninth Circuit noted:

> ***The district court erred by inquiring whether confidential information
> actually passed from the parties to the mediator.*** As this case
> demonstrates, memories as to what transpired during these off-the-record
> proceedings are likely to be dim, making the fact-finding process highly
> perilous. More importantly, allowing an inquiry into what transpired
> during settlement negotiations will surely chill the candor of the parties in
> speaking to the mediator.

*Id.* at 993 & n. 2 (emphasis added).

For these reasons, we believe it would be improper to convene a deposition of Mr. Stern, much less to exclude Defendants' counsel from such a deposition.

## II.   Further Declaration from Plaintiff as to Information Allegedly Disclosed

For similar reasons, Defendants request that the Court clarify whether it would entertain a submission by Plaintiff under seal, and for *in camera* review, detailing the particular information allegedly disclosed to the evaluator in 2002. Defendants have serious objections to such a

The Honorable James Ware
June 30, 2008
Page 3

submission because they are concerned that they would have no opportunity to respond to assertions submitted to the Court on an *ex parte* basis, and used in an effort to disqualify their counsel. While there was some discussion on this point during the hearing today, we ultimately are not clear if the Court decided that it would entertain a further submission from Plaintiff.

Given the standard set forth in *In re County of Los Angeles,* Defendants believe that inquiry into particular information discussed with a neutral evaluator is not necessary and would be inappropriate. For the reasons detailed in Defendants' Opposition and Supplemental Brief, the Court can rule based on the record before it that the 2002 *Netbula v. Distinct* case is not substantially related to the current cases. On that basis, alone, the motion for disqualification can be denied. Alternatively, the motion to disqualify could be denied based on the inapplicability of imputation of the ENE's knowledge to others, particularly long after he left Fenwick & West, or based on Plaintiff's delay in seeking disqualification and the prejudice that has resulted. We therefore respectfully object that *in camera* inquiry would be neither necessary nor appropriate.

Sincerely,

Jedediah Wakefield

/JDW
Attachment

cc:    Dr. Don Yue (*w/attachment via email and U.S. Mail*)

## Jedediah Wakefield

| | |
|---|---|
| **From:** | ydx@netbula.com |
| **Sent:** | Monday, June 30, 2008 5:59 PM |
| **To:** | Jedediah Wakefield |
| **Cc:** | ydx@netbula.com; yuedongxiao@gmail.com; Laurence Pulgram; Liwen Mah; Claude M. Stern |
| **Subject:** | Re: RE: Deposition of Claude M. Stern |

Dear Mr. Wakefield,

In your opposition to my motion to take the depositions, you specifically requested that the Court deny my request to take the deposition of Mr. Stern. See your Proposed Order submitted to the Court (Doc. No. 112). Since Mr. Stern is a third party as you alleged in your declaration, you had no standing to oppose my request to take his deposition -- unless you purported to represent him.

The deposition has nothing to do with the discovery of the case. Disqualification of counsel is a collateral matter. Mr. Stern and Fenwick have exclusive control of the facts regarding the ENE files. I do have rights to preserve.

The deposition of Mr. Stern does not need SUN's participation at all. SUN was not a party in the Netbula v. Distinct matter. SUN now also claims the Distinct matter is unrelated to the instant cases. SUN really has no need to participate in the deposition. As I stated, SUN's attorneys may have to leave during most of the deposition because the confidential nature of the topics.

Judge Ware said that I could submit further evidence for the disqualification matter. I am merely following his instructions. I could not raise some of the points, because I ran out of time today.

I also think your direct communication with Mr. Stern (through the previous email) is improper.

There is really no need to burden Judge Ware with petty disputes such as the deposition of a third party, especially when SUN has no standing to make an objection.

Sincerely,

Dongxiao Yue

------------------------
"Jedediah Wakefield" <JWakefield@Fenwick.com>:
Dear Dr. Yue:

We have never acted as Mr. Stern's lawyer in this matter.  We represent the defendants in these related cases, and on behalf of those parties we opposed your motion for leave to take depositions.  That motion was denied.  As a result, defendants oppose your request to proceed with any depositions on the grounds that you have no right at this time to so. In the StorageTek case, judgment has been entered against you, and discovery is closed. In the Chordiant case, as well, Judge Ware ruled that discovery is stayed pending the ruling on the motion to dismiss.
And at this point, the motion for disqualification has been fully briefed, argued, and submitted.  We also note that you did not raise this issue today, either during the hearing or the CMC.

My clients will continue to resist your efforts to multiply the proceedings and impose unnecessary burdens and expenses on them.  If, notwithstanding the foregoing, you intend to attempt to take any depositions relating to the motion for disqualification, we propose that the parties request a telephone conference with Judge Ware this afternoon to discuss the matter.

We are copying this communication to Mr. Stern, to advise him of Defendants' position.

Sincerely,

Jed Wakefield

*******************************
Jedediah Wakefield
Fenwick & West LLP
555 California Street, 12th Floor
San Francisco, CA 94104
phone: 415.875.2331
fax: 415.281.1350
email: jwakefield@fenwick.com

-----Original Message-----
From: ydx@netbula.com [mailto:ydx@netbula.com]
Sent: Monday, June 30, 2008 12:40 PM
To: Jedediah Wakefield
Cc: ydx@netbula.com; yuedongxiao@gmail.com; Laurence Pulgram; Liwen Mah
Subject: Deposition of Claude M. Stern

Dear Counsel,

Claude Stern telephoned me and stated that he was willing to have his deposition taken.
So, I wonder why you opposed the taking of his deposition in your filing with the court --
acting as his attorney for that matter.

In any case, we should schedule a convenient time for all parties to have the deposition
taken at Mr. Stern's office. I am available on any day in July 2008, except 8th, 12th,
13th.

Please let me know of your available dates, then I will arrange the deposition with Mr.
Stern. However, since confidential information about the ENE may be asked, you may have to
leave at certain points of time.

Sincerely,

Dongxiao Yue

-------------------
-------------------------------------------
IRS Circular 230 Disclosure:  To ensure compliance with requirements imposed by the IRS,
we inform you that any U.S. federal tax advice in this communication (including
attachments) is not intended or written by Fenwick & West LLP to be used, and cannot be
used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii)
promoting, marketing, or recommending to another party any transaction or matter addressed
herein.
-------------------------------------------
ATTENTION:
The information contained in this message may be legally privileged and confidential.  It
is intended to be read only by the individual or entity to whom it is addressed or by
their designee. If the reader of this message is not the intended recipient, you are on
notice that any distribution of this message, in any form, is strictly prohibited.

If you have received this message in error, please immediately notify the sender and/or
Fenwick & West LLP by telephone at (650) 988-8500 and delete or destroy any copy of this
message.

-------------------

2