LAURENCE F. PULGRAM (CSB NO. 115163)
*lpulgram@fenwick.com*
JEDEDIAH WAKEFIELD (CSB NO. 178058)
*jwakefield@fenwick.com*
LIWEN A. MAH (CSB NO. 239033)
*lmah@fenwick.com*
FENWICK & WEST LLP
555 California Street, Suite 1200
San Francisco, CA  94104
Telephone: (415) 875-2300
Facsimile:  (415) 281-1350
Attorneys for Named Defendants
SUN MICROSYSTEMS, INC.,
MICHAEL MELNICK, JULIE DECECCO,
MICHAEL P. ABRAMOVITZ, LISA K. RADY,
JONATHAN SCHWARTZ

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

<table>
<tr><td>

DONGXIAO YUE,

       Plaintiff,

v.

STORAGE TECHNOLOGY
CORPORATION, a Delaware corporation;
SUN MICROSYSTEMS, INC., a Delaware
corporation; MICHAEL MELNICK, an
individual; JULIE DECECCO, an
individual; MICHAEL P. ABRAMOVITZ,
an individual; LISA K. RADY, an
individual; JONATHAN SCHWARTZ, an
individual; and DOES 1-1000, inclusive,

       Defendants.

</td><td>

Case No. C-07-05850-JW

**DEFENDANTS' OPPOSITION TO
PLAINTIFF'S MOTION TO STRIKE
DEFENDANTS' MOTION FOR
ATTORNEYS' FEES AND COSTS
(DOCKET NO. 53)**

Date:     July 22, 2008
Time:    9:00 a.m.
Dept:    Courtroom E, 15th Floor
Judge:   Hon. Elizabeth D. Laporte

</td></tr>
</table>

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

**INTRODUCTION**

2      Plaintiff's motion to strike Defendants' motion for attorneys' fees, for an alleged failure to

3  comply with a meet and confer provision, is just the latest example of Plaintiff's efforts to

4  multiply the proceedings unnecessarily.  Plaintiff misinterprets the Civil Local Rules, readily

5  admits that no issues would have been resolved through a meet and confer, and seeks a

6  dramatically disproportionate remedy for the alleged violation.  His motion has no merit, and

7  merely underscores why an attorneys' fees award is warranted in this case.

8      Civil Local Rule 54-6(b)(1) provides that "counsel" are to meet and confer on motions for

9  attorney's fees.  "Counsel" does not refer to *pro se* litigants.  Where applicable, the Civil Local

10  Rules specify when a *pro se* litigant should be conferred with.  No such requirement is present in

11  Civil Local Rule 54-6(b)(1).  Moreover, Plaintiff readily admits that conferring with him would

12  have accomplished nothing.  Civil Local Rule 54-6(b)(1) serves to reduce the burden on the

13  Courts, by providing that counsel should work together where possible to narrow issues before

14  presenting a motion for attorneys' fees after the entry of judgment.  But Plaintiff does not even

15  pretend that any issues could have been narrowed or resolved.  Quite the opposite, he admits he

16  would have opposed Defendants' request for fees "from the outset," and merely complains that he

17  did not get a chance to argue with counsel in a "live conference."

18      Finally, Plaintiff requests a disproportionately harsh remedy for Defendants' alleged

19  failure to meet and confer.  Instead of seeking to remedy his harm—which, beyond the

20  aforementioned desire to express himself in a "live conference," he has failed to identify—

21  Plaintiff instead seeks to strike the entire motion for attorneys' fees.  But depriving Defendants of

22  the fees to which they are so clearly entitled in no way addresses the narrow harm that Plaintiff

23  claims, particularly in view of his refusal to meet and confer when Defendants sought to do so.

24  Thus, even if defense counsel's understanding of the Local Rule were erroneous, denying

25  Defendants their significant attorneys' fees—fees incurred to defend against an ill-conceived and

26  duplicative lawsuit that should never have been filed—would be inappropriate.

27

28

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

## ARGUMENT

2

**I.    CIVIL LOCAL RULE 54-6 DID NOT REQUIRE DEFENDANTS TO MEET AND CONFER WITH PLAINTIFF BEFORE FILING THEIR FEES MOTION**

3

4    Civil Local Rule 54-6(b)(1) specifies that "counsel for the respective parties" are to meet and

5    confer.  This is in contrast to other language in the Local Rules in this District, which make it clear

6    when counsel or *pro se* parties are to confer.  *See* Civil L.R. 30-1 ("the noticing party must confer

7    about the scheduling of the deposition with opposing counsel *or, if the party is pro se, the party*")

8    (emphasis added).  In other contexts, the Local Rules require "parties" to meet and confer.  *See, e.g.*

9    Civil L.R. 37-1 ("*the parties* must attempt to resolve the matter without judicial intervention by

10   conferring in good faith") (emphasis added).  There is no such language in Civil Local Rule 54-

11   6(b)(1), which, along with Civil Local Rule 54-2(b), are unique in specifying that "counsel" should

12   meet and confer.  Reading "Counsel" in Civil Local Rule 54-6(b)(1) as applying to *pro se* litigants

13   would make the *pro se* clause of Civil Local Rule 30-1 superfluous.  *See Boise Cascade Corp. v.*

14   *EPA*, 942 F.2d 1427, 1432 (9th Cir. 1991) ("Under accepted canons of statutory interpretation, we

15   must interpret statutes as a whole, giving effect to each word and making every effort not to interpret

16   a provision in a manner that renders other provisions of the same statute inconsistent, meaningless or

17   superfluous.").  Consequentially, Defendants submit that Civil Local Rule 54-6 did not require

18   counsel to meet and confer with Plaintiff, a *pro se* litigant, before filing the fees motion.

19   **II.   EVEN IF COUNSEL'S READING OF THE LOCAL RULES WERE IN ERROR, THE COURT SHOULD NOT STRIKE DEFENDANTS' FEES MOTION**

20

21   Even if Civil Local Rule 54-6(b)(1)'s meet and confer requirement between "counsel" is

22   read to include *pro se* litigants, Plaintiff has not demonstrated entitlement to the drastic remedy he

23   seeks.

24   **A.    Plaintiff Has Shown No Harm—To Himself Or The Court—From The Parties' Failure To Meet And Confer**

25

26   No amount of meeting and conferring would have resolved Defendants' claim for their

27   attorneys' fees.  Defendants attempted to confer with Plaintiff on their fees motion when Plaintiff

28   raised the issue.  Declaration of Jedediah Wakefield in Support of Defendants' Opposition to

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1   Plaintiff's Motion to Strike Defendants' Motion for Attorneys' Fees and Costs (Docket No. 53)

2   ("Wakefield Decl."), ¶ 2, Ex. 1.  Counsel expressly asked Plaintiff whether there were "any

3   disputed issues in the motion for attorneys' fees as to which [he was] prepared to stipulate."  *Id.*

4   To this Plaintiff responded that he "would have disputed the fees from the outset" and only

5   protested that he was not given "the chance to dispute them within the statutory time limit."  *Id.,*

6   ¶ 3, Ex. 2.  Plaintiff did not contend then, nor does he now, that he ever would have agreed to any

7   amount of Defendants' requested fees, or that there were any issues to be narrowed for the

8   convenience of the Court.  And Plaintiff has never made an effort to confer with counsel on the

9   attorney's fees motion.  *Id.*, ¶ 4.  Under the circumstances, the failure to meet and confer—even if

10  a Local Rule required it—would not be a basis to deny the Motion.  *See, e.g.*, *Thomas v. Baca*, 231

11  F.R.D. 397, 404 (C.D. Cal. 2005) ("The Court is not persuaded that this fact [alleged failure to

12  meet and confer per local rules], if true, should serve as a basis to deny the motion.  It does not

13  appear that any informal resolution of this motion is possible.")

14      Plaintiff protests that he "lost the opportunity to contest attorney's fees in a *live*

15  *conference*."  Motion to Strike, Dkt. No. 113, at 3:9 (emphasis added).  But Civil Local Rule 54-

16  6(b)(1) is not a vehicle for Plaintiff's right to self-expression; it is intended to save *the Court* the

17  administrative burden of deciding disputes about attorneys' fees if they could instead be resolved

18  through the meet and confer process between counsel.  Plaintiff does not allege that the parties

19  could have reached some agreement on Defendants' requested fees, thereby saving the Court the

20  administrative burden of reviewing and ruling on Defendants' motion or any part of it.  In fact,

21  Plaintiff mentions no inconvenience to the Court for Defendants' alleged failure to meet and

22  confer with him.

23      Moreover, attempts to confer with Plaintiff, on this and other subjects, have repeatedly

24  proven fruitless.  Indeed, after Plaintiff raised his interpretation of Local Rule 54-6(b)(1) issue,

25  and counsel attempted to confer with him in a live conference to see if any good might come of it,

26  Plaintiff refused, and instead threatened to bring a motion for sanctions.  Wakefield Decl., ¶ 2,

27  Ex. 3.  And when counsel reiterated the admonition that Defendants would seek the fees that

28  Plaintiff was continuing to force them unnecessarily to incur, Plaintiff then sent a diatribe to the

1   CEO of Sun Microsystems, and to ABC News, accusing Sun of "RICO violations," "financial

2   terror," and "rudimentary mafia tactics." Wakefield Decl. ¶¶ 2-3, Ex. 2.

3       **B.     Denying Defendants Their Statutorily Entitled Fees Would Be A Drastically
              Disproportionate Remedy**

4

5           An order striking Defendants' motion for attorneys' fees for non-compliance with what is,

6   at least, an ambiguous local rule would be a severe and disproportionate result.  An adequate

7   remedy, if Plaintiff were entitled to any, would be to order the parties to meet and confer prior to

8   the Court's ruling on Defendants motion for attorneys' fees.  *See Copple v. Astrella & Rice, P.C.*,

9   442 F. Supp. 2d 829, 837 (N.D. Cal. 2006) (reserving ruling on requested fees and ordering

10  represented parties to meet and confer after failure to comply with Civil L.R. 54-6(b) and with an

11  earlier order to meet and confer on fees and costs).

12          In support of the disproportionate result Plaintiff seeks, Plaintiff relies upon *Kyle v.*

13  *Campbell Soup Co.*, 28 F.3d 928 (9th Cir. 1994), which reversed an award of attorneys' fees

14  because the motion was filed after the deadline.  However, that case is readily distinguished.  *Kyle*

15  did not involve a meet and confer requirement, but rather involved an attorney's failure to file a

16  motion within the time limit, due to the attorney's misapplication of *unambiguous* rules

17  (including Rule 6(e) of the Federal Rules of Civil Procedure).  *Kyle*, 28 F.3d at 931-32.  The

18  Court contrasted the facts there from cases in which a mistake was made in interpreting an

19  *ambiguous* rule:  "By contrast, counsel in this matter committed a mistake in interpreting and

20  applying the Local Rules and Rule 6(e) of the Federal Rules of Civil Procedure, which were *not*

21  ambiguous.").  *See id.*  Here, for the reasons explained above, Civil Local Rule 54-6(b)(1)'s

22  language requiring "counsel" to confer is inapplicable to *pro se* parties, or is at least ambiguous.

23  Accordingly, if the Court concludes that counsel's interpretation of the Local Rule was incorrect,

24  counsel respectfully submits that the Court should find that the failure to meet and confer was

25  excusable, given the Rule's plain language.

26

27

28

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**C.     Given Plaintiff's Continuing, Vexatious Tactics In This Case, His Motion To Strike Should Be Denied.**

Allowing Plaintiff to evade responsibility for the significant fees his tactics have forced Defendants to incur, based on what is, at worst, a technical violation of an ambiguous rule, would be entirely unjust.  As the Sixth Circuit recently noted in affirming a fees award to a prevailing copyright defendant, it is appropriate to award fees and costs against a plaintiff—even where (unlike here) the plaintiff has objectively reasonable claims—when the plaintiff's tactics in pursuing them have been irresponsible.  *Bridgeport Music, Inc. v. WB Music Corp.*, 520 F.3d 588, 595 (6th Cir. 2008) ("Given the litigation history of [plaintiff] in this and companion cases, it was not an abuse of discretion for the district court to award fees and costs against the company in the hope of motivating it to litigate in a more responsible, realistic manner and to deter it from continuing to engage in questionable litigation tactics.").[1]

The duplicative nature of Plaintiff's lawsuit, and the oppressive manner in which he pursued it, have been discussed in Defendants' opening brief (Dkt. 53 at 3:20-7:14) and Reply (Dkt. 73 at 15:20-24).  Since the Reply, Plaintiff's oppressive conduct has continued unabated.

For example, in Plaintiff's "Consolidated Reply" in support of his motion for disqualification of counsel, Plaintiff submitted new arguments and declarations, which required a supplemental response from Defendants.  *See* Dkt. 105 and Wakefield Decl., ¶ 5.  Plaintiff refused to stipulate to the filing of a supplemental brief addressing those new issues unless Defendants stipulated to allow Plaintiff to take depositions of defense counsel and their former partner. Wakefield Decl., ¶ 5, Ex. 3.  When Defendants refused to agree to such highly improper and disruptive depositions—particularly in a case that has long since been dismissed with prejudice— Plaintiff filed an administrative motion for leave to take four depositions.  *Id.*, ¶ 6 and Dkt. 109. Defendants were thus required to file not only an administrative motion for leave to file the

---

[1] In *Bridgeport*, the plaintiff's theory of recovery was objectively reasonable, but plaintiff continued to pursue it even after "it was on notice that the judge was virtually certain to reject its sole theory of recovery."  *Id.* at 594.  Here, Plaintiff's claim was not only doomed at the outset, but he continued to pursue it well after he was on notice that it would be rejected.  Indeed, he pursued it after the Court granted summary judgment of non-infringement in the parallel case against Sun and StorageTek, and he has continued to pursue it after the Court dismissed this case with prejudice.

1    supplemental brief, but an opposition to the motion for leave to take depositions as well.  Dkts. 105

2    and 112.  Judge Ware granted Defendants' Administrative Motion, and denied Plaintiff's.  Dkt.

3    115.  Plaintiff then filed a surreply and yet another declaration in support of his disqualification

4    motion—without seeking leave of court to do so.  Dkts. 123 and 124.  Plaintiff also refused to

5    withdraw his motion to "disqualify" Judge Jenkins, even though now *Justice* Jenkins has moved

6    on to the California Court of Appeals, rendering the motion for disqualification moot.  Wakefield

7    Decl. ¶ 6.  Instead, Plaintiff filed a motion requesting that the motion remain before the Court—a

8    maneuver that required a further response from Defendants.  Dkts. 103 and104.

9         Beyond these filings, in his day-to-day dealings with defense counsel, Plaintiff has

10    employed belligerent and aggressive tactics at every turn.  For example, his threats of sanctions,

11    however meritless, have been relentless and required responses.  When Defendants refused to

12    withdraw the present fees motion, he threatened sanctions.  Wakefield Decl., ¶ 2, Ex.1.  When

13    Defendants served their supplemental brief in opposition to the disqualification motion, asking for

14    stipulation to file it (as Judge Ware later ordered) Plaintiff did so again.  *Id.*, ¶ 7, Ex. 4.  He

15    threatened to bring a sanctions motion for Defendants' alleged filing of materials in violation of a

16    Protective Order, even though the materials at issue had never been designated under the

17    Protective Order.  *Id.*, ¶ 8, Ex. 5.  And he threatened counsel with sanctions if they would not agree

18    to request remand of this case from the Ninth Circuit, so that Judge Ware would have jurisdiction

19    to entertain Plaintiff's Rule 60(b) motion. *Id.*, ¶ 9, Ex. 6.

20         Plaintiff's remarkable conduct shows no sign of letting up.  Even after the Court denied his

21    administrative motion to take depositions, Plaintiff promptly indicated that he intended to take

22    depositions of current and former Fenwick attorneys on the disqualification motion.  *Id.*, ¶ 10,

23    Ex. 7.  He has persisted in seeking to take a deposition even after the motion for disqualification of

24    counsel was taken under submission by the Court.  *Id.*, ¶ 11.  Most recently, he argued that

25    Defendants had no "standing" to oppose his efforts to take depositions, and proclaimed that he

26    intends to proceed with a deposition in this case and *exclude Defense counsel from the room.  Id.*,

27    ¶ 11, Ex 8.  These tactics have all come with a real economic cost, which Plaintiff alone should

28    bear.

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1    It was back in February of this year that the Court cautioned Plaintiff "against multiplying

2    proceedings without a sufficient legal basis in the future."  Dkt. No. 41 at 4:19-24.  It was in

3    March that the Court, in dismissing the case with prejudice, found that Plaintiff's tactics had

4    "ranged from duplicative to nearly vexatious."  Dkt. 51 at 7:6-11.  Since then, Plaintiff's abusive

5    proliferation of litigation has merely increased in intensity.  When "viewed as part of the larger

6    landscape of [plaintiff's] litigation strategy" (*Bridgeport*, 520 F.3d at 594-95), Plaintiff's motion to

7    strike should be denied, and Defendants should be awarded their full fees and costs.

8                                    <u>**CONCLUSION**</u>

9    Defendants did not violate Civil Local Rule 54-6(b)(1)'s requirement that counsel meet

10    and confer.  Even if they had, Plaintiff requests an extraordinary remedy for any oversight on

11    counsel's part.  The Court should not strike Defendants' motion for their attorneys' fees, but

12    rather should grant them in full.

13

14    Dated: July 1, 2008                     FENWICK & WEST LLP

15
                                            By:_____/s/ JEDEDIAH WAKEFIELD_____
16                                                   Jedediah Wakefield

17                                          Attorneys for Named Defendants
                                            SUN MICROSYSTEMS, INC.,
18                                          MICHAEL MELNICK, JULIE DECECCO,
                                            MICHAEL P. ABRAMOVITZ, LISA K.
19                                          RADY, JONATHAN SCHWARTZ

20

21    25689/00405/LIT/1287084.3

22

23

24

25

26

27

28

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO