LAURENCE F. PULGRAM (CSB NO. 115163)
lpulgram@fenwick.com
JEDEDIAH WAKEFIELD (CSB NO. 178058)
jwakefield@fenwick.com
LIWEN A. MAH (CSB NO. 239033)
lmah@fenwick.com
FENWICK & WEST LLP
555 California Street, Suite 1200
San Francisco, CA  94104
Telephone: (415) 875-2300
Facsimile:  (415) 281-1350
Attorneys for Named Defendants
SUN MICROSYSTEMS, INC.,
MICHAEL MELNICK, JULIE DECECCO,
MICHAEL P. ABRAMOVITZ, LISA K. RADY,
JONATHAN SCHWARTZ

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| DONGXIAO YUE,<br><br>Plaintiff,<br><br>v.<br><br>STORAGE TECHNOLOGY CORPORATION, a Delaware corporation; SUN MICROSYSTEMS, INC., a Delaware corporation; MICHAEL MELNICK, an individual; JULIE DECECCO, an individual; MICHAEL P. ABRAMOVITZ, an individual; LISA K. RADY, an individual; JONATHAN SCHWARTZ, an individual; and DOES 1-1000, inclusive,<br><br>Defendants. | Case No. C-07-05850-JW<br><br>**DECLARATION OF JEDEDIAH WAKEFIELD IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' MOTION FOR ATTORNEYS' FEES AND COSTS (DOCKET NO. 53)**<br><br>Date:  July 22, 2008<br>Time:  9:00 a.m.<br>Dept:  Courtroom E, 15th Floor<br>Judge:  Hon. Elizabeth D. Laporte |

I, Jedediah Wakefield, declare as follows:

1.    I am an attorney admitted to practice before this Court, and I am a partner at the

law firm of Fenwick & West LLP ("Fenwick"), counsel for named Defendants in the above-

captioned matter.  I submit this Declaration in Opposition to Plaintiff's Motion to Strike

Defendants' Motion for Attorneys Fees and Costs (Dkt. 113).  I have personal knowledge of the

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

facts set forth in this declaration, and if called to do so I could and would testify competently to the same.

2.    On or about April 24, 2007, during a telephone conference with Plaintiff Dongxiao Yue, Plaintiff stated for the first time that Defendants had not complied with Civil Local Rule 54-6, and threatened to file a motion for sanctions if Defendants did not withdraw the fees motion. During that call, I asked whether Dr. Yue was prepared to pay any of the fees Defendants had requested, and further asked whether there were any particular items about which he believed a meet and confer to resolve disputed issues would be appropriate.  He refused to discuss the subject.  I also urged Dr. Yue to confer with counsel before bringing his threatened motion for sanctions, and reminded him that Defendants, as the prevailing parties in this case, would seek fees incurred in opposing such a motion.  I sent an email to Dr. Yue confirming these points on April 28, 2008, a true and correct copy of which is attached hereto as **Exhibit 1**.

3.    Following our conversation and my email, on April 28, 2008, Dr. Yue sent a response to me, with a copy addressed to various people, including Sun Microsystems' CEO, someone at ABC, and something called "CCTV Law & Justice."  The email accused Sun of "RICO violations," "financial terror," and "rudimentary mafia techniques."  With respect to the meet and confer topic, Dr. Yue wrote that he "would have disputed fees from the outset."  A true and correct copy of Dr. Yue's April 28, 2008 email is attached hereto as **Exhibit 2**.

4.    At no time has Plaintiff sought to meet and confer regarding Defendants' motion for attorneys fees and costs.

5.    After Plaintiff submitted a "Consolidated Reply" in support of his motion for disqualification of counsel (Dkt. 84), Defendants requested that he stipulate to allow the filing of a supplemental brief to respond to what Defendants contend were new arguments and factual allegations raised for the first time in the Reply.  Plaintiff refused to stipulate to the filing of a supplemental brief, however, unless Defendants stipulated to allow Plaintiff to take depositions of four individuals: three current Fenwick attorneys and their former partner (who reportedly served as an early neutral evaluator under the Court's ADR program in 2002, in a trademark case filed by Plaintiff's company).  Attached hereto as **Exhibit 3** a true and correct copy of a June 4 email

Fenwick & West LLP
Attorneys At Law
San Francisco

1    from Dr. Yue in which he refused to stipulate to the filing of a supplemental brief unless

2    Defendants stipulated to the depositions of counsel.

3        6.    When Defendants refused to agree to Dr. Yue's demand to take counsel's

4    deposition and instead filed their Administrative Motion for Leave to File a Supplemental Brief

5    (Dkt. 105), Plaintiff filed an administrative motion for leave to take depositions.  (Dkt. 109).

6    Defendants were thus required to file not only an administrative motion for leave to file the

7    supplemental brief, but an opposition to the motion for leave to take depositions as well.  (Dkt.

8    112).  Judge Ware granted Defendants' Administrative Motion, and denied Plaintiff's.  (Dkt.

9    115).  Plaintiff then filed a surreply and yet another declaration in support of his disqualification

10   motion—without seeking leave of court to do so.  (Dkts. 123 and 124).  Plaintiff also refused to

11   withdraw his motion to "disqualify" Judge Jenkins, even though now *Justice* Jenkins has moved

12   on to the California Court of Appeals, rendering the motion for disqualification moot.  Instead,

13   Plaintiff filed a motion requesting that the motion remain before the Court (Dkt. 104), to which

14   Defendants then filed a response. (Dkt. 103).

15       7.    As I discussed above, when Defendants refused to withdraw the present fees

16   motion, Plaintiff threatened sanctions.  When Defendants served their supplemental brief in

17   opposition to the disqualification motion, he also threatened sanctions.  A true and correct copy of

18   his June 2, 2008 email threatening to bring a sanctions motion against defense counsel is attached

19   hereto as **Exhibit 4**.

20       8.    Dr. Yue also threatened to bring a sanctions motion for Defendants' alleged filing

21   of materials in violation of a Protective Order, even though I had explained that the materials at

22   issue had never been designated under the Protective Order.  A true and correct copy of his

23   June 6, 2008 email making this threat, along with my response, is attached hereto as **Exhibit 5**.

24   Even after I sent this response, Dr. Yue persisted in his threat to seek sanctions over this issue.

25       9.    Dr. Yue further threatened to seek sanctions if Defendants would not agree to

26   request remand of this case from the Ninth Circuit, so that Judge Ware would have jurisdiction to

27   entertain the Plaintiff's Rule 60(b) motion despite Plaintiff having filed a Notice of Appeal.

28   Attached hereto as **Exhibit 6** is a true and correct copy of Dr. Yue's June 2, 2008 email making

Fenwick & West LLP
Attorneys At Law
San Francisco

Wakefield Decl. In Opposition to Plaintiff's
Motion to Strike Defendants' Motion for               -3-               Case No. CV 07-5850-JW
Attorneys' Fees

1   this threat, along with my response.

2       10.    After the Court denied Plaintiff's administrative motion to take depositions,

3   Plaintiff promptly indicated that he intended to take depositions of current and former Fenwick

4   counsel.  Attached hereto as **Exhibit 7** is a true and correct copy of Dr. Yue's June 25 email

5   stating that he intended to take my the deposition of a current Fenwick partner, Connie Ellerbach,

6   and Mr. Stern, along with my email response.

7       11.    On the morning of June 30, 2008 counsel and Dr. Yue appeared for the hearing on

8   the 60(b) motion and the motion to disqualify defense counsel.  The Court took the matters under

9   submission.  Later that day, Dr. Yue announced that he was proceeding with Mr. Stern's

10  deposition.  I sent him an email reiterating Defendants' objections.  Dr. Yue responded by stating

11  I had "no standing" to oppose the deposition, and that "SUN's attorneys may have to leave during

12  most of the deposition."  A true and correct copy of that email exchange is attached hereto as

13  **Exhibit 8**.  On behalf of Defendants, I promptly prepared and filed a letter brief addressing these

14  developments.  (Dkt. 125).

15      12.    Defendants continue to incur significant fees and costs as a result of such ongoing

16  conduct by Defendant in this case.  I expect to provide a further declaration detailing these

17  expenses at the time of the hearing on the motion for attorneys' fees, or such other time as the

18  Court directs.

19      I declare under penalty of perjury under the laws of the United States that the foregoing is

20  true and correct.

21      Executed this 1st day of July, 2008, at San Francisco, California

22

23

24                                              /s/ JEDEDIAH WAKEFIELD

25                                                 Jedediah Wakefield

26

27

28  25689/00405/SF/5233960.1

FENWICK & WEST LLP
ATTORNEYS AT LAW
SAN FRANCISCO

# EXHIBIT 1

## Jedediah Wakefield

| | |
|---|---|
| **From:** | Jedediah Wakefield |
| **Sent:** | Monday, April 28, 2008 9:26 AM |
| **To:** | 'ydx@netbula.com' |
| **Cc:** | Laurence Pulgram; Liwen Mah |
| **Subject:** | Your threatened motion for sanctions |

Dear Dr. Yue:

In our telephone conference on Thursday, you stated for the first time that Defendants had not complied with Civil L.R. 54-6, and you threatened to file a motion for sanctions if Defendants did not withdraw the fees motion. We do not intend to withdraw the motion.

Civil L.R. 54-6 specifies that "counsel for the respective parties" are to meet and confer. This is in contrast to other Local Rules in this District, which make it clear when counsel or pro se parties are to confer. *See, e.g.,* Civil L.R. 30-1 ("the noticing party must confer about the scheduling of the deposition with opposing counsel or, *if the party is pro se, the party*.") There is no similar language in Civil L.R. 54-6, which specifies only that "counsel" should meet and confer. As you are aware, you have never had counsel in this matter, and thus Defendants do not believe that Civil L.R. 54-6 required us to meet and confer with you before filing the fees motion.

Nevertheless, since you are now taking the position that we should have conferred with you under Civil L.R. 54-6, during our call on Thursday, I asked you whether you were prepared to pay any of the fees we had requested, and further asked whether there were any particular items about which you believed a meet and confer to resolve disputed issues would be appropriate. You refused to discuss the subject.

We ask you again: Are there any disputed issues in the motion for attorneys' fees as to which you are prepared to stipulate?

Please be advised that, as I stated in our call on Thursday, Defendants will seek to recover any fees and costs incurred in opposing the motion for sanctions you are now threatening, as well as any further fees that your conduct forces defendants to incur in the defense of this action, which the Court made clear was improper when it dismissed the case and entered judgment in Defendants' favor. As I said in the call, and as you know from our present fees motion and the Court's prior order requiring you to pay $20,000 in fees for responding to another of your sanctions motions, the fees your actions are forcing Defendants to incur are very significant. I urged you during our call, and I urge you now, to confer with counsel before you do anything further to inflict additional expenses on Defendants in this case.

Finally, in light of your prior accusations that the firm gave you "legal advice" in violation of ethical rules, please understand that this communications, like all others to you from anyone at Fenwick, is not, and never will be, legal advice.

Sincerely,

Jed Wakefield

*******************************
Jedediah Wakefield
Fenwick & West LLP
555 California Street, 12th Floor
San Francisco, CA 94104
phone: 415.875.2331
fax: 415.281.1350

7/1/2008

email: jwakefield@fenwick.com

# EXHIBIT 2

**Jedediah Wakefield**

| | |
|---|---|
| **From:** | netbula@gmail.com on behalf of Dongxiao Yue [dxyue@yahoo.com] |
| **Sent:** | Monday, April 28, 2008 1:58 PM |
| **To:** | Jedediah Wakefield; jis@sun.com; Jonathan.Schwartz@Sun.COM; Julie.Dececco@sun.com |
| **Cc:** | ydx@netbula.com; Laurence Pulgram; Liwen Mah; CCTV Law & Justice; teri.whitcraft@abc.com; yuedongxiao@gmail.com |
| **Subject:** | Re: Your threatened motion for sanctions |

Dear Mr. Wakefield,

I am copying this email to Mr. Jonathan Schwartz, President and CEO of Sun Microsystems, Inc. You are his agent and I feel compelled to notice the principal about the potential RICO violations -- your actions will be imputed to him and his corporation. Consider this to be an OPEN LETTER to SUN and its managing agents and anyone who may be interested in this case. See http://netbula.com/ydx/ for information about the case.

As I told you in the April 24, 2008 conference, you have to confer with me about the fee motion within 14 days, or you are non-compliant with Local Rule 54-6. It is a simple procedure that you failed to follow. Now it's more than 50 days after judgment. In any case, you and Fenwick should be retroactively disqualified at the beginning of the case. See my motion to disqualify Fenwick and Laurence Pulgram at http://netbula.com/ydx/YDX-v-STK-reply-to-disqualify-defense-counsel.pdf
.

Certainly, I would have disputed the fees from the outset, but you did not give me the chance to dispute them within the statutory time limit. I opposed the fee motion on the merits (see my brief at http://netbula.com/ydx/ ). Now I further oppose the fee motion because of SUN's illegal motives. Based on what you said in the April 24, 2008 conference, the fees were used as a way to intimidate me into forgoing my intellectual property rights. In your own words, the aim was to cause "personal financial stability" problems for me. SUN's motive was established by what you said, which confirms my former counsel's repeated warnings that SUN's attorneys were taking the case against me personally. This raises a whole set of questions about SUN's attorney's fees, given SUN's stated intention of incurring higher amount of fees as a weapon of financial terror -- rudimentary mafia tactics that can scare most people into submission.

I hoped that we could stick to the rules, follow the law and have a fair case on the merits. It would have made life simpler and easier
for everyone.   SUN's tactics in this litigation were largely
below-the-belt punches that are uncharacteristic of SUN's usual image of an honest and innovative company.

So far I have maintained my residual respect for SUN. However, if SUN's unlawful conduct continues, let me tell you this: Justice does not fear injustice. Judge Martin J. Jenkins forbade me to speak in court. The Ninth Circuit refused to act. I went to his confirmation hearing, looked into his eyes and told him: this is not IRAQ! You were there, you heard my five-minute speech and my exchanges with Justice Kline and Chief Justice George.   I received comments from other people, their words against Judge Jenkins were much harsher...You did not win the case, instead, I was simply denied due process. There is no legitimacy when there is no due process.

If SUN believes that its money can buy sufficient attorney hours and manipulate the system to win this case, it is making a big mistake. If SUN wins this battle at the end --US. Supreme Court -- despite the plain infringement by StorageTek, it will become the ruiner of U.S.
intellectual property laws.  It will not only shoot itself in the foot on a global scale but also damage the whole western IP scheme -- these decisions will come back to haunt the whole IT industry. The same twisted logic proposed by SUN's attorneys can be applied in any software piracy case. Given a fair chance, I can shred your arguments in no time. But I was denied the right to speak and the right to file papers. By continuing this case in the Ninth Circuit and the District Court, I am doing America and U.S. IT industry a favor. Instead of letting the unjust decisions stand as the law of the land, I am giving the U.S. legal system a chance of self-correction.

Even if I go broke because of SUN's stated plan of incurring unreasonable fees and seeking it personally from me, life continues, my fight continues, and the sun also sets. One man from the People's Republic of China wrote PowerRPC, and a multi billion dollar U.S. IT company made millions of pirated copies. This case will be the ultimate test for the U.S. legal system and U.S. IP protection.

It is about moral leadership, if you understand what I am talking about.

Sincerely,

Dongxiao Yue


------------------------
"Jedediah Wakefield" <JWakefield@Fenwick.com>:

Dear Dr.
Yue:
In our telephone conference on Thursday, you stated for the first time that Defendants had not complied with Civil L.R. 54-6, and you threatened to file a motion for sanctions if Defendants did not withdraw the fees motion.  We do not intend to withdraw the motion. Civil L.R. 54-6 specifies that "counsel for the respective parties" are to meet and confer.  This is in contrast to other Local Rules in this District, which make it clear when counsel or pro se parties are to confer.  See, e.g., Civil L.R. 30-1  ("the noticing party must confer about the scheduling of the deposition with opposing counsel or, if the party is pro se, the party.") There is no similar language in Civil L.R. 54-6, which specifies only that "counsel" should meet and confer.  As you are aware, you have never had counsel in this matter, and thus Defendants do not believe that Civil L.R. 54-6 required us to meet and confer with you before filing the fees motion.

Nevertheless, since you are now
taking the position that we should have conferred with you under Civil L.R.
54-6, during our call on Thursday, I asked you whether you were prepared to pay any of the fees we had requested, and further asked whether there were any particular items about which you believed a meet and confer to resolve disputed issues would be appropriate.  You refused to discuss the subject.

We ask you again: Are there any disputed issues in the motion for attorneys' fees as to which you are prepared to stipulate?
Please be advised that, as I stated in our call on Thursday, Defendants will seek to recover any fees and costs incurred in opposing the motion for sanctions you are now threatening, as well as any further fees that your conduct forces defendants to incur in the defense of this action, which the Court made clear was improper when it dismissed the case and entered judgment in Defendants' favor.  As I said in the call, and as you know from our present fees motion and the Court's prior order requiring you to pay $20,000 in fees for responding to another of your sanctions motions, the fees your actions are forcing Defendants to incur are very significant.  I urged you during our call, and I urge you now, to confer with counsel before you do anything further to inflict additional expenses on Defendants in this case.
Finally, in light of your prior accusations that the firm gave you "legal advice" in violation of ethical rules, please understand that this communications, like all others to you from anyone at Fenwick, is not, and never will be, legal advice.
Sincerely,
Jed
Wakefield
*****************************
Jedediah Wakefield
Fenwick & West LLP
555 California Street, 12th
Floor
San Francisco, CA 94104
phone: 415.875.2331
fax: 415.281.1350
email: jwakefield@fenwick.com

-------------------------------------------

IRS Circular 230 Disclosure: To ensure compliance with requirements imposed by the IRS, we inform you that any U.S. federal tax advice in this communication (including attachments) is not intended or written by Fenwick & West LLP to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another party any transaction or matter addressed herein.

--------------------------------------------
ATTENTION:
The information contained in this message may be legally privileged and confidential. It is intended to be read only by the individual or entity to whom it is addressed or by their designee. If the reader of this message is not the intended recipient, you are on notice that any distribution of this message, in any form, is strictly prohibited.

If you have received this message in error, please immediately notify the sender and/or Fenwick & West LLP by telephone at (650) 988-8500 and delete or destroy any copy of this message.

Attachment:
Content-Type: text/plain;
    charset="us-ascii"
Content-Transfer-Encoding: quoted-printable

# EXHIBIT 3

## Jedediah Wakefield

| | |
|---|---|
| **From:** | ydx@netbula.com |
| **Sent:** | Wednesday, June 04, 2008 12:17 PM |
| **To:** | Jedediah Wakefield |
| **Cc:** | ydx@netbula.com; Laurence Pulgram; Liwen Mah |
| **Subject:** | Notices of Deposition for Laurence Pulgram and Connie Ellerbach |

**Attachments:** 2008-06-04-depo-notices-for-pulgram-ellerbach.pdf



2008-06-04-dep
ɔ-notices-for-pu..

Dear Counsel,

Please see the attached deposition notices.

Plaintiff will not oppose your June 3 administrative motion for leave to file supplemental brief under the following two conditions:

1) Plaintiff is allowed to file an reply to your supplemental brief; and

2) Depositions of Wakefield, Stern, Pulgram and Ellerbach are taken at least three days before Plaintiff's response to your supplemental brief is due.

As for the location of the depositions, for your convenience, I can go to your San Francisco office.  Since I do not expect the depositions to take long, we can arrange to have at least two depositions taken per day. You may also take my deposition, as long as you focus on the facts relevant to the disqualification motion.

Sincerely,

Dongxiao Yue


--------------------

1

1   DONGXIAO YUE
    2777 ALVARADO ST., SUITE C
2   SAN LEANDRO, CA 94577
    Telephone:    (510) 396-0012
3   Facsimile:    (510) 291-2237
    E-Mail:    ydx@netbula.com
4

5   *Pro Se*

6

7

8                       UNITED STATES DISTRICT COURT

9                       NORTHERN DISTRICT OF CALIFORNIA

10  DONGXIAO YUE,                          Case Nos. C07-05850-JW
11                                                    C08-0019-JW
                    Plaintiff,
12                                         **PLAINTIFF'S NOTICE OF DEPOSITION**
         v.                                **FOR CONNIE L. ELLERBACH**
13
14  Storage Technology Corporation, et al.,
15                  Defendants.
16  --------------------------------------------
17  DONGXIAO YUE,
18                  Plaintiff,
19       v.
20  Chordiant Software, Inc., et al.,
21
22
23  **TO CONNIE L. ELLERBACH AND HER COUNSEL OF RECORD:**
    Plaintiff Dongxiao Yue, *pro se*, will take deposition upon oral examination of **CONNIE L.**
24  **ELLERBACH.**

25          **DEPONENT'S ADDRESS:**
            Fenwick & West LLP
26          555 California Street, Suite 1200
27                                              -1-
28  Case Nos. C07-05850-JW, C08-0019-JW

1   San Francisco, CA 94104

2   **LOCATION OF DEPOSITION**:

3

4   2777 ALVARADO STR

5   SAN LEANDRO, CA 94577

6   **TOPICS OF DEPOSITION**

7   1) Deponent's knowledge of the *Netbula v. Distinct* dispute, the Early Neutral Evaluation,

8      and sharing of documents and or information regarding the same;

9   2) Facts alleged in deponent's declaration and Fenwick & West, LLP's submissions to the

10     U.S. District Court in opposition to Plaintiff's motion to disqualify Fenwick & West,

11     LLP.

12

13     **DATE AND TIME**:  TBD, BUT BEFORE PLAINTIFF'S RESPONSE TO FENWICK
14  WEST'S SUPPLEMENTAL OPPOSITION TO THE MOTION TO DISQUALIFY FENWICK &
    WEST LLP

15     The deposition will take place at the time and place indicated above and will continue

16  thereafter until it's completed. The disposition will be taken before a notary public or other office

17  authorized by law to administer oaths, and will be recorded by stenographic and video graphic

18  means.

19

20  Dated:   June 4, 2008

21

22                        By:   _____

23                              DONGXIAO YUE
                                *Pro Se* Plaintiffs
24

25

26

27                              -2-

28

1  DONGXIAO YUE
   2777 ALVARADO ST., SUITE C
2  SAN LEANDRO, CA 94577
   Telephone:     (510) 396-0012
3  Facsimile:     (510) 291-2237
   E-Mail:        ydx@netbula.com
4

5  *Pro Se*

6

7

8                  UNITED STATES DISTRICT COURT

9                 NORTHERN DISTRICT OF CALIFORNIA

10 DONGXIAO YUE,                      | Case Nos. C07-05850-JW
11                                    |           C08-0019-JW
              Plaintiff,
12                                    | **PLAINTIFF'S  NOTICE OF DEPOSITION**
        v.                            | **FOR LAURENCE F. PULGRAM**
13

14 Storage Technology Corporation, et al.,

15            Defendants.
   ----------------------------------
16
17 DONGXIAO YUE,

18            Plaintiff,

19      v.

20 Chordiant Software, Inc., et al.,

21

22

23 **TO LAURENCE F. PULGRAM AND HIS COUNSEL OF RECORD:**

24 Plaintiff Dongxiao Yue, *pro se*, will take deposition upon oral examination of **LAURENCE F. PULGRAM.**

25            **DEPONENT'S ADDRESS:**

26

27                          -1-

28 Case Nos. C07-05850-JW, C08-0019-JW

c/o Fenwick & West LLP
555 California Street, Suite 1200
San Francisco, CA 94104

**LOCATION OF DEPOSITION:**

2777 ALVARADO STR

SAN LEANDRO, CA 94577

**TOPICS OF DEPOSITION**

1) Deponent's knowledge of the *Netbula v. Distinct* dispute, the Early Neutral Evaluation, and sharing of documents and or information regarding the same;

2) Facts alleged in deponent's declaration and Fenwick & West, LLP's submissions to the U.S. District Court in opposition to Plaintiff's motion to disqualify Fenwick & West, LLP.

**DATE AND TIME:** TBD, BUT BEFORE PLAINTIFF'S RESPONSE TO FENWICK WEST'S SUPPLEMENTAL OPPOSITION TO THE MOTION TO DISQUALIFY FENWICK & WEST LLP

The deposition will take place at the time and place indicated above and will continue thereafter until it's completed. The disposition will be taken before a notary public or other office authorized by law to administer oaths, and will be recorded by stenographic and video graphic means.

Dated:   June 4, 2008

By:  _____
      DONGXIAO YUE
      *Pro Se* Plaintiffs

-2-

Case Nos. C07-05850-JW, C08-0019-JW

Case Nos. C08-0019-JW, C07-05850-JW (N.D. Cal)

Dongxiao Yue v. Chordiant Software, Inc., et al.
Dongxiao Yue v. Storage Technology Corp., et al.

## CERTIFICATE OF SERVICE

I, Dongxiao Yue, with address at 2777 Alvarado Street, Suite C, San Leandro, CA 94577, declare:

On June 4, 2008, I caused a copy of the following documents described as:

1) PLAINTIFF'S NOTICE OF DEPOSITION FOR LAURENCE FULGRAM

2) PLAINTIFF'S NOTICE OF DEPOSITION FOR CONNIE ELLERBACH

to be served on all interested parties in said cause, by delivering a true copy as follows:

____    **(By Mail)**    By placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Leandro, California addressed as set forth below.

X    **(By E-Mail)**    By emailing the document(s) listed above in PDF format to the attorneys listed below pursuant to an agreement to service by email:

"Laurence Fulgram" <LFulgram@Fenwick.com>,   "Jedediah Wakefield" <JWakefield@Fenwick.com>, "Liwen Mah" <LMah@fenwick.com>

And by FAX TO JED WAKEFIELD at (415) 281-1350

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on June 4, 2008, at San Leandro, California.

Dongxiao Yue

# EXHIBIT 4

**Jedediah Wakefield**

| | |
|---|---|
| **From:** | ydx@netbula.com |
| **Sent:** | Monday, June 02, 2008 10:31 PM |
| **To:** | Jedediah Wakefield |
| **Cc:** | ydx@netbula.com; Laurence Pulgram; Liwen Mah |
| **Subject:** | Re: Supplemental Opposition |

Dear Mr. Wakefield,

If defense counsel file this supplemental brief, Plaintiff will file a motion to strike it
and a motion for sanctions against defense counsel.

Sincerely,

Dongxiao Yue


------------------------
"Jedediah Wakefield" <JWakefield@Fenwick.com>:

Dear Dr.
Yue:

Attached is a draft
of Defendants' Consolidated Supplemental Opposition to your motions for disqualification
of counsel in the STK II and Chordiant cases.  Please advise if you will stipulate to its
being filed.  We intend to file the request that the Court consider this supplemental
brief tomorrow.

Sincerely,

Jed
Wakefield

****************************
Jedediah Wakefield
Fenwick & West LLP
555 California Street, 12th
Floor
San Francisco, CA 94104
phone: 415.875.2331
fax: 415.281.1350
email: jwakefield@fenwick.com

-------------------------------------------

IRS Circular 230  Disclosure:  To ensure compliance with requirements imposed by the IRS,
we inform you that any U.S. federal tax advice in this communication (including
attachments) is not intended or written by Fenwick & West LLP to be used, and cannot be
used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii)
promoting, marketing, or recommending to another party any transaction or matter addressed
herein.

-------------------------------------------
ATTENTION:
The information contained in this message may be legally privileged and confidential.  It
is intended to be read only by the individual or entity to whom it is addressed or by
their designee. If the reader of this message is not the intended recipient, you are on
notice that any distribution of this message, in any form, is strictly prohibited.

If you have received this message in error, please immediately notify the sender and/or

Fenwick & West LLP by telephone at (650) 988-8500 and delete or destroy any copy of this
message.

Attachment:
Content-Type: text/plain;
     charset="us-ascii"
Content-Transfer-Encoding: quoted-printable

Attachment: Supplemental Opp to Motion for Disqualification.pdfSupplemental Opp to Motion
for Disqualification.pdf
Content-Type: application/octet-stream;
     name="Supplemental Opp to Motion for Disqualification.pdf"
Content-Transfer-Encoding: base64
Content-Description: Supplemental Opp to Motion for Disqualification.pdf
Content-Disposition: attachment;
     filename="Supplemental Opp to Motion for Disqualification.pdf"

-------------------

# EXHIBIT 5

**Jedediah Wakefield**

| | |
|---|---|
| **From:** | Jedediah Wakefield |
| **Sent:** | Friday, June 06, 2008 10:42 AM |
| **To:** | 'ydx@netbula.com' |
| **Cc:** | Laurence Pulgram; Liwen Mah |
| **Subject:** | RE: Violation of Protective Order |

**Attachments:**      Final Protective Order.pdf

Dear Dr. Yue:

As I have already pointed out, the pages from the deposition were NOT designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL -- ATTORNEYS' EYES ONLY under the Protective Order.  Other pages from Volume 2 of your deposition were designated.  Specifically, Pages 428 through 449, and 458 through 461 were designated under the protective order by Ms. Brillet.  For some reason the header of each page of the transcript, even the non-confidential portions, had the "HIGHLY CONFIDENTIAL--ATTORNEYS' EYES ONLY" label on it.  However, the pages I attached were not designated under the Protective Order.

I am attaching a copy of the Protective Order for your review.  Section 5.2 governs "Manner and Timing of Designations" and provides that Designation requires

(b) For testimony given in deposition or in other pretrial or trial proceedings, that the Party or non-party offering or sponsoring the testimony **identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."** When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or non-party that sponsors, offers, or gives the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to have up to 20 days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted ("CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").  **Only those portions of the testimony that are appropriately designated for protection within the 20 days shall be covered by the provisions of this Stipulated Protective Order.**



Final Protective
Order.pdf (77...

Sincerely,

Jed Wakefield


-----Original Message-----
From: ydx@netbula.com [mailto:ydx@netbula.com]
Sent: Friday, June 06, 2008 10:02 AM
To: Jedediah Wakefield
Cc: ydx@netbula.com; Laurence Pulgram; Liwen Mah
Subject: Violation of Protective Order

Dear Counsel,

I just noticed that you have publicly filed "HIGHLY CONFIDENTIAL-ATTORNEY'S EYES ONLY" and CONFIDENTIAL material from Symnatec discovery on the 07-05850 and 08-0019 docket. Netbula produced all Distinct material under CONFIDENTIAL or HIGHLY CONFIDENTIAL protection, partly because of a settlement agreement between Netbula and Distinct.

Motion for sanctions will be filed against SUN for such harmful conduct.

Sincerely,

Dongxiao Yue

# EXHIBIT 6

**Jedediah Wakefield**

| | |
|---|---|
| **From:** | Jedediah Wakefield |
| **Sent:** | Monday, June 02, 2008 12:27 PM |
| **To:** | 'ydx@netbula.com'; yuedongxiao@hotmail.com; Laurence Pulgram; Liwen Mah |
| **Subject:** | RE: C07-05850 case matters--request for stipulation |

Dear Dr. Yue:

We never "consented" to have the Court ask to exercise jurisdiction over the 60(b) motion -- we agreed to postpone the hearing on the fees motion until after the hearing on the 60(b) motion. The Court may decide to rule, either at or before the hearing, that it does not wish to entertain the motion based on jurisdictional issues. We do not believe there is anything inconsistent with our stipulation with respect to scheduling of the fees motion, on the one hand, and our position with respect to jurisdiction, on the other. And in all events, we do not believe we can confer jurisdiction on the court.

As for your threat to file yet another round of motions in this case, if past experience is any guide you will file whatever it is you choose to file. All we can do is urge you to consult with counsel before doing so, and remind you, yet again, that as the prevailing parties in this case, Defendants will seek the reasonable attorneys that your conduct necessitates.

Sincerely,

Jed Wakefield

-----Original Message-----
From: ydx@netbula.com [mailto:ydx@netbula.com]
Sent: Monday, June 02, 2008 10:47 AM
To: Jedediah Wakefield; ydx@netbula.com; yuedongxiao@hotmail.com; Laurence Pulgram; Liwen Mah
Subject: C07-05850 case matters--request for stipulation

Dear Counsel,

I did not receive your May 28, 2008 filing by email. Please check if the documents were emailed.

Regarding the rule 60(b) motion, the court's May 8, 2008 order clearly indicates that the court wishes to entertain it. We had in chambers discussion about it, and the motion is placed on the calendar. Now, the question is only if the district court wants to grant the rule 60(b) motion.

Defendants twice stipulated that the rule 60(b) motion should be considered before their fee motion, therefore, defendants twice CONSENTED to jurisdiction of the district court on the rule 60(b) motion.

It is hard for me to understand defendants' inconsistent positions-- consenting to the jurisdiction, then challenging it. For judicial economy and to avoid further dispute on these jurisdictional issues, I request that plaintiff and defendants file a joint stipulation/motion at the Ninth Circuit to have the Yue v. STK case remanded. If defendant do not stipulate to the remand, Plaintiff may have to file a motion at the Ninth Circuit and may file a motion for sanctions against defendants for double-talking and wasting judicial resources.

Sincerely,

Dongxiao Yue


--------------------

1

# EXHIBIT 7

**Jedediah Wakefield**

| | |
|---|---|
| **From:** | Jedediah Wakefield |
| **Sent:** | Wednesday, June 25, 2008 11:03 AM |
| **To:** | 'ydx@netbula.com' |
| **Cc:** | yuedongxiao@gmail.com; Laurence Pulgram; Liwen Mah |
| **Subject:** | RE: Depositions of Claude M. Stern and Connie Ellerbach and Serving of Documents |

Dear Dr. Yue:

First, your motion for leave to take depositions was denied (See Docket No. 115 in STK II). Defendants object to any effort to take depositions in the STK II case (which has been dismissed with prejudice and is on appeal), or in Chordiant, where the Court made clear at the last status conference that no discovery was to be taken. Also, Ms. Ellerbach is a partner at Fenwick & West, LLP, counsel of record for defendants in this these cases.

Second, your assumption that we have served or will serve deposition notices on your behalf is wrong. Further, we have not accepted, nor have we agreed to accept, service on behalf of anyone other than the parties for whom we have appeared in this litigation.

Finally, the Court has previously warned you against unnecessarily multiplying the proceedings.

As for your request that, in addition to service by email, the parties mail a courtesy copy, we propose that we agree to mail a courtesy copy on the day of or the next Court day following the electronic service. Please let us know if that is acceptable.

Sincerely,

Jed Wakefield

-----Original Message-----
From: ydx@netbula.com [mailto:ydx@netbula.com]
Sent: Wednesday, June 25, 2008 7:44 AM
To: Jedediah Wakefield
Cc: yuedongxiao@gmail.com; Laurence Pulgram; Liwen Mah
Subject: Depositions of Claude M. Stern and Connie Ellerbach and Serving of Documents

Dear Mr. Wakefield,

ECF puts docket number, page number, time of filing across the top of each page. The PDF documents I received do not have those. So I can't tell if the  PDFs were the ones that were actually filed.

Going forward, I would like to amend our service-by-email agreement, by requiring the parties mail a courtesy hard copy to the opposing party within one week of the email service. Please let me know if you agree to this change.

I assume you have forwarded my previous deposition notices to Mr. Claude M. Stern and Ms. Connie Ellerbach. Since they are not opposing counsel, I will go ahead and take their depositions. I also reserve the right to renew my request to take the deposition of you and Mr. Pulgram -- I will make it crystal clear that the depositions will be on the disqualification issues only and have nothing to do with privileged information about Fenwick's other clients.

Sincerely,

Dongxiao Yue

-------------------

1

# EXHIBIT 8

## Jedediah Wakefield

| | |
|---|---|
| **From:** | ydx@netbula.com |
| **Sent:** | Monday, June 30, 2008 5:59 PM |
| **To:** | Jedediah Wakefield |
| **Cc:** | ydx@netbula.com; yuedongxiao@gmail.com; Laurence Pulgram; Liwen Mah; Claude M. Stern |
| **Subject:** | Re: RE: Deposition of Claude M. Stern |

Dear Mr. Wakefield,

In your opposition to my motion to take the depositions, you specifically requested that the Court deny my request to take the deposition of Mr. Stern. See your Proposed Order submitted to the Court (Doc. No. 112). Since Mr. Stern is a third party as you alleged in your declaration, you had no standing to oppose my request to take his deposition -- unless you purported to represent him.

The deposition has nothing to do with the discovery of the case. Disqualification of counsel is a collateral matter. Mr. Stern and Fenwick have exclusive control of the facts regarding the ENE files. I do have rights to preserve.

The deposition of Mr. Stern does not need SUN's participation at all. SUN was not a party in the Netbula v. Distinct matter. SUN now also claims the Distinct matter is unrelated to the instant cases. SUN really has no need to participate in the deposition. As I stated, SUN's attorneys may have to leave during most of the deposition because the confidential nature of the topics.

Judge Ware said that I could submit further evidence for the disqualification matter. I am merely following his instructions. I could not raise some of the points, because I ran out of time today.

I also think your direct communication with Mr. Stern (through the previous email) is improper.

There is really no need to burden Judge Ware with petty disputes such as the deposition of a third party, especially when SUN has no standing to make an objection.

Sincerely,

Dongxiao Yue

------------------------
"Jedediah Wakefield" <JWakefield@Fenwick.com>:
Dear Dr. Yue:

We have never acted as Mr. Stern's lawyer in this matter.  We represent the defendants in these related cases, and on behalf of those parties we opposed your motion for leave to take depositions.  That motion was denied.  As a result, defendants oppose your request to proceed with any depositions on the grounds that you have no right at this time to so.
In the StorageTek case, judgment has been entered against you, and discovery is closed.
In the Chordiant case, as well, Judge Ware ruled that discovery is stayed pending the ruling on the motion to dismiss.
And at this point, the motion for disqualification has been fully briefed, argued, and submitted.  We also note that you did not raise this issue today, either during the hearing or the CMC.

My clients will continue to resist your efforts to multiply the proceedings and impose unnecessary burdens and expenses on them.  If, notwithstanding the foregoing, you intend to attempt to take any depositions relating to the motion for disqualification, we propose that the parties request a telephone conference with Judge Ware this afternoon to discuss the matter.

We are copying this communication to Mr. Stern, to advise him of Defendants' position.

Sincerely,

Jed Wakefield

*****************************
Jedediah Wakefield
Fenwick & West LLP
555 California Street, 12th Floor
San Francisco, CA 94104
phone: 415.875.2331
fax: 415.281.1350
email: jwakefield@fenwick.com

-----Original Message-----
From: ydx@netbula.com [mailto:ydx@netbula.com]
Sent: Monday, June 30, 2008 12:40 PM
To: Jedediah Wakefield
Cc: ydx@netbula.com; yuedongxiao@gmail.com; Laurence Pulgram; Liwen Mah
Subject: Deposition of Claude M. Stern

Dear Counsel,

Claude Stern telephoned me and stated that he was willing to have his deposition taken.
So, I wonder why you opposed the taking of his deposition in your filing with the court --
acting as his attorney for that matter.

In any case, we should schedule a convenient time for all parties to have the deposition
taken at Mr. Stern's office. I am available on any day in July 2008, except 8th, 12th,
13th.

Please let me know of your available dates, then I will arrange the deposition with Mr.
Stern. However, since confidential information about the ENE may be asked, you may have to
leave at certain points of time.

Sincerely,

Dongxiao Yue


-------------------
-------------------------------------------
IRS Circular 230 Disclosure:  To ensure compliance with requirements imposed by the IRS,
we inform you that any U.S. federal tax advice in this communication (including
attachments) is not intended or written by Fenwick & West LLP to be used, and cannot be
used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii)
promoting, marketing, or recommending to another party any transaction or matter addressed
herein.
-------------------------------------------
ATTENTION:
The information contained in this message may be legally privileged and confidential.  It
is intended to be read only by the individual or entity to whom it is addressed or by
their designee. If the reader of this message is not the intended recipient, you are on
notice that any distribution of this message, in any form, is strictly prohibited.

If you have received this message in error, please immediately notify the sender and/or
Fenwick & West LLP by telephone at (650) 988-8500 and delete or destroy any copy of this
message.

-------------------