DONGXIAO YUE
2777 ALVARADO ST., SUITE C
SAN LEANDRO, CA 94577
Telephone:   (510) 396-0012
Facsimile:   (510) 291-2237
E-Mail:      ydx@netbula.com

Pro Se

**FILED**

JUL 8 - 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONGXIAO YUE,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>STORAGE TECHNOLOGY CORPORATION, a Delaware corporation; SUN MICROSYSTEMS Inc., a Delaware corporation; Michael Melnick, an individual; Julie DeCecco, an individual; Michael P. Abramovitz, an individual; Lisa K. Rady, an individual; Jonathan Schwartz, an individual; and DOES 1-1000, inclusive,<br><br>　　　　　　Defendants. | Case No. C07-05850-JW-EDL<br><br>**PLAINTIFF'S REPLY IN SUPPORT OF MOTION TO STRIKE DEFENDANTS' MOTION FOR ATTORNEYS' FEES AND COSTS (DOCKET NO. 53) FOR FAILURE TO COMPLY WITH CIVIL LOCAL RULE 54-6**<br><br>[Civil Local Rules 54-6, 1-4]<br><br>Date: July 22, 2008<br>Time: 9:00 a.m.<br>Dept: Courtroom E, 15th Floor<br>Judge: Hon. Elizabeth D. Laporte |

-1-

Plaintiff Dongxiao Yue ("Plaintiff" or "Yue") files this Reply Brief in support of the motion to strike Defendants' motion for attorney's fees for their failure to comply with Civil Local Rule 54-6. This Reply Brief is supported by the Declaration of Dongxiao Yue ("Yue Decl."), filed concurrently, the record of the Court, and any evidence and argument the Court permits at the oral argument.

## INTRODUCTION

Defendants have a stated intention to incur large amount of attorneys' fees and to seek them from *pro se* Plaintiff, causing "personal financial stability" problems for him. Yue Decl., at ¶¶ 4-5. Plaintiff was ready to confront Defendants and challenge their fee claims in a meeting. Yet, Defendants chose not to confer with Plaintiff before filing their fee motion with the Court, depriving Plaintiff the opportunity to examine their fee demands.

Defendants claim that the word "Counsel" in the Civil Local Rule does not refer to *pro se* litigants. As Plaintiff will show, this argument is unavailing.

## ARGUMENT

### 1. Defense Counsel Made Beguiling Interpretation of Civil L.R. 30-1 and Civil L.R. 37-1

In their Opposition, Defendants attempt to excuse themselves of the mandatory requirement imposed by Local Rule 54-6 by making an argument based on the language in Civil L.R. 30-1, which states the following:

> **30-1. Required Consultation Regarding Scheduling.**
> For the convenience of witnesses, counsel and parties, before noticing a deposition of a party or witness affiliated with a party, the noticing party must confer about the scheduling of the deposition with opposing counsel or, if the party is pro se, the party.

Defendants argue that "[r]eading 'Counsel' in Civil Local Rule 54-6(b)(1) as applying to *pro se* litigants would make the *pro se* clause of Civil Local Rule 30-1 superfluous." Def. Opposition

-2-

to Motion to Strike, Doc. No. 127, p3:12-13.

However, Civil L.R. 30-2(b) (1), ignored by Defendants, states the following:

> At the outset of the case, counsel must meet and confer regarding the sequential numbering system that will be used for exhibits throughout the litigation, including trial.

Civil L.R. 30-2(b) (1). With Defendants' interpretation of the word "counsel," Civil Local Rule 30 would be self-inconsistent: a self-represented party would be required to confer with the adverse party for scheduling of depositions but it would not be required to confer about sequential numbering of the exhibits. This inconsistency resulting from Defendants' proposed interpretation is fatal to their argument.

To bolster their theory, Defendants direct the Court's attention to Civ. L.R. 37-1 (b):

> In other contexts, the Local Rules require "parties" to meet and confer. See, e.g. Civil L.R. 37-1 ("*the parties* must attempt to resolve the matter without judicial intervention by conferring in good faith") (emphasis added).

Def. Opposition, at p3:8-10.

However, the preceding text of Civil L.R. 37-1 (a) states the following:

> **37-1. Procedures for Resolving Disputes.**
> **(a) Conference Between Counsel Required.** The Court will not entertain a request or a motion to resolve a disclosure or discovery dispute unless, pursuant to FRCivP 37, counsel have previously conferred for the purpose of attempting to resolve all disputed issues. If counsel for the moving party seeks to arrange such a conference and opposing counsel refuses or fails to confer, the Judge may impose an appropriate sanction...

Thus, to support their argument, Defendants have to ignore rule 30-2 and pick 30-1, then ignore rule 37-1(a) and choose 37-1(b).

In addition to Civil L.R. 30-2 and 37-1 (a), other local rules support the interpretation that the word "Counsel" is meant to include a self-represented party.

-3-

Case No. C07-05850-JW-EDL                REPLY ISO MOTION TO STRIKE FOR FAILURE
                                          TO COMPLY WITH LOCAL RULE 54-6

1  For instance, Civil L. R. 16, titled "Case Management and Pretrial Conferences", uses the word "Counsel" to refer to a self-represented party. See, e.g., Civil L.R. 16-3 ("Lead Trial Counsel Required to Confer."); Civil L. R. 16-9(a) ("counsel must file a Joint Case Management Statement"); Civil L.R. 16-10(a) ("lead trial counsel for each party must attend the initial Case Management Conference"); Civil L.R. 16-10(b)(5) ("the Court may establish deadline for … Counsel to meet and confer to prepare joint final pretrial conference statement"). Civil L.R. 16-10(c) also makes it clear that the word "counsel" includes a self-represented party: "Each party must be represented at such subsequent case management conferences by counsel having authority with respect to matters under consideration."

For another example, Civil L.R. 65-1(b) states that "counsel applying for the temporary restraining order must deliver notice of such motion to opposing counsel or party."

With Defendants' proposed interpretation of the word "counsel" in Civil Local Rules, a self-represented party would not be required to attend case management conferences, would be able to apply for a TRO without giving the opposing party any notice, and would be able to file motions to compel without conferring with the opposing party… Defendants' interpretation of the word "counsel" in the local rules would render the rules "inconsistent" and "meaningless." *Boise Cascade Corp. v. EPA*, 942 F.2d 1427, 1432 (9th Cir. 1991).

Therefore, the word "counsel" in Civil Local Rules 16, 30, 37 and 65 includes a self-represented party. Since "[w]e must presume that words used more than once in the same statute have the same meaning", Civil L.R. 54-6 must also apply to cases where a self-represented party is involved. *Boise Cascade Corp.*, at 1432. Defendants are represented by counsel. The purpose of the local rule is "to resolve fee-related issues without extensive evidentiary hearings." FRCP 54

-4-

(d) (2) (D). Defendants provide no rationale for treating a self-represented party differently in Civil L.R. 54-6.

## 2. Defense Counsel's Ignorance of Civil L.R. 54-6 Raises Questions About Their Qualifications

Defense Counsel might have been ignorant of Civil L.R. 54-6 before they filed the motion for fees. After Plaintiff informed Defense Counsel (two Fenwick partners and one associate) by email about their failure to comply with the local rules, a Fenwick partner stated that he did not know what Plaintiff was talking about. Yue Decl., at ¶¶ 4-5. Defense Counsel's qualification to practice before this Court is in question, because

> [p]rior to admission to the bar of this Court, an attorney must certify: (1) Knowledge of the contents of ... the Local Rules of this Court.

Civil L.R. 11-1 (c) ("The Bar of this Court").

## 3. Defendants Openly Stated Their Intention of Incurring Unreasonable Attorney's Fees

Defendants made vast number of unauthorized copies of Plaintiff's software and fraudulently concealed their theft of Plaintiff's intellectual property. No amount of money they spent on attorneys' fees and no act of manipulation can whitewash their wrongdoing. Throughout this litigation, one of Defendants' stated tactics is to use attorneys' fees to intimidate Plaintiff into submission. Yue Decl., at ¶¶ 4-8. DeCecco, the defendant, made threats long before the lawsuit was filed. First Amended Complaint, at ¶60. Whenever Plaintiff attempted to assert his rights, Defendants sent him emails with threat of attorney's fees. See, Exhibits attached to the declarations of Yue in support of the motion to disqualify Laurence Pulgram and Fenwick & West, Doc. Nos. 65 and 85. The law prohibits incurring attorney's fees out of improper motive. 28 U.S.C. § 1927. Thus, the opportunity for Plaintiff to challenge Defendants' representations on the

fees is crucial to the integrity of the process. By failing to confer with Plaintiff, Defendants have avoided the adversarial process provided by Civ. L.R. 54-6.

The Court has admonished Defense Counsel for abusing the judicial process for profit:

> If you knew there were no janitors, you could maybe craft a document request that is on its face this broad… It does make us worry. It does make us worry on this side of the aisle about what exactly is driving these kind of disputes…And what it makes us worry about is that the profits per partner need to be $900,000, and this is a piece of the process… Most litigants cannot come here because the profit per partner is $900,000 a year…And that's shameful to our society.

Transcript of the February 14, 2007 hearing before Magistrate Judge Brazil, p.15:6-23; Yue Decl., at ¶3; Ex. A. Despite the Court's explicit admonishment, Defense Counsel made further false or misleading representations to the Court. Yue Decl., at ¶¶ 6-8. And, Defense Counsel has billed their clients in the *Netbula v. BindView* and *Netbula v. Sun* cases over 8000 hours, collecting much more than $900,000 profits per partner. *Id.* at ¶13.

## CONCLUSION

Given Defendants' failure to comply with mandatory Civil Local Rule 54-6, as well as their stated intention to incur unreasonable fees as their litigation strategy, Plaintiff respectfully requests that the Court strike Defendants' motion for attorney's fees (Docket No. 53). In the alternative, Plaintiff requests an evidentiary hearing pursuant to FRCP 43(c) or the taking of the depositions of Defense Counsel on their attorneys' fee claims to expose their improper motive.

Respectfully submitted,

Dated: July 8, 2008

_____
DONGXIAO YUE (*Pro Se*)

-6-

Case No. C07-05850-JW-EDL      REPLY ISO MOTION TO STRIKE FOR FAILURE TO COMPLY WITH LOCAL RULE 54-6