**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

Dongxiao Yue,                                         NO. C 07-05850 JW

              Plaintiff,             **ORDER DENYING PLAINTIFF'S MOTION**
   v.                                              **FOR RELIEF FROM JUDGMENT;**
                              **DENYING PLAINTIFF'S MOTION TO**
Storage Technology Corp., et al.,                     **DISQUALIFY**

              Defendants.
_____/

## I.  INTRODUCTION

Dr. Dongxiao Yue ("Plaintiff" of "Dr. Yue"), in *pro per*, brings this action against Storage Technology Corp. ("StorageTek"), Sun Microsystems, Michael Melnick, Julie DeCecco, Michael P. Abramovitz, Lisa K. Rady, and Jonathan Schwartz (collectively, "Defendants"), alleging ten counts of copyright infringement.

Presently before the Court are Plaintiff's Motion for Relief from Judgment[1] and Plaintiff's Motion to Disqualify Defense Counsel.[2]  The Court conducted a hearing on June 30, 2008.  Based on the papers submitted to date and oral argument at the hearing, the Court DENIES Plaintiff's Motions.

---

[1]  (hereafter, "60(b) Motion," Docket Item Nos. 63, 94, 95.)

[2]  (hereafter, "Disqualify Motion," Docket Item No. 65.)  Also pending on the Docket is Plaintiff's Motion for Disqualification of Assigned Judge.  (Docket Item No. 58.)  This motion was made while the case was pending before Judge Martin J. Jenkins in the San Francisco Division.  In light of the reassignment of the case to Judge James Ware, the Court DENIES Plaintiff's motion as moot.

1

**II.  BACKGROUND**

2       On March 4, 2008, Judge Martin J. Jenkins found this action arose "out of the same

3   transactional nucleus of facts – Defendants' license agreements with Netbula and Defendants' use of

4   Netbula's PowerRPC software" – already pending in a related matter, Netbula LLC v. Storage

5   Technology Corp., et al.  (Case No. 06-cv-00711).  (Docket Item No. 51 at 4.)  Since this case was

6   duplicative of Netbula, Judge Jenkins dismissed it.  (Id.)  Plaintiff filed a notice of appeal of the

7   dismissal on April 4, 2008.  (Docket Item No. 72.)  Less than a month after filing his appeal,

8   Plaintiff filed a motion seeking relief from Judge Jenkins' dismissal and a motion seeking

9   disqualification of defense counsel.

10      Presently before the Court are Plaintiff's Motions for Relief from Judgment and to

11   Disqualify Defense Counsel.

12

**III.  DISCUSSION**

13   **A.    Relief From Judgment**

14      Plaintiff moves for relief from judgment on the grounds that the opposing party engaged in

15   fraud and misconduct, the judge improperly refused to recuse himself, and the result of the judgment

16   was manifestly unjust.  (60(b) Motion at 15-25.)

17      Under Fed. R. Civ. P. 60(b), a court may relieve a party from final judgment when there is,

18   *inter alia*, fraud, misrepresentation or misconduct by an opposing party or any other reason that

19   justifies relief.  However, motions to vacate under Rule 60(b) are not a substitute for appeal.  Gould

20   v. Mut. Life Ins. of NY, 790 F.2d 769, 771 (9th Cir. 1986).  "Once an appeal is filed, the district

21   court no longer has jurisdiction to consider motions to vacate judgment."  Davis v. Yageo Corp., 481

22   F.3d 661, 685 (9th Cir. 2007) (citing Gould, 790 F.2d at 772).  The district court's jurisdiction is not

23   restored until the appellate court issues its mandate.  Gould, 790 F.2d at 772.

24      On March 4, 2008, the Court granted Defendants' Motion to Dismiss.  (Docket Item No. 52.)

25   One month later, Plaintiff filed a notice of appeal of that judgment.  (Docket Item No. 72.)  Plaintiff

26   now asks the Court to relieve him from the same final judgment currently on appeal in the Ninth

27

28

2

**United States District Court**
For the Northern District of California

United States District Court

For the Northern District of California

1   Circuit.  Plaintiff's appeal divests the Court of jurisdiction to hear his 60(b) motion.  Accordingly,

2   the Court DENIES Plaintiff's motion for relief from judgment.

3   **B.      Attorney Disqualification**

4          Plaintiff moves to disqualify the Fenwick and West ("Fenwick") firm due to an attorney at

5   the firm's role in an Early Neutral Evaluation ("ENE") of Netbula, LLC v. Distinct Corp. (the

6   "Distinct Case").  (Disqualify Motion at 1.)[3]

7          Ruling on a motion to disqualify counsel is a "discretionary exercise of the trial court's

8   inherent powers."  Certain Underwriters at Lloyd's, London v. Argonaut Ins. Co., 264 F. Supp. 2d

9   914, 918 (N.D. Cal. 2003).  Civil Local Rule 11-4 provides that every attorney before the Northern

10  District must "comply with the standards of professional conduct required of members of the State

11  Bar of California."  When two cases involve different parties or different incidents, and the earlier

12  case was mediated by a member a law firm, disqualification of the mediator and his law firm is

13  appropriate "only if the two cases are 'substantially factually related.'"  In re County of Los

14  Angeles, 223 F.3d 990, 994 (9th Cir. 2000) (citing Poly Software Int'l, Inc. v. Su, 880 F. Supp.

15  1487, 1494 (D. Utah 1995)).  Circumstances which effectively "quarantine a tainted lawyer" may

16  preserve the confidences of the parties sufficient to avoid disqualification.  County of Los Angeles,

17  223 F.3d at 996.

18         In this case, Plaintiff contends that Claude Stern, a former Fenwick attorney, served as a

19  neutral evaluator for Netbula's 2002 ENE[4] session in Netbula, LLC v. Distinct Corp.  (Disqualify

20  Motion at 3.)  The parties do not dispute that Stern served in this capacity.  In dispute is whether

21  Stern's service taints Fenwick such that no lawyer from the firm may represent a party with adverse

22  interests to Dr. Yue.

23

24  _____

25         [3] Plaintiff also moves to disqualify Attorney Laurence Pulgram individually for alleged
    conduct that violates rules of the Court and professional ethics.  With respect to Pulgram, Plaintiff
26  fails to identify any conduct which potentially violates the California Rules of Professional Conduct.
    Therefore, the motion to disqualify Pulgram is DENIED.

27         [4] An ENE is a confidential session where parties make compact presentations of their case.
    The evaluator is an "experienced neutral lawyer with subject matter expertise."  ADR Local R. 5-1.

28

**United States District Court**
For the Northern District of California

1   An issue for consideration is whether the Distinct Case and this case are substantially

2   factually related.  In <u>Netbula, LLC v. Distinct Corp.</u>, Netbula, Dr. Yue's company, sued Distinct

3   Corp. for trademark infringement.  (Disqualify Motion at 3.)  In this case, Dr. Yue sues Defendants

4   for copyright infringement.  (<u>See</u> Complaint.)  While both suits involve issues related to PowerRPC,

5   the plaintiffs and defendants in each are different.  Dr. Yue may be in privity with Netbula, but he is

6   not alleged to have owned Netbula's copyrights until September 26, 2007–five years after the

7   Distinct Case was filed.  (Complaint ¶ 13.)

8   The Court also considers the circumstances which have attenuated any risk of a breach of

9   confidence to other Fenwick attorneys stemming from Stern's exposure in the Distinct Case.  Stern's

10  role as an early neutral evaluator in <u>Netbula, LLC v. Distinct Corp.</u> required him to treat all

11  information from the ENE as confidential and not use the information "for any purpose . . . in any

12  pending or future proceeding in this court."  ADR Local R. 5-12(a).  Moreover, Stern left Fenwick

13  in June 2003–seven months after the ENE–and testified that any documents from the ENE have been

14  destroyed.  (Deposition of Claude Stern ¶ 6, Docket Item No. 57.)  Stern's departure and disposal of

15  documents operate as an ethical barrier between Stern and Fenwick, which has been in place since

16  2003.[5]

17  Accordingly, the Court DENIES Plaintiff's Motion to Disqualify Fenwick from representing

18  Defendants.

19  ### IV.  CONCLUSION

20  The Court DENIES Plaintiff's Motion for Relief from Judgment and Plaintiff's Motion to

21  Disqualify Defense Counsel.  The Court DENIES Plaintiff's Motion for Disqualification of

22  Assigned Judge as moot.

23

24

25  [5]  In a separate Order, the Court denied Plaintiff's motion to take the deposition of Claude Stern.  The parties informed the Court that Plaintiff nevertheless gave notice he intends to proceed with the deposition.  (Docket Item Nos. 125, 130.)  In light of Plaintiff's attempt to proceed with the

26  deposition, Defendants or Stern may file a motion before Magistrate Judge Elizabeth D. Laporte for a protective order or to quash or modify the subpoena as appropriate.  Fed. R. Civ. P. 26(c),

27  45(c)(3)(A); <u>see</u> Unigene Laboratories, Inc. v. Apotex, Inc., 2007 WL 2972931, at *2 (N.D. Cal. 2007).

28

4

1          This Order terminates Docket Item Nos. 58, 63, 65, 94, and 95.

2

3    Dated:  July 24, 2008                            _____
                                                      JAMES WARE
4                                                     United States District Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

5

1    **THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

2    Elena Rivkin Franz ELENA@RIVKINLEGALGROUP.COM
     Jedediah  Wakefield jwakefield@fenwick.com

3    Laurence F. Pulgram lpulgram@fenwick.com
     Liwen Arius Mah lmah@fenwick.com

4
     Dongxiao Yue

5    2777 Alvarado Street, Suite C
     San Leandro, CA 94577

6

7    **Dated:  July 24, 2008**                              **Richard W. Wieking, Clerk**

8
                                                   **By:___/s/ JW Chambers_____**

9                                                        **Elizabeth Garcia**
                                                         **Courtroom Deputy**

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California