**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7    IN THE UNITED STATES DISTRICT COURT

8    FOR THE NORTHERN DISTRICT OF CALIFORNIA

9    SAN JOSE DIVISION

10   Dongxiao Yue,                                           NO. C 07-05850 JW
                                                            NO. C 08-00019 JW
11              Plaintiff,
        v.                                                  **ORDER DENYING PLAINTIFF'S**
12                                                          **CONSOLIDATED MOTION FOR**
     Storage Technology Corp., et al.,                      **LEAVE TO FILE MOTION FOR**
13                                                          **RECONSIDERATION**
                Defendants.
14

15   Dongxiao Yue,

16              Plaintiff,
        v.
17
     Chordiant Software, Inc., et al.,
18
                Defendants.
19                                                      /

20       Dr. Dongxiao Yue ("Plaintiff" of "Dr. Yue"), in *pro per*, brings these actions, alleging

21   infringement of certain software copyrights.

22       In each of the above captioned actions, Plaintiff brought a motion to disqualify defense

23   counsel on the ground that a former member of counsel's firm had served a mediator, as part of the

24   Court's ADR Program, in a dispute between Plaintiff and another entity in 2002.  On July 24, 2008,

25

26

27

28

United States District Court
For the Northern District of California

1  the Court denied Plaintiff's motion to disqualify defense counsel.[1]  Presently before the Court is

2  Plaintiff's Consolidated Motion for Leave to File Motion for Reconsideration.[2]

3        Before a party may file a motion for reconsideration, the party must first obtain leave of the

4  court.  Civ. L.R. 7-9(a).  In the party's motion for leave to file a motion for reconsideration, the

5  moving party must specifically show the following:

6    (1)    That at the time of the motion for leave, a material difference in fact or law exists
          from that which was presented to the Court before entry of the interlocutory order for
7          which reconsideration is sought.  The party also must show that in the exercise of
          reasonable diligence the party applying for reconsideration did not know such fact or
8          law at the time of the interlocutory order; or

9    (2)    The emergence of new material facts or a change of law occurring after the time of
          such order; or

10

11    (3)    A manifest failure by the Court to consider material facts or dispositive legal
          arguments which were presented to the Court before such interlocutory order.

12
13  Civ. L.R. 7-9(b).  However, a motion for leave to file a motion for reconsideration may not repeat

14  any oral or written argument previously made with respect to the interlocutory order that the party

    now seeks to have reconsidered.  Civ. L.R. 7-9(c).

15
16        Plaintiff moves for reconsideration on the grounds that the Court failed to consider (1) the

17  fact that Plaintiff always owned the copyrights and trademarks at issue, (2) whether Plaintiff is

18  entitled to discovery regarding mediation files, (3) whether the confidentiality requirements of the

19  ADR Local Rules operated as an ethical barrier, (4) whether the former mediator's departure from

20  defense counsel's firm conclusive proves that the mediation files were destroyed.  (Motion at 3-7.)

21        Each of these arguments were raised in Plaintiff's original motion and were considered by

22  the Court in its July 24, 2008 Order.  Specifically, the Court found that the mediator left defense

23  counsel's firm in 2003, seven months after the mediation and four years before Plaintiff filed this

24

25  [1]  (Order Denying Plaintiff's Motion for Relief from Judgment; Denying Plaintiff's Motion
    to Disqualify, hereafter, "July 24, 2008 Order," NO. C 07-05850 JW, Docket Item No. 137, NO. C
    08-00019 JW, Docket Item No. 76.)

26

27  [2]  (hereafter, "Motion," NO. C 07-05850 JW, Docket Item No. 143, NO. C 08-00019 JW,
    Docket Item No. 80.)

28                                         2

1  case; the mediator has testified that he destroyed any documents relating to the mediation when he

2  left or shortly thereafter.  (July 24, 2008 Order at 4.)  The Court found that the mediator's departure

3  and the destruction of the documents has served as an ethical barrier between the mediator and

4  defense counsel's firm.  (Id.)

5      Plaintiff has failed to articulate any proper grounds upon which the Court could grant leave.

6  Accordingly, the Court DENIES Plaintiff's Motion for Leave to File Motion for Reconsideration.

7

8  Dated:  August 15, 2008

JAMES WARE

9  United States District Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28                                                        3

**United States District Court**

For the Northern District of California

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Jedediah Wakefield jwakefield@fenwick.com
Laurence F. Pulgram lpulgram@fenwick.com
Liwen Arius Mah lmah@fenwick.com

Dongxiao Yue
2777 Alvarado Street
Suite C
San Leandro, CA 94577


**Dated:  August 15, 2008**                                   **Richard W. Wieking, Clerk**


                                                              **By:   /s/ JW Chambers**
                                                                   **Elizabeth Garcia**
                                                                   **Courtroom Deputy**