DONGXIAO YUE
2777 ALVARADO ST., SUITE C
SAN LEANDRO, CA 94577
Telephone:  (510) 396-0012
Facsimile:  (510) 291-2237
E-Mail:  ydx@netbula.com

*Pro Se*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONGXIAO YUE,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>STORAGE TECHNOLOGY CORPORATION, a Delaware corporation; SUN MICROSYSTEMS Inc., a Delaware corporation; Michael Melnick, an individual; Julie DeCecco, an individual; Michael P. Abramovitz, an individual; Lisa K. Rady, an individual; Jonathan Schwartz, an individual; and DOES 1-1000, inclusive,<br><br>　　　　　Defendants. | Case Nos. C07-05850-JW<br><br>**PLAINTIFF'S OBJECTIONS TO THE RECOMMENDATION OF THE MAGISTRATE JUDGE ON PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' MOTION FOR ATTORNEY'S FEES FOR FAILURE TO COMPLY WITH CIVIL LOCAL RULE 54-6**<br><br>**AND**<br><br>**NOTICE OF MOTION AND MOTION FOR *DE NOVO* DETERMINATION OF PLAINTIFF'S MOTION TO STRIKE [DOCKET NO. 113]**<br><br>Time: 9:00 AM<br>Date: November 3, 2008<br>Dept: 8, 4th Floor<br>Judge: The Honorable James Ware |

-1-

Case No. C07-05850-JW　　　　　　　　　MOTION FOR DE NOVO DETERMINATION
OF MOTION TO STRIKE DEFENDANTS' MOTION FOR FEES

NOTICE OF MOTION & MOTION FOR *DE NOVO* DETERMINATION & OBJECTIONS TO ALL PARTIES AND THEIR COUNSEL:

Please take notice that pursuant to FRCP 72(b), 28 U.S.C. 636(b)(1) and Civ. L.R. 72-3 and Civ. L.R. 7-2, *pro se* plaintiff Dongxiao Yue ("Dr. Yue" or "Yue"), respectfully objects to the Magistrate Judge's Report and Recommendation [Docket No. 142] on Plaintiff's motion to strike [Docket No. 113] defendants' fee motion for their failure to comply with Civil Local Rule 54-6, on the ground that (1) rule 54-6 is applicable; (2) the rule is mandatory and enforceable; (3) to permit non-compliance would render the rule meaningless; (4) defendants' purported meet-and-confer request was untimely and futile; and other grounds. Yue moves the Court for *de novo* determination of his motion to strike defendants' motion for attorneys' fees based upon the objections and arguments presented below. The motion for *de novo* determination is set for hearing at 9:00AM, on November 3, 2008 before U.S. District Judge James Ware at the San Jose Division of the Northern District of California. The motion is based on by this notice, the objections and arguments presented below, the Court's record and Declaration of Dongxiao Yue ("Yue Decl."), filed concurrently.

## RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

This case involves the copyright of the PowerRPC code Yue authored and allegedly infringed by Defendants StorageTek, Sun Microsystems, et al. In 2000, StorageTek purchased eight (8) PowerRPC SDK licenses and 1000 runtime licenses. StorageTek developed many products with PowerRPC and far exceeded the number of licenses, but falsely claimed that it stopped using or distributing PowerRPC.

On November 19, 2007, acting *pro se*, Yue commenced this action with 10 infringement claims. On January 28, 2008, attorney Elena Rivkin noticed her appearance as counsel for Yue. On February 21, 2008, Yue filed a motion to proceed as a *pro se* plaintiff again. At the time, the

parties were discussing mediation options. Plaintiff offered three mediators for defendants to choose.

On March 4, 2008, Judge Jenkins dismissed the instant case with prejudice and entered final judgment against Yue. Judge Jenkins also denied Yue's request to proceed *pro se*. On March 12, 2008, defendants filed a letter with the Court, accepting one of the mediators Netbula and Yue offered. On March 18, 2008, Sun filed a motion for attorney's fees, seeking $92,000 in fees and costs.

On April 1, 2008, Yue filed an opposition to Sun's motion for attorney's fees and a notice of appeal. On April 8, 2008, Sun filed a reply brief to Yue's opposition to the motion for attorney's fees, seeking $134,000 in fees and costs.

On April 24, 2008, Yue informed defense counsel that they did not follow Civil Local Rule 54-6 in their motion for attorney's fees because they never attempted to confer with Yue "for the purpose of attempting to resolve any disputes with respect to the motion." On June 16, 2008, Yue filed a motion to strike Defendants' motion for attorney's fees for their failure to comply with Civil Local Rule 54-6.

On July 22, 2008, the hearing of Defendants' fee motion and Yue's motion to strike was held before Magistrate Judge Laporte. Yue argued the motions *pro se*.

On July 23, 2008, the Court signed an order that "allows Elena Rivkin Franz to withdraw as counsel of record" for Yue and "[s]ubstituting Dongxiao Yue as new counsel of record, *in propria persona*" in this case. On August 6, 2008, Magistrate Judge Laporte recommended that Sun be awarded $219,949.90 in attorney's fees and costs under §505 of the Copyright Act. Magistrate Judge Laporte also stated that Plaintiff's motion to strike "lacks merit for several reasons" and recommended that striking Defendants' fee motion was unwarranted.

**OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

-3-

Case No. C07-05850-JW                    MOTION FOR DE NOVO DETERMINATION
                                         OF MOTION TO STRIKE DEFENDANTS' MOTION FOR FEES

For the following reasons, Plaintiff respectfully objects to the Report and Recommendation of the Magistrate Judge ("RMJ").

**GENERAL ARGUMENTS AND OBJECTIONS**

**1. The Word "Counsel" in the Local Rules Includes a Self-represented Party**

"Litigants in federal court have a statutory right to choose to act as their own counsel," *Machadio v. Apfel*, 276 F.3d 103, 106 (2d Cir. 2002). "Basic rules of courtroom protocol and procedure impose an obligation, both on counsel and on individuals acting as their own counsel, to comply with court rules…" *U.S. v. GOMEZ-ROSARIO*, 418 F.3d 90, 101 (1st Cir. 2005). See also, *JONES v. WALKER*, 496 F.3d 1216, 1220 (11th Cir. 2007) ("Jones was ordered to proceed as his own counsel."). The Court's July 23, 2008 substitution of counsel order referred to Yue as "new counsel of record." The word "counsel" by definition encompasses a self-represented party.

The word "counsel" is used throughout the Local Rules to mean a self-represented party. See, e.g, Civil Local Rules 30-2(b) (1), 37-1(a), 16-3, 16-9(a), 16-10(a), 16-10(b)(5), 16-10(c), 65-1(b). Defendants failed to cite a single case where a self-represented party must be treated differently, nor did they provide any rationale for treating a self-represented[1] party differently in the context of Local Rule 54-6 or otherwise. Rule 30-1 is unhelpful to Defendants, because it treated represented parties and self-represented parties equally.

Defendants provided no authority for the position that Local Rule 54-6 is not applicable when one of the parties is a *pro se*. Rule 54-6 itself provides no exceptions.

**2. The Word "Must" in Local Rule 54-6 Must Be Respected**

Civil Local Rule 54-6 (b) of the Northern District of California states that "the motion for attorney fees must be supported by declarations or affidavits containing the following information":

---

[1] A *pro se* can be a licensed attorney.

-4-

> A statement that counsel have met and conferred for the purpose of attempting to resolve any disputes with respect to the motion or a statement that no conference was held, with certification that the applying attorney made a good faith effort to arrange such a conference, setting forth the reason the conference was not held.

Local Rules are the "laws of the United States." *United States v. Hvass*, 355 U.S. 570, 575-76 (1958). They are not something that should be taken lightly. Failure to comply with Local Rules may be subject to sanctions. The word "must" in local rule 54-6 is so imperative that it leaves the court with no discretion. Strict compliance of the rule must be enforced. Furthermore, the rule itself does not provide any exceptions. Interpreting the rule otherwise would make it meaningless.

**3. Defendants Have No Valid Excuses**

FRCP 54(d) (2) (D) requires a fee motion "be filed no later than 14 days after the entry of judgment." The 14-day limit is a hard deadline. Strict compliance is expected. See, e.g., *Kyle v. Campbell Soup Co.*, 28 F.3d 928, 932 (9th Cir. 1994) (filing a motion for attorneys' fees two days late was not excusable). Civil Local Rule 54-6 states that counsel "must" meet and confer to resolve the disputes about fees before filing a motion for attorney's fees.

Defense attorneys billed their clients over $60,000 on researching and preparing the attorney's fee motion. Despite the large number of hours defense counsel allegedly spent on the research and drafting of the attorney's fees motion, they failed to make any effort to comply with local rule 54-6. Defense counsel admitted that the failure was "oversight on counsel's part." Doc. No. 127, p.8:10-11. But a rule is a rule. Sun is a multi-billion company[2], Yue is just one man. Sun has many lawyers, Yue is a pro se. The Magistrate has no "leniency" for Yue because he "has had counsel at times in this litigation." (RMJ at p.6:15-17). The same strict standard must be applied to Defendants, who are represented by a large law firm.

---

[2] See, e.g., http://finance.yahoo.com/q?s=JAVA (Sun's market capitalization is greater than $7 billion).

-5-

Case No. C07-05850-JW                    MOTION FOR DE NOVO DETERMINATION
                                          OF MOTION TO STRIKE DEFENDANTS' MOTION FOR FEES

### 4. Defendants' Failure to Confer with Plaintiff was Highly Prejudicial

By failing to comply with the 54-6 local rule, defense counsel increased their fees substantially. As stated above, defense counsel billed over $60,000 for their motion for fees related work alone – these fees could be completely eliminated if the parties conferred.

Moreover, many of the billing entries were block billing entries, such as 3.8 hours, 9.5 hours, 4.2 hours, 8.9 hours, 5 hours … 11.30 hours... And many of the fee entries are very questionable, such as time for conferring with Plaintiff's counsel while Plaintiff was his own counsel, and time for negotiating a protective order when this case never had any discovery. These issues and disputes could be discussed and resolved in a meet and confer session. But defense counsel avoided this process.

Even after Plaintiff informed defendants about their failure to confer, they simply submitted additional fee schedules to the court without ever attempting to resolve any disputes with Plaintiff, leaving all the issues for the Court. Plaintiff never had any chance to even oppose defendants' post-judgment fees. Considering the fact that most of defendants' fees are incurred after the case was terminated, the prejudice to Plaintiff due to defendants' failure to comply with Local Rule 54-6 is severe.

### 5. The Only Remedy Was to Strike Defendants' Fee Motion

Defendants' fee motion was defective. "[O]verlooking the defect of this document would only serve to whittle away at the rules and ultimately render them meaningless and unenforceable." *Riley v. Northwestern Bell Telephone Co.*, 1 F.3d 725, 729 (8th Cir. 1993).

Defense counsel claimed that on April 24, 2008 they asked to meet and confer with Yue, but Yue refused[3]. Local Rule 54-6 requires that counsel to meet and confer before filing the fee motion with the Court, not afterward. Moreover, any effort to salvage the defective motion would

---

[3] Yue also dispute whether defendants' April 24 request to confer was sincere. See, Yue Decl. at ¶9 and Yue's Declaration on July 8, 2008 (Doc.No. 132) describing the April 24, 2008 conference.

-6-

Case No. C07-05850-JW                    MOTION FOR DE NOVO DETERMINATION
                                         OF MOTION TO STRIKE DEFENDANTS' MOTION FOR FEES

be futile, because the deadline for filing a properly formed fee motion had already passed over a month before. Any effort that could have corrected the "oversight on counsel's part" would be out of the fourteen day period for fee motions and would be untimely. And an untimely fee motion must be denied. Cf. *Kyle v. Campbell Soup Co.*, 28 F.3d 928, 932 (9th Cir. 1994) (vacating order granting a fee motion that was two days late).

If a party was allowed to file a defective motion then fix it out of the time limit, "the purpose of the time limitation would be defeated." *Riley v. Northwestern Bell Telephone Co.*, 1 F.3d 725, 727 (8th Cir. 1993) (citing *Martinez v. Trainor*, 556 F.2d 818 (7th Cir. 1977)). In *Riley,* the party filed a defective post-judgment motion within the 10-day period, and soon afterward filed a proper version, the district court denied the motion as untimely, then the court of appeal dismissed the appeal for lack of jurisdiction --- since the defective post-judgment motion could not toll the time to file appeal, the notice of appeal was not filed within 30 days of judgment.

The Magistrate Judge cited *May v. Metropolitan Life Ins. Co*, No. C 03-5056CW, 2005 WL 839291, at *1 (N.D. Cal., April 7, 2005). In that case, "the plaintiff's counsel had expected the meet-and-confer process to take place at a later date within the deadline." It is debatable whether a deficient motion should be considered. But, that case can also be distinguished from the instant case, because in that case, the plaintiff expected the meet-and-confer to take place *within the deadline*. Here, defendants never made any effort to confer with Plaintiff within the deadline. The *May* court also noted that the parties "do not cite any authority suggesting that a subsequent failure to comply with the proper motion form justifies denying a plaintiff fees to which she would otherwise be entitled." Here, Yue cited *Kyle v. Campbell Soup Co.*, 28 F.3d 928, 932 (9th Cir. 1994) in his motion to strike: assuming a party would be allowed to cure a defective motion, that motion would be untimely because of the time limitation.

The *Kyle* case is instructive. There, the plaintiff filed a motion for attorney's fees two days after the deadline. After the opposing counsel expressed intent to oppose the fee motion on the

-7-

Case No. C07-05850-JW    MOTION FOR DE NOVO DETERMINATION
OF MOTION TO STRIKE DEFENDANTS' MOTION FOR FEES

basis that the motion was untimely, the plaintiff filed a motion to enlarge time. The district court found that there was no prejudice to the opposing party, granted the enlargement of time and eventually awarded fees. The Ninth Circuit reversed and vacated the award of attorney's fees.

The Magistrate Judge also cited *Thomas v. Baca*, 231 F.R.D. 397, 404 (C.D. Cal. 2005), where the court excused the failure of counsel to meet and confer prior to the filing of motion for class certification. But that case was not about post-judgment motion with strict deadlines. The time limitation for an attorney's fees motion is akin to a jurisdictional requirement.

**6. The Magistrate Judge's Conclusion that "Plaintiff's argument lacks merit" was not based on objective analysis**

In her recommendation, the Magistrate wrote: "Defendants also note that Plaintiff generally refused to discuss what issues might be resolved at a meet and confer." RMJ at p.9:23-24. Even assuming defendants' allegation was true, this statement omitted the time of the alleged refusal to confer – it was on April 24, 2008. As Yue stated in his declaration, defense counsel did not even know what local rules Yue were talking about until April 24, 2008, when Yue asked Jedediah Wakefield to check local rule 54-6. Yue Decl. at ¶9. April 24, 2008 was fifty (50) days after judgment and after the parties completed the briefing of the fee motion. Thus, any purported effort by defense counsel to confer with Yue on April 24, 2008 would be untimely and futile. Instead of concluding that defense counsel's purported effort to confer after the time limit was futile, the Magistrate Judge concluded any "meet and confer" would have been futile in general.

Even assuming defense counsel made a sincere request[4] to confer on April 24, 2008 and Yue refused to confer on the ground that it was untimely, one cannot show that "meet-and-confer" would have been futile back between March 4, 2008 and March 18, 2008 – the last day for defendants to file their fee motions. Most of defendants' fees were generated after March 4, 2008.

---

[4] See, Yue Decl. at ¶9 and Yue's Declaration on July 8, 2008 (Doc.No. 132) describing the April 24, 2008 conference, where defense counsel threatened to cause serious "personal financial stability" issues for Yue.

-8-

Defendants' fees even included the fees for opposing Plaintiff's motion to strike the fee motion due to their non-compliance with Civil L.R. 54-6. For instance, Kimberly Culp billed $1058.50 for 2.9 hours drafting the opposition to the motion to strike on June 23, 2008; Culp billed another $1,131.50 for 3.10 hours on "preparing additional points for opposition to motion to strike" on June 24, 2008; Jed Wakefield billed $5,989.50 for 9.9 hours (a single entry) for revising the opposition to the motion to strike on July 1, 2008… The total fees for opposing Plaintiff's motion to strike for failure to comply with Civ. L.R. 54-6 were over $10,000. The Magistrate Judge recommended that all these fees to be awarded to defendants. Thus, if the Magistrate Judge's recommendation was adopted, defense counsel would be awarded large amount of fees for their failure to meet-and-confer pursuant to Civ. L.R. 54-6 due to "oversight on counsel's part."

**MOTION FOR DE NOVO DETERMINATION**

Based on the objections above, Plaintiff respectfully disagrees with the Magistrate Judge's report and recommendation. Plaintiff requests the District Court to make a *de novo* determination of the findings and conclusions of the Magistrate Judge and a make a de novo determination of Plaintiff's motion to strike [Docket No. 113] defendants' motion for attorney's fees.

Respectfully submitted,

Dated:   August 20, 2008

By:   /S/
DONGXIAO YUE
SELF-REPRESENTED