DONGXIAO YUE
2777 ALVARADO ST., SUITE C
SAN LEANDRO, CA 94577
Telephone: (510) 396-0012
Facsimile: (510) 291-2237
E-Mail: ydx@netbula.com

Self-Represented

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONGXIAO YUE,<br><br>                Plaintiff,<br><br>  v.<br><br>STORAGE TECHNOLOGY CORPORATION, a Delaware corporation; SUN MICROSYSTEMS Inc., a Delaware corporation; Michael Melnick, an individual; Julie DeCecco, an individual; Michael P. Abramovitz, an individual; Lisa K. Rady, an individual; Jonathan Schwartz, an individual; and DOES 1-1000, inclusive,<br><br>                Defendants. | Case Nos. C07-05850-JW<br><br>**MOTION FOR STAY PENDING APPEAL**<br><br>Time: 9:00 AM<br>Date: November 24, 2008<br>Dept: 8, 4th Floor<br>Judge: The Honorable James Ware |

1

## NOTICE OF MOTION & MOTION FOR STAY PENDING APPEAL

TO ALL PARTIES AND THEIR COUNSEL:

Please take notice that at 9:00AM, on November 24, 2008 or at a time determined by the Court, before U.S. District Judge the Honorable James Ware at the San Jose Division of the Northern District of California, pursuant to Federal Rule of Appellate Procedure 8(a)(1) and FRCP 62, copyright owner, Plaintiff Dongxiao Yue ("Dr. Yue" or "Plaintiff"), will move before the District Court for a stay pending appeal of the Order that orders Plaintiff to pay $219,949.90 to copyright Defendants Sun Microsystems, Inc., StorageTek and Jonathan I. Schwartz et al. under Section 505 of the U.S. Copyright Act. Plaintiff requests that the stay be granted without requiring Plaintiff to post a bond. Yue's motion for stay is based upon this notice, the Court's record and any argument and further evidence may be presented at the hearing.

## BACKGROUND

Since 1994, Dr. Yue had been developing software named "PowerRPC." This case involves the copyright of the code he authored, with U.S. registration number TXu 1-576-987 ("the `987 Copyright), effective November 27, 2007. Dr. Yue always owned this copyright[1].

In 2000, StorageTek purchased eight (8) PowerRPC SDK licenses and 1000 runtime licenses. StorageTek developed LibAttach product with PowerRPC. As evidenced by the following internal email sent by the program manager for LibAttach, StorageTek exceeded the number of licenses:

> As you can see, we have exceeded the 1,000 distributions that we
> had right to with Netbula…. I think it is obvious that engineering
> has not and did not monitor the distributions on this product.

---

[1] The work covered by the `987 Copyright was authored by Yue before he founded Netbula, LLC. The other two copyrights litigated in this case were assigned to Yue in September 2007, with registration numbers TX 6-437-847 (the "`847 Copyright") and TX 6-491-697 (the "`697 Copyright"). None of the `987, `847 and `697 copyrights was involved in related *Netbula-Sun* case (Case No. C06-07391), where "the only copyright at issue" was the one with Registration No. TX 6-211-063 (the "`063 Copyright"). Defendants question whether Yue or Netbula owns the rights of the `063 Copyright.

2

Case No. C07-05850-JW    MOTION FOR STAY PENDING APPEAL

However, for years, StorageTek told Plaintiff that it stopped using or distributing PowerRPC. In mid 2005, StorageTek finally admitted that it had distributed at least 7455 copies of PowerRPC. Yue later discovered that StorageTek's unauthorized copying was on a far larger scale. For instance, StorageTek allowed its customers to make unlimited copies of PowerRPC. See, Counts I-X of the First Amended Complaint ("FAC").

In December 2006, Netbula filed a civil action against StorageTek and Sun, alleging infringement of the `063 Copyright, fraud, breach of contract and unfair competition (Case No. C-06-07391, N.D. Cal, the "*Netbula-Sun*" case).

While discovery for the contract/license issue in Netbula-Sun was ongoing[2], Yue filed a motion to join as a party in *Netbula-Sun*, based on Yue's personally owned copyrights. Sun refused Yue's request for a stipulation on Yue's joinder. Instead, it filed a motion to vacate the hearing of Yue's joinder motion. The Court granted Sun's request and took Yue's joinder motion off calendar.

Unable to join *Netbula-Sun*, on November 19, 2007, Yue filed the instant *Yue v. Sun* case alleging infringement of his three copyrights. The following day, November 20, 2007, at a hearing in *Netbula-Sun*, the Court and the parties made it clear that "the only copyright at issue" in *Netbula-Sun* was the `063 copyright. On December 14, 2007, the Court stated that the *Yue-Sun* case "is not completely overlapping with the present [*Netbula-Sun*] claim."

On March 4, 2008, the Court dismissed the instant *Yue-Sun* case under the theory of virtual representation. Yue had complained about defense counsel Fenwick's apparent conflict of interest since 2007. On March 10, 2008, Yue filed a motion to disqualify Fenwick & West, LLP ("Fenwick") in the related *Yue v. CSI* case (Case No. C08-0019-JW). This disqualification motion was later consolidated with a motion to disqualify Fenwick in *Yue-Sun*.

---

[2] The Court ordered the parties in *Netbula-Sun* to initially focus discovery on contract/license dispute. Yue filed the motion to join Netbula-Sun on October 22, 2007. Netbula deposed Sun's 30(b)(6) witness on October 23, 2007.

On March 18, 2008, Sun filed a motion for attorney's fees. But it did not comply with Civil L.R. 54-6, which requires counsel to meet-and-confer before filing the motion. Yue filed oppositions to Sun's motion for fees. Yue also filed a motion to strike Sun's motion for attorney's fees for its counsel's failure to comply with Civil Local Rule 54-6.

On August 6, 2008, Magistrate Judge Elizabeth D. Laporte recommended that Sun be awarded $219,949.90 under §505 of the Copyright Act and that Yue's motion to strike be denied.

On August 20, 2008, Yue filed objections to the Magistrate Judge's recommendations and motions for *de novo* determination by the district court under 28 U.S.C. 636(b)(1). On September 5, 2008, the District Court denied the motion for *de novo* review and ordered Yue to pay defendants $219,949.90 in 30 days.

Yue filed a timely appeal at the Ninth Circuit.

## LEGAL STANDARD

The factors regulating the issuance of a stay pending appeal are: "1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill,* 481 U.S. 770, 776 (1987).

## ARGUMENT

### A.     Plaintiff is Likely to Succeed on the Merits on Appeal

1. **The Objections to the Magistrate Judge's Report & Recommendation and the District Court's Denial of De Novo Review on the Issue of Attorney's Fees**

Among his 35 objections to the Magistrate Judge's report and recommendation, Plaintiff identified the following major issues of law or fact:

● Defendants are not prevailing parties for the purpose of Section 505 of the Copyright Act;

4

Case No. C07-05850-JW                                           MOTION FOR STAY PENDING APPEAL

- The Magistrate Judge did not consider the pivotal criterion for awarding fees under the Copyright Act: whether awarding fees to defendants would be endorsing highly questionable business practices; See, *Berkla v. Corel Corp.*, 302 F.3d 909 (9th Cir. 2002);
- Post-judgment legal fees are not awardable under the Copyright Act because there had been no longer a "civil action" under the Copyright Act pending before the District Court. *Brayton Purcell Llp v. Recordon & Recordon*, 487 F. Supp.2d 1124 (N.D.Cal. 2007);
- "Fees upon fees" are not awardable under the Copyright Act: over $60,000 of the Defendants' fees was for preparing and filing their motion for attorney's fees, such "fees upon fees" were not authorized by the Copyright Act (See, e.g., *Identity Arts v. Best Buy Enterprise Services Inc.*, No. C 05-4656 PJH. (N.D.Cal. 3-26-2008) (Doc.167));
- The Magistrate did not make a cognizable lodestar analysis required by *Hensley v. Eckerhart*, 461 U.S. 424, 436 (1983); in fact, the Magistrate did not even list numbers of reasonable hours spent by each attorney;
- Defense counsel's block billing should be excluded, many of the billing entries are questionable; *Petroleum Sales, Inc. v. Valero Refining Co. — Calif.*, No. C 05-3526 SBA. (N.D.Cal. 9-11-2007) (Doc. No. 143);
- The recent U.S. Supreme Court decision in *Taylor v. Strugell* has disapproved the theory of virtual representation relied by the District Court in dismissing the case;
- Plaintiff was not afforded any due process in contesting Defendants' fee requests either via meet-and-confer or an evidentiary hearing, the Court rewarded Defense counsel over $10,000 for their non-compliance with Civ. L.R. 54-6;
- Civ. L. R. 54-6 applies to litigants acting their own counsel and is enforceable.

5

Case No. C07-05850-JW                                   MOTION FOR STAY PENDING APPEAL

"The district judge must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." FRCP 72(b) (3). "The district court cannot simply `concur' in the magistrate's findings,… it must conduct its own review in order to adopt the recommendations." *McCOMBS v. MEIJER, INC.,* 395 F.3d 346, 360 (6th Cir. 2005) (citing *Massey v. City of Ferndale*, 7 F.3d 506 (6th Cir. 1993)). Even if no objections were made, the district judge still must conduct a *de novo* review of all of a magistrate judge's conclusions of law. *Barilla v. Ervin*, 886 F.2d 1514, 1518 (9th Cir. 1989) ("failure to file objections only relieves the trial court of its burden to give *de novo* review to factual findings; conclusions of law must still be reviewed *de novo*.").

In this case, Plaintiff timely filed objections to the magistrate's report and recommendation. The District Court denied the motion for a *de novo* review. However, *de novo* determination is required by the statutory scheme defined in 28 U.S.C. § 636(b)(1) and implemented in FRCP 72(b). Thus, Plaintiff is likely to prevail on appeal on this issue.

**2. The District Court's Order on the Issue of Disqualification of Fenwick & West**

As for Plaintiff's motion to disqualify defense counsel, the Court had narrowed the issues to whether former Fenwick attorney Claude Stern *presumably* shared confidences within Fenwick on a prior case involving PowerRPC. In similar but not identical situations, laws firm were disqualified. See, e.g., *Cho v. Superior Court*, 39 Cal.App.4th 113 (1995) (former settlement judge in a related case was hired by the law firm, the law firm was disqualified); *McKenzie Const. v. St. Croix Storage Corp.*, 961 F.Supp. 857 (V.I. 1997); *Fields-D'arpino v. Restaurant Associates*, 39 F.Supp.2d 412 (S.D.N.Y. 1999); *Poly Software Intern., Inc. v. Su*, 880 F. Supp. 1487 (Utah 1995).

The District Court denied Plaintiff's request for discovery on the Claude M. Stern files or an evidentiary hearing pursuant to FRCP 43(c), and denied the motion to disqualify Fenwick on

6

Case No. C07-05850-JW                                    MOTION FOR STAY PENDING APPEAL

the ground that "Stern's departure and disposal of documents operate as an ethical barrier between Stern and Fenwick." However, this conclusion did not address the presumed sharing of confidences among Fenwick attorneys prior to Stern's departure. Since the sharing of confidences among Stern and others while Stern was Fenwick is conclusively presumed and cannot be undone, Plaintiff is likely to prevail on this issue on appeal.

If Fenwick is found to be disqualified, then it had improperly represented Defendants from the beginning, and no fees should be awarded to them.

### B. Plaintiff Would be Irreparably Injured Absent a Stay

As Defense Counsel Jedediah Wakefield openly stated, Defendants sought attorney's fees from Plaintiff with the purpose of causing "serious repercussions" for Plaintiff's "personal financial stability." See, Docket No. 132, Yue Decl., at ¶5. Thus, Defendants have shown a stated intention of causing personal harm to Plaintiff in this civil litigation. Indeed, forcing Plaintiff to pay defendants $219,949.90 in attorney's fees in 30 days or to obtain a bond for this amount will cause severe hardship and irreversible harm for Plaintiff and his family. Plaintiff is willing to negotiate with Defendants to arrange a solution that will cause less personal harm to Plaintiff.

### C. A Stay Will not Substantially Injure the Other Parties Interested in the Proceeding

Sun has billions of dollars[3] and does not depend on collecting $219,949.90 for the well-being of its business. StorageTek had made unlimited distribution of Plaintiff's software, under its contract with Netbula, it owed unlimited amount of license fees to Netbula. According to court records, Defendants in *Netbula-Sun* have resisted discovery. There is no prejudice to Sun,

---

[3] See, http://finance.yahoo.com/q?s=JAVA

7

Case No. C07-05850-JW                                         MOTION FOR STAY PENDING APPEAL

StorageTek and Jonathan I. Schwartz if Plaintiff does not pay them $219,949.90 while the appeal is pending.

### D. The Public Interest Favors a Stay

The instant case deals with important issues of intellectual property protection (on copyright claims) and maintaining the appearance of justice in legal proceedings (on the disqualification issues). Whether copyright Plaintiff should pay Defendants large amount of fees under the Copyright Act is of strong public interest. Whether Fenwick could ethically represent Defendants is also of strong public interest. Sun and StorageTek are large corporations and Schwartz is also a known character in the IT industry. Copyright law decisions involving these influential and powerful figures being accused of infringement will have profound and long lasting impact on the society.

Granting stay pending appeal will maintain the *status quo* while the court of appeal can resolve the factual and legal issues Plaintiff presented, and avoid the apparently unjust result which requires the injured copyright owner to pay large software pirates large amount of money.

### CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant a stay pending appeal of the Order ordering Plaintiff to pay $219,949.90 to defendants. Plaintiff respectfully requests that the stay be granted without requiring Plaintiff to post bond. Alternatively, Plaintiff requests sufficient time to be given so Plaintiff can request a stay from the Ninth Circuit.

Respectfully submitted,

Dated:   September 17, 2008

                                    ___/S/_____
                        By:     DONGXIAO YUE
                                SELF-REPRESENTED

8

Case No. C07-05850-JW                                          MOTION FOR STAY PENDING APPEAL